2018 WL 3520841
Only the Westlaw citation is currently available.
United States District Court, E.D. Wisconsin.

Barbara BRAZIL, Plaintiff,
v.
FASHION ANGELS ENTERPRISES, Defendant.

Case No. 17-CV-824
|
Signed 06/29/2018

**Attorneys and Law Firms**

Ryan E. Kastelic, Kastelic Law Office, Milwaukee, WI, for Plaintiff.

David J. Hanus, Elizabeth A. Odian, Hinshaw & Culbertson LLP, Milwaukee, WI, for Defendant.

### REPORT AND RECOMMENDATION

WILLIAM E. DUFFIN, U.S. Magistrate Judge

### Facts

**\*1** According to the complaint, which the court accepts as true at this stage, Barbara Brazil is an African American woman who was employed by QPS, a staffing agency, and worked at Fashion Angels Enterprises, a warehouse distribution center in Milwaukee, for a little over two months. (ECF No. 1, ¶¶ 1-3, 9.) "On multiple occasions Carmen [who is not otherwise identified or described in the complaint] remarked to Ms. Brazil that the company needed to get her black ass out of there. Ms. Brazil subsequently complained to the Defendant, no action was taken." (ECF No. 1, ¶ 7.) "In October of 2014 the [sic] Ms. Brazil was informed that she was being let go due to insufficient work." (ECF No. 1, ¶ 8.) "On or around October 2 of 2014 the Defendant informed Ms. Brazil's employment agency that she was being let [sic] as a result of an alleged confrontation between Ms. Brazil and Carmen." (ECF No. 1, ¶ 9.)

Brazil alleges "[o]n information and belief black employees were held to a harsher standard than Caucasian or Hispanic employees" and "she was replaced with an employee who happened to be of Hispanic descent." (ECF No. 1, ¶¶ 10-11.)

Fashion Angels moved to dismiss Brazil's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 10.) It argues the complaint does not plausibly suggest that Fashion Angels terminated Brazil because of her race. There is no hint that the person who made the decision to terminate her was motivated by impermissible animus. (ECF No. 11 at 4.) The only specific allegation of racial animus is that with respect to Carmen, but she is not alleged to have any sort of supervisory role over Brazil. (ECF No. 11 at 4.)

Fashion Angels further argues that Brazil's assertion "[o]n information and belief" that African American employees were held to a harsher standard should not be accepted as true because it is not a fact within Brazil's knowledge. (ECF No. 11 at 5 (citing *Verfuerth v. Orion Energy Systems, Inc.*, 65 F.Supp.3d 640 (E.D. Wis. 2014) ).)

Brazil responds that she is not required to set forth the elements of a prima facie case in her complaint, and her complaint is otherwise sufficient. (ECF No. 12.)

In reply, Fashion Angels contends "The factual allegations set forth in Brazil's Complaint could never support a violation of 42 U.S.C. 2000e-2 even if Brazil proved each fact. That is because nothing in the Complaint suggests racial animus on the part of Fashion Angels." (ECF No. 13 at 1.)

### Motion to Dismiss Standard

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right to relief above the speculative level.' " *Thulin v. Shopko Stores Operating Co.*, 771 F.3d 994, 997 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). Accepting as true all well-pleaded facts, the court determines whether they give rise to an entitlement of relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

### Analysis

"[A] plaintiff alleging employment discrimination under Title VII may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "A complaint need not 'allege all, or any, of the facts logically entailed by the claim,' and it certainly need not include evidence." *Id.* (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ). Thus, the plaintiff's complaint need not set forth the elements of a prima facie case. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ).

**\*2** Even after *Twombly* and *Iqbal*, it does not take much to state a claim for employment discrimination under Title VII. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) ("[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex.") ); *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014); *see also EEOC v. Concentra Health Servs.*, 496 F.3d 773, 781 (7th Cir. 2007) (applying *Twombly*) ("[A] plaintiff alleging employment discrimination on the basis of race, sex or some other factor governed by 42 U.S.C. § 2000e-2 may allege the defendant's intent quite generally: 'I was turned down for a job because of my race is all a complaint has to say.") (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); citing *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) (holding that a religious discrimination plaintiff need only say that the employer "h[eld] the worker's religion against him") ). "In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (quoting *Tamayo*, 526 F.3d at 1085); *see also Samovsky v. Nordstrom, Inc.*, 619 F. App'x 547, 548 (7th Cir. 2015). "Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014).

Brazil's two-page complaint can be fairly described as "bare bones" in the extreme in that it provides minimal factual detail. But that is all that is required. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 779 (7th Cir. 2007) ("Rule 8(a)(2)'s 'short and plain statement of the claim' must contain a minimal level of factual detail, although that level is indeed very minimal."). The essential details are there. Brazil alleges she is African American. She alleges that, shortly after she began working at Fashion Angels, she was promoted to a position of "informal lead worker" that consisted of assisting other workers and instructing them how to perform certain duties. (ECF No. 1, ¶ 4.) She alleges that on multiple occasions a co-worker repeatedly told her "the company needed to get her black ass out of there." (ECF No. 1, ¶ 7 (in the complaint this statement is not in quotation marks but the court presumes that "black ass" is what Carmen actually said and not just counsel's characterization of what she said).) She alleges she complained about these comments to Fashion Angels but no action was taken. (*Id.*) She alleges Caucasian and Hispanic employees were treated better. (ECF No. 1, ¶ 10.) And despite the fact that she was told she was being let go because there was insufficient work (ECF No. 1, ¶ 8), she was replaced by an Hispanic employee (ECF No. 1, ¶ 11). These facts provide the defendant with sufficient notice to begin to investigate and defend against her claim.

It is true that Brazil's complaint does not contain certain details that courts have come to expect in employment discrimination complaints: who did Brazil tell of Carmen's comments; when did she tell this person; what is the basis for the allegation that black employees were "held to a harsher standard than Caucasian or Hispanic employees"; what does she mean by "a harsher standard"? But these are questions that may be answered in discovery and, in light of controlling precedent of the Court of Appeals for the Seventh Circuit, need not be explained in a complaint.

As for Fashion Angels' criticism that Brazil's allegations are asserted "upon information and belief," allegations based upon "information and belief" have long been accepted in federal court for pleadings. *See Odogba v. Wis. DOJ*, 22 F.Supp.3d 895, 901 (E.D. Wis. 2014); *Chisholm v. Foothill Capital Corp.*, 940 F.Supp. 1273, 1280 (N.D. Ill. 1996) (citing *Hall v. Carlson*, No. 85 C 06544, 1985 WL 2412, at \*1, 1985 U.S. Dist. LEXIS 23810 at \*2 (N.D. Ill. Aug. 28, 1985) ); *see also Carroll v. Morrison Hotel Corp.*, 149 F.2d 404, 406 (7th Cir. 1945). Having said that, alleging something on "information and belief" is not a license to engage in rank speculation. *See Verfuerth v. Orion Energy Sys.*, 65 F.Supp.3d 640, 647 (E.D. Wis. 2014). Rule 11 of the Federal Rules of Civil Procedure,

and its requirement that allegations be preceded by "an inquiry reasonable under the circumstances," tempers the use of unfettered speculation. *See* Fed. R. Civ. P. 11(b); *Chisholm v. Foothill Capital Corp.*, 940 F.Supp. 1273, 1281 (N.D. Ill. 1996). Thus, the court need not accept as true an allegation in a complaint merely because it states that it is based "on information and belief." There must be some reason for believing "that the claim is 'likely to have evidentiary support' after further investigation ...." *Verfuerth v. Orion Energy Sys.*, 65 F.Supp.3d 640, 647 (E.D. Wis. 2014) (citing *Twombly*, 550 U.S. at 551, 557, 127 S.Ct. 1955); *In re Darvocet, Darvon, and Propoxyphene Products Liability Litigation*, 756 F.3d 917, 931 (6th Cir. 2014) ("The mere fact that someone believes something to be true does not create a plausible inference that it is true.").

**\*3** However, the allegations in Brazil's complaint that are "on information and belief" are not necessarily beyond her knowledge. For example, an employee would be likely to have some information as to how her coworkers are treated, either through her own observation or the workplace grapevine. And given how often it is included in employment discrimination complaints, a terminated employee may well know the race of the person who replaced her.

**IT IS THEREFORE RECOMMENDED** that Fashion Angels Enterprises' motion to dismiss (ECF No. 10) be **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**All Citations**

Slip Copy, 2018 WL 3520841

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.