IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>Plaintiff,<br><br>vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,<br><br>Defendants. | Civil No.: 19-CV-484<br><br>DECLARATION OF<br>MOIRA DEMOS |

I, Moira Demos, hereby swear as follows:

1. I am over 18 years old and have personal knowledge regarding the facts set forth in this Declaration. If called to testify, I could and would testify competently regarding the facts recited herein.

2. I am a co-founder and co-owner of Defendant Chrome Media LLC, f/k/a Synthesis Films LLC. I am one of the producers of the documentary series *Making a Murderer*, and I am personally named as a defendant in the above-captioned lawsuit. I submit this Declaration in Support of the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) filed on behalf of myself, Laura Ricciardi, and Chrome.

3. I have not appointed Tal Benari as my personal agent to accept service of process on my behalf, nor have I ever appointed anyone else to do so.

4. I share a residence with Laura Ricciardi in Los Angeles, California.

5. I am not aware that Plaintiff Andrew L. Colborn made any attempt to serve this lawsuit on either me or Ms. Ricciardi prior to March 5, 2019, which, I understand, is the date service was effected on Netflix, Inc., another defendant in the case.

6. As of the date of my signing this declaration, no one has ever personally served any summons or complaint (original or amended) on me.

7. Security cameras capture the front gate and door of my residence. After learning that Netflix had been served, I checked the video from these security cameras and saw that two persons I did not recognize had arrived at our home, one on March 6 and the other on March 7.

8. I was not present at my residence on March 6 or 7. In fact, at all times from March 4 until March 19, Ms. Ricciardi and I were either in Illinois or assisting my elderly parents at their residence elsewhere in California. I returned home on March 19 and was in Los Angeles, at our residence, from March 19 through March 25. At all times when Ms. Ricciardi and I were away from our residence, there was no one else present at our home.

9. On March 19, after returning home, I discovered two large envelopes bearing the return address of Plaintiff's counsel, one addressed to Ms. Ricciardi and one to me, which had been delivered by mail to our residence while we were away. Inside the envelopes were copies of the original Summons and Complaint, the Amended Summons and Amended Complaint, and the Publication Summons and Amended Publication Summons. The envelopes were post-marked March 11. True and correct copies of the face of the envelope addressed to me and its contents are attached hereto as Exhibit A.

10. I understand that, on April 10, Colborn filed in this Court a document purporting to be a "proof of publication" of an Amended Publication Summons in the *Los Angeles Times* on

2

March 13, 20, 27, and April 3. Until that filing, I was not aware that Colborn had caused publication of any summons.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER YOUR DECLARANT SAYETH NOT.

Dated: May 9, 2019

_____
Moira Demos