IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ANDREW L. COLBORN,

        Plaintiff,

vs.

NETFLIX, INC.; CHROME MEDIA LLC,
F/K/A SYNTHESIS FILMS, LLC;
LAURA RICCIARDI; AND MOIRA
DEMOS,

        Defendants.

Civil No.: 19-CV-484-PP

## DECLARATION OF TAL BENARI

I, Tal Benari, swear as follows:

1. I am over 18 years old and have personal knowledge regarding the facts set forth in this Declaration. If called to testify, I could and would testify competently regarding the facts recited herein.

2. I am the registered agent for service of process for Chrome Media LLC, formerly known as Synthesis Films LLC, a Defendant in the above-captioned action. The two members of Chrome Media are Laura Ricciardi and Moira Demos.

3. I have not been appointed by Laura Ricciardi as her personal agent for service of process.

4. I have not been appointed by Moira Demos as her personal agent for service of process.

5. I am aware that an affidavit has been filed in this action by Emilio Gonzalez Zarate, who identifies himself as a process server and asserts that he "personally served" me with process in this action, on behalf of Chrome Media, at my home address, on Saturday, March 16, 2019.

6. The Zarate affidavit is false. I have not been personally served with process in this action by Mr. Zarate or by anyone else.

7. My home is a condominium in a Los Angeles-area complex with more than 200 units. I am president of my homeowners' association. I am familiar with the rules and regulations of the complex, including the rules regarding access to the complex by persons who are not residents or authorized guests.

8. Every pedestrian and vehicle gate to my condominium complex is secured with a locked, metal gate. The gates are reserved for the use of residents of the complex.

9. Red-and-white "NO TRESPASSING" signs are posted on or near each gate, warning that the complex is closed to the public and that unauthorized entry is prohibited and trespassers are subject to arrest. A true and correct copy of a photograph I took of one of those signs is attached hereto as Exhibit A.

10. I was not at home for much of the day on March 16, 2019. For approximately four hours, including a lunch break, I was working at my office, which is approximately five miles away. I spent approximately another three hours shopping for flowers at a garden supply store and gardening. After dinner, I went to another store to purchase lightbulbs for my homeowners' association.

11. Attached hereto as Exhibit B are true and correct copies of receipts from March 16, 2019, showing purchases I made at Paradise Gardens and Home Depot stores at 3:13 p.m. and 7:53 p.m., respectively.

12. At no time on March 16, either when I was at home, at my office, or at any other location, did anyone attempt to serve me with process or to deliver anything to me. During the time that I was home that day, I did not interact with any person who was not previously known to me (including Mr. Zarate, who I do not know and, to my knowledge, have never met).

13. More specifically, I did not authorize or arrange for any such person to enter the condominium complex where I live; I did not encounter any such person at my home or elsewhere in the complex; and I most certainly did not receive a package or anything else from any such person. In addition, no package, of any kind, was left for me at my residence that day (or, in the case of documents related to the above-referenced action, either prior to that day or thereafter).

14. The public entry to the office suite where I work is a waiting area staffed by a receptionist. The two doors leading to the interior offices, including mine, are kept closed.

15. I have never authorized a receptionist, or anyone else, to accept service of process on my behalf or on behalf of Chrome Media.

16. The several receptionists who work at my office do not appear to be in charge of the office. The receptionists answer telephone calls, greet visitors, and notify others who work in the office suite that visitors have arrived.

17. On one day in early March, 2019, which I believe to be on or about March 7 or 8, the receptionist working that day gave me a set of documents that she said had been left by a visitor at the reception desk. The documents appear to be a summons and complaint, an

3

amended summons and complaint, notices of electronic filing, and a set of interrogatories and requests for production in this action.

18. On or about March 12, 2019, the receptionist working that day gave me another set of documents that she said had been left by a visitor at the reception desk. The documents appear to be additional copies of the same documents left behind on March 6.

19. On or about March 15, 2019, the receptionist working that day gave me a business card that she said had been left at the reception desk by a the man who earlier had left behind the documents related to this case. The business card bears the name Carlos A. Caceres, who is described on the card as a "Registered Process Server." A true and correct copy of this business card is attached hereto as Exhibit C.

20. On or about March 29, 2019, the receptionist working that day gave me another set of documents that she said had been left by a visitor at the reception desk. The documents appear to be two additional copies of the same documents left behind on March 6 and March 12.

21. On or about March 13 or 14, 2019, I received in the mail at my office an envelope bearing the return address of counsel for Plaintiff in this action and a postmark dated March 11, 2019. The documents appear to be additional copies of the same documents left behind on March 6, 15 and 28, 2019, as well as copies of a publication summons and amended publication summons in this action. True and correct copies of the face of the envelope and its contents are attached hereto as Exhibit D.

22. On or about March 14 or 15, 2019, I received in the mail at my office another envelope bearing the return address of counsel for Plaintiff in this action and a postmark dated March 12, 2019. The documents are additional copies of the same documents in the envelope

4

postmarked on March 11, 2019. A true and correct copy of the face of the envelope is attached hereto as Exhibit E.

23. I understand that, on April 10, Colborn filed in this Court a document purporting to be a "proof of publication" of an Amended Publication Summons in the *Los Angeles Times* on March 13, 20, 27, and April 3. Until that filing, I was not aware that Colborn had caused publication of any summons.

Pursuant to 18 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 6th day of May 2019.

*Tal Benari*
Tal Benari