IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ANDREW L. COLBORN,

                Plaintiff

NETFLIX, INC.,                               Case No. 19-CV-484
CHROME MEDIA, LLC, f/k/a
SYNTHESIS FILMS, LLC,
LAURA RICCIARDI, and
MOIRA DEMOS,

                Defendants.

## PLAINTIFF'S BRIEF IN OPPOSITION TO
## MOTION TO DISMISS FILED BY CHROME MEDIA, LLC,
## F/K/A SYNTHESIS FILMS LLC; LAURA RICCIARDI; AND MOIRA DEMOS;
## AND IN SUPPORT OF ALTERNATIVE MOTION TO EXTEND TIME TO
## SERVE SUMMONS AND COMPLAINT UNDER FED.R.CIV.PRO. 4(m)

### INTRODUCTION

Defendants Chrome Media, LLC, f/k/a Synthesis Films LLC; Laura Ricciardi; and Moira

Demos moved to dismiss Plaintiff's defamation action based on alleged failure of service of

process.  As explained below, Plaintiff properly served each of the Defendants prior to their

removal of the case to federal court.   Moreover, additional time remains for service in federal

court under the rules that apply following removal.   Therefore, the motion to dismiss should be

denied.   Alternatively, Plaintiff respectfully requests additional time within which to serve, an

opportunity for discovery relating to service, and an evidentiary hearing to resolve any factual

issues relating to service.

## SUMMARY OF FACTS PERTINENT TO SERVICE OF PROCESS

Prior to Defendants' removal of this civil defamation action by Defendants from the Manitowoc County, Wisconsin, Circuit Court, Plaintiff attempted to personally serve his Complaint and Amended Complaint together on Defendants Chrome Media, LLC, Laura Ricciardi, and Moira Demos, all of whom are listed, respectively, as having principal offices in or residing in California. Chrome Media, LLC, is a production company founded and co-owned by Ricciardi and Demos. Amended Complaint, ¶4; Declaration of Moira Demos, Dkt #37, ¶2.

Two of Plaintiff's attorneys retained separate process service firms in California in order to attempt to serve the Defendants. *See* Declaration of George Burnett, ¶2; Declaration of April Rockstead Barker, ¶¶2-3. Both process service firms attempted service on Ricciardi and Demos and to Plaintiff's counsel's understanding, both were stymied by the Defendants' gated community and the lack of response to attempts to contact the inhabitants of their dwelling. Carlos Caceres Declaration, Dkt ##49, 50; Barker Decl. ¶¶6-7.

One of the service firms made multiple attempts to serve Ricciardi and Demos, including attempts to serve them at Chrome Media, their apparent place of employment. Carlos Caceres Declaration as to Laura Ricciardi and Moira Demos, Dkt #49, 50. In addition, Plaintiff's counsel conducted research on the internet attempting to determine whether Defendants had any possible upcoming speaking appearances, where they might be filming any projects, and the status of Avery appellate proceedings that might be filmed by Defendants, in order to determine whether their locations could be determined other than at their residence. Barker Decl., ¶18.

When it became apparent that further service attempts on Ricciardi and Demos at their residence and at the Chrome Media offices would be futile, Plaintiff's counsel served the Complaint on them by publication in the L.A. Times. Burnett Decl., ¶¶6-9.

2

The address for Chrome Media, which is organized under the laws of the state of New York, is listed in the New York corporations division records as an Encino, California, address, "C/O Tal Benari." Burnett Decl., ¶4 (describing listed address for Chrome Media). On multiple occasions, Plaintiff's process servers visited the offices listed in those records and attempted to serve Mr. Benari. Caceres Declaration as to Chrome Media, LLC, Dkt #44, pp. 1-2; *see also* Barker Decl. at ¶¶13, 16; Declaration of Tal Benari, Dkt #38, at ¶¶17-21; Declaration of Natalia Canaan, Dkt #39, at ¶¶5-8; Declaration of Danielle Rodriguez, Dkt #40, at ¶¶5-8. The address for Chrome Media is listed in those records as an Encino, California, address, "C/O Tal Benari." In each case, they were either turned away or left documents for Mr. Benari with a receptionist. *Id.*

Plaintiff's counsel also decided to serve Chrome Media by publication in order to avoid any potential arguments that the Defendants might try to raise about service of process on Benari. Burnett Decl., ¶6. At the time that the Defendants appeared and removed this case to federal court, Plaintiff's counsel believed that service had been properly accomplished pursuant to Wisconsin law on each of the Defendants. Burnett Decl., ¶10; Barker Decl., ¶¶9-10. Defendants' counsel subsequently requested an extension of time to answer or otherwise respond. Burnett Decl., ¶11; *see also* Stipulation, Dkt #24. Plaintiff's counsel was unaware that service would be challenged until Defendants filed their responses this month.

After reviewing Defendants' submissions and learning that some of the Defendants were challenging service of process, Plaintiff's counsel reviewed the service attempts made with their respective process servers. Burnett Decl., ¶13, Barker Decl., ¶12.

**STANDARD ON MOTION TO DISMISS**
**BASED ON ALLEGEDLY INSUFFICIENT SERVICE OF PROCESS**

Courts liberally construe Federal Rule of Civil Procedure 4, which governs service of

process, to accomplish its underlying purpose of notifying defendants of complaints against them. *Wick Towing, Inc. v. Northland*, 2016 WL 3461587 (W.D. Wash) *2.

With respect to motions challenging the form of a summons, as long as service of process has given the defendant actual notice of the litigation, "the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate service of process." *Delaney v. Marsh,* 2010 WL 1212569 (W.D. Va.) *2 (quoting *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir.1984) and also citing *Tremps v. Ascot Oils, Inc.,* 561 F.2d 41 (7th Cir.1977)); *see also Simmons v. Stokes,* 2011 WL 2198298 (D.S.C.) *1. There is a strong preference in federal courts that cases should be decided on their merits. *Cox v. County of Yuba*, 2011 WL 590733 (E.D. Cal.) *3.[1]

In response to a motion to dismiss for insufficient service of process, if the plaintiff can establish that service was proper, the burden shifts to the defendant to "bring strong and convincing evidence of insufficient process." *Chamberlain v. Intragraclick*, 2011 WL 1456878 (N.D. Fla.) *2 (quoting *Hollander v. Wolf,* 2009 WL 3336012, at *3 (S.D.Fla.2009) and citing *O'Brien v. R.J. O'Brien Associates, Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993)). "The Court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact." *Id.* (quoting *Hollander,* 2009 WL 3336012, at *3 (internal citations omitted)). *See also Salaam v. Merlin,* 2009 WL 2230925 (D.N.J.) *3 (in considering a Rule 12(b)(5) motion, by necessity,

---

[1]Defendants cite no authority supporting the proposition that service of process carries a "constitutional dimension" in a defamation case. *Cf.* Defendants' Brief in Support of Motion to Dismiss at p. 2. Defendants rely upon a passage from a concurring opinion in *New York Times v. Sullivan*, 376 U.S. 254, 300-01 (1964), which concerned substantive standards in libel cases, but neither the majority opinion nor the concurring opinion that appears at the pages cited by Defendants considered any issues regarding service of process. *Cf. id*. Defendants offer no authority that supports any notion that service of process issues are decided differently in defamation cases; Plaintiff is aware of none; and nothing in the Federal Rules of Civil Procedure supports any such assertion.

matters outside the pleadings are admissible where they do not factually contradict the contents of the Complaint, due to the obvious inadequacy of pleadings to expound on the factual details of service of process) *(citing O'Brien v. R.J. O'Brien & Assocs., Inc., 998 F.2d 1394, 1398 (7th Cir.1993) and Montgomery, Zukerman, Davis, Inc. v. Diepenbrock, 698 F.Supp. 1453, 1459 (S.D.Ind.1988)).*

In addition, a Plaintiff should be afforded opportunity for discovery regarding factual issues raised by the Defendants' submissions in support of a motion to dismiss. *See, e.g., Collins v. New York Central Sys.,* 327 F.2d 880, 883 (D.C. Cir. 1963) (citing 4 Moore Federal Practice §2302 (2d ed. 1963)). An evidentiary hearing may be necessary in order to test the parties' conflicting accounts. *Falconer v. Gibsons Restaurant Group, L.L.C.,* 2011 WL 43023 *2 (N.D. Ill.).

However, if time remains in which service may be accomplished under federal rules, the motion should simply be denied as premature. *W.J. Enterprises, Inc. of Jefferson v. Granwood Flooring, Ltd.,* 2016 WL 3746225, *2 (E.D La.); *Cincotta v. Hempstead Union Free School Dist.*, 2016 WL 4536873, *6 (E.D.N.Y.). Upon removal, Plaintiff has 90 days to perfect service as to any defendant who was not properly served prior to removal. Fed.R.Civ.Pro. 4(m); 28 U.S.C. §1448; 4B Wright & Miller, Federal Practice and Procedure §1137 (4th ed., database updated April 2019).

Moreover, where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and permitting the plaintiff to effect proper service, is the appropriate course. *Wick Towing, Inc. v. Northland, supra*, 2016 WL 3461587, *2 (citing *Umbenhauer v. Woog,* 969 F.2d 25, 30 (3d Cir. 1992)). Indeed, "the simplest solution" in those cases in which it is not clear whether proper service has been made "is

to quash process and allow the plaintiff another opportunity to serve the defendant." *Id.* (quoting and citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §1354 (3d ed. 2008)); *see also McKinney v. Law Office of James Duncan,* 2010 WL 668027 *3 (N.D. Cal.) (if effective service can be made and there has been no prejudice to the defendant, the court will generally quash service rather than dismiss the action *(citing, inter alia,* Schwarzer, Tashima & Wagstaffe,, Federal Civil Procedure Before Trial (2009) §5:354)).

## Motion for Additional Time Under Rule 4(m)

When the Plaintiff moves for additional time in which to serve under Federal Rule of Civil Procedure 4(m), a district court must extend the time for service upon a showing of good cause and may grant an extension in the absence of good cause. *Hubert v. State of Connecticut Dept. of Correction,* 2016 WL 706166, *4 (D. Conn.) (citing *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007)). While the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, [it also] authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." *Salaam v. Merlin, supra,* 2009 WL 2230925 at *2 (quoting Fed.R.Civ.P. 4(m) advisory committee's note (1980)). Therefore, when determining whether to extend time to serve, the district court must (1) first, determine whether good cause exists for an extension of time and, (2) if no good cause exists, determine whether the court should nevertheless exercise its discretion not to dismiss the case. *Id. (citing Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1312 (3d Cir.1995)).

## ARGUMENT

Plaintiff properly served each of the defendants prior to their removal to federal court. Moreover, additional time remains for service following removal if the Court does not determine that service has already been accomplished. Therefore, the motion to dismiss should be denied.

6

Alternatively, as further explained below, Plaintiff respectfully requests additional time within which to serve, an opportunity for discovery relating to Defendants' declarations in opposition to service, and an evidentiary hearing to resolve any factual issues relating to service.

## I. Ricciardi and Demos Were Properly Served By Publication Pursuant to Wisconsin Law Prior to Removal.

### A. The Publication Summons Published the Original Complaint.

Defendants assert that Plaintiff's Proof of Publication establishes that Plaintiff's Publication Summons served the Amended Complaint, but that is incorrect. The text of the Publication Summons specifically refers the Defendants to "the complaint" and advises them that they can write to the Clerk of Court to obtain a copy of "the complaint." Burnett Decl., Exs. 1 and 2; *see also* Dkt #25.

Defendants also erroneously contend that Plaintiff filed a publication summons for the original Complaint and one for the Amended Complaint. Defendants' Brief in Support of Motion to Dismiss, Dkt # 35 at p. 12, n.7. Again, that is incorrect. Plaintiff's Publication Summons and Amended Publication Summons both refer to "the complaint" in the text of each document. Burnett Decl., Exs. 1-2; *see also* Dkt #25. There is an Amended Publication Summons only because the L.A. Times, in which the summons was published, advised the Plaintiff's counsel after filing of the original Publication Summons that the date of publication would be a day later than originally advised. Burnett Decl., ¶8. The only difference between the Amended Publication Summons and the original Publication Summons is the date of publication. *Id.,* Exs. 1-2.

The Publication Summons and Amended Publication Summons bear the caption of the case at the time that the Publication Summons was filed, which is appropriate because a Publication Summons must be filed as an independent document. *See, e.g., Burnett v. Hill,* 207 Wis. 2d 110,

120-21 (1997).    However, the text of the Publication Summons and Amended Publication Summons both refer to the "complaint" and use the statutory language prescribed by Wis. Stat. §801.095(4).   The Publication Summons properly published and accomplished service of the original Complaint, in compliance with procedures specified under Wisconsin statutes governing service of process.[2]

As Moira Demos' declaration attests, the original Summons and Complaint were mailed to Demos and Ricciardi as required by statute.  *See* Wis. Stat. §801.11(1)(c); *cf.* Demos Decl., Dkt #37,  ¶9, Ex. A; see also Declaration of Debra L. Bursik, Dkt #46.  Although the envelope also contained the Amended Summons and Amended Complaint, this merely provided the Defendants more information than required.

It should also be noted that in their Rule 12 motion, Defendants cited the section of Federal Rule of Civil Procedure 12 that raises a defense based on alleged improper service of process – Fed.R .Civ.Pro. 12(b)(5), *see* Dkt #34, p. 1 – not the subsection that raises a defense based on alleged insufficient process (*i.e.,* a challenge to the content of the process), which is governed by Fed.R.Civ.Pro. 12(b)(4).  Therefore, Defendants have waived the right to challenge the form of the summons.  *See Hemispherx Biopharma, Inc. v. Johannesberg Consol. Investments,* 553 F.3d 1351, 1360-61 (11th Cir. 2008) (failing to include a defense under Rule 12 in a Rule 12 motion is a waiver of the omitted defense); *Onewest Bank, N.A. v. Louis,* 2016 WL 3552143, **6-7 (S.D.N.Y.) (defenses of lack of jurisdiction and insufficiency of service are distinct defenses).

---

[2] Under federal procedure, defects in the form of summons are considered technical and a dismissal is not proper unless a party can demonstrate actual prejudice.  *Salaam v. Merlin, supra,* 2009 WL 2230925 at *2.

8

## B. Plaintiff Exercised Reasonable Diligence in Attempting to Serve Ricciardi and Demos.

Contrary to Defendants' arguments, Plaintiff exercised reasonable diligence in serving Ricciardi and Demos.

Defendants argue that Plaintiff was required to file affidavits supporting reasonable diligence in order to support service by publication and failed to do so. However, a plaintiff need only detail efforts regarding service of process after challenge by a defendant. *See Dietrich v. Elliott,* 190 Wis. 2d 816, 828 (Ct. App. 1995) (explaining that the fact of service, not proof of service, confers jurisdiction and noting that in some circumstances, proof of service need not be filed). Plaintiff has filed, and is filing this date, declarations in support of the attempts to serve Defendants Ricciardi and Demos, the service on Chrome Media, and additional attempts to further serve Chrome Media. *See* Burnett Decl.; Barker Decl; Bursik Declarations, Dkt ##46-47; Caceres Declaration, Dkt #44. As explained below, the facts demonstrate that Plaintiff has exercised reasonable diligence in attempting to serve Defendants.

Reasonable diligence has been described by Wisconsin courts as the "diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived." *Loppnow v. Bielik,* 2010 WI App 66, ¶10 (quoting and citing *Haselow v. Gauthier,* 212 Wis.2d 580, 589, 569 N.W.2d 97 (Wis. Ct. App. 1997)).

Initially, Defendants fault Plaintiff for filing his complaint on the eve of the expiration of the statute of limitations. But as established by the Plaintiff's declaration, Mr. Colburn properly sought representation and attempted to pursue this matter as diligently as he was able. Declaration of Andrew Colburn, ¶¶3-8.[3] As Wisconsin law defines "reasonable diligence," a lay

---

[3] Likewise, any alleged delay attributable to the actions of Plaintiff's initial counsel should not be imputed to

9

plaintiff who diligently attempts to pursue a claim is not charged with the actions of professionals on whose advice he or she relies. *See, e.g., Borello v. U.S. Oil Co.,* 130 Wis. 2d 397, 414 (1999) (plaintiff was reasonably diligent in pursuing her rights and was not barred by statute of limitations where in doing so, she relied on professional advice).

Next, Defendants argue that Plaintiff should have attempted service earlier than 77 days into the period for service of process. However, Plaintiff's original counsel associated additional counsel to assist in this matter after the complaint was filed. Griesbach Decl., ¶¶2-5. It made more sense in terms of efficiency and cost to attempt personal service only after a planned Amended Complaint was filed, so as to avoid attempting personal service multiple times. Burnett Decl., ¶2. As is evident from the Amended Complaint and its exhibits, extensive work went into its preparation. Plaintiff's counsel forwarded all of the pleadings to process servers in California shortly after the Amended Complaint was filed. *Id.,* ¶3.

Two of Plaintiff's attorneys retained separate process service firms in California in order to attempt to serve the Defendants. *See* Burnett Decl., ¶2; Barker Decl., ¶¶2-3, Ex. 1. Both process service firms attempted service on Ricciardi and Demos and to Plaintiff's counsel's understanding, both were stymied by the Defendants' gated community and the lack of response to attempts to contact the inhabitants of their dwelling. Carlos Caceres Declaration as to Laura Ricciardi and Moira Demos, LLC, Dkt ##49, 50; Barker Decl. ¶¶6-7. One of the service firms made multiple attempts to serve Ricciardi and Demos, including attempts to serve them at their apparent place of employment. Carlos Caceres Declaration as to Laura Ricciardi and Moira Demos, Dkt ##49, 50. Plaintiff's counsel also conducted research on the internet in an attempt to

---

Plaintiff for purposes of his motion to extend time for good cause. *See Cox v. County of Yuba, supra,* 2011 WL 590733 at *3 (courts may decline to assign responsibility for lawyer's actions to client).

determine whether Defendants had any possible upcoming speaking appearances, where they might be filming any projects, and the status of Avery appellate proceedings that might be filmed by Defendants, in order to determine whether their locations could be determined other than at their residence. Barker Decl., ¶18.

Defendants cite no cases that are factually similar to this case, and which involved extensive efforts by two law firms to obtain service on Defendants who live in a gated community. Moreover, in contrast to cases in which parties failed to exercise reasonable diligence because they failed to follow leads that would have disclosed defendants' whereabouts, Plaintiff's counsel attempted to direct process servers to all available viable leads in this case. *See, e.g.,* Barker Decl., ¶¶5, 18.

Under the circumstances, Plaintiff exercised reasonable diligence in attempting to serve Ricciardi and Demos. Therefore, service by publication was appropriate. *See* Wis. Stat. §801.11(1)(c).

## II. Chrome Media Was Properly Served By Publication and Through the Person "Apparently in Charge" of the Office of the Managing Agent, Director or Officer Under Wisconsin Law.

Defendants also claim that Chrome Media was not properly served by publication, citing the same arguments that they offer in support of challenge to service by publication as to Ricciardi and Demos. Again, Defendants are incorrect, and service by publication was appropriately accomplished, for the reasons explained in Section I.A, *supra*. In addition, as Defendants' own declarations establish, Plaintiff's process servers appropriately served the person apparently in charge of the office of a managing agent, officer or director of Chrome Media on three separate occasions. *See* Defendants' Brief in Support of Motion to Dismiss, pp. 7-8.

### A. Publication on Chrome "C/O" Tal Benari

#### 1. The Publication Summons Published the Original Complaint.

As explained above, the Publication Summons and Amended Publication Summons both referenced the complaint, and the published summons properly directed Defendants to obtain a copy of the original complaint. *See* Section I.A, *supra.* Therefore, Defendants' argument that only the Amended Complaint was served by publication is inaccurate.[4]  Moreover, as also explained above, Defendants have waived objection to the content of the summons by failing to include a motion under Federal Rule of Civil Procedure 12(b)(4) in their motion citing Federal Rule of Civil Procedure 12(b)(5).  Dkt #34 at p. 1.

#### 2. Plaintiff Exercised Reasonable Diligence in Attempting to Serve Tal Benari, Its Authorized Agent.

Contrary to Defendants' arguments, the declarations of Plaintiff's process servers and the Defendants' witnesses' declarations establish that Plaintiff exercised reasonable diligence in attempting to serve Tal Benari.   As noted above, the New York corporations division records list the principal offices of Chrome Media as the Encino, California office that Mr. Benari identifies as his office, "C/O" Mr. Benari.  Burnett Decl., ¶4.   It cannot be reasonably disputed that this language, among other things, constituted an "appointment" of Mr. Benari as an agent for service by Chrome Media, *see* Wis. Stat. §801.11(5)(c), and Defendants do not attempt to argue in support of their motion that Mr. Benari was not authorized to receive service for Chrome Media. Plaintiff's process servers visited the offices on multiple occasions.   Caceres Decl., Dkt #44 ; *see also* Barker Decl. at ¶¶13, 16; Declaration of Tal Benari, Dkt #38, at ¶¶17-21; Declaration of

---

[4] :  The Amended Summons and Complaint were properly served on counsel for Defendants pursuant to Federal Rule 5(d)(1).  Declaration of Debra L. Bursik, Dkt #46, Ex. A.

Natalia Canaan, Dkt #39, at ¶¶5-8; Declaration of Danielle Rodriguez, Dkt #40, at ¶¶5-8; Burnett Decl., ¶4. In each case, they were either turned away or left documents for Mr. Benari. *Id.*

Plaintiff exercised reasonable diligence attempting to serve Mr. Benari. Accordingly, Defendants' arguments against service of process on Chrome Media should be rejected.

### B. "Person Apparently In Charge"

Defendants' own declarations establish that Chrome Media was served through the receptionists to whom process was undisputedly provided. Canaan Decl., Dkt #39, ¶¶5-8; Rodriguez Decl., Dkt #40, ¶¶5-8; Benari Decl., Dkt #38, ¶¶17-21. Despite their self-serving statements to the contrary, their duties in directing the flow of persons and documents throughout the office, as described in their declarations, render them persons apparently in charge of the offices that were listed as Chrome Media's physical offices for purposes of Wis. Stat. §801.11(5)(b). Canaan Decl., Dkt #39, ¶4; Rodriguez Decl., Dkt #40, ¶4. Wisconsin case law interpreting the meaning of "person apparently in charge" within the meaning of the statute is sparse, but other courts have held that receptionists may be considered to be "in charge" of an office when they are in charge of the front desk of the office. *See, e.g., Zond, LLC v. Fujitsu Semiconductor, Ltd.*, 53 F.Supp.3d 394, 399-400 (D.Mass. 2014).

In *Zond,* the Court explained that the person "apparently in charge" of the office does not mean the same thing as the person "apparently in charge" of the company, so the person in charge of the office need not have managerial duties. *Id.* As the Court further explained, to hold otherwise would defeat the purpose of allowing service on someone other than a managing agent, director or officer directly. *Id.*

Also, there is a factual dispute as to whether one or more of the receptionists accepted the documents to provide to Mr. Benari. In the context of service on corporates and business entities, Wisconsin law regarding service is that where a person is represented as an individual

13

authorized to accept service for the company, a process server is generally entitled to rely on that representation. *Honigan v. State Farm Ins. Co.,* 106 Wis. 2d 675, 684 (1982).

> To hold otherwise "would produce a situation whereby a process server becomes a participant in a game of 'hide-and-seek' at the mercy of secretaries or anyone else who chooses to prevent him from accomplishing his task." *Keske [v. Square D Co.],* 58 Wis.2d [307] at 315, 206 N.W.2d 189 [(1973)].

*Id.*

The Wisconsin Supreme Court also explained that *Horrigan* and *Keske* stand for the proposition that "personal jurisdiction over a corporate defendant may be acquired if the facts demonstrate that in effectuating substitute service on "the person who is apparently in charge of the office" of an officer, director, or managing agent of the defendant, the process server reasonably but mistakenly serves a person who appears to be, but in fact is not, "in charge" of that office. *Hagen v. City of Milwaukee Employes' Retirement System Annuity and Pension Board,* 2003 WI 56, ¶21; *see also Keske, supra,* 58 Wis. 2d at 314 (holding that where process server left process with individual who appeared to be in charge of office and whose office was only a few feet from that of the corporate officer to be served, "notice and knowledge," which are the "fundamentals of service" were satisfied and service was proper). Further, although Defendants contend that the receptionists advised the individuals who left process with them that they were not authorized to receive it, the Wisconsin Supreme Court held that a person was "apparently in charge" of an office even though the individual claimed to lack authority to accept process. *Keske,* 58 Wis. 2d at 314.

Chrome Media's principal offices, as listed in the New York corporations records, are the only logical places for offices of Chrome Media's officers, directors, and managing agents to be found. Moreover, the principal office address is listed as "C/O Tal Benari," followed by the

office address.  Burnett Decl., ¶4.[5]  Therefore, leaving the process with the receptionists, who were apparently in charge of Chrome Media's and/or Tal Benari's offices, appropriately served Chrome Media for purposes of Wis. Stat. §801.11(5)(b).

### C. Plaintiff Should Be Permitted An Opportunity For Discovery and an Evidentiary Hearing Should Be Scheduled.

Federal procedure affords Plaintiff an opportunity to obtain discovery regarding any factual issues raised by a Defendant's submissions in support of a motion to dismiss based on alleged failures of service.   *See, e.g., Collins v. New York Central Sys., supra,* 327 F.2d at 883 (citing 4 Moore Federal Practice §2302 (2d ed. 1963)).  Therefore, Plaintiff should be permitted an opportunity to depose Mr. Benari, Defendants, and Defendants' other witnesses regarding the self-serving statements in their declarations.   In addition, an evidentiary hearing should be scheduled to resolve any factual disputes.  *See Falconer v. Gibsons Restaurant Group, L.L.C., supra,* 2011 WL 43023 at *2.

### III. The Motion Should Be Denied Because There Is Time Remaining To Serve Defendant As a Result of Removal.

When an action is removed, the Plaintiff has 90 days from removal in which to accomplish service as to any defendant who has not been served. Fed.R.Civ.Pro. 4(m); 28 U.S.C. §1448; Wright & Miller 1137 (4th ed., database updated April 2019).  As one federal Court explained:

> Even assuming service was defective prior to removal, Defendants'
> removal of this case to federal court automatically negated any argument
> that dismissal is now warranted on the basis of pre-removal service
> defects. 28 U.S.C. § 1448 provides that "[i]n all cases removed from any
> State court to any district court of the United States in which any one or
> more of the defendants has not been served with process or in which the
> service has not been perfected prior to removal, or in which process served
> proves to be defective, such process or service may be completed or new

---

[5] The New York State corporations division records,  which can be accessed through the website address listed in the Declaration of George Burnett at ¶4, indicate that Chrome Media has no registered agent.

> process issued in the same manner as in cases originally filed in such
> district court." In other words, removal cleans the slate and gives [the
> plaintiff] a chance to cure any defects in service that may have existed
> prior to removal.

*Covanex, Inc. v. Duvvada*, 2015 WL 8375211 *2 (W.D.N.Y.) (citations omitted); *accord, Dennis

v. Donohoe*, 2015 WL 629431, *4 (N.D. Ind.)  As of the date of this filing, there is still time for

Plaintiff to serve Defendants.   Fed.R.Civ.Pro. 4(m) (90-day service period); *see also* 4B Wright

& Miller §1137, *supra* (service period runs from removal). The Defendants removed this action

on April 3, 2019; 90 days from that date is July 2, 2019.[6]  Now that Plaintiff's counsel have

learned that Defendants is challenging service, they are making arrangements to re-serve

Defendants.[7]

As explained above, when time remains in which service may be accomplished, a motion

to dismiss for lack of service should be denied as premature.  *W.J. Enterprises, Inc. of Jefferson

v. Granwood Flooring, Ltd., supra,* 2016 WL 3746225 at *2; *Cincotta v. Hempstead Union Free

School Dist*., *supra,* 2016 WL 4536873 at *6.

## IV.    Good Cause Exists to Extend the Time for Service of Process.

Plaintiff is also filing with this motion a motion to extend the time for service of process

under Federal Rule of Civil Procedure 4(m).   Time for service may be extended for "good

cause" under Rule 4(m) or at the discretion of the Court.   Fed.R.Civ.Pro. 4(m).

As noted above, when the Plaintiff moves for additional time in which to serve, a district

---

[6]Some courts hold that a defendant's challenge to service of process tolls the service period.   *See, e.g.,
Bruley v. Lincoln Property Co., N.C., Inc,* 140 F.R.D. 452, 455 (D. Colo. 1991).  Under a tolling analysis,
Defendants removed the action on April 3, 2019 and filed their motion to dismiss on May 10, 2019,
meaning that 37 days of the 90-day period elapsed prior to the motion to dismiss.  Therefore, at least 53
days would remain for service after disposition of the motion.
[7] As implicitly acknowledged in an Eastern District of Wisconsin opinion cited by Defendants, a plaintiff
may serve either under state or federal rules during the federal service period.   *See Grand Chute
Holdings, LLC v. Wild Truffle Pizzeria, Inc.,*  2017 WL 5991742 (E.D. Wis.).

court must extend the time for service upon a showing of good cause and may grant an extension in the absence of good cause. *Hubert v. State of Connecticut Dept. of Correction, supra,* 2016 WL 706166 at *4. While the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, [it also] authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." *Salaam v. Merlin, supra,* 2009 WL 2230925 at *2 (quoting Fed.R.Civ.P. 4(m) advisory committee's note (1980)). Therefore, when determining whether to extend time to serve, the district court must (1) first, determine whether good cause exists for an extension of time and, (2) if no good cause exists, determine whether the court should nevertheless exercise its discretion not to dismiss the case. *Id. (citing Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1312 (3d Cir.1995)); *Henderson v. United States*, 517 U.S. 654, 662-63 (1996).

As explained above, Plaintiff intends to attempt to re-serve the summons and the pleadings on the Defendants, pending a determination by this Court whether service has already been accomplished. However, given that the Defendants live in gated communities and have been less than cooperative with service on Chrome Media at its office address, Plaintiff anticipates that additional time may be needed to complete service.

Where a party attempts service in good faith and reasonably believes that it had accomplished service, an extension under Rule 4(m) is warranted. *Genz-Ryan Plumbing & Heating Co. v. Sheet Metal Workers' Local 10,* 207 F.Supp.3d 1038, 1046 (D. Minn. 2016); *Guess?, Inc. v. Chang*, 912 F.Supp. 372, 381 (N.D. Ill. 1996). Prior to reviewing Defendants' motions and brief, Plaintiff's counsel believed (and still believes) that Defendants all had been properly served. Burnett Decl., ¶¶10, 14; Barker Decl., ¶¶9-10, 19. Defendants are attempting

further service in the event that the Court may agree with any of Defendants' arguments as set forth in their motion to dismiss.   In addition, Plaintiff has less time now to accomplish an attempt to re-serve Defendants than he would have had Defendants not requested, and been granted without objection, a 30-day extension of time to answer the Complaint.   *See* Dkt #24.

Defendants assert that a dismissal for failure to serve would bar Plaintiff's claims as to any claims that run from the date of the original Making of a Murderer broadcasts that defamed Plaintiff.  Defendants' Brief in Support of Motion to Dismiss, Dkt #35 at p. 15.  Where a statute of limitations would effectively render a dismissal for failure to serve a dismissal with prejudice, that alone constitutes good cause warranting additional time to serve.  *See, e.g., Zermeno v. McDonnell Douglas Corp.,* 246 F.Supp.2d 646, 667 (S.D. Tex. 2003); *Rhodan v. Schofield,* 2007 WL 1810147, *5 (N.D. Ga.); *see also* 4B Wright & Miller, §1137, *supra* (noting that Advisory Committee Notes to the 1993 Amendments to Rule 4(m) suggest that a district court should extend the time for service even if there is no good cause shown if the applicable statute of limitations would bar a refiled action).

Other factors that favor an extension under Rule 4(m) include actual notice to the defendants, prior service attempts, and an absence of prejudice.  *Id.; see also Salaam v. Merlin, supra,* 2009 WL 2230925 at *3-4 (where Defendants are evasive in response to service attempts and there is no prejudice to Defendants by permitting additional time to serve, as evidenced by a motion to dismiss filed within time to serve process under federal procedure, then a motion for additional time to serve is appropriately granted); *In re Bavelis*, 453 B.R. 832, 865-66 (S.D. Ohio 2011) (extension of time was warranted where good faith effort to serve was made, consistent with the principle that disputes should be resolved on their merits rather than procedural or technical grounds); *Hubert v. State of Connecticut Dept. of Correction,* 2016 WL 706166, *5 (D.

18

Conn.) (where a statute of limitations would have barred re-asserting Plaintiff's claim and defendants appeared to have actual notice, based on the timing of their appearances, an extension of the time for service was warranted, particularly because of "the strong federal policy in favor of resolving claims on the merits"); *see also Howell v. Campell,* 2016 WL 1241529 (S.D.N.Y.) **3-4 (same). Further, in an Eastern District of Wisconsin opinion cited by Defendants in their brief, the Court noted that it had previously extended the time to serve for a defendant whose service by publication was defective under Wisconsin law. *Grand Chute Holdings, LLC, supra,* 2017 WL 5991742 at *2. In issuing its decision, the Court granted nearly another two months for service. *Id.*

Here, Defendants will not be prejudiced by an extension of time for service. According to news reports attempting to seek comment from the Defendants and their co-Defendant, Netflix, Inc., Defendants were made aware of the lawsuit and the allegations in it shortly after it was filed. *See* Supplemental Declaration of Michael Griesbach, filed this date. The complaint was posted online and therefore available shortly after it was filed to anyone with access to the internet. *Id*. In light of their vast resources, it is likely that Defendants all had seen the complaint within days or weeks of the date it was filed. Moreover, none of the Defendants claims in their respective carefully-worded declarations to have lacked knowledge of the lawsuit.

As further explained above, Plaintiff has exercised reasonable diligence, hiring two process service firm in California to attempt to serve the Defendants. The Defendants are particularly difficult to serve, as they live in gated communities. *See* 4B Wright & Miller, §1137, *supra* (noting that the advisory committee notes to Rule 4 indicate that the 2015 reduction in service time from 90 to 120 days may warrant extensions of time where defendants are difficult to serve).

19

Likewise, Chrome Media appears to have a shell office, has confounded service by designating its corporate address as "c/o" an individual, and has failed to designate a registered agent for service. *See id.* (noting that Rule 4 is not intended to reward the "crafty or evasive defendant"); *see also U.S. v. Ayer*, 857 F2d 881 (1st Cir. 1988 (upholding finding of good cause for extension of service where corporate defendant was "shrouded in mystery" and one of its principals had a "peregrinatory penchant"). Moreover, as explained above, Defendants' own declarations establish that Plaintiff's process service firms attempted service on Chrome Media on multiple occasions within the original service period prior to removal and were either turned away or left documents with the receptionist, who then gave the documents to the "c/o" individual at the office address.

Another factor that favors an extension in this case is Attorney Barker's service firm's initial report that Tal Benari had been served at his home. *See* Barker Decl., ¶¶8-9. The term "sewer service" is used to describe situations where, as here, a process server provides a misleading report to the plaintiff, leading the plaintiff to conclude that service is complete. *See* 4B Wright & Miller, §1137, *supra.* According to the authors of a leading civil procedure treatise, "the most appropriate course" where a failure of service has been caused by "sewer service" is "to allow a plaintiff time to re-serve." *Id.*

Considering the unique circumstances present in this case, Plaintiff respectfully requests an extension of time to serve Defendants of another sixty (60) days.

## CONCLUSION

For the reasons set forth above, Plaintiff, Andrew Colburn, respectfully requests that the Court deny the motion to dismiss submitted by Netflix, Inc., or, alternatively, grant Plaintiff's

motion for additional time to serve, permit discovery regarding service issues, and schedule an

evidentiary hearing to determine any issues regarding the service on Chrome Media, LLC.

Dated this 31st day of May, 2019.

LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
Attorneys for Plaintiff, Andrew L. Colborn

By: /s/ George Burnett
George Burnett

**POST OFFICE ADDRESS:**
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
State Br No. 1005964

GRIESBACH LAW OFFICES, LLC

By: /s/ Michael C. Griesbach
Attorney Michael C. Griesbach
State Bar No. 01012799
Griesbach Law Offices, LLC
PO Box 2047
Manitowoc, WI 54221-2047
(920) 320-1358

SCHOTT, BUBLITZ & ENGEL, S.C.

By: /s/ April Rockstead Barker
April Rockstead Barker
State Bar No. 1026163
Schott, Bublitz & Engel, S.C.

21

640 W. Moreland Blvd.
Waukesha, WI 53188-2433
(262)-827-1700