2016 WL 3746225
Only the Westlaw citation is currently available.
United States District Court, E.D. Louisiana.
W.J. ENTERPRISES, INC. OF JEFFERSON
v.
GRANWOOD FLOORING, LTD..

CIVIL ACTION NO. 16-9492
|
Signed 07/13/2016

**Attorneys and Law Firms**

John C. Miller, Connell Lee Archey, Keith Fernandez, Kantrow, Spaht, Weaver & Blitzer, Baton Rouge, LA, for W.J. Enterprises, Inc. of Jefferson.

William L. Caughman, III, Ahmed M. Mohamed, Kean Miller, Baton Rouge, LA, for Granwood Flooring, Ltd.

ORDER AND REASONS

MARTIN L. C. FELDMAN, UNITED STATES DISTRICT JUDGE

**\*1** Before the Court is Granwood Flooring, Ltd.'s Rule 12(b)(5) motion to dismiss for insufficient service of process. For the reasons that follow, the motion is DENIED without prejudice as premature.

### Background

This breach of warranty case arises out of allegedly defective wood blocks manufactured and supplied by a foreign corporation.

Granwood Flooring, Ltd., which manufactures and sells wood blocks, is a foreign corporation of the United Kingdom of Great Britain and Northern Ireland with its principal place of business in the United Kingdom. On April 1, 2009, Granwood entered into an agreement with W.J. Enterprises, Inc. of Jefferson, a Louisiana company, in which Granwood agreed to ship its manufactured wood blocks to WJE, which would distribute and install Granwood's wood blocks for flooring projects in Louisiana and Mississippi.

According to the allegations of the state court petition, at some point, Granwood began having production issues, which resulted in Granwood supplying defective or nonconforming wood blocks. Due to the nature of the packaging and the shipping process, the imperfections were only discoverable once the blocks were removed from the shipping boxes to be installed, forcing WJE to use nonconforming stock on projects in 2015 and 2016 to meet installation deadlines. WJE spent considerable time and money to prepare the defective blocks for use; many wood blocks had to be individually inspected and shaped by hand so that they could be used on ongoing projects. And many blocks were so defective that they could not be used at all. WJE was not able to install flooring in a typical timeframe with typical labor. Grandwood's nonconforming products, it is alleged, caused WJE to incur substantial costs and losses on projects it completed in 2015; resulted in the imported wood blocks being misclassified for tariff exemptions according to U.S. Customs and Border Protection; and caused WJE to incur additional installation expenses on at least eight projects it undertook in 2015, resulting in a net loss to WJE.

On May 6, 2016, WJE sued Granwood in state court in Tangipahoa Parish, after efforts to amicably resolve the issue failed. WJE alleges breach of warranty and other Louisiana state law claims; WJE seeks: a return of the purchase price paid for the nonconforming wood blocks; reimbursement of the reasonable expenses caused by the sale; damages resulting from the use of nonconforming wood blocks on WJE's projects; and reasonable attorney's fees. On May 10, 2016, WJE attempted service on Granwood through Louisiana's long arm statute. Thereafter, Granwood removed the case to this Court, invoking the Court's diversity jurisdiction. Without waiving, and specifically reserving, all rights, defenses, objections, and exceptions, Granwood now moves to dismiss the claims against it for insufficient service of process.

I.

© 2019 Thomson Reuters. No claim to original U.S. Government Works. 1

### A.

Federal Rule of Civil Procedure 12(b)(5) allows a party to advance a defense based on insufficient service of process. Fed. R. Civ. P. 12(b)(5); 5B Charles Alan Right & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1353 (3d ed. 2013)("Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."). "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990)(citations omitted). District courts exercise "broad discretion in determining whether to dismiss an action for ineffective service of process." George v. U.S. Dep't of Labor, 788 F.2d 1115, 1116 (5th Cir. 1986).

### B.

*2 Rule 4 of the Federal Rules of Civil Procedure effectively requires service on a foreign corporation that occurs outside any judicial district of the United States to be perfected in accordance with the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Convention), [1969] 20 U.S.T. 361, when the treaty applies and absent waive or absent a provision of federal law to the contrary. See Fed. R. Civ. P. 4(f)(1). A foreign defendant may insist on proper service under the Hague Convention. See Sheets v. Yamaha Motors Corp., U.S.A., 849 F.2d 179, 185 n.5 (5th Cir. 1988). Both the United States and the United Kingdom are signatories to the Hague Convention.

### C.

It is undisputed that the plaintiff attempted to serve process upon Granwood by mailing a copy of the petition and citation in accordance with the Louisiana long arm statute, La.R.S. 13:3201. It is likewise undisputed that service by mail does not comply with the Hague Convention. See Nuovo Pignon, SpA v. Storman Asia M/V, 310 F.3d 374, 383-85 (5th Cir. 2002); Avdeef v. Royal Bank of Scotland, P.L.C., 616 Fed.Appx. 665, 672 (5th Cir. 2015)("Additionally, as this circuit interprets the Hague Convention, service by mail on a foreign defendant does not satisfy Federal Rule of Civil Procedure 4(f).").

Granwood urges the Court to dismiss the plaintiff's state court petition on the ground that it was not properly served in accordance with the procedures laid out in the Hague Convention. WJE counters that dismissal for failure to serve in compliance with the Hague Convention is premature, considering that: (i) WJE diligently took steps to correct the service issue by initiating service under the Hague Convention well before the 90-day service deadline applicable to service on a domestic defendant (much less a foreign citizen);[1] and (ii) Granwood filed its motion to dismiss a mere 42 days after suit was filed. Under the circumstances, the Court agrees that dismissal would be premature. In light of WJE's representation that it has initiated the process of foreign service under the Hague Convention, the defendant's motion to dismiss is DENIED without prejudice as premature.

New Orleans, Louisiana, July 13, 2016.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 3746225

### Footnotes

[1] WJE correctly points out that Rule 4(m)'s requirement — that a domestic defendant must be served within 90 days after the complaint is filed — is expressly inapplicable to service in a foreign country under Rule 4(f). WJE argues that the time for service of a foreign defendant is at least longer than 90 days and is perhaps unlimited, given that Rule 4(m) does not apply and the Federal Rules offer no express deadline for service on a foreign defendant. At this time, the Court need not determine what deadline, if any, applies to service on a foreign defendant, where, as here, it appears that the plaintiff has diligently initiated service in accordance with the Hague Convention and the defendant does not suggest any deadline for perfecting service in accordance with the Hague Convention.

**End of Document** © 2019 Thomson Reuters. No claim to original U.S. Government Works.