2009 WL 2230925
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.

Nasir SALAAM, Plaintiff,
v.
Warden Gary MERLIN, et al., Defendants.

Civil No. 08–1248 (JBS).
|
July 22, 2009.

**Attorneys and Law Firms**

Mr. Nasir Salaam, Mays Landing, NJ, pro se.

Donna M. Taylor, Esq., Atlantic County Law Department, Atlantic City, NJ, for Defendant Warden Gary Merlin.

Maria Lynn Draucikas, Esq., Clausen Miller, LLP, Parsippany, NJ, for Defendant CFG Health Systems, LLC.

*OPINION*

SIMANDLE, District Judge.

**\*1** This matter is before the Court upon the motion [Docket Item 16] of Defendant CFG Health Systems, LLC ("CFG") to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) (lack of subject-matter jurisdiction); 12(b)(4) (insufficient process); 12(b)(5) (insufficient service of process); and 12(b)(6) (failure to state a claim upon which relief can be granted). Plaintiff Nasir Salaam, proceeding *pro se,* filed this action against Warden Gary Merlin ("Merlin"), unidentified corrections officers, and an entity identified as "Medical Provider", alleging, *inter alia,* that Salaam, while incarcerated at the Atlantic County Justice Facility, was beaten by prison security officers who were attempting to contain a riot at the facility. Plaintiff asserts that he was beaten without provocation while lying face-down on the floor. He further asserts that Medical Provider refused to treat him for back pain resulting from the beating. The principal issues to be decided concern (1) the subject-matter jurisdiction of the Court to hear this claim; (2) the content and service of process on Medical Provider; and (3) the particularity of pleading required to set forth cognizable claims under the Eighth Amendment-protected right to medical care while incarcerated. For the reasons set forth below, the Court will deny Defendant's motion to dismiss and issue such orders as are stated in this decision.

**I. BACKGROUND**

**A. Facts**

The few facts that may be derived from Plaintiff's Complaint are presumed true and are as follows. Plaintiff Salaam is a juvenile prisoner incarcerated at the Atlantic County Justice Facility. (Compl., Stmt. of Claim, ¶¶ 1, 6.) On September 9, 2007, prison security officers quelled a riot in the facility. (*Id.* ¶ 1.) Plaintiff alleges that he was present at, but not involved in, the riot. (*Id.* ¶ 1.) During the riot, Plaintiff was given, and followed, an order to lie face-down on the floor, following which he was beaten without provocation by the prison security officers. (*Id.* ¶ 1.) As a result of this beating, he suffered back pain which Defendant Medical Provider allegedly refused to treat. (*Id.* ¶¶ 2, 3.) Plaintiff complained via the prison grievance system and was interviewed by officers who work in internal affairs. (*Id.* ¶ 5.) The grievance system resolved none of the issues and Plaintiff continued to be denied access to medical care. (*Id.* ¶¶ 2, 5.) Sometime shortly after the riot, Plaintiff alleges, the prison "Public Safety Department Head" instructed the prison Warden to make sure that everyone involved received the appropriate medical attention. Plaintiff alleges that Warden Merlin did not heed this advice. (*Id.* ¶ 3.)

**B. Procedural History**

Plaintiff filed an initial Complaint on March 7, 2008 [Docket Item 1]. The Complaint was administratively terminated for failure to pay the filing fee and an *in forma pauperis* application denied [Docket Item 2]. The case was reopened and permitted to proceed *in forma pauperis* on August 27, 2008 [Docket Items 3, 5]. Plaintiff alleges that Defendant Medical Provider wrongfully denied him necessary treatment for medical injuries in violation of an established Eighth Amendment protected right to

adequate medical care for prison inmates. Service of Process was executed by United States Marshals to Medical Provider on October 31, 2008 [Docket Items 6, 9]. Defendant subsequently filed the motion to dismiss presently under consideration [Docket Item 16], to the merits of which the Court now turns.

## II. DISCUSSION

### A. Sufficiency of Process

1. *Standard of Review*

**\*2** Under Rules 12(b)(4) and 12(b)(5), a defendant may move to dismiss on the grounds that process was insufficient or that service of process was insufficient. Fed.R.Civ.P. 12(b)(4) and 12(b) (5). Insufficiency of process is the inadequacy of the actual contents of documents served. 5B Wright & Miller, Federal Practice & Procedure (2004) § 1353 at 334. In this case, the name and address listed for Medical Provider are generic in nature, indicating that the Medical Provider is unidentified by the Plaintiff. (Compl., Parties, § C; Compl. Stmt. of Claim, ¶ 1.) Insufficiency of service of process relates to the adequacy of the method and timing of delivery of the documents served. In this case, Defendant alleges that the Complaint was served upon a person not authorized to receive service for the company.

Rule 4(m) provides that service of process should be accomplished within 120 days of commencement of a civil action, but it also provides the District Court with authority to extend that time.

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). While the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, [it also] authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed.R.Civ.P. 4(m) advisory committee's note (1980). Thus, when determining whether to extend time to serve, the district court must (1) first, determine whether good cause exists for an extension of time and, (2) if no good cause exists, determine whether the court should nevertheless exercise its discretion not to dismiss the case. See *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1312 (3d Cir.1995). Thus, if good cause exists, the Court must grant the extension. Otherwise, the Court may grant or deny the extension, in its discretion. Defects in the form of summons are considered technical and a dismissal is not proper unless a party can demonstrate actual prejudice. See *id.* at 1314 (where Defendant had actual notice of the litigation through service of a cross-claim by a co-defendant, no prejudice existed and good cause was automatic).

Ordinarily, a Plaintiff is responsible for ensuring that service of process is completed properly, but where a Plaintiff proceeds *in forma pauperis* in compliance with 28 U.S.C. § 1915(c), the United States Marshal becomes responsible for effecting service. 28 U.S.C. § 1915(c) ("[T]he officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis* ] cases."). See also Fed.R.Civ.P. 4(c)(3). Where the deficiency of service is attributable to the United States Marshal and not to an incarcerated plaintiff, the Court may not dismiss the Complaint for failure to effect service. *Welch v. Folsom,* 925 F.2d 666, 670 (3d Cir.1991). See also *Putett v. Blandford,* 912 F.2d 270, 275 (9th Cir.1990) ("an incarcerated *pro se* plaintiff proceeding *in forma pauperis* ... should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal ... failed to perform [his respective] duties").

2. *Analysis*

**\*3** Defendant alleges that the process issued pursuant to this Complaint is insufficient as it names Defendant ambiguously as "Medical Provider" and not explicitly as "CFG Health Systems, LLC". While it is clear that Plaintiff's Complaint does provide the necessary particularity to uniquely identify Medical Provider as "CFG Health Systems, LLC" by noting that the Medical Provider is the "medical care provider" for prisoners

incarcerated at the Atlantic County Justice Facility, nevertheless the actual contents of the process served are inadequate. Because adequate process has not been issued for CFG, Defendant is correct that process is insufficient under Rule 12(b)(4).

Defendant also alleges that the actual service of process was deficient as it was not served on an individual authorized to accept service. The motion alleges that Officer Decicco, upon whom the United States Marshal served process in this case, is not an authorized individual for this purpose. For a Rule 12(b)(5) motion, by necessity, matters outside the pleadings are admissible where they do not factually contradict the contents of the Complaint. This exception to the Rule 12(b) bar on matters outside the pleadings is due to the obvious inadequacy of pleadings to expound on the factual details of service of process. *See, e.g., O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993) (evidence of service of process admitted); *Montgomery, Zukerman, Davis, Inc. v. Diepenbrock,* 698 F.Supp. 1453, 1459 (S.D.Ind.1988) (affidavits submitted as evidence of insufficiency of process). As the Defendant's affidavits indicate that Officer Decicco received the service of process but was not authorized to do so, and that the Defendant did not have knowledge of the suit until informed by Defendant Warden Merlin's counsel, this Court finds that service of process was insufficient for jurisdiction over the party to attach. Defendant is correct that service of process is insufficient and would be subject to dismissal under Rule 12(b)(5).

Where service is insufficient, the Court must extend the deadline where good cause is present, and may, at its discretion, extend the deadline regardless, even if good cause is not present. *See Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1312 (3d Cir.1995). In balancing whether to extend the deadline where good cause is not present, the Court should consider the interests of justice and the prejudice to the moving party.

a. *Good Cause*

The Court concludes that good cause is present here. According to Plaintiff's Complaint, his inability to explicitly identify "CFG" in the Complaint was caused by, *inter alia,* the specific refusal of his jailors to provide him with the information necessary to identify "CFG" as the "Medical Care Provider" for his facility. (Compl., Stmt. of Claim, ¶ 1.) Defendant does not challenge this assertion. "The legislative history [of Rule 4(m), Fed.R.Civ.P.] indicates that a putative defendant's 'evasion of service' in the face of a plaintiff's attempt to effect such service would constitute good cause, and courts have held accordingly." *Quann v. Whitegate–Edgewater,* 112 F.R.D. 649, 659 (D.Md.1986) (citing cases). While Defendant CFG itself is not alleged to have evaded service, Plaintiff, who is incarcerated, alleges that his capacity to serve CFG was frustrated by employees of the institution where he is confined. The Court concludes that the circumstances herein are sufficiently analogous to the "evasion of service" cases to warrant a finding of good cause to effect adequate service.

b. *Prejudice to the Defendant*

*4 The Court concludes, moreover, that even if good cause were not present, Defendant Medical Provider would not be prejudiced by an extension of the deadline to effect adequate service of process. Defendant has actual knowledge of the case, as evidenced by the affidavits and brief submitted in support of this motion. (Def.'s Br., Aff. of Ruth V. Simon, Esq., Ex. A; Def.'s Br., Dcl. of Matt Konstance, ¶ 2.) Furthermore, the Defendant's actual notice occurred within the normal 120 day limit imposed by Rule 4(m).[1] (Docket Item 6; Def.'s Br., Decl. of Matt Konstance, Ex. A.) Given the recency of the events at hand and the actual knowledge of the case, Defendant will not be prejudiced by any slight delay required to effect proper service.

c. *Result*

As Plaintiff is pursuing his action *pro se,* the Court has an obligation to hold his pleadings to a less stringent standard than formal pleadings drafted by a lawyer. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Lewis v. Attorney General of United States,* 878 F.2d 714, 722 n. 20 (3d Cir.1989) (pleadings should be judged by substance, not form or label). Further, *pro se* incarcerated plaintiffs are granted wide latitude to file suit against unidentified parties where pre-trial investigations are impractical due to the incarceration. *See Alston v. Parker,* 363 F.3d 229, 233 n. 6 (3d Cir.2004). This Court finds that, in light of its conclusion that good cause for Plaintiff's failure to effect proper service has been shown herein, and because no prejudice to Defendant has been shown, it is appropriate for the Court to extend the time for proper service under Rule 4(m). The Court will thus extend the time for proper service by twenty (20) days, and will direct the Clerk to

issue a new summons as to Defendant CFG Health Systems, LLC and direct the United States Marshal to serve a copy of the summons and Complaint upon CFG[2] within this period.

### B. Failure to State a Claim

1. *Standard of Review*

On a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir.2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n. 7 (3d Cir.2002)).

While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Phillips,* 515 F.3d at 234. "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).' " *Victaulic Co. v. Tieman,* 499 F.3d 227, 234 (3d Cir.2007) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

**\*5** Subsequent to its *Twombly* decision, the Supreme Court re-emphasized that a court must give liberal construction to the claims in pleadings prepared by a *pro se* prisoner. *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). In other words, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id .,* quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (internal quotation marks omitted). Thus, in *Erickson,* the Supreme Court found that a *pro se* prisoner's complaint and related documents were sufficient to state an Eighth Amendment claim, where it alleged basically that the prisoner suffered from hepatitis C, that he was suffering liver damage, and that he was placed in imminent danger due to the prison's medical department's decision to remove him from treatment and refusal to restore treatment. *Erickson,* 551 U.S. at 92.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

"[S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. [*Twombly,* 550 U.S. at 555 n. 3.] This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. *Id.*

*Phillips,* 515 F.3d at 234. "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of America,* 361 F.3d 217, 222 n. 3 (3d Cir.2004) (citation omitted).

2. *Analysis*

To adequately state a valid claim for which relief can be granted, the pleadings need only contain " 'enough factual matter (take as true) to suggest' the required elements of [a] Plaintiff's claims." *Cheeseman v. Baxter Healthcare Corp.,* No. 08–4814, 2009 U.S. Dist. LEXIS 41030, at \*5, 2009 WL 1351676 (D.N.J. May 13, 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court, being mindful that this standard is not onerous, *see Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510–511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), especially in the case of *pro se* pleadings, *Erickson v. Pardus, supra,* disagrees with Defendant and finds that the Complaint adequately states a valid claim.

The Eighth Amendment proscription against cruel and unusual punishment makes it unlawful for prison officials to act with deliberate indifference to prisoners' serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a valid claim under the Eighth Amendment, a "prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. This standard requires more than mere

WESTLAW © 2019 Thomson Reuters. No claim to original U.S. Government Works. 4

negligence; medical malpractice is insufficient for a Constitutional claim.³ *Id.*

*\*6* "Serious medical needs" include: (1) those requiring treatment following diagnosis by a physician; (2) those conditions for which a lay person would recognize the necessity of treatment; and (3) those conditions which, if untreated, would result in lifelong handicap or permanent loss. *See Monmouth County Correctional Institutional Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir.1987), *cert. denied,* 486 U.S. 1006, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1988). Further, where failure to treat results in "unnecessary and wanton infliction of pain" the medical need is deemed sufficiently serious. *Estelle,* 429 U.S. at 105–06. Plaintiff alleges back pain which continued for at least ninety days. (Compl., Stmt. of Claim, ¶ 2.) Construing these allegations in the light most favorable to the Plaintiff, the Court concludes that the Complaint is sufficient to allege a serious medical need. *See Hagan v. Rogers,* No. 06–4491, 2009 U.S. Dist. LEXIS 53222 at \*22 (D.N.J. June 23, 2009) (back pain is sufficient to establish a serious medical need, but deliberate indifference must still be demonstrated to establish a valid claim).

Deliberate indifference includes "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse v. Plantier,* 182 F.3d 192 (3d Cir.1999). *See also Durmer v. O'Carroll,* 991 F.2d 64 (3d Cir.1993) (deliberately delaying diagnosis to avoid providing care constitutes deliberate indifference); *Monmouth County Correctional Institutional Inmates,* 834 F.2d at 346–47 (imposing arbitrary and burdensome procedures resulting in delay or denial of medical care constitutes deliberate indifference). Construing Mr. Salaam's *pro se* pleadings liberally, the Court finds that he has adequately alleged deliberate indifference by Defendants. Plaintiff alleges that his request for treatment was denied as part of an institutional practice of improperly withholding medical care. According to Plaintiff, his medical needs were deliberately ignored under a policy wherein medical requests at the institution are habitually disregarded, and even when requests for treatment are not "disregarded," Defendants put off treating medical needs for weeks. (Compl., Stmt. of Claim, ¶ 3.) Although an Eighth Amendment violation requires more than mere medical negligence and more than a disagreement over medical diagnosis or treatment, *see White v. Napoleon,* 897 F.2d 103 (3d Cir.1990), Plaintiff's allegation that his injuries went untreated as part of an institutional practice of "disregard[ing]" and refusing to treat inmates' serious medical needs, (Compl., Stmt. Of Claim, ¶ 3.), is sufficient to allege deliberate indifference. *Monmouth County Correctional Institutional Inmates,* 834 F.2d at 347.

The factual accuracy of Plaintiff's allegations are not at issue for this motion, the allegations are taken as true and are sufficient to rise above the speculative level. When coupled with the less stringent standard applied to *pro se* plaintiffs, it is obvious that Plaintiff's Complaint is sufficiently well plead as to state a valid Eighth Amendment claim. The 12(b)(6) motion to dismiss for failure to state a claim is denied.

### III. CONCLUSION

*\*7* For the reasons explained above, the Court will deny Defendant's motions to dismiss the Complaint. The accompanying Order is entered.

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 2230925

Footnotes

1   Actual notice occurred when Donna Taylor's letter on behalf of Defendant Merlin to Defendant Medical Provider was received approximately December 4, 2008, only 99 days after the filing of the Complaint on August 27, 2008. (Docket Item 6; Def.'s Br., Decl. of Matt Konstance, Ex. A.)

2   The address for CFG, as contained in papers filed by its counsel, see Def.'s Br., Decl. of Matt Konstance, Ex. A., is: CFG Health Systems, LLC, 765 East Route 70, Bldg. A–100, Marlton, NJ 08053.

3   To give rise to a Constitutional claim for inadequate medical care, Plaintiff must allege that state action resulted in the violation. 42 U.S.C. § 1983; *Estelle,* 429 U.S. at 102–03. At this stage of litigation, and in light of Plaintiff's *pro se* status, the Court understands Plaintiff to allege that CFG's provision of medical services constituted State action. Further, construing the Complaint in the light most favorable to the Plaintiff, *see Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 890 (3d

Cir.1977), the Court finds that deliberate indifference (i.e. more than mere medical malpractice) has been alleged here. (Compl., Parties, § C.; Compl., Stmt. of Claim, ¶ 3–4.) Plaintiff's cause of action arises under 42 U.S.C. § 1983 as a violation of his Eighth Amendment protected right to adequate medical treatment while incarcerated. As such, this case presents a federal question over which this Court has subject matter jurisdiction, and Defendant's motion to dismiss for lack of subject matter jurisdiction will be denied.

**End of Document**     © 2019 Thomson Reuters. No claim to original U.S. Government Works.