2010 WL 668027
Only the Westlaw citation is currently available.
United States District Court, N.D. California,
Eureka Division.

James William McKINNEY, Plaintiff,
v.
LAW OFFICE OF JAMES DUNCAN, C. David Eyster, David Kindopp, and Peyman Hedayati, Defendants.

No. CV 09–2605 NJV.
|
Feb. 19, 2010.

**Attorneys and Law Firms**

James William McKinney, Ukiah, CA, pro se.

Donald Joseph McMullen, Law Offices of Duncan M. James, Ukiah, CA, for Defendants.

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** (Doc. Nos. 4 & 23)

NANDOR J. VADAS, United States Magistrate Judge.

**\*1** Defendants Law Office of James Duncan ("Law Office"), C. David Eyster, David Kindopp, and Dr. Peyman Hedayati have moved to dismiss the complaint filed by pro se Plaintiff James William McKinney.[1] (Doc. Nos. 4 & 23) Plaintiff opposes dismissal.[2] (Doc. No. 28) Having considered all of the papers filed by the parties, the Court **GRANTS** Defendants' motions to dismiss without prejudice.

### I. BACKGROUND

Plaintiff's complaint is an 81 page document entitled "discovery ruling" and consisting of letters to the Court, x-rays, medical records, and copies of correspondence between Plaintiff and various state medical and dental boards. (Doc. No. 1) After careful review, it appears that Plaintiff alleges that in or around March or April 1995, electronic devices were implanted in his "sinus cavities" during a procedure to correct a deveated septum, which is the partition between one's nostrils. Compl. at 2. At the hospital immediately before this operation, Plaintiff alleges that he signed documents which he was told were MediCal documents, but were in fact some sort of legal contract binding the conduct of various doctors, lawyers, and others to further a conspiracy to subject Plaintiff to a scientific study on mental telepathy. *Id.* at 2, 8, 13, 16, 26–27. Individuals unknown to Plaintiff, he alleges, then communicate with Plaintiff, sometimes directing him to act. *See id.* at 14, 15. Plaintiff also appears to allege that "neuro receivers" were implanted into the nerves behind his eyes. *Id.* at 13.

Plaintiff alleges that he hired Defendant Eyster, an attorney with Defendant Law Office of James Duncan, to assist him with procuring x-rays of Plaintiff's sinus cavities. *Id.* at 14. Defendant Kindopp is a partner at the Law Office who also represented Plaintiff. *Id.* at 1. Plaintiff appears to allege that Defendant Eyster entered into a conspiracy to commit fraud, made false representations, falsified documents, and violated Plaintiff's civil rights under 42 U.S.C. § 1983. *See id.* at 2. Plaintiff alleges that Defendant Hedayati, a dentist who took x-rays of Plaintiff, entered into a conspiracy to harm Plaintiff, aided and abetted the conspiracy, committed fraud, and failed to provide proper medical records. *Id.* at 16. On his Civil Cover Sheet, Plaintiff has indicated that he challenges the constitutionality of state statutes and deprivation of his civil rights under 42 U.S.C. § 1983. (Doc. No. 1, Att.1)

In terms of relief, Plaintiff requests that the Court order that new x-rays be taken of his head. *Id.* at 2. It is unclear, but Plaintiff also appears to request that the Court somehow order that the alleged electronic devices be removed from Plaintiff's body and that the Court conduct an investigation into his allegations. *See id.* at 3, 34. Plaintiff alleges that he has been harmed from the implanted electronic devices through sleep deprivation, physical pain, and emotional distress. *Id.* at 14, 15, 25, 27. The complaint does not identify an amount for monetary damages. On his Civil Cover Sheet, however, Plaintiff lists his monetary demand as $20,000.00. (Doc. No. 1, Att.1) And in his opposition to the motions to dismiss, Plaintiff raises his monetary demand to $1.2 million. (Doc. No. 28 at 3).

© 2019 Thomson Reuters. No claim to original U.S. Government Works. 1

**\*2** Defendants Law Office, Eyster, and Kindopp moved to dismiss the complaint on July 23, 2009 (Doc. No. 4) and Defendant Hedayati moved to dismiss on the same grounds, in an almost verbatim motion, on November 20, 2009 (Doc. No. 23).

## II. DISCUSSION

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b) on four grounds: 1) insufficient process (i.e., form of summons); 2) insufficient service of process; 3) lack of subject matter jurisdiction; and 4) failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1), (4), (5), and (6).

**A. Legal Standard**
A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). We construe the complaint liberally because it was drafted by a pro se plaintiff. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). When granting a motion to dismiss, the court is generally required to provide pro se litigants with "an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block,* 832 F.2d 1132, 1135–36 (9th Cir.1987). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296 (9th Cir.1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. *Id.* at 296–97.

*1. Rule 12(b)(4) Process (Form of Summons)*
A summons must name the court and parties; be directed to the defendant; state the name and address of the plaintiff's attorney or the pro se plaintiff; state the time within which the defendant must appear and defend; notify the defendant of default judgment; be signed by the court clerk; and bear the court's seal. Fed.R.Civ.P. 4(a). Concurrently with or after the filing of the complaint, the plaintiff prepares and presents the summons to the court clerk who signs, seals, issues, and returns the summons to the plaintiff. Fed.R.Civ.P. 4(b). The plaintiff must then serve the summons with the complaint on the defendant. Fed.R.Civ.P. 4(c)(1).

A defendant may move to dismiss a complaint for defects in the form of summons, which is called insufficient process, under Rule 12(b)(4). Generally, the requirements for the form and content of summons are liberally construed to uphold service. *See United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir.1984). The court will not dismiss the complaint for improper process if the defendant has received sufficient notice of the complaint and the defendant does not demonstrate actual prejudice. *See id.* (defective summons does not justify dismissal unless the defendant shows prejudice); Schwarzer, Tashima & Wagstaffe, *Federal Civil Procedure Before Trial* (2009) §§ 5:341–42. Instead, the plaintiff may correct the defect in the summons and the court may order the amended summons be served on the defendant's counsel, rather than requiring personal service on the defendant. *See Fed. Civ. Proc. Before Trial* § 5:344.

*2. Rule 12(b)(5) Service of Process*
**\*3** The summons and complaint must be served together. Fed.R.Civ.P. 4(c)(1). This Court's local rules also require the plaintiff to serve supplementary material including a copy of the Initial Case Management Conference and ADR deadlines order; the assigned judge's standing orders; and a copy of the assigned judge's order and instructions, if any, for the preparation of a Case Management Statement. Civ. L.R. 4–2. Any non-party at least 18 years old may serve the summons and complaint in a federal action. Fed.R.Civ.P. 4(c)(2). For actions brought in California, an individual defendant may be served by delivery to the defendant personally, delivery to another person at the defendant's dwelling, delivery to an authorized agent, mail service coupled with acknowledgment of receipt, mail requiring return receipt for persons outside California, and by publication. Fed.R.Civ.P. 4(e)(2) & (1); Cal.Code of Civ. P. §§ 415.30, 415.40, & 415.50.

Unless some defect in service is shown on the face of the return of service, a Rule 12 motion to dismiss for improper service must be supported by declaration or other admissible evidence establishing the improper service. *See Fed. Civ. Proc. Before Trial* § 5:350. Where the validity of service is properly contested in a motion to

dismiss, the burden is on the plaintiff to establish validity of service or to create an issue of fact requiring an evidentiary hearing to resolve. See *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir.1981); *Naufahu v. City of San Mateo,* 2008 WL 2323869, *1 (N.D.Cal.2008) (relying on *Aetna Business Credit* ); see also *Fed. Civ. Proc. Before Trial* §§ 5:348 & 5:351. Plaintiff normally meets this burden by producing the process server's return of service, which is generally accepted as prima facie evidence that service was effected, and of the manner in which it was effected. See, e.g., *Blair v. City of Worcester,* 522 F.3d 105, 112 (1st Cir.2008); see also *Fed. Civ. Proc. Before Trial* § 5:349; *S.E.C. v. Internet Solutions for Business Inc.,* 509 F.3d 1161, 1166 (9th Cir.2007) (signed return of service constitutes prima facie evidence of proper service in context of default judgment).

If a Rule 12(b)(5) motion is granted, the court may either dismiss the action or retain the action and simply quash the service. See *Umbenhauer v. Woog,* 969 F.2d 25, 30–31 (3d Cir.1992); see also *Fed. Civ. Proc. Before Trial* § 5:353; Charles Alan Wright & Arthur R. Miller, *5B Fed. Prac. & Proc. Civ.* § 1354 (3d ed.2009). If effective service can be made and there has been no prejudice to the defendant, the court will generally quash service rather than dismiss the action. See *Umbenhauer,* 969 F.2d at 30–31; see also *Fed. Civ. Proc. Before Trial* § 5:354.

The Ninth Circuit has recognized, however, that defective service by a pro se plaintiff does not necessarily warrant dismissal under Rule 12(b)(5). "This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri,* 901 F.2d 696 at 699 (citing *Borzeka v. Heckler,* 739 F.2d 444, 447 n. 2 (9th Cir.1984) (defective service of complaint by pro se litigant does not warrant dismissal)).

3. *Rule 12(b)(1) Subject Matter Jurisdiction*

**\*4** Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). They may only adjudicate cases involving a federal question, diversity of citizenship, or where the United States is a party. A federal court has jurisdiction to determine whether it has subject matter jurisdiction. See *United States v. United Mine Workers of America,* 330 U.S. 258, 292 n. 57, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

A complaint must be dismissed if there is a "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence disputing the truth of the allegations. *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1139 (9th Cir.2003). Here, Defendants facially attack the pleadings. "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir.2004). In evaluating a facial attack, a district court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Wolfe v. Strankman,* 392 F.3d 358, 362 (9th Cir.2004).

The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists over the complaint when challenged under Rule 12(b)(1). *Tosco Corp. v. Communities for a Better Env't,* 236 F.3d 495, 499 (9th Cir.2001). "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect [can] be corrected by amendment." *Id.* (quoting *Smith v. McCullough,* 270 U.S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682 (1926)).

4. *Rule 12(b)(6) Failure To State A Claim*

Dismissal under Rule 12(b)(6) is appropriate if the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri,* 901 F.2d at 699. In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.1987).

**B. Rule 12(b)(4) Process (Form of Summons)**
*5 Defendants argue that the complaint should be dismissed under Rule 12(b)(4) for insufficient process (i.e., form of summons). It is not disputed that summons was not provided to any of the defendants. The Court declines to dismiss on this ground, however, because Defendants do not demonstrate any actual prejudice and were able to adequately move to dismiss the complaint. *See United Food & Commercial Workers Union,* 736 F.2d at 1382 (defective summons does not justify dismissal unless the defendant shows prejudice); *Fed. Civ. Proc. Before Trial* §§ 5:341–42. Defendants Law Office, Eyster, and Kindopp received sufficient notice of the complaint where they received it on June 23, 2009, less than two weeks after the complaint was filed. Aff. of Danielle K. Ledford, ¶ 3 & Ex. 1. Defendants Law Office, Eyster, and Kindopp then moved to dismiss one month later on July 23, 2009. Though Defendant Hedayati did not receive the complaint until November 4, 2009, Decl. of Peyman Hedayati ISO Defendant's Motion to Dismiss, ¶ 3 & Ex. 1, Defendant Hedayati promptly moved to dismiss on November 20, 2009.

The Court does not order Plaintiff to cure the defect because the Court grants Defendants' motions to dismiss on other grounds, as described below.

**C. Rule 12(b)(5) Service of Process**
Defendants argue that the complaint should be dismissed under Rule 12(b)(5) for insufficient service of process. Service was not proper here because it appears that Plaintiff himself, not a nonparty as required under Rule 4(c)(2), mailed the complaint to Defendants. *See* Ledford Aff., Ex. 1; Aff. of C. David Eyster, ¶¶ 2–3; Aff. of David M. Kindopp, ¶¶ 2–3; Hedayati Decl., ¶¶ 6–7 & Ex. 1. In opposing Defendants' motions, Plaintiff does not address who mailed the complaint to Defendants, let alone provide any documentation that someone other than Plaintiff mailed the complaint to Defendants.

In addition, service must be made within 120 days after filing the complaint. Fed.R.Civ.P. 4(m). The complaint was filed on June 11, 2009. Even if service as to Defendant Hedayati was proper, which it was not, the Court finds that the complaint was sent to Defendant Hedayati more than 120 days after the complaint was filed, making it untimely. *See* Hedayati Decl., ¶ 3 & Ex.

1.

Though the Court concludes that service was not proper as to all Defendants, the Court will quash service rather than dismiss the action on this ground because Defendants have not demonstrated, or even argued, that there has been any prejudice to them and because the Court dismisses the action on other grounds. *See, e.g., Fed. Civ. Proc. Before Trial* § 5:354; *5B Fed. Prac. & Proc. Civ.* § 1354. All Defendants received the complaint and were able to promptly move to dismiss after reviewing the complaint. In addition, defective service by a pro se litigant such as Plaintiff does not necessarily warrant dismissal under Rule 12(b)(5). *Balistreri,* 901 F.2d 696 at 699; *Borzeka,* 739 F.2d at 447 n. 2 (defective service of complaint by pro se litigant does not warrant dismissal)).

**D. Rule 12(b)(1) Subject Matter Jurisdiction**
*6 Plaintiff must establish this Court's subject matter jurisdiction by either properly raising a federal question or through diversity jurisdiction. If the Court lacks subject matter jurisdiction, it must dismiss the present action. Defendants contend that the Court lacks subject matter jurisdiction because there is no federal question; the amount in controversy is below the minimum for diversity jurisdiction; diversity of citizenship between the parties is lacking; and the Plaintiff failed to follow requirements in the Local Rules to include a jurisdictional statement and to file a notice of his claim challenging the constitutionality of a federal or state statute. The Court grants Defendants' motions to dismiss for lack of subject matter jurisdiction because there is no federal question and diversity jurisdiction is not present.

*1. Federal Question*
Federal courts have subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Unlike diversity jurisdiction, there is generally no minimum monetary amount in controversy required. A federal claim must be colorable to establish subject matter jurisdiction, and not immaterial, insubstantial, or frivolous. *See Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *see, e.g., Hoye v. Sullivan,* 985 F.2d 990, 991–92 (9th Cir.1993) (mere allegations of a due process violation do not raise a colorable constitutional claim to establish subject matter jurisdiction). The complaint needs to

clearly set forth the nature of the federal right to establish federal question jurisdiction. *See North American Phillips Corp. v. Emery Air Freight Corp.,* 579 F.2d 229, 233–34 (2d Cir.1978). The complaint's failure to refer to federal law or its erroneous reference to federal law does not, however, determine whether federal question jurisdiction is established. *See id.*

Here, the complaint does not raise a colorable federal claim. The complaint raises claims against Defendant Eyster for conspiracy to commit fraud, false representation, and falsification of documents; and claims against Defendant Hedayati for conspiracy to harm Plaintiff, aiding and abetting the conspiracy, fraud, and failure to provide proper medical records. These claims are all claims based on state law.

The complaint also refers in passing to a civil rights claim under 42 U.S.C. § 1983. *See* Compl. at 1, 2. The mere reference to federal law does not establish a federal claim and the assertion here of a § 1983 claim is not colorable. For § 1983 claims, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States,* 781 F.2d 1334, 1338 (9th Cir.1986); *see also Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir.2006). There is no assertion that Defendants violated Plaintiff's Constitutional rights or other federal rights. As described above, all the claims asserted here are state law claims. In addition, there is no allegation in the complaint that any of the Defendants are state actors. Defendants are private actors. Defendants Eyster and Kindopp are lawyers employed by Defendant Law Office in Ukiah, California. Defendant Hedayati is a dentist and oral surgeon practicing at a dental office in Santa Rosa, California. There is no colorable § 1983 claim against any Defendant.

*7 Therefore, because no colorable federal claim is asserted, federal question jurisdiction is lacking.

*2. Diversity Jurisdiction*
A plaintiff may also establish a federal court's subject matter jurisdiction through diversity jurisdiction, which requires that the action is between citizens of different states and that the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The plaintiff bears the burden of pleading and proving the facts to establish diversity jurisdiction, which "must be affirmatively alleged in the pleadings." *Bautista v. Pan American World Airlines, Inc.,* 828 F.2d 546, 552 (9th Cir.1987) (quoting *In re Mexico City Aircrash,* 708 F.2d 400, 404 n. 4 (9th Cir.1983)). There is no diversity jurisdiction because all parties appear to be citizens of California.[3] *See* 28 U.S.C. § 1332(a). Plaintiff does not plead or prove the parties' citizenship, nor does Plaintiff respond to Defendants' arguments regarding lack of diversity jurisdiction. In addition, because the diversity requirements are strictly construed, any doubt as to whether diversity jurisdiction exists is normally resolved against finding the existence of diversity jurisdiction. *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1092 (9th Cir.1983).

Diversity jurisdiction also fails because the amount in controversy does not exceed $75,000. The amount in controversy is determined from the complaint as filed when the action is commenced. *See Johnson v. Wattenbarger,* 361 F.3d 991, 993 (7th Cir.2004). Here, the complaint does not identify an amount for monetary damages. In his Civil Cover Sheet filed with the complaint, Plaintiff initially identified the amount in controversy as $20,000. A Civil Cover Sheet does not supplant the complaint. In his opposition to the present motions, Plaintiff increased the amount in controversy to $1.2 million. (Doc. No. 28 at 2) Plaintiff's attempts after the complaint was initially filed to increase the amount in controversy to exceed $75,000, fail. Therefore, diversity jurisdiction also fails because the amount in controversy does not meet the minimum under 28 U.S.C. § 1332(a).

*3. Procedural Requirements Under the Local Rules*
Given that Plaintiff is proceeding pro se, the Court excuses Plaintiff's failure to comply with the requirement under Local Rule 3.5(a) to include a jurisdictional statement in his complaint.

Local Rule 3.8 requires parties to file a notice of his or her claim with the assigned judge for any challenges to the constitutionality of a federal or state statute. While Plaintiff's Civil Cover Sheet indicates that Plaintiff challenges the constitutionality of state statutes, the complaint does not raise any challenge to the constitutionality of a federal or state statute. Therefore, the Court concludes that the constitutionality of a federal or state statute is not challenged and compliance with Local Rule 3.8 is not required.

**E. Rule 12(b)(6)** Failure To State A Claim

© 2019 Thomson Reuters. No claim to original U.S. Government Works. 5

***8** Defendants also argue that the complaint should be dismissed for failure to state a claim upon which relief can be granted. Because the Court lacks subject matter jurisdiction over this action, the Court may not reach the merits, including whether the complaint states a claim upon which relief can be granted. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 93–94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998).

For the reasons described above, the Court GRANTS Defendants' motions to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). This action is dismissed without prejudice.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 668027

### III. CONCLUSION

Footnotes

1   Defendant Kindopp is listed as a defendant on Plaintiff's Civil Cover Sheet (Doc. No. 1, Att.1), but not on Plaintiff's caption page (Doc. No. 1 at 1). Defendant Hedayati is listed as a defendant on the caption page, but not on the Civil Cover Sheet. Given that Plaintiff is pro se, the Court concludes that Defendants Kindopp and Hedayati are both defendants in this action and interprets the incomplete caption page as a clerical mistake.

2   The Court interprets Plaintiff's "Motion Not to Dismiss Complaint" as its opposition to both motions to dismiss. (Doc. No. 28)

3   The Court notes that the affidavits of Defendants Eyster and Kindopp and the declaration of Defendant Hedayati do not directly state the defendant's state of domicile. *See* Eyster Aff.; Kindopp Aff.; Hedayati Decl. The Court infers that the Defendants are California citizens based on statements made in Defendants' motions stating as much.