2011 WL 590733
Only the Westlaw citation is currently available.
United States District Court,
E.D. California.

Chanzie Kristina COX and Vladimir Martynov, Plaintiffs,
v.
COUNTY OF YUBA, et al., Defendants.

No. 2:09–cv–01894–MCE–JFM.
|
Feb. 10, 2011.

**Attorneys and Law Firms**

Cyrus Zal, A Professional Corporation, Folsom, CA, for Plaintiffs.

Carl L. Fessenden, Laura Jean Marabito, Porter Scott, APC, Jesse M. Rivera, Moreno and Rivera LLP, Marcos Alfonso Kropf, Sacramento City Attorney's Office, Sacramento, CA, for Defendants.

*MEMORANDUM AND ORDER*

MORRISON C. ENGLAND, JR., District Judge.

**\*1** Through the present action, Plaintiffs Kristina Cox and Vladimir Martynov ("Plaintiffs") seek redress for various federal and state civil rights violations, along with common law claims for assault, battery, and intentional infliction of emotional distress, as a result of injuries they claimed to have received following a high-speed automobile chase on July 16, 2008. Defendants include the counties of Yuba, Sutter and Sacramento, as well as the cities of Sacramento, Marysville, and Yuba City. After naming those governmental entities in their initial complaint, Plaintiffs proceeded to add, by way of an amended complaint, various individually named law enforcement officers who played some role in the subject incident. Three of those individual Defendants were never served, which prompted their employer, the City of Sacramento, to file its Motion to Dismiss for failure to prosecute under Federal Rule of Civil Procedure 41(b),[1] and for failure to effectuate service under Rule 4(m). (ECF No. 33). This caused Plaintiffs to immediately effectuate service on the involved Sacramento City Police Officers, Defendants, Erin Peterson, Nick Tavelli and David Bell. The City of Sacramento, together with Officers Peterson, Tavelli and Bell, then proceeded to file a second Motion to Dismiss (ECF No. 37) that included additional arguments that Plaintiffs' service violated the terms of the Court's Pretrial Scheduling Order and further, with respect to Defendant Bell, was effectuated without a properly issued summons. Plaintiffs, in turn, filed their own Motion (ECF No. 39) seeking both an extension within which to properly serve Peterson, Tavelli, and Bell, as well as a request for issuance of summons as to Bell. All three Motions are presently before the Court for adjudication.[2]

**BACKGROUND**

In July of 2008 Plaintiffs were involved in a high speed vehicular pursuit that included law enforcement officers from throughout the greater Sacramento area. Plaintiffs were detained and arrested after being finally forced to stop through use of a tack strip. In July of 2009, Plaintiffs filed a complaint asserting both federal and state law claims as a result of the incident against the counties of Yuba, Sutter and Sacramento. As indicated above, the cities of Marysville, Sacramento and Yuba City were also named as Defendants, along with various unnamed individuals. Plaintiffs' initial complaint only named the aforementioned governmental entities. All Defendants except the City of Sacramento submitted answers to the Complaint in August of 2009.

Plaintiffs thereafter obtained leave of court to add six additional individual Defendants. They subsequently filed their First Amended Complaint ("FAC") on December 2, 2009. The newly named Defendants included Mathew Tallman, Lindy Culp, David Leon, Jerry Parker, Erin Peterson, and Nick Tavelli. Thereafter, on December 4, 2009, a Joint Status Report was submitted in which Plaintiffs' counsel indicated that three of the individual Defendants had not yet been served. Summonses were issued for all six named individual Defendants within days of this report. The City of Sacramento, County of Sacramento, Mathew Tallman, Lindy Culp, and David Leon all subsequently filed answers to the FAC.

**\*2** The Joint Status Report also expressed Plaintiffs intent

to join two more individuals, David Bell and Michael Van Velzer, as individual Defendants. Neither Van Velzer nor Bell were added, however, to the pleadings until an amendment to the FAC was submitted in early February of 2010.

The Court issued its Pretrial Scheduling Order ("PTSO") on February 3, 2010, two days before Plaintiffs issued the aforementioned amendment adding Bell, a Sacramento Police Officer, and Van Velzer, a Yuba County Deputy Sheriff, as Defendants. The PTSO specified that all named Defendants had been served and that no further service would be permitted without leave of court, good cause having been shown. The PTSO further provided that no joinder of parties or amendments to pleadings would be permitted unless the same showing was made.

In October of 2010, Plaintiffs' counsel served Defendants Peterson, Tavelli and Bell with various discovery requests by way of mail to the Sacramento City Attorney's Office. According to Plaintiffs' counsel, he mistakenly believed that the City of Sacramento Attorney's Office was representing all three individuals and did not realize they in fact had never been properly served. The City Attorney notified Plaintiffs' counsel of that shortcoming by way of letter dated November 12, 2010. Plaintiffs' counsel then immediately served Defendants Peterson, Tavelli and Bell through the City Police Liaison Office on November 16, 2010.

On November 15, 2010, one day before that service was effectuated, the City of Sacramento submitted its Motion to Dismiss Defendants Peterson, Tavelli and Bell for lack of prosecution. As indicated above, that Motion was later supplemented by a second Motion to Dismiss alleging both failure to obtain leave of court as to all three Defendants and lack of sufficient process regarding Defendant Bell, since a summons naming Bell was never issued by the Court. In response, Plaintiffs filed their Opposition along with their motion requesting extension for proper service on Defendants Peterson, Tavelli and Bell, as well as their request for issuance of a summons naming Defendant Bell.

## STANDARD

### A. Failure To Prosecute

If the plaintiff fails to prosecute and/or comply with applicable rules and court orders, a defendant may move to dismiss the action or any claim against it. Fed.R.Civ.P. 41(b). Dismissal with prejudice for lack of prosecution is a severe sanction, however, and should only be used in extreme circumstances where plaintiff's conduct is either egregious or willfully dilatory. *De Malherbe v. Int'l Union of Elevator Constructors,* 438 F.Supp. 1121, 1127 (9th Cir.1977). Dismissal with prejudice is unwarranted in instances of more benign neglect, and in the absence of a showing of specific prejudice. *Id.*

Dismissal without prejudice may also be inappropriate if such dismissal would amount to dismissal with prejudice because the applicable statute of limitations would as a practical matter bar the matter from proceeding forward. *Id.*

### B. Failure To Timely Serve

*3 If a defendant is not served within 120 days after the complaint is filed, the court, either by way of motion or on its own accord after providing notice to the plaintiff, must dismiss the action without prejudice against that defendant, or order that service be made within a specified time. Fed.R.Civ.P. 4(m). If plaintiff shows good cause for his failure to timely serve within the requisite 120–day period, however, the court must also extend the time to effectuate service for an appropriate period. *Id.* "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan,* 253 F.3d 507, 512 (9th Cir.2001). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.*

"At a minimum, "good cause" means excusable neglect." *Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991). Relief is allowed on grounds of mistake, inadvertence, surprise, or excusable neglect. *Quansah v. 7–Eleven Store,* 2009 WL 1885621 at * 1 (9th Cir.2009).

When determining excusable neglect, it is appropriate to consider the danger of prejudice to the other party, the length of delay and its potential impact on judicial proceedings, the reason for the delay and whether it was in the control of the movant, and whether the movant acted in good faith. *Id.* at *2. A plaintiff may also be required to show that the party to be served received

actual notice of the lawsuit and that the plaintiff would be severely prejudiced if his or her complaint were in fact to be dismissed. *Sheehan,* 253 F.3d at 512.

Even if plaintiff fails to show good cause for untimely service, the court has discretion to grant an extension. *Efaw v. Williams,* 473 F.3d 1038, 1040 (9th Cir.2006). Although district courts have broad discretion to extend time for service, that discretion is nonetheless not without limits. *Id.* at 1041. District courts may consider factors such as a statute of limitations bar, prejudice to defendant, actual notice, and eventual service. *Id.* If willful delay, extraordinary delay, or extreme prejudice to the defendant is present, courts will typically not grant an extension. *Anderson v. Air West, Inc.,* 542 F.2d 522, 525 (9th Cir.1976). *See also Efaw,* 473 F.3d at 1041 (where court felt seven years was extraordinary, and resulted in extreme prejudice to defendant).

As a general rule, cases should be decided on their merits. *Quansch,* 2009 WL at * 1. Courts may decline to assign full responsibility for an attorney's negligence to the attorney's client, given the harsh effect a complete dismissal may have on the client. *Air West,* 542 F.2d at 526.

An extension may nonetheless not be appropriate if the client himself has not demonstrated a lack of responsibility, or where even if not at fault, the client would benefit from the wrong of his or her attorney in the face of extreme prejudice to the other side. *Id.*

### C. Insufficient Process

**\*4** Rule 12(b)(4) allows a defendant to move to dismiss a complaint for defects in the form of summons, referred to as insufficient process. *McKinney v. Law Office of James Duncan* 2010 WL 668027 * 2 (9th Cir.2010). A summons must include the name of the court and parties, be directed to the defendant, state the name and address of the plaintiff's attorney, state the time which defendant must appear and defend, notify defendant of default judgment, be signed by the court clerk and bear the courts seal. Fed.R.Civ.P. 4(a). Generally, the requirements for the form and content of the summons are liberally construed to uphold service. *McKinney,* 2010 WL at * 2 (citing *United Food & Commercial Workers Union v. Alpha Beta Co.* 736 F.2d 1371, 1382 (9th Cir.1984)). The court will not dismiss the complaint for improper service if the defendant has received sufficient notice of the complaint and the defendant does not demonstrate actual prejudice. *Id.* Instead, the plaintiff should be allowed to correct the defect, and the court may order an amended summons to be served on defendant's counsel rather than personal service on the defendant. *Id.*

## ANALYSIS

### A. Failure To Prosecute

Defendants Peterson, Tavelli and Bell seek dismissal for failure to prosecute under Rule 41(b). Rather than pointing to any actual prejudice by virtue of the alleged failure to prosecute, however, Defendants simply assert that prejudice can be assumed, relying on *Anderson v. Air West* to support that contention. *Anderson,* 542 F.2d at 524. The *Anderson* court characterizes any such presumption, however, as rebuttable. Consequently, a court can consider a showing that no actual prejudice occurred when exercising its discretion in deciding whether to dismiss for lack of prosecution. *Id.*

In arguing against any prejudice in this matter, Plaintiffs assert that Defendants Peterson, Tavelli and Bell would likely have been on notice of the lawsuit since it is undisputed that their employer, the City of Sacramento, was properly served, and since the City had in fact answered discovery responses that necessitated inquiry with respect to said Defendants' involvement.

Although the City of Sacramento claims it never represented that it would accept service on behalf of either Peterson, Tavelli or Bell, the attorney for the City is now currently representing all three employee Defendants. No proof of whether said Defendants were or were not put on notice of their lawsuit through their employer is offered by either side.

The City says there was no reason they would be on notice because the City does not normally inform employees when they are mentioned in a suit involving the City. Mot. to Dismiss, ECF No. 33, p. 2. Despite that claim, the circumstances of this matter would seem to suggest otherwise. Peterson, Tavelli, and Bell are current employees of the City of Sacramento, and it is unquestioned that the City was properly served at the correct time. If the City is involved in a lawsuit naming certain employees, it would appear likely that the particulars of the suit would be discussed with the involved employees, especially once the matter was

referred to counsel. Importantly, the City of Sacramento never claims Peterson, Tavelli and Bell lacked actual notice, and instead only vaguely assert that there was no particular reason they would have known about the lawsuit. From the standpoint of lack of notice, then, any real danger of prejudice to Defendants from a delay in prosecution seems improbable.

***5** Also, even if Peterson, Tavelli and Bell were not put on notice until they belatedly received the summons and complaint in late 2010, the time parameters of this case are such that prejudice is unlikely. Trial in this matter is not scheduled to commence until January 9, 2012. Although discovery is set to close on March 9, 2011, it is doubtful that inclusion of the new individuals will make any significant new discovery necessary.

It should also be noted that in this case, unlike Anderson, there is no evidence of willful delay on the part of Plaintiffs' counsel.

Plaintiffs' attorney here correctly served the majority of the Defendants in this multi-party litigation, and claims he mistakenly thought that Peterson, Tavelli and Bell had been served through the City of Sacramento. Plaintiffs' counsel has freely admitted to this error and moved promptly in attempting to correct it. There is no indication that the error was anything other than a mistake made in good faith.

The Court consequently declines to dismiss this matter with prejudice due to lack of prosecution given what appears to be a good faith error rather than any willful failure to prosecute. Dismissal without prejudice is also improper inasmuch as Plaintiffs' claims against Peterson, Tavelli and Bell would be barred by the applicable statute of limitations if they were to refile their lawsuit against those individuals. Therefore, a dismissal without prejudice would have the same effect as dismissing the case outright. Defendants' Motion to Dismiss Peterson, Tavelli, and Bell under Rule 41(b) is denied.

### B. Failure To Timely Serve

Defendants Peterson, Tavelli and Bell also seek dismissal for failure to serve. Plaintiffs' attorney admits he was at fault for failure to serve those individuals within 120 days as required by Rule 4(m). He mistakenly believed that service had in fact occurred.

The City of Sacramento first filed its Motion to Dismiss without indicating it even represented Peterson, Tavelli or Bell. After Plaintiffs' Opposition pointed out that discrepancy, the City filed a Supplemental Motion (ECF No. 37) acknowledging the City's representation of its three employees. The individual Defendants employed by the County of Sacramento and County of Yuba also are similarly represented by their employer's attorneys. Each of the employers was properly served in this case, and each presumably knew of all named Defendants.

Nothing indicates there was any prejudice to the unserved Defendants at this point. As discussed in the preceding section, any presumed prejudice may be rebutted, and it is likely under the circumstances of this matter. Defendants have not identified any actual prejudice, and some notice to Defendants Peterson, Tavelli and Bell also appears likely given their employer's involvement in the litigation and its responses to discovery. Additionally, as also discussed above, there is no indication that Plaintiffs' counsel's failure to serve the individuals sooner was due to anything other than mistake, inadvertence, and/or excusable neglect. The Court has discretion to extend the time for effectuating service under those circumstances. *Quansah,* 2009 WL 1885621 at * 1.

***6** Although the length of delay involved is a factor that should be considered, and while the delay involved here was almost a year, as previously mentioned trial in this matter is not scheduled until January 9, 2012. Inclusion of the new Defendants is not likely to necessitate much additional discovery.

In the Court's view, allowing Plaintiffs to proceed against Defendants Peterson, Tavelli and Bell will not significantly impact the case or Defendants' ability to adequately defend their positions. On the other hand, since dismissing Defendants Peterson Tavelli and Bell at this point will likely result in a statute of limitations bar on Plaintiffs' ability to file any new lawsuit against said Defendants, a dismissal would certainly prejudice Plaintiffs.

Therefore, Defendants' Motion to Dismiss Defendants Peterson, Tavelli, and Bell for failure to effectuate service under Rule 4(m) is denied. Plaintiffs' corresponding request for an extension of time to serve Defendants Peterson, Tavelli and Bell under the same rule will be granted.

### C. Insufficient Service

Defendant Bell asserts the court lacks personal jurisdiction due to insufficient process, and accordingly seeks dismissal under Rule 12(b)(4). Mot. to Dismiss 2,

ECF No. 38. Defendant Bell was improperly sent a summons issued for Defendants Peterson and Tavelli (according to Bell his name was typed on Peterson and Tavelli's summons). Although the summons altered by Plaintiffs for service on Bell would have contained nearly the same information as a summons correctly issued by the Court, it nonetheless remains clear that as a procedural matter the Court must individually issue a summons for each Defendant.

Construed liberally, the facts indicate the summons issued for the other Defendants would, at the very least, have put Bell on notice of the claims made against him. *See McKinney,* 2010 WL at * 2 (requirements for form and content of summons to be liberally construed to effectuate service). Therefore, in the absence of actual prejudice, which has not been demonstrated, it would be inappropriate for the Court to dismiss Defendant Bell based on the technical deficiency of the summons he received. Instead, Plaintiffs should be allowed to cure the defect by issuance and service of a proper summons. *Id.* Defendant Bell's request for dismissal is accordingly denied, and Plaintiffs' Request that they be afforded additional time to serve Bell after issuance of a proper summons will be granted.

Defendant does point out that the Court's Pretrial Scheduling Order (ECF No. 28) contains a specific provision prohibiting any further service without leave of court, good cause having been shown. Despite those provisions, Plaintiffs' counsel simply attempted to unilaterally serve Bell (along with Peterson and Tavelli, for that matter) after being informed of his failure to effectuate service by counsel for the City. Plaintiffs' attorney should instead have sought immediate leave of court once that mistake was brought to his attention in order to correctly cure the defect. Although it declines to dismiss the lawsuit as against Peterson and Tavelli for all the reasons stated above, and will afford Plaintiffs the opportunity to properly make service at this juncture, the Court must nonetheless caution Plaintiffs' counsel to better comply with procedural rules and requirements in the future.

**\*7** Failure to do so may result in sanctions and other discipline as the Court deems appropriate.

## CONCLUSION

Based on the foregoing, Defendants' Motions to Dismiss Defendants Peterson, Tavelli and Bell (ECF Nos. 33 and 37) are DENIED. Plaintiffs' Motion (ECF No. 39) for an extension of time to properly serve Defendants Peterson, Tavelli and Bell is GRANTED. Plaintiffs' additional request, as made in its Motion, that the Court issue a summons for Defendant Bell is also GRANTED. The Clerk of Court is directed to issue that summons forthwith. Plaintiffs must effectuate proper service on Defendants Peterson, Tavelli and Bell not later than twenty (20) days following the date this Memorandum and Order is electronically filed, or twenty (20) days after the date on which summons is issued by the Court for Defendant Bell, whichever is later. Failure to do so will result in the dismissal of any unserved defendants, with prejudice and without further notice.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 590733

## Footnotes

1    All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless noted otherwise.

2    Because oral argument was not of material assistance, the Court deemed this matter suitable for decision on the briefs. E.D. Local Rule 230(g).

WESTLAW © 2019 Thomson Reuters. No claim to original U.S. Government Works. 6