IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ANDREW L. COLBORN,
                Plaintiff

NETFLIX, INC.,                                   Case No. 19-CV-484
CHROME MEDIA, LLC, f/k/a
SYNTHESIS FILMS, LLC,
LAURA RICCIARDI, and
MOIRA DEMOS,

                Defendants.

## DECLARATION OF GEORGE BURNETT

I, George Burnett, declare under penalty of perjury as follows:

1. I am lead counsel for the plaintiff in the above-captioned proceedings.

2. As the Amended Complaint was being prepared for filing, our firm, under my direction, researched and retained a process service firm in California that, for reasons of efficiency, was to attempt to serve Defendants Chrome Media, LLC, Laura Ricciardi and Moira Demos with the original Summons and Complaint and the Amended Summons and Complaint as soon as the Amended Complaint was finalized and filed.

3. As soon as practicable after the Amended Summons and Complaint were filed, we forwarded authenticated copies of all documents to be served to the California process service firm.

4. The process service firm reported back to our office that it had attempted service on Chrome Media, LLC, by its registered agent, Tal Benari, at the offices listed for

Chrome Media, LLC in the New York State, Department of State, Entity Information database, which are shown as "C/O TAL BENARI, 15821 Ventura Boulevard, Suite 500, Encino, California, 91436." This information can be obtained by searching the database at the following url for the entity beginning with the words, "Chrome Media": https://www.dos.ny.gov/corps/bus_entity_search.html  The process service firm representatives advised my staff that they had left documents with a receptionist at the offices at that address after they had attempted on multiple occasions to give them directly to Mr. Benari without success.

5. The process service firm also reported to my office that they were unable to gain access to the residence of Defendants Laura Ricciardi and Moira Demos to serve them because the residence was located in a gated community and no one was answering the intercom to allow them access.

6. In consultation with co-counsel April Rockstead Barker, who had also retained a separate process service firm to try to serve Chrome Media, LLC, Laura Ricciardi, and Moira Demos in these proceedings, we decided to serve the Defendants by publication, including Chrome Media, LLC, in order to avoid any arguments that Defendants might try to raise regarding service on the entity.

7. My office researched different options for service by publication. We determined that the L.A. Times would be an appropriate publication based on its circulation and coverage area.

8. Our office filed a Publication Summons on March 11, 2019; however, shortly after e-filing the document, our office was advised by the L.A. Times that the date of publication would be one day later than we had previously been advised.  Therefore,

we filed an Amended Publication Summons, which differed from the original Publication Summons only with respect to the corrected date of publication. A true and correct copy of the original Publication Summons filed in Manitowoc County Circuit Court is attached hereto as Exhibit 1; a true and correct copy of the Amended Publication Summons filed in Manitowoc County Circuit Court is attached hereto as Exhibit 2.

9. The confirmation of service by publication provided to us by the L.A. Times has been filed in this action as Docket #25.

10. Based on the service in the L.A. Times and the mailing performed by my staff as indicated under the rules for service by publication; the process left with the receptionist for Chrome Media, LLC; the attempts made to serve all of the Defendants, which Attorney Barker and I believed established reasonable diligence; and Attorney Barker's report that her process service firm had also attempted to serve Laura Ricciardi and Moira Demos without success and that her process service firm had also accomplished service on Tal Benari for Chrome Media, we believed that service of the Summons and Complaint in this action had been accomplished as required by Wisconsin law within 90 days of filing of the Summons and Complaint.

11. James Friedman, who had appeared as counsel for the Defendants, contacted me in early April 2019 to request an extension of the time for Defendants to answer or otherwise respond. I advised that I would stipulate to the extension. At that time, I was not aware of any concerns about service of process on any of the Defendants.

12. Defendants Chrome Media, LLC, Laura Ricciardi and Moira Demos filed motions to dismiss challenging service of process on each of them on May 10, 2019.

13. Since learning of the challenges to service of process, our office has been in contact with our process service firm to confirm the details of service attempts and the service on Chrome Media, LLC, through the receptionist with whom the process was left.

14. For the reasons explained in the brief filed contemporaneously with this Declaration, it is Plaintiff's position that the Summons and Complaint were served on all Defendants in these proceedings in accordance with Wisconsin law.

Dated this 31st day of May, 2019.

                                                            *s/George Burnett*

#3122467