IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ANDREW L. COLBORN,

                   Plaintiff

NETFLIX, INC.,                                                    Case No. 19-CV-484
CHROME MEDIA, LLC, f/k/a
SYNTHESIS FILMS, LLC,
LAURA RICCIARDI, and
MOIRA DEMOS,

                   Defendants.

---

## DECLARATION OF APRIL ROCKSTEAD BARKER

---

I, April Rockstead Barker, declare under penalty of perjury as follows:

1.  I am one of the attorneys for the Plaintiff in the above-captioned proceedings.

2.  At around the time that the Amended Complaint had been or was being finalized for filing, I researched and retained a process service firm in California that was to serve as a back-up to the efforts of Conway, Olejniczak & Jerry, S.C. to serve Defendants Chrome Media, LLC, Laura Ricciardi and Moira Demos with the original Summons and Complaint and the Amended Summons and Complaint.

3.  After forwarding a required payment of $300 and signing and returning a contract for the services, I forwarded authenticated copies of all documents to be served to the California process service firm, "Excel Investigations." A true and correct copy of the signed contract for the services is attached as Exhibit 1.

4.  The process service firm subsequently reported back to me that it had attempted service on Chrome Media, LLC, by its registered agent, Tal Benari, at the offices

listed for Chrome Media, LLC in the New York State, Department of State, Entity

Information database, which are shown as "C/O TAL BENARI, 15821 Ventura

Boulevard, Suite 500, Encino, California, 91436." This information can be obtained

by searching the database at the following url for the entity beginning with the words,

"Chrome Media": https://www.dos.ny.gov/corps/bus_entity_search.html The

process service firm advised me that they had not been able to make contact with Mr.

Benari despite visiting the offices of Chrome Media, LLC.

5.  I subsequently forwarded to Excel Investigations, via an individual that I understand

to be its office manager, the home address that had been obtained by Conway,

Olejniczak & Jerry, S.C. for Mr. Benari and relayed to me. I requested that Excel

Investigations direct its process server(s) to attempt service on Mr. Benari at his home

address.

6.  The process service firm also advised me that they had attempted on two occasions

but were unable to gain access to the residence of Defendants Laura Ricciardi and

Moira Demos to serve them because the residence was located in a gated community

and no one was answering the intercom to allow them access.

7.  In conjunction with Conway, Olejniczak & Jerry, S.C., I agreed that at that point, it

would be appropriate to serve the Defendants by publication, and I was informed that

the Conway, Olejniczak & Jerry, S.C. firm was making the appropriate arrangements

with the L.A. Times, filing the appropriate Publication Summons (and Amended

Publication Summons due to a change in the date of publication as advised by the

L.A. Times), and mailing the appropriate copies of the documents as required by

statute.

8.  In March 2019, I received a call from the office manager for Excel Investigations advising that the process server had successfully served Mr. Benari at his home address. Subsequent to that conversation, I contacted the office manager again to request that he confirm that the process server had not left a substituted service for Mr. Benari at his residence. The office manager advised me that he had spoken to the process server and that it was his understanding that Mr. Benari was served personally.

9.  I subsequently requested that the office manager have the process server carefully review and return an Affidavit of Service to confirm the reported service on Mr. Benari. The office manager subsequently returned to me the signed Affidavit of Service. It was my understanding at that time that service had been successfully accomplished on Chrome Media, LLC by Tal Benari as stated in the Affidavit of Service.

10. I also believed at that time (and still believe) that service had been accomplished on Defendants Laura Ricciardi and Moira Demos by publication in the L.A. Times, through the efforts of Conway, Olejniczak & Jerry, S.C.

11. Defendants Chrome Media, LLC, Laura Ricciardi and Moira Demos filed motions to dismiss challenging service of process on each of them on May 10, 2019.

12. After learning of the challenges to service of process, I promptly contacted the office manager of Excel Investigations to confirm the details of the service on Tal Benari and the service attempts on Moira Demos and Laura Ricciardi. The office manager said that he would contact the process server and get back to me.

13. The office manager of Excel Investigations subsequently contacted me and advised that the process server had mistaken the address that was listed in the Affidavit of Service for the office address of Chrome Media, LLC.   He advised me that the process server told him that he had actually left the process with a receptionist at Chrome Media, LLC, who had initially told him that Tal Benari was out and advised him to come back, and then advised him on his return that Tal Benari was in a meeting but that she would give the documents to Mr. Benari when he came out of his meeting.

14. The office manager also advised me that according to the process server's records, the unsuccessful attempts to serve Laura Ricciardi and Moira Demos occurred on March 11 and 13, 2019, at their residence address.

15. I considered submitting a declaration from the process server explaining the correction, but because the facts as reported to me initially by the office manager were inconsistent with what was later relayed to me by the office manager, and because the process service firm did not acquiesce in my requests to speak directly to the process server, I did not want to risk submitting a declaration that was not accurate in any respect after initially relying on information from Excel Investigations to submit the Affidavit of Service.

16. Nonetheless, based on the declarations submitted by the Defendants in support of their motion to dismiss, I believe that a process server for Excel Investigations must have visited the offices of Chrome Media, LLC and left the process there, because the receptionists at Tal Benari's office report more attempts to serve Mr. Benari with

process than are explained by the attempts made by the process server retained by Conway, Olejniczak & Jerry, S.C.

17. I also believe that one or more process servers for Excel Investigations must have visited the residence of Laura Riccardi and Moira Demos because they reported to me that those Defendants lived in a gated community and that no one was answering the intercom to their residence, which is consistent with the reports that were obtained through the process server retained by Conway, Olejniczak & Jerry, S.C.

18. On more than one occasion while the process servers were engaged to attempt to serve Laura Riccardi and Moira Demos, I conducted research on the internet attempting to determine whether those Defendants had any possible upcoming speaking appearances, where they might be filming any projects, and the status of Avery appellate proceedings that might be filmed by those Defendants, in order to determine where they might be located and served other than at their residence.

19. In spite of the inaccurate information initially relayed to me by the process service firm that I retained, for the reasons explained in the brief filed contemporaneously with this Declaration, it is Plaintiff's position that the Summons and Complaint were served on all Defendants in these proceedings in accordance with Wisconsin law.

Dated this 31st day of May, 2019.

*s/April Rockstead Barker*