IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

ANDREW L. COLBORN,
                Plaintiff

NETFLIX, INC., et al.,                               Case No. 19-CV-484

                Defendants.

_____

**PLAINTIFF'S CIVIL L.R. 7(h) EXPEDITED
MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF
IN RESPONSE TO BRIEF FILED BY LAURA RICCIARDI,
MOIRA DEMOS, AND CHROME MEDIA, LLC**

_____

      Plaintiff, by his undersigned counsel, respectfully requests permission to file and have the Court consider a sur-reply brief, which is attached pursuant to Civil Local Rule 7(i), to address additional authority cited in Defendants Chrome Media, LLC, Moira Demos, and Laura Ricciardi's reply brief (Dkt #86, filed June 13, 2019) in support of their motion to dismiss. Plaintiff also seeks to clarify misstatements in the reply brief regarding Plaintiff's argument to this Court. In further support of this motion, Plaintiff states as follows

1. When a party raises new material in a reply brief, the opposing party should be afforded an opportunity to respond and to present an analysis of legal precedent that may compel a contrary result. *See, e.g., Daughlian v. Devry University, Inc.,* 461 F.Supp.2d 1121, 1143 n.37 (C.D. Cal. 2006) (citing, *inter alia, Black v. TIC Investment Corp.*, 900 F.2d 112 (7th Cir. 1990)).

2. In the reply brief filed as Dkt #86, the above Defendants cite authority that they purport demonstrates that the Seventh Circuit departs from the widely-accepted

rule that service of process is governed by federal procedure after removal. But as unequivocally explained in a 2018 Seventh Circuit decision, the Seventh Circuit is in line with the general rule. Moreover, Defendants' (much older) citation relies on a section in Wright & Miller's Federal Procedure that, at least as worded today, confirms that service of process is governed by federal procedure after removal. *See* Section I in attached proposed Sur-Reply Brief, pp. 1-4.

3. Defendants' reply brief also cites a United States Supreme Court case that was not cited in Defendants' initial brief as support for their arguments, and the case has been held inapplicable to disputes regarding the timeliness of service of process. *See* Section II in attached proposed Sur-Reply Brief, pp. 4-5.

4. Defendants' reply brief accuses Plaintiff of making an argument that Plaintiff has never made, and then hints that other parties making that argument have been sanctioned. *See* Section III in attached proposed Sur-Reply Brief, pp. 5-6.

5. As explained supra, ¶1, Plaintiff should have an opportunity to (a) clarify for the Court the accurate state of the law and (b) respond to and clarify misstatements in the reply brief that attribute to the Plaintiff an argument that Plaintiff never made.

For the reasons set forth above, Plaintiff respectfully requests that he be permitted to file the attached proposed Sur-Reply Brief in order to respond to Defendants' arguments. A proposed Order will be submitted by e-mail in accordance with local rules.

Dated this 17th day of June, 2019.

SCHOTT, BUBLITZ & ENGEL, S.C.

By: /s/ April Rockstead Barker
April Rockstead Barker
State Bar No. 1026163
Schott, Bublitz & Engel, S.C.
640 W. Moreland Blvd.
Waukesha, WI 53188-2433
(262)-827-1700

LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
Attorneys for Plaintiff, Andrew L. Colborn

**POST OFFICE ADDRESS:**
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
State Br No. 1005964

GRIESBACH LAW OFFICES, LLC
Attorney Michael C. Griesbach
State Bar No. 01012799
Griesbach Law Offices, LLC
PO Box 2047
Manitowoc, WI 54221-2047
(920) 320-1358

3