IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ANDREW L. COLBORN,

                Plaintiff

NETFLIX, INC., et al.,

                Defendants.

Case No. 19-CV-484

---

### SUR-REPLY BRIEF IN OPPOSITION TO MOTION TO DISMISS
### FILED BY LAURA RICCIARDI, MOIRA DEMOS, AND CHROME MEDIA, LLC

---

### INTRODUCTION

In the reply brief filed by Laura Ricciardi, Moira Demos, and Chrome Media, LLC,[1] these Defendants cite additional authority in a way that (1) misstates the law that governs service of process after removal in the Seventh Circuit; and (2) portrays their argument as supported by United States Supreme Court authority that has been held inapplicable to service of process motions. In addition, Defendants misstate Plaintiff's position regarding the publication summons issued in state court prior to removal.[2] To ensure that the Court is not misled when considering the allegedly dispositive issues raised by Defendants' motion, Plaintiff respectfully submits the following.

### ARGUMENT

    I.    **Defendants Incorrectly Portray the Seventh Circuit as Departing From the Rule That Federal Law Governs Service-of-Process After Removal.**

Plaintiff's brief in opposition to Defendant's motion explained that federal rules govern service of process after removal. Dkt #52 at pp. 15-16. In reply, Defendants incorrectly

---

[1] Defendant Netflix, Inc. has not challenged timely service of process prior to removal.
[2] Defendants also improperly submit new facts on reply through additional affidavits. Plaintiff only briefly responds to note that these additional factual assertions further support Plaintiff's request for discovery.

portray the Seventh Circuit as following a minority rule that would apply state service-of-process rules even after removal when a federal court is sitting in diversity jurisdiction. Dkt #86 at pp. 2-3 (citing *Allen v. Ferguson,* 791 F.2d 611, 616 n.8 (7th Cir. 1986)). It is not clear in the first instance that the cited passage in *Allen* – which appears to have been dictum – states the rule that Defendants posit, because the cited footnote states that sufficiency of service prior to removal is determined by state law, and that "amenability to suit" is determined by state law even after removal. *Allen,* 791 F.2d at 616, n.8.

But even assuming that Defendants are correctly interpreting the footnote in *Allen,* it cites as support for its premise a 1969 version of Wright & Miller's Federal Practice and Procedure. *Id.* (citing 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1082 at 329–31 (1969)). The present version of that section explains that service after removal is governed by federal statute and rule:

> In most actions that are removed to the federal courts, service of process has been accomplished prior to the completion of removal. On occasion, however, either this is not the case ***or a question arises as to an error in the pre-removal process*** . . . . Section 1448 of Title 28 of the United States Code governs these aspects of service of process in removed actions. The statute in part provides that:
>
>> ***In all cases*** removed from any State court … in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.
>
> Essentially, the procedure called for by the removal statute is the same as the practice that would have been followed in the absence of a specific statute because Federal Rule 81(c) provides that once an action has been removed, the Federal Rules of Civil Procedure govern all phases of the procedure in the action.
>
> . . . .
>
> Since the federal courts have demonstrated a desire to prevent unnecessary dismissals by retaining removed cases ***and curing defects in the state court service, the defendant can obtain a dismissal after removal only when the original service in the state court was improper, and the plaintiff finds it impossible to perfect service under Rule 4 after***

2

> *removal*.

4A Wright & Miller, Federal Practice and Procedure, §1082 (4th ed.) (emphasis added).

In a 2018 opinion, the Seventh Circuit followed the approach described in the current version of Wright & Miller when describing the state of law:

> The district court found that plaintiffs had failed to serve timely the remaining previously dismissed defendants under either state or federal law. ***Because § 1448 provides that federal law governs these procedural issues after the removal, we focus on the federal standards.***
>
> . . . . For cases originally filed in federal court, Rule 4(m)'s service clock starts on the date the complaint is filed. For removed cases, the combined effect of § 1448 and Rule 4(m) starts the clock on the date of removal. See *Cardenas*, 646 F.3d at 1004.
>
> What happens when the plaintiffs fail to make timely service after the removal? Rule 4(m) requires the district court to extend the time "if the plaintiff shows good cause for the failure." The rule also permits the district court to extend the time even absent good cause. *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002) (collecting cases and noting that "excusable neglect" may support extension), cited in 4B Wright & Miller, Federal Practice and Procedure § 1137 (4th ed.); see also Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (noting that rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown").

*UWM Student Ass'n v. Lovell*, 888 F.3d 854, 858-59 (7th Cir. 2018) (emphasis added).

Although *Lovell* involved removal based on federal claims, the case was followed last year in an Eastern District of Wisconsin case that was removed based on diversity jurisdiction. *Huck v. Duff & Phelps,* 2018 WL 5307841, *1. The Court explained that the opinion in *Lovell* stated, "repeatedly and directly, that federal law governs service in removed cases as provided in Section 1448." *Id.* Accordingly, the Court added, "this Court is bound to apply the most recent and analogous controlling [Seventh Circuit] authority to legal issues. *Lovell* is just that.*" Id.;* see also *Reed-Union Turtle Wax, Inc.*, 1995 WL 138986 (N.D. Ill.) (applying most recent Seventh Circuit precedent as controlling despite party's improper failure to cite it).

Defendant also assert that *Cardenas v. City of Chicago,* 646 F.3d 1001 (7th Cir. 2011)

3

somehow supports their argument.  Dkt #86 at 3.   While Plaintiff agrees that the issue whether Defendants were already served under Wisconsin law prior to removal is governed by Wisconsin law, *Cardenas* supports Plaintiff's position that federal law provides a new period for service after removal.   In *Cardenas,* the Seventh Circuit expressly stated that the federal period for service of process "applies where suits are removed to federal court from state court, except that the period commences upon the date of removal."   646 F.3d 1004 (citing Fed.R.Civ.P. 81(c)(1)). The Court also upheld the District Court's decision to deny an extension under Federal Rule of Civil Procedure 4(m) on the facts of the case, but it did not hold that the District Court should not have applied Rule 4(m).   *Id.* at 1007-08.

Defendants drastically misstate governing law by asserting, in reliance on a footnote in *Allen* that cites the very treatise that currently supports Plaintiff's interpretation of the rules, that the Seventh Circuit diverges from the overwhelmingly recognized principle that federal rules govern service of process after removal.

## II. Defendants Cite Authority That Has Been Held Inapposite to Service of Process Disputes.

Defendants also erroneously assert that under *Walker v. Armco Steel Corp*., 446 U.S. 740 (1980), federal service cannot now be obtained because the statute of limitations on Plaintiff's claims as to the original MAM has now expired.  Dkt #86 at p. 3.  But another federal district court has explained that the "issue presented in [*Walker* and two similar cases] was *not* timeliness of service of process, but rather when an action is deemed "commenced" for purposes of the applicable state statutes of limitations."  *Mills v. Curioni,* 238 F.Supp.2d 876, 883 (E.D. Mich. 2002) (emphasis in original).

Interpreting *Walker* and related authority, the *Mills* Court explained that where, as here, the dispute "is really not about when the action was commenced, but  rather it is only whether

4

the timeliness of service of process upon it should be determined by State or Federal law," the rule in *Walker* is *"*inapplicable." *Id.* at 884-85. The Court concluded that as a result, there was "no merit in [Defendant's] argument for dismissal on untimely service of process grounds." *Id.* at 885. Likewise, Defendants' motion to dismiss is based on alleged improper service of process. *See* Dkt #34, p. 1.

It should also be noted that *Walker* was a case that was filed directly in federal court; it was therefore not decided under the rules that allow service under federal procedure after removal. 446 U.S. at 752-53; *cf.* 28 USC §1448; Rule 81(c); Wright & Miller, *supra.* As Plaintiff explained at length in his response brief, federal courts have consistently held that the expiration of the statute of limitations pending service is a reason that *favors* extending additional time for service of process under federal rules following removal. *See* Dkt #52 at p. 18. This rule has been followed even where state service of process was allegedly defective prior to removal. *See id.* at pp. 18-19 (citing *Hubert v. State of Connecticut Dept. of Correction,* 2016 WL 706166, *5 (D. Conn.)).

### III. Defendants Seriously and Unfairly Misrepresent Plaintiff's Argument.

Lastly, Defendants misrepresent the contents of Plaintiff's response brief by asserting that Plaintiff has argued that service of an amended complaint without service of an original complaint would be sufficient under Wisconsin law. Dkt #86 at p. 7. Defendants hint that other litigants have been sanctioned for making such arguments. *Id.* But here, Plaintiff has never made any such argument.

Instead, Plaintiff has maintained that the Publication Summons published his original complaint, not the Amended Complaint. Dkt #52 at p. 7 (argument under heading that states, "**The Publication Summons Published the Original Complaint.**"). Defendants eventually concede that this is Plaintiff's argument by addressing it, but at that point, Defendants merely

5

argue, without any citation to authority, that it is "obvious" that the publication summons served the Amended Complaint because two defendants who were dismissed from the suit were not included in the caption of the Publication Summons.   Dkt #86 at p. 7.

What Plaintiff in fact argued in his response brief was that the publication summons published the original complaint by specifically directing Defendants to it in the language required for the text of a publication summons by Wis. Stat. §801.095(4).   Dkt #52 at p. 7.  As also explained in the response brief, the publication summons must be a new pleading under Wisconsin law, Dkt #52 at pp. 7-8 (citing *Burnett v. Hill,*   207 Wis. 2d 110, 120-21 (1997)), and therefore, Plaintiff correctly omitted the two defendants who had been dismissed from the case by that time from the then-current case caption.  Any defect in the publication summons allegedly caused by the omission of two dismissed defendants from the caption (no such defect being conceded) would be at most, a technical defect to the form of the summons under Wisconsin law that would not render service by publication ineffective.  *See Burnett, supra,* 207 Wis. 2d at 128.

## CONCLUSION

For the following reasons, Defendants' arguments regarding service-of-process should be rejected.

Dated this 17th day of June, 2019.

        SCHOTT, BUBLITZ & ENGEL, S.C.

        By:  /s/ April Rockstead Barker
            April Rockstead Barker
            State Bar No. 1026163
            Schott, Bublitz & Engel, S.C.
            640 W. Moreland Blvd.
            Waukesha, WI  53188-2433
            (262)-827-1700

LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
Attorneys for Plaintiff, Andrew L. Colborn
**POST OFFICE ADDRESS:**
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
State Br No. 1005964

GRIESBACH LAW OFFICES, LLC
Attorney Michael C. Griesbach
State Bar No. 01012799
Griesbach Law Offices, LLC
PO Box 2047
Manitowoc, WI 54221-2047
(920) 320-1358

7

Case 1:19-cv-00484-BHL   Filed 06/17/19   Page 7 of 7   Document 90-1