2018 WL 5307841
Only the Westlaw citation is currently available.
United States District Court, E.D. Wisconsin.

Peter S. HUCK, Plaintiff,
v.
DUFF & PHELPS LLC, Prairie Capital Advisers Inc., Aa Management Group Inc., and Joseph P. Zvesper, Defendants.

Case No. 18-CV-841-JPS
|
Signed 10/26/2018

**Attorneys and Law Firms**

David E. Frank, Nora E. Gierke, Willem J. Noorlander, Gierke Frank Noorlander LLC, Wauwatosa, WI, for Plaintiff.

Bryan B. House, Chelsey B. Metcalf, Nathan D. Imfeld, Foley & Lardner LLP, Elizabeth A. Odian, Hinshaw & Culbertson LLP, Milwaukee, WI, for Defendants.

### ORDER

J. P. Stadtmueller, U.S. District Judge

**\*1** Plaintiff asserts fraud, breach of contract, and other state law causes of action against Defendants in connection with his sale of corporate stock to them for an allegedly deflated price. (Docket #1-1). This action was filed in Milwaukee County Circuit Court on February 5, 2018. Defendants Duff & Phelps, LLC ("D&P") and Prairie Capital Advisors, Inc. ("Prairie") were served in May 2018. Defendants AA Management Group, Inc. ("AAMG") and Joseph P. Zvesper ("Zvesper") were not served while the case was pending in state court.

D&P removed the case to this Court on June 1, 2018 on the basis of diversity jurisdiction. Plaintiff is a citizen of Wisconsin, D&P is based on New York, and Prairie is located in Illinois. (Docket #1 at 1–3). AAMG and Zvesper are citizens of Wisconsin. Id. at 3–4. D&P admits that if either of the unserved defendants were present in this case, this Court would lack subject-matter jurisdiction. Id. at 4. In its notice of removal, D&P argued that the unserved defendants did not properly become defendants while the action was pending in state court. Id. Namely, D&P contended that under Wisconsin law, Plaintiff blew the deadline for service, and that a person is not technically deemed a defendant unless they are timely served. Id. Thus, AAMG and Zvesper should not be considered when assessing the presence of diversity amongst the parties. Id.

After the Court conducted the scheduling conference in this matter, Plaintiff requested and received summons for AAMG and Zvesper from the Clerk of the Court. (Docket #17 and #18). According to Plaintiff's counsel, AAMG was served on August 30, 2018. (Docket #22-1 ¶ 4). Zvesper has not been served. Id. ¶ 6. Curiously, D&P then filed a motion to quash that service on AAMG's behalf. (Docket #19).

D&P's position in the motion is the same as described in its notice of removal. This position is entirely foreclosed by a recent decision of the Court of Appeals, *UWM Student Association v. Lovell*, 888 F.3d 854 (7th Cir. 2018). *Lovell* began its discussion of this topic with an apt observation descriptive of this case: "[t]his case illustrates some of the issues that can arise when plaintiffs fail to serve defendants in cases removed from a state court to a federal court." Id. at 857. It held that "[t]he issue of timely service is governed by 28 U.S.C. § 1448[.]" Id. Section 1448 states:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.
>
> This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

28 U.S.C. § 1448.

The court then described the service history of the case, noting that most of the defendants had not been served in state court. Id. at 857–58. The district court had dismissed those defendants because they were not timely served under state or federal law. Id. at 858. In assessing this ruling, *Lovell* stated that "[b]ecause § 1448 provides that federal law governs these procedural issues after the

© 2019 Thomson Reuters. No claim to original U.S. Government Works.  1

removal, we focus on the federal standards." *Id.* Federal Rule of Civil Procedure ("FRCP") 4(m) supplies a deadline for service of summons. At the time *Lovell* was removed from state court, the period was 120 days. *Id. Lovell* the described the two scenarios in which FRCP 4(m)'s service clock would begin:

> ***2** For cases originally filed in federal court, Rule 4(m)'s service clock starts on the date the complaint is filed. For removed cases, the combined effect of § 1448 and Rule 4(m) starts the clock on the date of removal.

*Id.* The court concluded that the defendants who went unserved in state court were likewise not timely served after removal. *Id.* at 859.

The *Lovell* plaintiffs argued that they were entitled to an extension of the service deadline. *Id.* The district court found that the plaintiffs had not offered good cause for extension of the deadline under either state or federal service rules. *UWM Student Assoc. v. Lovell*, 266 F. Supp. 3d 1121, 1130 (E.D. Wis. 2017). The appellate court emphasized that federal law alone governed the issue of late service and affirmed the district court's conclusion that good cause was lacking. *Lovell*, 888 F.3d at 859.

In 2015, FRCP 4(m)'s service deadline was shortened to ninety days. Plaintiff served AAMG on the ninetieth day after removal. Thus, service was timely. D&P's arguments to the contrary rest on a complete misreading of *Lovell*. The opinion states, repeatedly and directly, that federal law governs service in removed cases as provided in Section 1448. Service of AAMG comported with federal law. D&P suggests that under prior Seventh Circuit authority, its argument regarding whether AAMG "became" a defendant under Wisconsin law is valid. Whatever the fine hairs D&P wishes to split between *Lovell* and other cases, this Court is bound to apply the most recent and analogous controlling authority to legal issues. *Lovell* is just that.

As noted above, Plaintiff's counsel asserts that AAMG was served in an affidavit. The Court might have been reluctant to accept this as evidence of proper service, as counsel did not also submit a return of service completed by the process server. This issue is avoided, however, by AAMG's appearance in this action on October 10, 2018. *See* (Docket #23). With AAMG's service and appearance, there are citizens of Wisconsin on both sides of the party ledger. Diversity is therefore destroyed, and this Court's subject-matter jurisdiction along with it. 28 U.S.C. § 1332(a). This action must, therefore, be remanded to state court.

Accordingly,

**IT IS ORDERED** that Defendant Duff & Phelps LLC's motion to quash service (Docket #19) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk of the Court take all appropriate steps to effectuate the remand of this case back to the Milwaukee County Circuit Court.

**All Citations**

Slip Copy, 2018 WL 5307841

---