1995 WL 138986
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.

REED–UNION CORPORATION, Plaintiff,
v.
TURTLE WAX, INC., Defendant.

No. 91 C 5625.
|
March 24, 1995.

MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

**\*1** After a trial on the merits, we entered judgment in favor of defendant Turtle Wax, Inc. ("Turtle Wax") on plaintiff Reed–Union Corporation's ("Reed–Union") trademark and trade dress infringement claims under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) (1994). And, on December 14, 1994, we entered judgment on Turtle Wax's counterclaims. We now consider Turtle Wax's bill of costs and Reed–Union's objections thereto.

*Discussion*

Under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920, the prevailing party in a lawsuit may recover from the losing party certain specified costs, namely:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In this case, Turtle Wax seeks $87,130.84 as costs.[1] Reed–Union, in its turn, has objected both to the award of any costs to Turtle Wax and to virtually every item sought.[2]

We address first Reed–Union's objection to the award of any costs. Reed–Union acknowledges that there is a presumption that the prevailing party will be awarded costs, but argues that we have the discretion to deny costs where there has been "some fault ... or action worthy of penalty...." (Pl.'s Objs. at 2, quoting *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237 (7th Cir.1985)). Reed–Union contends that because we held that Turtle Wax "did not intend to copy or palm off, ... [r]ather, it intended to come close without stepping over the line," Turtle Wax engaged in the requisite misconduct.

Reed–Union's argument ignores the most basic fact of this case: Turtle Wax won because we found it had not violated the Lanham Act. Coming close to committing a Lanham Act violation is not the same as committing it and does not show misconduct of the type necessary to overcome the presumption that the prevailing party may recover costs. If we were to accept Reed–Union's argument, then the prevailing party in every close case would be denied costs. But the award of costs requires only that the party prevail, not that the party prevail overwhelmingly. Turtle Wax is entitled to an award of costs.

The remaining issue is which costs Turtle Wax may recover. The standard we must apply is whether the costs incurred were "reasonable and necessary" to the litigation. *Soler v. Waite,* 989 F.2d 251, 255 (7th Cir.1993). The first item Turtle Wax seeks is $15,048.40 for deposition transcripts and court reporters' fees. Reed–Union does not object that any of the depositions were unreasonable or unnecessary; rather, it contends that Rule 45(b) of the Rules of the Northern District of Illinois ("Local Rule 45(b)"), Turtle Wax may recover such costs only at the per page rate set by the Judicial Conference of the United States.

***2** This issue appears to be in dispute in this district. In some cases, the rate set by the Judicial Conference has been applied to both deposition transcripts and official court transcripts. *See, e.g., Delphi Indus., Inc. v. Stroh Brewery Co.,* 1990 WL 205928, at *3 (N.D.Ill.1990); *Edward Hines Lumber Co. v. Vulcan Materials Co.,* 1989 WL 39715, at *2 (N.D.Ill.1989). In others, the rate set by the Judicial Conference has been applied only to official court transcripts. *See BASF v. Old World Trading Co.,* 1992 WL 229473, at *3 (N.D.Ill.1992); *Pilsen Neighbors Community Council v. Netsch,* 1991 WL 49607, at *2 (N.D.Ill.1991). We are persuaded by the reasoning in *Pilsen,* in which the court stated,

> On October 27, 1986, then Chief Judge Grady signed a General Order adopting the latest resolution of the Judicial Conference regarding stenographic rates. The General Order provides:
>
>> Pursuant to the resolution adopted by the Conference at its meeting in September 1986 and action of the full Court met in executive session on Thursday, 23 October 1986, the maximum rates per page of transcript that official reporters of this Court, other than reporters under contract, may charge are as follows....
>
> Therefore, the rates stated by the Judicial Conference apply only to transcripts ordered from the official court reporters. If reasonable, defendant is entitled to the actual costs associated with transcribing depositions.

*Id.* On this basis, we conclude that the rate set by the Judicial Conference should not be applied to the costs of deposition transcripts. Hence, Turtle Wax may recover the costs at the rate it actually paid, as long as they are reasonable. Reed–Union has not objected to them on this ground.

There are other problems with the costs for depositions, however. Turtle Wax has included three depositions for which its documentation does not support the amount requested,[3] and one for which it seeks to recover both the cost of the transcript and of a videotape.[4] Since the transcript and the videotape are two versions of the same deposition, Turtle Wax can recover the cost of one or the other, but not both. *See Commercial Credit Equip. Corp. v. Stamps,* 920 F.2d 1361, 1368–69 (7th Cir.1990) (videotape of deposition qualifies as substitute for stenographic transcript). Accordingly, we allow only the cost of the written transcript for that deposition. Furthermore, Turtle Wax has included the costs of expedited copies of nine transcripts.[5] The additional cost of expedited copies is not recoverable unless the prevailing party can show that the expedited transcripts were reasonable and necessary. *See Baltimore Orioles, Inc. v. Major League Players Ass'n,* 1985 WL 2909, at *4–5 (N.D.Ill.1985). Turtle Wax has given no explanation for the expedited copies, and so it may not recover that cost. We have determined from local court reporting services that the standard rate for an expedited transcript runs between forty cents and sixty-five cents per page over the cost of a regular transcript. We will use fifty cents per page as a reasonable rate, and we reduce the amount recoverable by fifty cents per page for each of the nine depositions. We award Turtle Wax a total of $13,969.40 ($14,783.40 minus $814.00 of expedited charges) for the costs of deposition transcripts.

***3** Turtle Wax also seeks the cost of expedited trial transcripts. Reed–Union is correct that, under Local Rule 45(b), Turtle Wax may only recover for the transcripts at the rate set by the Judicial Conference, which was $3.00 per page. Since Turtle Wax received 1,502 pages of trial transcript, we award it $4,506.00 as costs for trial transcripts.

Turtle Wax also requests the costs of four pre-trial hearing transcripts. But, it does not even identify the nature of the pretrial hearings. According to Reed–Union, one was on Turtle Wax's original motion for summary judgment, which was later stricken; one was on Reed–Union's motion for extension of time and to file a brief in excess of fifteen pages; one was on Reed–Union's motion to supplement the record on summary judgment; and the last was on Turtle Wax's motion to supplement the pre-trial order. To recover the cost of transcripts of pre-trial hearings, Turtle Wax needs to show that these hearings " 'limit[ed] and clarif[ied] the issues which were to be heard at a lengthy trial and ... were of a magnitude that a transcript was needed to determine how the trial would proceed.' " *Independence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. 706, 720 (N.D.Ind.1982) (quoting *Sperry Rand Corp. v. A–T–O, Inc.,* 58 F.R.D. 132, 138 (E.D.Va.1973)). Turtle Wax claims, in its reply brief, that these transcripts were all necessary to clarify the trial record and were important written records of the court's oral rulings. This explanation is inadequate given the motions that were heard. Turtle Wax may not recover the cost of the pre-trial hearing transcripts.

Turtle Wax seeks $1,336.00 in attendance fees for witnesses. The prevailing party may recover the cost of witness fees for witness it subpoenaed for deposition or trial and who were prepared to testify, where the testimony was reasonable and necessary.[6] In *Chicago College of Osteopathic Medicine v. George A. Fuller Co.,* 801 F.2d 908, 910 (7th Cir.1986), the Seventh Circuit explained, "[T]he fees and disbursements *that a party lays*

© 2019 Thomson Reuters. No claim to original U.S. Government Works.　　2

*out for witnesses* ... are taxable as costs." (Emphasis added.) Yet, according to Reed–Union, Turtle Wax has requested $896.00 in witness fees for witnesses subpoenaed *by Reed–Union,* for which Turtle Wax incurred no expense at all. A bill of costs is not a means to collect extra money for expenses actually paid by the losing party.[7] The inclusion of these witness fees was improper, and Turtle Wax is not entitled to recover them. Thus, we award Turtle Wax only $420.00 in witness fees.

Turtle Wax requests witness travel expenses for one witness for his deposition[8] and for three witnesses for trial. As Reed–Union correctly notes, Turtle Wax's documentation shows that it has included hotel expenses (which include telephone and meal expenses, as well as lodging) in the amounts it seeks. However, under 28 U.S.C. § 1821(c)(1), witness travel expenses are limited to transportation. Moreover, Turtle Wax also seeks witness subsistence allowances for each of these witnesses, which are recoverable under 28 U.S.C. § 1821(d). The hotel expenses are duplicative of the witness subsistence allowances. Thus, as travel expenses, we award Turtle Wax only the cost of airfare for each witness, a total of $1,370.00, and the $50.00 per day subsistence allowance for each witness, an additional $250.00.

**\*4** Turtle Wax next requests $27,600.66 in photocopying charges. Turtle Wax acknowledges that it may recover only the cost of the copies of documents supplied to the Court or to opposing counsel, but not copies made for its own convenience. Yet it determined this cost by totalling all of its photocopying expenses, which reached $55,201.31, and dividing that number in half. And, the documentation it submits to support this charge consists of redacted billing sheets showing disbursements for copying services. In some cases, the documentation shows a rate of $.15 per page; in other cases, it does not show a per page charge at all, simply a total cost.[9] Bates stamping services and color copies are included.

Turtle Wax has not adequately explained the nature of the documents for which it seeks to recover. *See BASF v. Old World Trading Co.,* 1992 WL 229473, at *5 (N.D.Ill.1992) (lack of description of documents copied is basis for not awarding photocopying charges). While Turtle Wax is correct that it need not provide such detail that it is not cost-effective for it to seek reimbursement, Turtle Wax has provided no explanation at all. A party may not simply recover one-half of its copying charges incurred in the lawsuit by means of its bill of costs. It is much more reasonable to assume that one-quarter of Turtle Wax's total number of copies, which still amounts to about 92,000 pages, went to opposing counsel or came to us. In addition, we agree with Reed–Union that fifteen cents per page is too high a rate, and that a reasonable rate, obtainable from outside copy services, is ten cents per page. *See Spicer v. Chicago Board Options Exchange, Inc.,* 844 F.Supp. 1226, 1260 (N.D.Ill.1993); *BASF,* 1992 WL 229473, at *4. Hence, we limit Turtle Wax's recovery for copying charges to $9,200.23 (92,002 pages at $.10 per page).

Turtle Wax asks for $15,580.93 as its costs for exemplification of documents as trial exhibits. It may recover costs only if the exhibits were necessarily obtained for use at trial. *See Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.,* 924 F.2d 633, 644 (7th Cir.1991). Here, Turtle Wax's documentation indicates that it spent $13,168.00 for color versions of thirty-six charts by its experts, at a cost of over $500.00 apiece. (It obtained two copies of most of the exhibits, which were 8½″ x 11″ in size.) It also spent $1,980.00 for the enlargement of twelve charts, and $432.93 for the 48″ x 48″ enlargement of two unidentified photographs. Turtle Wax informs us that its expert relied upon the enlarged exhibits at trial, but has not explained the need for the remaining exhibits. For this reason, we award Turtle Wax only $1,980.00 for the enlargement of exhibits as exemplification costs.[10]

Turtle Wax seeks an additional $2,988.10 as costs of copies of file wrappers, trademark registrations, and other Patent and Trademark Office documentation. This amount apparently includes fees for searches, which Turtle Wax argues, without any authority, are also appropriately taxable. District courts have limited discretion to award as costs items not allowed by statute. *Farmer,* 379 U.S. at 235. Here, Turtle Wax has not even identified the registrations it obtained. Accordingly, we limit Turtle Wax's recovery to $201.75, which is its cost of photocopying the relevant documentation.

**\*5** Finally, Turtle Wax seeks $17,870.33 in computerized legal research charges. Initially, Turtle Wax cited as authority only two district court decisions allowing the recovery of such charges. After Reed–Union objected, Turtle Wax cited, in its reply brief, *Burda v. M. Ecker Co.,* 2 F.3d 769 (7th Cir.1993), in which the Seventh Circuit, reciting the types of costs recoverable, included charges for computerized legal research without any discussion. However, after the *Burda* decision, but well before Turtle Wax filed its bill of costs, the Seventh Circuit decided *Haroco v. American National Bank & Trust,* 38 F.3d 1429 (7th Cir.1994). There, the court explicitly addressed whether computerized legal research charges could be recovered as costs and concluded that they could not. *Id.* at 1440–41. Turtle Wax ignored the

*Haroco* decision altogether. Since *Haroco* is the Seventh Circuit's most recent pronouncement on this issue, and since it is clearly controlling precedent, Turtle Wax's silence was improper. Turtle Wax may not recover any charges for computerized legal research.

Our discussion of *Haroco* leads us to one final point. We are dismayed by Turtle Wax's submissions on its bill of costs, for its conduct smacks of overreaching. While Turtle Wax acknowledges it is entitled to costs only for expenses that were reasonable and necessary, it tells us that it need not explain what documents it photocopied (even in general terms), what its trial exhibits were used for (or even what they were), or what trademark registrations it obtained. All we are given is a conclusory, "It was necessary because we said so." Turtle Wax claims a more detailed explanation would render the recovery of costs uneconomical. Needless to say, there is a large middle ground between providing minute detail at excessive expense and providing the conclusory explanations Turtle Wax gave us, and Turtle Wax should have worked a lot harder to find that ground.[11] However, because Turtle Wax hid costs in its documentation, included inappropriate items in several categories, and, on occasion, simply claimed larger amounts than those it documented, we have had to spend an inordinate amount of time going over its documentation in detail and checking its calculations. In other words, we found we could rely on neither the accuracy of nor the explanations for too many of Turtle Wax's costs. This circumstance has brought us to the brink of disallowing Turtle Wax's bill of costs altogether. We have not done so, however, because many of the costs are legitimate. However, we caution Turtle Wax's counsel to exercise more discretion in the future.

In sum, we award Turtle Wax the following costs:

| | |
|---|---:|
| Deposition transcripts | $13,969.40 |
| Trial transcripts | 4,506.00 |
| Pretrial hearing transcripts | 0.00 |
| Witness fees | 420.00 |
| Witness travel expenses | 1,370.00 |
| Witness subsistence allowances | 250.00 |
| Photocopying | 9,200.23 |
| Exemplification | 1,980.00 |
| Computerized legal research | 0.00 |

| | |
|---|---:|
| File wrappers, etc. | 201.75 |
| Total | $31,897.38 |

**All Citations**

Not Reported in F.Supp., 1995 WL 138986

*Conclusion*

***6** For the foregoing reasons, we award Turtle Wax $31,897.38 on its bill of costs.

Footnotes

1     In its bill of costs, Turtle Wax requested $85,156.09. In its reply brief, Turtle Wax amended its request to include additional photocopying charges.

2     We note that both parties were allowed two briefs on the bill of costs, for we granted Reed–Union's request to file a surreply.

3     C. Burns was invoiced at $96.00, J. Mitchell at $192.00, and R. Price at $117.00. Turtle Wax has claimed expenses of $151.00, $247.00, and $172.00, respectively.

4     This was the P. Dornau deposition. An additional $100.00 was paid for the videotape.

5     C. Burns, P. Dornau, P. Evans, P. Goldman, J. Hausman, P. Kaplan (one session), J. Mitchell, R. Price, and D. Stern.

6     Under 28 U.S.C. § 1821(b), the witness attendance fee is limited to $40.00 per day.

7     If we awarded such costs, Reed–Union would have to pay this expense twice: once to the witnesses, and once to Turtle Wax.

8     Reed–Union objects to the deposition witness travel expenses on the grounds that Turtle Wax chose to depose him in Chicago, rather than in Phoenix, Arizona. We agree with the court in *FMC Corp. v. U.S.,* 1994 WL 548212 (N.D.Ill.1994), that where it is less expensive to have one witness, rather than more than one attorney, travel for a deposition, the witness's travel expenses are recoverable as costs. *Id.* at *3 (citing *West Wind Africa Line Ltd. v. Corpus Christi Marine Serv. Co.,* 834 F.2d 1232, 1237 (5th Cir.1988)). The fact that this increases the amount of taxable costs does not require a different outcome. *Id.*

9     At $.15 per page, Turtle Wax's total of $55,201.31 indicates that about 368,009 pages of documents were copied.

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

10  We are not persuaded by the argument that Reed–Union used similar exhibits at trial. The United States Supreme Court has made clear that a bill of costs is not a means for the prevailing party to recover for every expense it has chosen to incur. *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235 (1964). There is no reason that Reed–Union should pay for Turtle Wax's exhibits when Turtle Wax has not shown that they were necessarily obtained for use at trial.

11  Where Turtle Wax did provide adequate explanation, we have awarded the costs it seeks. The lesson here should be obvious.

**End of Document**  © 2019 Thomson Reuters. No claim to original U.S. Government Works.