# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

|  |  |
|---|---|
| ANDREW L. COLBORN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC,<br>F/K/A SYNTHESIS FILMS, LLC;<br>LAURA RICCIARDI; AND MOIRA<br>DEMOS,<br><br>　　　　　Defendants. | Civil No.: 19-CV-484 |

## RESPONSE BY DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS AND CHROME MEDIA LLC TO PLAINTIFF'S CIVIL L.R. 7(h) EXPEDITED MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF

Producer Defendants respond to the Motion for Leave to File Sur-Reply as follows:

Beginning with his initial response (Dkt. 52) and now in his proposed sur-reply (Dkt. 90-1), Plaintiff ignores the two incontrovertible facts that distinguish this case from those on which he relies: **Before** the Producer Defendants removed this case, **both** the statute of limitations and Wisconsin's 90-day service period had expired.[1] Had the case remained in state court, therefore, it would have been dismissed as time-barred. As a matter of law (and logic),

---

[1] Colborn does cite one case, from New York, where both the statute of limitations and New York's service period had expired before removal. *See* Dkt. 52 at 19 (citing *Howell v. Campbell*, No. 15 Civ. 3705 (RWS), 2016 WL 1241529 (S.D.N.Y. Mar. 23, 2016). But that court necessarily applied New York's service requirements, which, unlike Wisconsin's "unbending" laws, are nearly identical to the more flexible federal rules. *Howell*, 2016 WL 1241529, at *2 (noting that under New York law, if a complaint is not served before the deadline, even if the statute of limitations has expired, the court may "either dismiss the action without prejudice as to the ineffectively served Defendant, or extend the time for service 'upon good cause shown or in the interests of justice'") (citation omitted). *Howell* is inapposite because, unlike this case, it would not have been time-barred had it remained in state court.

removal does not change this result – to the contrary, it is well established that removal does ***not*** permit a plaintiff to invoke the federal rules to effect service of a complaint where, as here, both the statute of limitations and the service period under state law have expired before removal.[2] Under such circumstances, the case is time-barred and dismissal with prejudice is required.

1.	Plaintiff's proposed sur-reply misapprehends the Producer Defendants' argument in this fundamental and dispositive respect. The Producer Defendants have never disputed that, in those cases in which the statute of limitations and state service period have not run before removal, federal law typically governs and affords a plaintiff additional time to effect service beyond that provided by state law. Nevertheless, as the proposed sur-reply explicitly concedes, Wisconsin law, not federal law, governs service of process *before* removal, *see* Dkt. 35 at 8; Dkt. 86 at 1-2, and where, as here, the case is time-barred under Wisconsin law because (1) service was not accomplished within the state statutory period and (2) the statute of limitations had run before removal, Fed. R. Civ. P. 4(m) cannot resurrect a dead claim. *See* note 2 *supra* (citing cases). None of the cases or other authority cited in the sur-reply purport to hold otherwise.

2.	The proposed sur-reply similarly misconstrues the Producer Defendants' citation to *Walker v. Armco Steel Corp.*, 446 U.S. 740, 741-43 (1980). The central holding of that case –

---

[2] *See, e.g., Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998) (where process was not properly served before state deadline and statute of limitations had run before removal, federal law could not "breathe jurisprudential life in federal court into a case legally dead in state court") (quoting *Witherow v. Firestone Tire & Rubber Co.,* 530 F.2d 160, 168 (3d Cir.1976))*; Osborne v. Sandoz Nutrition Corp.,* 67 F.3d 289, 1995 WL 597215, at *2 (1st Cir. 1995) (unpublished) (per curiam) (where plaintiff failed to properly serve defendant before service deadline and statute of limitations had expired, allowing plaintiff additional time to serve "would ignore [plaintiff's] procedural deficiency in state court, and effectively penalize [defendant] for exercising its removal right"); *Sutcliff v. Potter*, No. Civ. 1:05CV425, 2006 WL 752574, at *2-3 (N.D. Ind. Mar. 21, 2006) (where state court action had not been properly served and service deadline and statute of limitations both expired before removal, "[b]ecause this court does not have subject matter jurisdiction over this action, this court has no authority to allow [plaintiff] to cure an ineffective service of process"); *Morton v. Meagher*, 171 F. Supp. 2d 611, 617 (E.D. Va. 2001) ("Where, as here, an action is legally dead before it is removed, [28 U.S.C.] § 1448 cannot be used to resurrect it.").

*i.e.,* that state law governs statute of limitations issues in a diversity action and, as a result, a case time-barred in state court for failure to make timely service is barred in federal court as well – plainly undergirds the body of precedent cited in note 2 *supra*. *See* Dkt. 86 at 2; *Walker*, 446 U.S. at 741-43. At issue in *Walker* was an Oklahoma law that, like Wisconsin's statute, deemed an action commenced if it was filed before the expiration of the statute of limitations only if it was properly served before expiration of the state service deadline. *Id.* at 743; *see also* Wis. Stat. § 801.02(1) (civil action "is commenced as to any defendant" when summons and complaint are filed provided proper service is effected within 90 days after filing). As the Producer Defendants have explained, Dkt. 86 at 2, *Walker* necessarily means that this Court cannot entertain this action against the Producer Defendants because, since it was not properly served on them before Wisconsin's deadline, it was not properly commenced in the first instance. The only authority cited in the sur-reply is inapposite because it did not involve when an action is "commenced." *Mills v. Curioni, Inc.*, 238 F. Supp. 2d 876, 884 (E.D. Mich. 2002). That *is* the issue in this case, and (as *Mills* acknowledges) it is the *precise* issue that *Walker* addressed.

       3.      Finally, the proposed sur-reply mischaracterizes the Producer Defendants' citation to *Wahal v. Weiss*, 2016 WI App 57, ¶¶ 5–13, 370 Wis. 2d 788, 882 N.W.2d 871 (per curiam). *See* Dkt 86 at 7. Although Plaintiff relies, in the first instance, on the erroneous contention that he actually served the original Complaint by publication, his fallback position is that, even if he did not accomplish service under Wisconsin law, that failing should be excused because the Producer Defendants had actual notice of his claims. *See* Dkt. 52 at 4, 18-19. *Wahal* reveals one of the flaws in this fallback position: Wisconsin law is unambiguous that actual notice to the defendants is irrelevant where, as here, the plaintiff has failed to comply with its laws governing service. *See Wahal*, 370 Wis. 2d 788, ¶ 5 ("Significantly, a defendant's actual notice of an action

3

is not alone enough to confer personal jurisdiction on the court; rather '[s]ervice must be made in accordance with the manner prescribed by statute.'" (citations omitted)).

Dated: June 19, 2019.                    Respectfully submitted,


                                           *s/ James A. Friedman*
                                           James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

Lee Levine
Matthew E. Kelley
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, D.C. 20006-1157
T: (202) 508-1110
F: (202) 661-2299
levinel@ballardspahr.com
kelleym@ballardspahr.com

Leita Walker
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com

*Counsel for Netflix, Inc.; Chrome Media LLC; Laura Ricciardi; and Moira Demos*

# CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2019, I caused the foregoing Response by Defendants Laura Ricciardi, Moira Demos and Chrome Media LLC to Plaintiff's Civil L.R. 7(h) Expedited Motion for Leave to File Sur-Reply Brief to be filed electronically and served upon counsel of record via using the CM/ECF system.

I further certify that a copy of such filing was sent via U.S. Mail, first-class, postage prepaid, to counsel at the following address:

>Michael C. Griesbach
>Griesbach Law Offices, LLC
>P.O. Box 2047
>Manitowoc, WI 54221-2047

>*s/ James A. Friedman*
>James A. Friedman

20783978.1

2016 WL 1241529
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

James T. HOWELL and
Tremaine B. Howell, Plaintiffs,
v.
Douglas O. CAMPBELL, Rite-Hite
International, and Gigi L. Hinton, Defendants.

15 Civ. 3705 (RWS)
|
Signed 03/23/2016

**Attorneys and Law Firms**

LAW OFFICE OF PETER C. GORDON, LLC, 15 Chaucer Drive, Annandale, NJ 08801, By: Peter C. Gordon, Esq., ATTORNEY FOR PLAINTIFFS.

DOUGLAS O. CAMPBELL AND RITE-HITE INTERNATIONAL, INC. WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, 1010 Washington Boulevard, Stamford, CT 06901, By: Mary Jones, Esq., Beata Shapiro, Esq., Brian T. Del Gatto, Esq., ATTORNEYS FOR DEFENDANTS.

GIGI L. HINTON VOUTE, LOHRFINK, MAGRO & McANDREW, LLP, 170 Hamilton Avenue, New York, NY 10601, By: Joseph B. Failla, Esq., Edward G. Warren, Esq., ATTORNEYS FOR DEFENDANT.

OPINION

Sweet, D.J.

**\*1** Defendants Douglas O. Campbell ("Campbell") and Rite-Hite International, Inc. ("Rite Hite") move to dismiss Plaintiffs James Howell and Tremaine Howell's (collectively, the "Howells" or "Plaintiff's") Complaint, removed to this Court from the Supreme Court of the State of New York, Bronx County on May 13, 2015, for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), due to insufficient process pursuant to Rule 12(b)(4), and due to insufficient service pursuant to Rule 12(b)(5). Defendant Gigi Hinton ("Hinton") cross-moves for the same relief. Plaintiffs move for an extension of time to serve the summons and complaint. Based upon the conclusions set forth below, Plaintiff's motion for an extension of time is granted, and Defendants' motions to dismiss are denied.

**I. Prior Proceedings**

Plaintiffs filed a Complaint in the Supreme Court of the State of New York, County of Bronx on December 17, 2014. On May 13, 2015, Defendants Campbell and Rite-Hite removed the case to this Court on the basis of complete diversity and a believed amount on controversy in excess of $75,000, pursuant to 28 U.S.C. § 1332. Plaintiffs allege a single count of negligence stemming from a December 18, 2011 car accident on the exit ramp of the Major Deegan Expressway to the Cross Bronx Expressway.

The initial summons filed December 17, 2014 (the "Dec. 17 Summons") in Bronx County listed plaintiffs as Danielle Kenny and Kevin Kenny. Fialla Decl. in Supp. Mot. to Dismiss, Ex. A. The December 17 Summons is captioned "Supreme Court of the State of New York County of New York," and does not identify Bronx County. Id. The summons served on Defendants is undated (the "Undated Summons"), names the Howells as plaintiffs, and is captioned for the County of New York. Id., Ex. B. The Undated Summons was not filed with the Bronx County Clerk. The Complaint, filed December 17, 2014, correctly captioned plaintiffs as the Howells, and identified venue as Bronx County. Id., Ex. C ("Complaint"). On December 18, 2014, the statute of limitations on Plaintiffs claim was set to expire absent tolling. N.Y. C.P.L.R. 214 (McKinney). The period to serve the summons and complaint expired April 15, 2015. N.Y. C.P.L.R. 306-b (McKinney). Defendant Campbell received a copy of the Undated Summons and Complaint on April 13, 2015. Defs.' Campbell and Rite Hite's Mem. in Supp. Mot. to Dismiss at 2 ("Campbell MTD"). Defendant Rite Hite received a copy of the Undated Summons and Complaint on May 4, 2015, 19 days after expiration of the 120 day period. Id. Defendant Hinton was served with the Undated Summons and Complaint on May 14, 2015, 29 days after expiration of the 120 day Period. Hinton Mem. in Supp. Mot. to Dismiss at 1-2 ("Hinton MTD").

Defendant Hinton filed her instant motion to dismiss for lack of jurisdiction on June 3, 2015 on the basis of the defective summons and service. Defendants Campbell and Rite-Hite filed their cross-motion to dismiss for lack of jurisdiction on June 23, 2015, also on the basis of

the defective summons and service. Plaintiffs filed their motion for extension of time to serve the summons and complaint on January 6, 2016. Oral argument was held and the motions deemed fully submitted on January 21, 2016.

## II. Applicable Standard

 *2  Rule 12(b)(2) requires that a court dismiss a claim if the court does not have personal jurisdiction over the defendant. *See* Fed.R.Civ.P. 12(b)(2). "To establish personal jurisdiction, [a plaintiff] must show that [the defendant] has minimum contacts with the forum state and was properly served." Salmassi e. Kfr. v. Euro-America Container Line Ltd., 08 Civ. 4892, 2010 WL 2194827, at *4 (S.D.N.Y. June 1, 2010) (citations omitted).

Objections to sufficiency of process under Fed.R.Civ.P. 12(b) (4) must identify substantive deficiencies in the summons, complaint or accompanying documentation. Hilaturas Miel, S.L. v. Republic of Iraq, 573 F.Supp.2d 781, 796 (S.D.N.Y. 2008) (citing Fagan v. Deutsche Bundesbank, 438 F.Supp.2d 376, 386 (S.D.N.Y. 2006)). "[A] Rule 12(b)(4) motion is proper only to challenge noncompliance with the provision of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Charles A. Wright & Arthur M. Miller, 5B Federal Practice & Procedure § 1353 (3d ed. 2011).

Pursuant to Rule 12(b)(5), "a complaint may be dismissed for insufficient service of process." Weston Funding, LLC v. Consorcio G Grupo Dina, S.A. de C.V., 451 F.Supp.2d 585, 589 (S.D.N.Y. 2006) (citations omitted); see also Hawthorne v. Citicorp Data Sys., Inc., 219 F.R.D. 47, 49 (E.D.N.Y. 2003) ("Without proper service a court has no personal jurisdiction over a defendant."). New York law provides that service of the summons and complaint shall be made within 120 days of commencement of an action. N.Y. C.P.L.R. 306-b (McKinney). Where service is not effected in this period, the Court may, upon motion, either dismiss the action without prejudice as to the ineffectively served Defendant, or extend the time for service "upon good cause shown or in the interests of justice."[1]

---

[1] This action having been commenced in New York State Supreme Court and not removed until May 13, 2015, New York law applied at the time of service. However, the New York standard was revised to include the flexibility of Federal Rule of Civil Procedure 4 (m), which similarly permits the Court to extend the time for service for good cause shown. Leader v. Maroney, Ponzini & Spencer, 97 N.Y.2d 95, 105, 761 N.E.2d 1018 (2001); Fed. R. Civ. P. 4(m).

## III. Plaintiffs' Motion to Extend the Time to Serve the Summons and Complaint is Granted and Defendants' Motions to Dismiss are Accordingly Denied

Defendants move to dismiss the complaint on the grounds of the errors in the filed summons, the lack of date on the served summons, and formatively defective or untimely service. See Hinton MTD; Campbell MTD. Specifically, Defendants argue as follows: (1) the filed December 17 summons is defective for failing to name Plaintiffs or proper venue, and thus the Statute of Limitations was not tolled by the December 17, 2015 filing, and accordingly expired the following day pursuant to New York Civil Practice Law and Rules Section 214. Hinton MTD at 4; Campbell MTD as 3-5. (2) The summonses served on Defendants were not the summons filed and also contained errors, and therefore service was insufficient to obtain personal jurisdiction over Defendants. Hinton MTD at 5; Campbell MTD at 5-6. (3) No personal jurisdiction was obtained over Hinton and Rite-Hite because the summons and complaint, even if sufficient, were served outside of the 120 period permitted. Hinton MTD at 5-6; Campbell MTD at 6. In addition, Campbell argues that service was insufficient to obtain personal jurisdiction over him because Plaintiffs failed to serve him pursuant to the requirements of the Hague Convention. Campbell MTD at 6-10. Plaintiff requests an extension of time to serve the summons and complaint, thus potentially curing all defects upon which Defendants move to dismiss. See Pls.' Mem. of Law in Supp. Mot. to Extend ("Pls.' Mot.").

 *3  A jurisdictionally defective summons will not toll the statute of limitations on a claim for the service period. Lebowitz v. Fieldston Travel Bureau, Inc., 181 A.D.2d 481, 581 N.Y.S.2d 302 (1992). Similarly to the case at bar, Lebowitz involved a personal injury action and an error-riddled summons filed one day before expiration of the statute of limitations on a personal injury claim. Id. at 481. The First Department found the summons jurisdictionally defective for listing an address other than the one where the incident occurred, failing to specify the date the alleged injury occurred, and failing to indicate "in any other manner that the defendant was the intended party." Id. at 482.

This case is not analogous to Lebowitz. The Lebowitz court was rightly concerned with the fact that the filed summons was so lacking that it failed to coherently identify a particular claim against the particular defendant involved. Unlike the summons in Lebowitz, the December 17, 2015 summons correctly identified the Defendants involved. It stated "the basis of venue is the site of accident" and was served with the complaint, thus making clear the correct location, date, and circumstances of the incident. While the incorrectly listed venue and Plaintiffs on the December 17 are notable inconsistencies, they did not create such confusion that the defendants served could not make out the claim against them, as in Lebowitz. Accordingly, the December 17 summons was not jurisdictionally defective and thus did serve to toll the statute of limitations on Plaintiffs' claim.

Where there is not a complete failure to file within the statute of limitations, New York law permits the Court to excuse a mistake in the method of filing where justice so requires, or where no party is prejudiced. See N.Y. C.P.L.R. 2101 (McKinney) ("A defect in the form of a paper, if a substantial right of a party is not prejudiced, shall be disregarded by the court, and leave to correct shall be freely given."); Grskovic v. Holmes, 111 A.D.3d 234, 242, 972 N.Y.S.2d 650 (2013). Defendants have not been prejudiced by the erroneous venue or Plaintiff listings in the December 17 summons, or by the fact that the Undated Summonses were not dated.

With respect to personal jurisdiction, Defendants submit that the inadequate timing (with respect to Hinton and Rite-Hite) and defective format (with respect to Campbell) of service defeat personal jurisdiction. See Hinton MTD; Campbell MTD. Defendants do not challenge that personal jurisdiction would exist in the absence of the summons related errors. No prejudice has been identified by any defendant, whether by the marginally late service, or by Plaintiffs' alleged failure to abide by the Hague Convention.[2] See Hinton MTD at 5; Campbell MTD at 6-10. Plaintiffs submit four efforts were made to serve Hinton within the statutorily defined time period at the address listed on the incident police report. Pls.' Mot. at 2-3. Campbell was served at the address identified in the police report, and Rite-Hite served consistent with the advice of their general counsel. Id. at 3.

[2] Campbell's Hague Convention argument submits that Plaintiffs were required to forward duplicate copies of the summons and complaint and a properly formatted request for service to the Central Authority of Foreign Affairs and International Trade Canada, Criminal Security and Diplomatic Law Division, 125 Sussex Drive, Ottawa, Ontario, K1A 0G2 Canada, or the Ministry of the Attorney General, Ontario Court of Justice, 393 Main Street, Haileybury, Ontario, P0J 1K0, Canada. Campbell MTD at 9.

**\*4** Where there is no indication of prejudice and the defendant is on notice of the claim against her, an extension of time to serve the summons and complaint should be granted. Dhuler v. ELRAC, Inc., 118 A.D.3d 937, 939, 988 N.Y.S.2d 680, 682 (2014). Even where no good cause is shown, a Court may grant an extension of the time to serve in the interests of justice. State v. Sella, 185 Misc. 2d 549, 554, 713 N.Y.S.2d 262, 266 (Sup. Ct. 2000). Under both New York law and the Federal Rules, the Court must consider:

> 1) whether the applicable statute of limitations would bar the refiled action; 2) whether the defendant had actual notice of the claims asserted in the complaint; 3) whether the defendant had attempted to conceal the defect in service; and 4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

Id.

The applicable statute of limitations would bar Plaintiffs' claim if refiled. See N.Y. C.P.L.R. 214 (McKinney). All Defendants had actual notice of the claims asserted in the complaint as all were involved in the accident, all were in receipt of the complaint, and none contend that the errors in the summons interfered with actual notice. These two factors weigh heavily in favor of granting Plaintiffs' motion. See e.g., Busler v. Corbett, 259 A.D.2d 13, 17, 696 N.Y.S.2d 615, 618 (1999). It has not been established that any defendant attempted to conceal the defect in service. However, as reasoned above, no prejudice has been alleged to result from the errors in the summons, and the sole result of granting Plaintiffs' motion would be to

require Defendants to defend their cases on the merits. "In the absence of prejudice to defendants, it would be unjust to deprive plaintiff of the opportunity to prove her claims against both defendants." Id.

Accordingly, Plaintiffs' motion to extend the time to serve the summons and complaint is granted in the interests of justice for a period of 60 days from the filing of this Opinion. The errors in the summons are excused, and personal jurisdiction over each Defendant is established by the extension of time to serve.

## IV. Conclusion

Based on the conclusions set forth above, Plaintiffs' motion is granted and the time to serve the summons and complaint upon each Defendant is extended 60 days from the date of the filing of this Opinion. Defendants' cross-motions to dismiss are denied.

It is so ordered.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 1241529

End of Document

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

67 F.3d 289
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA1 Rule 36 for rules regarding the citation of unpublished opinions.)
United States Court of Appeals, First Circuit.

Mary OSBORNE, Plaintiff-Appellant,
v.
SANDOZ NUTRITION CORP., Defendant-Appellee.

No. 95-1278.
|
Oct. 6, 1995.

Appeal from the United States District Court for the District of Massachusetts

**Attorneys and Law Firms**

Kevin M. Walkowski, with whom Matthew J. Ryan, Jr., Michael K. Callan and Doherty, Wallace, Pillsbury & Murphy, P.C. were on brief for appellant.

Thomas J. Scannell, with whom Bowditch & Dewey was on brief for appellee.

Before TORRUELLA, Chief Judge, ALDRICH and COFFIN, Senior Circuit Judges.

**Opinion**

PER CURIAM.

**\*1** Plaintiff-Appellant, Mary Osborne ("Osborne"), appeals the district court's dismissal of her complaint for insufficient service of process. For the reasons stated below, we affirm.

BACKGROUND

Osborne brought a personal injury suit in Hampden County Superior Court for the Commonwealth of Massachusetts on August 30, 1994 against defendant-appellee, Sandoz Nutrition Corporation ("Sandoz"). Osborne failed to comply with Massachusetts Rule of Civil Procedure 4(j), which required her to effect service of her complaint within 90 days from the date of filing (i.e., on or before November 28, 1994), and mandated dismissal unless she showed good cause for untimely service. On November 30, 1994, Osborne filed with the state court an Emergency Motion to Extend Tracking Order to Allow Service of Process ("Emergency Motion"), which defendant opposed. Osborne completed service of process on Sandoz on December 29, 1994, one month after the deadline and with the Emergency Motion still pending. On January 13, 1995, the action was removed upon Sandoz' motion, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, to the United States District Court for the District of Massachusetts. On January 23, 1995, Sandoz moved to dismiss, asserting insufficient service of process pursuant to Massachusetts law.

The district court granted Sandoz' motion to dismiss. The district court reasoned that, under Federal Rule of Civil Procedure 81(c), Massachusetts Rule of Civil Procedure 4(j) applies relative to the time frame for effectuating service of process, and that, under Massachusetts case law, Osborne failed to show good cause for failure to serve process in a timely manner. Final judgment was entered on March 6, 1995, and Osborne filed this appeal on March 9, 1995.

On appeal, Osborne contends that 28 U.S.C. § 1448 mandates application of Federal Rule of Civil Procedure 4(m) (which provides Osborne with 120 days to effect service of process from the date of removal) and that, even if Massachusetts Rule of Civil Procedure 4(j) applies, Osborne can demonstrate good cause for the delay in service of process.

DISCUSSION

The district court's decision as to which procedural rule applies is a question of law subject to plenary review. *See New Hampshire Ball Bearings v. Aetna Casualty and Surety Co.,* 43 F.3d 749, 752 (1st Cir.1995); *LoVuolo v. Gunning,* 925 F.2d 22, 25 (1st Cir.1991). We view this appeal as involving the straightforward application of state procedural law regarding service of process prior to removal to federal court. The district court correctly applied state procedural law prior to removal because state law governs the service of process prior to removal to the district court. Fed.R.Civ.P. 81(c). *See Winkels v. George A. Hormel & Co.,* 874 F.2d 567, 570 (8th Cir.1989);

*Witherow v. Firestone Tire & Rubber Co.,* 530 F.2d 160, 168 (3d Cir.1976). *See also Garden Homes, Inc. v. Mason,* 238 F.2d 651, 653 (1st Cir.1956).

**\*2** In this respect, we reject Osborne's contention that 28 U.S.C. § 1448, which governs procedure only after removal to federal court, mandates application of Federal Rule of Civil Procedure 4(m). Osborne asserts that service of process was "unperfected" or "defective" within the meaning of 28 U.S.C. § 1448 as of the date of removal because her Emergency Motion was still pending before the state court when the action was removed. We reject Osborne's argument because the district court, pursuant to the general rule that state law governs sufficiency of process prior to removal and should be applied by federal courts in determining whether there were procedural deficiencies prior to removal, applied the same test that the state court would have applied in deciding the Emergency Motion; that is, whether, under Massachusetts Rule of Civil Procedure 4(j) and applicable case law, Osborne demonstrated good cause for failure to serve process in a timely manner. Fed.R.Civ.P. 81(c); *Winkels,* 874 F.2d at 570. Osborne had the same opportunity before the district court to demonstrate good cause for failure to timely serve process that she would have had before the state court had the case not been removed to district court.

Furthermore, we agree with the district court's conclusion that the doctrine enunciated in *Hanna v. Plummer,* 380 U.S. 460 (1965), and the provisions of 28 U.S.C. § 1448 do not apply. Applying Section 1448 would ignore Osborne's procedural deficiency in state court, and effectively penalize Sandoz for exercising its removal right. We decline to use Section 1448, as the district court noted, to "breathe jurisprudential life in federal court to a case legally dead in state court." *Witherow,* 530 F.2d at 168.

We turn to the district court's application of Massachusetts precedent (as opposed to federal precedent) in its determination of whether Osborne demonstrated good cause for her failure to timely serve process. Contrary to Osborne's contentions, we note that once the district court correctly decided to apply Massachusetts Rule of Civil Procedure 4(j), it correctly applied Massachusetts precedent construing good cause under Massachusetts Rule of Civil Procedure 4(j).

The district court's finding that Osborne failed, under Massachusetts Rule of Civil Procedure 4(j) and applicable case law, to show good cause for her failure to make timely service is reviewed for abuse of discretion. *Benjamin v. Grosnick,* 999 F.2d 590, 591 (1st Cir.1993). Based on our review of the record below, we find no abuse of discretion by the district court in its finding that Osborne failed to demonstrate good cause for failure to timely serve process. *See Hull v. Attleboro Savings Bank,* 33 Mass.App.Ct. 18, 26 (1992); *Shuman v. The Stanley Works,* 30 Mass.App.Ct. 951 (1991).

In sum, we find that the district court applied the correct legal standards and did not abuse its discretion in dismissing Osborne's complaint for insufficient service of process.

**\*3** *Affirmed.*

**All Citations**

67 F.3d 289 (Table), 1995 WL 597215

---

2006 WL 752574
Only the Westlaw citation is currently available.
United States District Court,
N.D. Indiana, Fort Wayne Division.

Amy SUTCLIFF, Plaintiff,
v.
John E. POTTER, Postmaster General,
United States Postal Service, Defendant.

No. Civ. 1:05CV425.
|
March 21, 2006.

**Attorneys and Law Firms**

Samuel L. Bolinger, Samuel L. Bolinger & Associates, Fort Wayne, IN, for Plaintiff.

Deborah M. Leonard, US Attorney's Office, Fort Wayne, IN, for Defendant.

*OPINION AND ORDER*

LEE, J.

**\*1** This matter is before the court on a "Motion to Dismiss for Lack of Subject Matter Jurisdiction, Jurisdiction Over the Person, and for Improper Service of Process", filed by the defendant, John E. Potter, Postmaster General ("Potter"), on February 1, 2006. The plaintiff, Amy Sutcliff ("Sutcliff"), filed her response on February 15, 2006, to which Potter replied on February 21, 2006.

For the following reasons, the motion to dismiss will be granted.

*Discussion*

Sutcliff initiated this Title VII action against John E. "Porter" in the Allen Superior Court on or about December 8, 2005. Potter timely removed the action to the United States District Court, Northern District of Indiana, Fort Wayne Division, on December 21, 2005, and amended the caption to read "John E. Potter".

Potter has moved this Court to dismiss this suit because, under the derivative jurisdiction doctrine applicable to removal under 28 U.S.C. § 1442, subject matter jurisdiction is lacking. Potter argues that subject matter jurisdiction is absent in this Court because the state court lacked subject matter jurisdiction since plaintiff failed to "file" this suit within the statute of limitations applicable to Title VII suits against a federal employer.[1]

[1] Potter also asserts that this case is subject to dismissal for lack of jurisdiction over the person and improper service of process.

The doctrine of derivative jurisdiction provides that "where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction". *State of Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 83 L.Ed. 235 (1939); *Arizona v. Manypenny,* 451 U.S. 232, 242, 101 S.Ct. 1657, 68 L.Ed.2d 58 N.17 (1981); *Edwards v. U.S. Dept. of Justice,* 43 F.3d 312, 316 (7th Cir.1994). The doctrine applies to cases removed to federal court under 28 U.S.C. § 1442. *See, e.g. Edwards v. U.S. Dept. of Justice,* 43 F.3d 312, 316 (7th Cir.1994). The state court's lack of jurisdiction flows from plaintiff's failure to have "filed" the instant action timely in state court, because counsel failed to timely comply with the provisions of 39 U.S.C. § 409(b) and Rule 4(I) of the Fed.R.Civ.P. which govern proper service of process on the USPS.

Title VII is the exclusive remedy for discrimination suits against federal agencies by federal employees. 42 U.S.C. § 200e-16 (c). Specifically, 42 U.S.C.2000e-16(c) allows a federal employee to file a discrimination suit "as provided in section 2000e-5 of this Title". 42 U.S.C. § 2000e-16(c). Further, 42 U.S.C. § 2000e-5 confers jurisdiction for such suits in the district courts. 42 U.S.C. § 2000e-5(f)(3). In this case, Sutcliff initiated her suit against Potter in state court. With regard to service, federal law obligated Sutcliff to serve the entities outlined in Rule 4(I) of the Fed.R.Civ.P., even if she sued in state court. 39 U.S.C. § 409(b); *See Finch v. Small Business Administration of Richmond, Va.,* 252 N.C. 50, 112 S.E.2d 737 (N.C.1960); *United States v. McNeil,* 661 F.Supp. 28 (E.D.Ky.1987); *United States v. Rockland Trust Company,* 860 F.Supp. 895, 897 n. 3 (D.Mass.1994). Title 39 U.S.C. § 409(b) defines the "necessary" parties to be served when suing the Postal Service and provides as follows:

**\*2** (b) Unless otherwise provided in this title, the provisions of title 28 relating to service of process, venue, and limitations of time for bringing action in suits in which the United States, its officers, or employees are parties, and rules of procedure adopted under title 28 for suits in which the United States, its officers, or employees are parties, shall apply in like manner to suits in which the Postal Service, it officers, or employees are parties. 39 U.S.C. § 409(b).

Further, under state law Sutcliff's complaint is not deemed "filed" until she complies with these service requirements. *See Ray-Hayes v. Heinamann,* 760 N.E.2d 172, 174 (2002)(Complaint is not deemed filed until all necessary summonses have been tendered to the clerk).

Pursuant to Rule 4(I) of the Fed.R.Civ.P., in order to effectively serve the United States and its agencies, plaintiff must serve the United States Attorney for the district in which the action is brought (or Assistant United States Attorney, clerk, or service process clerk designated by the U.S. Attorney), the Attorney General of the United States, and the agency. The state court records indicate that the plaintiff tendered to the state court clerk three summonses for postal employees only, and served only them. Neither the United States Attorney, nor the Attorney General was served as required by Rule 4(I).

Potter acknowledges that 28 U.S.C. § 1448 provides that after removal, incomplete or defective process may be completed or corrected by re-issuance. However, as Potter argues, the issue is not whether this court can now correct defective service, but whether it can confer jurisdiction on a state court that had none. In this case it cannot, because prior to removal, the case was deemed "dead" under state law before it was removed, and it cannot now be resurrected by the removal and 28 U.S.C. § 1448. *Morton v. Meagher,* 171 F.Supp.2d 611, 615 (E.D.Va.2001); *Witherow v. Firestone Tire and Rubber Co.,* 530 F.2d 160 (3rd. Cir.1976); In determining whether an action is viable, prior to removal, state law must be applied. *Morton* at 615; *Witherow* at 168; *See Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119 (7th Cir.2001); *Oiler v. Biomet Orthopedics,* 2003 WL 22228574 (E.D.La.2003).

Indiana law for commencement of an action where service of process is needed, requires that the "necessary" summonses be furnished to the clerk at the time the complaint is filed. Rule 3 of the Indiana Rules of Court, Rules of Trial Procedure. Further, under Indiana law, a civil action is not deemed commenced, even if plaintiff files her complaint within the applicable statue of limitations, unless all "necessary" summonses are tendered to the clerk within the statute of limitations for the action. Rule 3; *Ray-Hayes v. Heinamann,* 760 N.E.2d 172, 174 (2002); *Fort Wayne Intern. Airport v. Wilburn,* 723 N.E.2d 967 (2000). The applicable period of time for plaintiff to commence her Title VII actions in court is found at 42 U.S.C. § 2000e-16(c), which provides that the action be commenced in court within ninety (90) days after receiving the notice of Final Agency Decision.

**\*3** Sutcliff received her Final Agency Decision on or about August 8, 2005. (Complaint ¶ 6, Exhibit B). Sutcliff's notice told her to file her action in district court within ninety (90) days. (Exhibits C and D). Instead, Sutcliff chose to file her action in state court. Because Sutcliff attempted to commence her action against Potter in state court, the "necessary" summonses were defined by 39 U.S.C. § 409(b), and not state procedural rules. However, on the date she filed her complaint, November 1, 2005, Sutcliff tendered summonses only for postal employees. Court records show that Sutcliff did not tender "necessary" summonses for the United States Attorney or the Attorney General as required by Rule 4(I) of the Fed.R.Civ.P. and 39 U.S.C. § 409. The ninety (90) day period for Sutcliff to file her civil action expired on or about November 8, 2005. This case was removed by Potter on December 21, 2005, after Sutcliff's ninety (90) day period for bringing her Title VII action expired. Because Sutcliff's Title VII action was never considered "commenced" in state court, and could never have been deemed "commenced" after the ninety (90) day period expired, it would have been dismissed by the state court. Rule 3 of the Indiana Rules of Trial Procedure; *Ray-Hayes v. Heinamann,* 760 N.E.2d 172, 174 (2002). Thus, Sutcliff's Title VII action was "dead" in state court before it was removed. *See Morton v. Meagher,* 171 F.Supp.2d 611, 615 (E.D.Va.2001)(a case is "dead" in state court if service is not effected within the time frame prescribed by statute).

Because this court does not have subject matter jurisdiction over this action, this court has no authority to allow Sutcliff to cure an ineffective service of process. *State of Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 83 L.Ed. 235 (1939); *Edwards v. United States Department of Justice,* 43 F.3d 312, 316 (7th Cir.1994); *Morton* at 611. As such, this case must be dismissed. *Marshall v. Warwick,* 155 F.3d 1027, 1033 (8th Cir.1998); *Morton* at 615.

*Conclusion*

On the basis of the foregoing, Potter's motion to dismiss is hereby GRANTED.

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 752574

---

**End of Document**  © 2019 Thomson Reuters. No claim to original U.S. Government Works.

370 Wis.2d 788
Unpublished Disposition
See Rules of Appellate Procedure, Rule 809.23(3), regarding citation of unpublished opinions. Unpublished opinions issued before July 1, 2009, are of no precedential value and may not be cited except in limited instances. Unpublished opinions issued on or after July 1, 2009 may be cited for persuasive value.
NOTE: THIS OPINION WILL NOT APPEAR IN A PRINTED VOLUME. THE DISPOSITION WILL APPEAR IN A REPORTER.
Court of Appeals of Wisconsin.

Anunpama WAHAL, Plaintiff–Appellant,
Sanjay Wahal and American Family Mutual Insurance Company, Involuntary–Plaintiffs,

v.

Stephanie J. WEISS and State Farm Mutual Automobile Insurance Company, Defendants–Respondents.

No. 2015AP1379.
|
June 9, 2016.

Appeal from a judgment of the circuit court for Outagamie County: Nancy J. Krueger, Judge. *Affirmed and cause remanded with directions.*

Before HIGGINBOTHAM, SHERMAN, and BLANCHARD, JJ.

**Opinion**

¶ 1 PER CURIAM.

*1 Anunpama Wahal appeals a judgment of the circuit court dismissing with prejudice Wahal's personal injury action against Stephanie Weiss and State Farm Mutual Automobile Insurance Company. The court concluded that Wahal's failure to timely serve the original summons and complaint on Weiss and State Farm constituted a fundamental defect that deprived the court of personal jurisdiction over the defendants. We agree, based on controlling case law, and accordingly affirm. We also grant the motion for costs and attorney's fees based on a frivolous appeal.

**BACKGROUND**

¶ 2 There is no dispute regarding the following pertinent facts. In 2014, Wahal filed a summons and complaint alleging that she suffered damages as a result of a car accident with Weiss that had occurred nearly three years earlier. Wahal subsequently filed an amended summons and complaint, adding her husband as a party to the action, and including an additional claim by the husband. The *amended* summons and complaint, but not the *original* summons and complaint, were timely served on Weiss and her insurer, State Farm. Wahal concedes that she never served the original summons and complaint on Weiss and State Farm, even though Weiss and State Farm raised insufficiency of service as an affirmative defense in their answer to the amended summons and complaint.

¶ 3 After 90 days passed without Wahal serving the original summons and complaint, which was after the three-year statute of limitations for personal injury actions had run, Weiss and State Farm brought a motion to dismiss. The circuit court granted the motion, and rejected a motion for reconsideration, characterizing the motion as having been "brought and continued without a reasonable basis in law or equity."[1] Wahal appeals.

1   Explaining more fully, after Wahal filed her notice of appeal, the circuit court issued a decision and order denying the motion for reconsideration that Wahal had filed (which raised the same issues she now raises on appeal), and granting as sanctions Weiss and State Farm's motion for costs related to the reconsideration motion. Wahal does not appeal the order denying reconsideration and therefore we do not discuss further any issues related to the order in this opinion.

**DISCUSSION**

¶ 4 WISCONSIN STAT. ch. 801, which governs the commencement of actions, provides, in pertinent part, that "[a] civil action in which a personal judgment is sought is commenced as to any defendant when a summons and a complaint naming the person as defendant are filed with the court," *provided that* the defendant is served with "an authenticated copy of the summons and of the complaint ... within 90 days after

filing." WIS. STAT. § 801.02(1) (2013–14).[2] The same terminology is used in addressing the application of statutes of limitations. *See* WIS. STAT. § 893.02 (for statute of limitations purposes "an action is commenced ... as to each defendant, when the summons naming the defendant and the complaint are filed with the court, but no action shall be deemed commenced as to any defendant upon whom service of authenticated copies of the summons and complaint has not been made within 90 days after filing.").

2   All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

¶ 5 " 'Wisconsin requires strict compliance with its rules of statutory service, even though the consequences may appear to be harsh.' " *American Family Mut. Ins. Co. v. Royal Ins. Co. of Am.,* 167 Wis.2d 524, 531, 481 N.W.2d 629 (1992) (quoting *Mech v. Borowski,* 116 Wis.2d 683, 686, 342 N.W.2d 759 (Ct.App.1983)).

**\*2** "[T]he service of a summons in a manner prescribed by statute is a condition precedent to a valid exercise of personal jurisdiction" .... Significantly, a defendant's actual notice of an action is not alone enough to confer personal jurisdiction upon the court; rather, "[s]ervice must be made in accordance with the manner prescribed by statute."

*Johnson v. Cintas Corp. No. 2,* 2012 WI 31, ¶ 25, 339 Wis.2d 493, 811 N.W.2d 756 (quoting *Danielson v. Brody Seating Co.,* 71 Wis.2d 424, 429, 238 N.W.2d 531 (1976)).

¶ 6 In *Johnson,* our supreme court observed that "our courts have recognized a distinction between service that is fundamentally defective, such that the court lacks personal jurisdiction over the defendant in the first instance, and service that is merely technically defective." *Johnson,* 339 Wis.2d 493, ¶ 26, 811 N.W.2d 756. If the defect is fundamental, rather than merely technical, then the court lacks personal jurisdiction over the defendant, regardless of whether the defect resulted in prejudice to the defendant. *American Family,* 167 Wis.2d at 533, 481 N.W.2d 629.

¶ 7 Wahal argues that, in light of the fact that she served the amended summons and complaint within 90 days of filing of the original summons and complaint, her failure to serve the original summons and complaint within 90 days of filing the original summons and complaint is merely a technical defect that does not deprive the court of personal jurisdiction over Weiss and State Farm. That is, she contends that her service of "an authenticated amended summons and complaint comports with the purpose and intent" of WIS. STAT. § 801.02(1). In support, Wahal relies on older precedent that stands for the following general proposition: personal jurisdiction can be established despite an error in service, as long as a defendant is on notice of the action and did not suffer prejudice from the error in service. *See, e.g., Lak v. Richardson–Merrell, Inc.,* 100 Wis.2d 641, 302 N.W.2d 483 (1981); *Schlumpf v. Yellick,* 94 Wis.2d 504, 288 N.W.2d 834 (1980).

¶ 8 Wahal's arguments are entirely without merit. They rely on legal authority that pre-dates *American Family,* cited above, in which our supreme court established the distinction between "fundamental" versus "technical" defects in this context, specifically concluding that "[f]ailure to comply with sec. 801.02(1) Stats., constitutes a fundamental error which necessarily precludes personal jurisdiction regardless of the presence or absence of prejudice." *See American Family,* 167 Wis.2d at 533–35, 481 N.W.2d 629. Moreover, the authority on which Wahal relies also pre-dates controlling precedent from this court that specifically relies on *American Family. See Bartels v. Rural Mut. Ins. Co.,* 2004 WI App 166, ¶¶ 15–17, 275 Wis.2d 730, 687 N.W.2d 84 (affirming circuit court's dismissal of action as untimely where amended summons and complaint were timely served on defendant, but original summons and complaint were never served on defendant).

¶ 9 Like Wahal here, the plaintiffs in *Bartels* filed an original summons and complaint but never served them on the defendant. *Id.,* ¶ 4. Like Wahal, the plaintiffs in *Bartels* also subsequently filed and timely served on the defendant an amended summons and complaint. *Id.,* ¶ 5. Like the circuit court here, the circuit court in *Bartels* granted defendant's motion to dismiss on the ground that the plaintiffs' failure to serve the original summons and complaint resulted in the action never having been commenced and, like Wahal, the plaintiffs in *Bartels* appealed the dismissal to this court. *Id.,* ¶ 6.

**\*3** ¶ 10 In *Bartels,* we upheld the circuit court's dismissal of the plaintiffs' action. Relying on *American Family,* we concluded that the plaintiffs' "failure to serve [the defendant] with the original summons and

complaint within ninety days of their filing" "constituted a fundamental defect." *Id.,* ¶ 16, 481 N.W.2d 629 (citing *American Family,* 167 Wis.2d at 534–35, 481 N.W.2d 629). We further explained that "[a] fundamental defect deprives the circuit court of personal jurisdiction over the defendant," *id.* (citations omitted), and that "a fundamental defect cannot be remedied with an amended pleading," *id.,* ¶ 17, 481 N.W.2d 629. We conclude that here, as in *Bartels,* Wahal's failure to serve Weiss and State Farm with the original summons and complaint within 90 days resulted in the three-year statute of limitations period expiring without an action having been commenced, leaving the court without personal jurisdiction over Weiss and State Farm. Under *American Family* and *Bartels,* the failure was a fundamental defect that could not be remedied by Wahal's subsequent filing of an amended pleading.

¶ 11 By separate motion, Weiss and State Farm ask us to deem Wahal's appeal frivolous and remand the action to the circuit court so that it may determine costs. We grant the motion, because we conclude that this appeal was brought "without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." *See* WIS. STAT. § 809.25(3)(c)2. For the following reasons, we view Wahal's counsel's approach here to be frivolous.

¶ 12 First, as discussed above, *American Family* and *Bartels* are not ambiguous when applied to the undisputed facts here and Wahal heavily relies on pre-*American Family* and *Bartels* authority, which is an obvious nonstarter. *See American Family,* 167 Wis.2d at 531, 481 N.W.2d 629; *Bartels,* 275 Wis.2d 730, ¶¶ 15–17, 687 N.W.2d 84.

¶ 13 Second, Wahal does not provide any basis to extend, modify, or reverse existing law. *See* WIS. STAT. § 809.25(3)(c)2.

**\*4** ¶ 14 Third, Wahal invites us to distinguish *Bartels* based on an inaccurate summary of that case. Wahal states, "Bartels failed to serve any complaint within the ninety (90) days allowed by statute" and also states that the court in *Bartels* "concluded that plaintiffs attempted to resurrect actions that were never commenced prior to the statute of limitations deadline because *no* summons and complaint were served within 90 days." (Emphasis in original.) In fact, the court in *Bartels* specifically noted that the plaintiffs "filed an amended summons and timely served [the defendant] with the amended summons and complaint" and that the defendant "was never served with the *original* summons and complaint" and that "[b]ecause [the defendant] did not have timely notice of the *original* action, to allow the *amended* suit to proceed would deprive [the defendant] of the statute of limitations protections." *Bartels,* 275 Wis.2d 730, ¶¶ 5, 15, 687 N.W.2d 84 (emphasis added).

¶ 15 Fourth, in a further pretense at distinguishing her case from *Bartels,* Wahal inaccurately characterizes the contents of one of her pleadings in the instant case. Wahal repeatedly asserts that the amended complaint was "nearly identical" to the original complaint and that the only difference was that the amended complaint added Wahal's husband as a party. Wahal represents that "the amended complaint did not change in substance, nor did it add additional language, rather it was simply filed to add Sanjay Wahal, Wahal's husband." We are especially troubled by the fact that, even after Weiss and State Farm point out that the amended complaint expanded the claims, Wahal persists in her position that "[t]he two pleadings are nearly identical. The amended pleadings merely added Wahal's husband to the action." The pleadings reveal that Wahal's amended complaint not only added her husband as a party, but added "a claim for loss of society and companionship in this matter as a direct result of the actions of [Weiss.]"

## CONCLUSION

¶ 16 For the foregoing reasons, we conclude that the circuit court properly dismissed the action. We also grant Weiss and State Farm's motion to find the appeal frivolous, remanding to the circuit court for a determination of costs and reasonable attorney fees incurred by Weiss and State Farm in defending the appeal.

Judgment affirmed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

**All Citations**

370 Wis.2d 788, 882 N.W.2d 871 (Table), 2016 WL 3190061, 2016 WI App 57

**End of Document**                               © 2019 Thomson Reuters. No claim to original U.S. Government Works.