## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF WISCONSIN
## GREEN BAY DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>        Plaintiff,<br><br>   vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC,<br>F/K/A SYNTHESIS FILMS, LLC;<br>LAURA RICCIARDI; AND MOIRA<br>DEMOS,<br><br>        Defendants. | Civil No.: 19-CV-484 |

**RESPONSE BY DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS AND
CHROME MEDIA LLC TO PLAINTIFF'S CIVIL L.R. 7(h) EXPEDITED MOTION
TO FILE SUPPLEMENTAL SUR-REPLY BRIEF AND
<u>SUPPLEMENTAL DECLARATION OF DEBRA L. BURSIK</u>**

In his second proposed sur-reply to the Producer Defendants' Motion to Dismiss, Plaintiff Andrew Colborn asks this Court to consider records from the California Secretary of State ("SOS") listing as the address for Chrome Media the office address of its registered agent for service of process, Tal Benari. Dkt. 92-1 at 2-3.  Although the Producer Defendants have no objection to this Court considering those public records, they file this response for two reasons: (1) to explain that they are not "inconsistent" with Moira Demos's declaration, *see* Dkt. 92 at 1, and (2) to explain that, whatever their contents, the fact remains that Colborn failed to serve the Producer Defendants in a timely manner.

**I.       The Producer Defendants' representations to the Court are accurate.**

The preprinted Statement of Information form that Chrome Media filed with the California SOS in 2016 unambiguously identifies Tal Benari as Chrome's agent for service of process in California.  Declaration of Debra L. Bursik Ex. 3 (Dkt. 92-2).  Benari's office address is also listed in the space provided for Chrome's "Business Address[]" and as the office address for Moira Demos, Chrome's manager and chief executive officer.  *Id.*  The form makes clear that, despite Colborn's assertion that Chrome had not designated an agent for service of process, Dkt. 52 at 20, the Producer Defendants accurately identified Benari as that agent, as well as the address at which he could be served, Dkt. 35 at 4, 6.

California law is not a model of clarity regarding the requirements for providing the address for a foreign limited liability company such as Chrome, which is organized under the laws of New York.  The statute titled "Office and agent for service of process; business records" provides that "[a] limited liability company shall designate and continuously maintain in the state both of the following:  (1) An office, *which need not be a place of its activity in this state*. (2) An agent for service of process."  Cal. Corp. Code § 17701.13(a) (emphasis added).  The

statute requiring the Statement of Information form requires a foreign LLC to provide "the street address of its principal business office in this state, if any." Cal. Corp. Code § 17702.09(a)(3). And the statute governing a foreign LLC's initial application for certification to do business in California—the only law cited by Colborn, Dkt. 92-1 at 2—requires "[t]he street address of the foreign limited liability company's principal office and of its principal business office in this state, if any." *Id.* § 17708.02(a)(3). The terms "principal office" and "principal business office" are not defined. Although the interrelationship of these statutory provisions is concededly less than clear, Section 17701.13(a) supports the conclusion that the "business address"—and thus the office address of its executive(s)—listed on a foreign LLC's Statement of Information does not need to be one at which it conducts business.

Based on that understanding, the 2016 Statement of Information provides Benari's Encino office as the mailing address for Demos and as Chrome's "principal office," a designation preprinted on the form. Dkt. 92-2 Ex. 3. In explaining why efforts to serve Demos and Ricciardi at Benari's office were unavailing, the Producer Defendants noted that neither of them have ever worked from that Encino office, which both the Demos and Benari Declarations explain is in fact the office of the accounting firm where *Benari* works, not Chrome's place of business. Dkt. 86 at 4 & n.3. Nothing in the 2016 Statement renders either of those declarations inaccurate.

## II. Documents from the California Secretary of State do not change the conclusion that Plaintiff failed to serve the Producer Defendants.

Regardless how the California forms and underlying statutes are interpreted, the fact remains that Colborn's attempts to serve the Producer Defendants were insufficient as a matter of law. For one thing, Colborn did not actually rely on any information contained in those forms when attempting service. Rather, although he failed to take the obvious step of simply serving

3

the New York Department of State, *see* Dkt. 86 at 14, Colborn relied exclusively on concededly accurate New York records identifying the mailing address to which the *Department of State* forwards process served on it, *see* Dkt. 52 at 3. In fact, his attorneys admit that they "discovered" the California forms (which are freely available on the California SOS website) only *after* the Producer Defendants replied to Colborn's opposition to the Motion to Dismiss, *see* Dkt. 92-1 at 1.

More importantly, even if the Court assumes, *arguendo*, that the Encino address is not only the address for Benari's accounting firm but also Chrome Media's offices, serving the receptionist at a corporate defendant's office ten days after the Wisconsin service deadline expired (which is the only proof of such service Colborn offers) is insufficient under Wisconsin law. *See* Dkt. 86 at 10. It is unreasonable as a matter of Wisconsin law to believe that a receptionist who disclaims any authority to accept service of process is the person in charge of an office—particularly where, as here, the plaintiff's process server has not asserted that he believed any such thing. *Id.* at 12.[1] Moreover, as to Ricciardi and Demos specifically, making one attempt at an address that self-evidently is the office of an accounting firm (and not the company at which the person to be served works), then two more at her home the following day, which is all Colborn's process server attests that he did, Dkts. 49 & 50, does not constitute the "reasonable diligence" required to justify resorting to alternative service by publication and mailing. Dkt. 86 at 3-4.

---

[1] Dkt. 86 at 12-13 discusses *Keske v. Square D Co.*, 58 Wis. 2d 307, 206 N.W.2d 189 (1973), to which Colborn includes an otherwise unexplained "*Cf.*" citation at page 3 of his supplemental sur-reply.

4

Case 1:19-cv-00484-BHL   Filed 06/27/19   Page 4 of 6   Document 96

Dated: June 27, 2019                    Respectfully submitted,

   *s/ James A. Friedman*
James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

Lee Levine
Matthew E. Kelley
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, D.C. 20006-1157
T: (202) 508-1110
F: (202) 661-2299
levinel@ballardspahr.com
kelleym@ballardspahr.com

Leita Walker
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com

*Counsel for Netflix, Inc.; Chrome Media LLC; Laura Ricciardi; and Moira Demos*

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2019, I caused the foregoing Response by Defendants Laura Ricciardi, Moira Demos and Chrome Media LLC to Plaintiff's Civil L.R. 7(h) Expedited Motion for Leave to File Sur-Reply Brief and Supplemental Declaration of Debra L. Bursik to be electronically filed with the Clerk of Court using the CM/ECF system which will provide copies to registered ECF participants.

I further certify that a copy of such filings was sent via U.S. Mail, first-class, postage prepaid, to counsel at the following address:

> Michael C. Griesbach
> Griesbach Law Offices, LLC
> P.O. Box 2047
> Manitowoc, WI 54221-2047

                                             *s/ James A. Friedman*
                                             James A. Friedman

20824652.1