IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>Plaintiff,<br><br>vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC,<br>F/K/A SYNTHESIS FILMS, LLC;<br>LAURA RICCIARDI; AND MOIRA<br>DEMOS,<br><br>Defendants. | Civil No.: 19-CV-484 |

**RESPONSE BY DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS AND CHROME
MEDIA LLC TO PLAINTIFF'S NEW ARGUMENTS
AT THE DECEMBER 19, 2019 HEARING**

At the hearing in this action on December 19, 2019, and in its subsequent Court Minutes and Order, the Court indicated that, before deciding whether an evidentiary hearing is necessary on the Producer Defendants' Motion to Dismiss, it would consider the oral arguments of counsel at the hearing. *See* Hr'g Tr. at 35:13-17, Dec. 19, 2019 (Dkt. 103); Ct. Mins. & Order, Jan. 3, 2020 (Dkt. 104). Because Plaintiff's counsel at oral argument relied on authority Plaintiff had never before cited in his briefing, Hr'g Tr. at 31:3-32:25, the Producer Defendants (Chrome Media, Laura Ricciardi and Moira Demos) respectfully submit this supplemental memorandum to aid the Court in making its determination.

Plaintiff's counsel's new argument is based on Wis. Stat. § 893.15. Hr'g Tr. at 31:3-32:25. Plaintiff never before mentioned this statute in any of his briefing in this case. For that reason alone, the Court should not consider Plaintiff's belated argument. *See, e.g.*, *Quality Oil, Inc. v. Kelley Partners, Inc.*, 657 F.3d 609, 614-15 (7th Cir. 2011) ("[A]rguments raised for the first time at oral argument are waived."). Regardless, the argument is without merit.

At the hearing, Plaintiff's counsel represented to the Court that § 893.15 "provides that where a case on a Wisconsin claim is pending in a foreign forum," including federal courts in Wisconsin, "the time of commencement or final disposition of an action is determined by the local law of the forum." Hr'g Tr. at 32:9-18. Thus, Plaintiff's counsel argued, the federal rules regarding when an action is commenced should apply, rather than Wisconsin's rules, *id.* at 32:21-25, and should effectively resuscitate an action that would have been time-barred had it remained in state court. Plaintiff's argument is fatally flawed, however, because § 893.15 does not apply here.

The statute provides that in a case *commenced* in a "non-Wisconsin forum," including federal courts, "the time of commencement or final disposition of an action is determined by the

local law of the forum." Wis. Stat. § 893.15(2). The relevant portion of the statute, Subsection (3), states that Wisconsin's statute of limitations "is tolled from the period of *commencement of the action in a non-Wisconsin forum* until the time of its final disposition in that forum." *Id.* § 893.15(3) (emphasis added). Plaintiff's argument apparently is that, upon removal, an action would be deemed "commenced" when the original complaint was filed in state court, pursuant to Federal Rule of Civil Procedure 3, regardless of whether it was properly served within 90 days under Wisconsin law. If so, that would mean that this case was filed within the three-year statute of limitations as against the Producer Defendants, regardless of whether they were properly served under state law.

But that is not what the statute says.

By its terms, the statute operates to toll the statute of limitations, not for any action *pending* in federal court but only upon *commencement* of the action in federal court. Wis. Stat. § 893.15(3). Plaintiff did not commence this action in federal court. He filed suit in state court. It is undisputed that state statutes apply before removal, and the Producer Defendants have shown that, by the time this case was removed to federal court, the action was already time-barred in state court as to any defendant not properly served by March 18, 2019, the 90-day statutory deadline for service. *See* Reply Mem. in Supp. of Mot. to Dismiss by Chrome Media LLC, Laura Ricciardi, and Moira Demos at 1-2 (Dkt. 86). Moreover, even if § 893.15 were interpreted to deem that an action is "commenced" in federal court upon removal, Plaintiff's claims against the Producer Defendants would still be time-barred because they were already dead at the time of removal—the statute of limitations had already expired. As Judge Crabb has explained (albeit in *obiter dictum*), § 893.15 does *not* toll the statute of limitations in such

3

circumstances. *See Nelson v. Transguard Ins. Co. of Am.*, No. 14-cv-862-bbc, 2015 U.S. Dist. LEXIS 139579, at *17-18 (W.D. Wis. Oct. 13, 2015).

Accordingly, § 893.15 does not alter the fact that *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980), controls this case, not *Hanna v. Plumer*, 380 U.S. 460 (1965). As the Supreme Court emphasized in *Walker*, that case involved state law concerning when an action is commenced, while *Hanna* addressed the distinct question of "the manner in which process was served." *Walker*, 446 U.S. at 747. In *Walker,* the Supreme Court held that, while state statutes governing the manner of service are in direct conflict with and thus supplanted by the federal rules, statues such as Wisconsin's—which deem an action commenced upon the date of filing only if process is properly served by the state statutory deadline—do *not* conflict with the federal rules. *Id.* at 749-51. Such statutes are "part and parcel" of the state statute of limitations, and overriding them with federal rules would be inequitable:

> There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants.

*Id.* at 753.

*Walker* itself also disposes of Plaintiff's counsel's contention, Hr'g Tr. at 31:13-24, that the key difference between *Walker* and *Hanna* is that the latter was a removed case and therefore implicated 28 U.S.C. § 1448. Even if that were so, *Walker* would still control: by its terms, the federal statute applies only to *service*, not the entirely separate question of when an action is commenced. *See* 28 U.S.C. § 1448. As the Third Circuit has explained, it would be improper to interpret § 1448 in a way that would abrogate a state's statute of limitations; rather, that statute "cannot be utilized to breathe jurisprudential life in federal court into a case legally dead in state

4

court." *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 168 (3d Cir. 1976). The same is true here.

As a result, the Producer Defendants respectfully submit that Plaintiff's counsel's new arguments do not withstand scrutiny. Simply put, state law governs *both* when this action was commenced and the adequacy of service before removal.

Dated: January 6, 2020

Respectfully submitted,

*s/ James A. Friedman*

James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

Lee Levine
Matthew E. Kelley
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, D.C. 20006-1157
T: (202) 508-1110
F: (202) 661-2299
levinel@ballardspahr.com
kelleym@ballardspahr.com

Leita Walker
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com

*Counsel for Netflix, Inc.; Chrome Media LLC; Laura Ricciardi; and Moira Demos*

21696767.1