IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ANDREW L. COLBORN,

    Plaintiff,

vs.                      Civil No.: 19-CV-484

NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS LLC; LAURA RICCIARDI; AND MOIRA DEMOS,

    Defendants.

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE NEW RESPONSE BRIEF (DKT #108)**

## INTRODUCTION

Defendants request leave to file a new response brief that addresses argument made at the December 19, 2019, hearing. Their motion should be denied for at least two reasons, as further explained in the argument sections below. First, the issues that Plaintiff's counsel addressed at the hearing were first coherently articulated by Defendants in a submission to which Plaintiff had no prior opportunity to respond, short of inundating the Court with yet another unauthorized written submission. Therefore, Plaintiff properly discussed those issues at the hearing. Second, the arguments in Defendants' proposed new response are inapposite and therefore unhelpful.

# ARGUMENT

## I. Due to Defendants' Evolving Argument, It Was Fair to Provide Plaintiff an Opportunity to Address Defendants' *Walker* Theory at the Hearing.

The timeline of this case demonstrates that Defendants' briefing evolved in such a manner that the hearing was Plaintiff's first legitimate opportunity to address Defendants' argument that the statutory schemes in Wisconsin and Oklahoma define "commencement" in an identical fashion, thereby allegedly supporting Defendants' belated claim that *Walker v. Arco Steel Corp.,* 446 U.S. 740 (1980), governs this case. As explained below, the *Walker* case was first cited by Defendants in passing in a reply brief. It was only further developed in response to Plaintiff's request to file a sur-reply to address the new argument. Accordingly, the Court could entirely disregard Defendants' arguments based on *Walker* as raised belatedly and as inadequately briefed. At a minimum, it was reasonable for Plaintiff to be provided an opportunity to address the argument at the hearing.

The following summary corrects the record[1] as to the manner in which Defendants eventually developed their argument under *Walker:*

- Defendants' <u>initial brief</u> made no mention of *Walker,* nor mentioned the statutes or rules that govern federal procedure after removal, 28 U.S.C. §1448 and Federal Rule of Civil Procedure 81(c). Instead, Defendants cited one federal case, *Romo v. Gulf Stream Coach, Inc.,* 250 F.3d 1119 (7th Cir. 2001), Dkt #35 at p. 8, for the proposition that state law governs the determination whether service of process that was attempted prior to removal was effective under state law – a point that Plaintiff has not disputed.[2]

---

[1] *Cf.* Defendants' motion, Dkt #108 at p. 2 (premising motion on the "entire record").

[2] As explained in detail in Plaintiff's response brief, Plaintiff's position is that state-law service was effective, even assuming, *arguendo*, that the Court finds that federal law does not permit additional time to serve. Dkt #52 at pp. 6-15. It should also be noted that *Romo* was not based on any *Walker* analysis, and the opinion further explained that federal procedure governs the events that occur after removal. 250 F.3d at 1122.

- Plaintiff pointed out in the <u>response brief</u> that even if service of process could be considered ineffective under state law prior to removal, federal procedure provides for additional time to serve after removal. Dkt #52 at pp. 5-6, 15-20.

- In an aside in their <u>reply brief</u>, Defendants included a citation to *Walker*, stating prior to citation to the case, "And where, as here, an action would be barred by the combination of applicable state service requirements and the statute of limitations, it may not be entertained by a federal court sitting in diversity." Dkt #86 at p. 2.

- Plaintiff sought leave to file a <u>sur-reply</u> to respond to this argument, arguing that *Walker* did not apply in the service-of-process context, but also explaining that:

  It should be noted that *Walker* was a case that was filed directly in federal court; it was therefore not decided under the rules that allow service under federal procedure after removal. 446 U.S. at 752-53; *cf.* 28 U.S.C. 1448; Rule 81(c); Wright & Miller, *supra.*

  Dkt #90-1 at p. 5.

- In <u>response to the motion for leave to the sur-reply</u>, Defendants argued:

  At issue in *Walker* was an Oklahoma law that, like Wisconsin's statute, deemed an action commenced if it was filed before the expiration of the statute of limitations only if it was properly served before expiration of the state service deadline. *Id.* at 743; *see also* Wis. Stat. § 801.02(1) (civil action "is commenced as to any defendant" when summons and complaint are filed provided proper service is effected within 90 days after filing). As the Producer Defendants have explained, Dkt #86 at 2, *Walker* necessarily means that this Court cannot entertain this action against the Producer Defendants because, since it was not properly served on them before Wisconsin's deadline, it was not properly commenced in the first instance. The only authority cited in the sur-reply brief is inapposite because it did not involve when an action is "commenced." *Mills v. Curioni, Inc.,* 238 F.Supp. 2d 876, 884 (E.D. Mich. 2002). That *is* the issue in this case and (as *Mills* acknowledges) it is the *precise* issue that *Walker* addressed.

  Dkt #91 at p. 3 (emphasis in original).

As the above demonstrates, Defendants' argument that there is an alleged identity between the statutory schemes in Wisconsin and Oklahoma was only first coherently developed in Defendants' response to Plaintiff's (subsequently denied) motion to file a sur-reply. Plaintiff

3

sought to file the sur-reply in order to respond to the *Walker* argument that Defendants first made in their reply brief.[3]

As the Court noted at the December 19 hearing, sur-reply briefs are disfavored by the Courts. Therefore, Plaintiff could not have subsequently filed a motion to submit a proposed reply to Defendants' response to an as-yet-undecided motion for leave to file a sur-reply – at least not without the near certainty of exasperating the Court. Accordingly, the first real opportunity that Plaintiff had to debunk Defendants' assertion that the statutory schemes were identical was at the hearing. It was entirely fair that Plaintiff be afforded that opportunity at the hearing. It should also be noted that Defendants' counsel once again reiterated at the hearing Defendants' argument that the Oklahoma and Wisconsin statutory schemes are effectively identical. Dkt #102 (final minutes of argument).

Despite Defendants' briefing inadequacies and the frustration that they have caused for all involved, Plaintiff respectfully submits that it would best serve the policies of the federal courts to decide these issues on their merits. *See, e.g., Runnion ex rel. Runnion v. Greater Girl Scouts of Chicago*, 786 F.3d 510, 520 (7th Cir. 2015); *Elliott v. Mission Trust Services, LLC*, 104 F.Supp.3d 931, 939 (N.D. Ill. 2015). As Plaintiff's counsel explained at the hearing, the question ultimately devolves into whether this case is governed by *Walker* or by the federal rules and *Hanna v. Plumer*, 380 U.S. 460 (1965), which *Walker* distinguished, 446 U.S. at 752, because either 1) there is no state law to which deference need be paid, because Wis. Stat. §893.15(2)

---

[3] Plaintiff's counsel is aware that the Court does not favor sur-reply submissions, and therefore Plaintiff sought to submit a proposed sur-reply as promptly as possible and to keep it as brief as possible. As a result, Defendants caused Plaintiff very real prejudice by forcing Plaintiff to attempt to respond to an evolving argument. Had Defendants' initial brief acknowledged that federal statutes and rules exist that govern procedure after removal, but identified from the start the *Erie/Hanna* issues that are now under consideration, Plaintiff would have had more time and space and an opportunity as of right to respond to those arguments, so that piecemeal briefing could have been avoided. It is for exactly these reasons that Courts often disregard inadequately and belatedly developed arguments.

defers to federal law; or 2) 28 U.S.C. §1448 and Federal Rule of Civil Procedure 81(c), as a federal statute and corresponding procedural rules, cannot be subjugated to state law, even if they compel a different outcome as a result of removal to federal court.

Further, the existence of Wis. Stat. §893.15 should not have come as a surprise to Defendants, who rely on Chapter 893 of the Wisconsin statutes as allegedly providing the limitations period that they contend governs this case. Dkt #35 at p. 15. If Section 893.15 was not considered by Defendants in making their arguments, then that fact in itself demonstrates that, contrary to the assertions in Defendants' initial brief, this is not a simple case in which statute-of-limitations issues are appropriately decided in cursory fashion as an add-on to a motion to dismiss for allegedly defective service of process. *Cf.* Dkt #35 at p. 15.

## II.     Defendants' Response Arguments Are Inapposite and Therefore Unhelpful.

Defendants' motion should also be denied because their proposed response brief ultimately provides no benefit to the Court in analyzing the issues, as it presents a distorted straw-man version of Plaintiff's response to Defendants' argument.

As noted above, in their most recent submission developing their *Walker* argument, Defendants identified "the issue" posed by their motion to dismiss as "when [this] action [was] `commenced.'" Dkt #91 at p. 3. That issue is directly addressed by Wis. Stat. §893.15(2), which provides as a matter of Wisconsin law that in a case in a non-Wisconsin forum, the commencement of the action is determined by reference to the local law of that forum. Wis. Stat. §893.15(2).

As Plaintiff's counsel explained at the hearing, this statute directly refutes Defendants' argument, which was first coherently articulated in their response to Plaintiff's motion for leave to file a sur-reply brief, that this case is on all fours with *Walker* because the Wisconsin and

5

Oklahoma statutory schemes are identical. *See* Dkt #91 at p. 3. Section 893.15(2) establishes that unlike the Oklahoma law considered in *Walker*, Wisconsin law provides that in an action pending in a federal forum – *i.e.*, this case – Wisconsin law expressly defers to federal law with respect to determination of "commencement" of the action. Section 893.15(2) is the section that Plaintiff's counsel read aloud at the hearing.

Defendants suggest that Plaintiff must be relying on a different subsection of the statute, Section 893.15(3), which provides for tolling of a statute of limitations while an action is pending in a non-Wisconsin forum. The provisions of 895.15(3) might be pertinent if this Court dismissed this action without prejudice and Plaintiff tried to re-file it in another court, but those are not the facts here. Contrary to the distorted version of Plaintiff's argument that is presented in Defendants' brief, Plaintiff does not need to resort to any "tolling" mechanism because, under the governing definition of "commencement," Plaintiff has timely commenced the action. *See Bishop v. Air Line Pilots Assoc. Int'l,* 331 F.R.D. 481, 485 (N.D. Ill. 2019) ("Tolling plays no role when a plaintiff satisfies the statute of limitations by timely filing within the required limitations period."). Under the federal rule that provides for commencement upon filing (made applicable through Wis. Stat. §893.15(2) – even assuming, *arguendo*, that the federal rules providing for additional time to serve would not override any contrary state law, under *Hanna*), Plaintiff has timely commenced this action. *See* Fed.R.Civ.Pro. 3.

Defendants may be attempting to suggest that when a federal court is the foreign forum at issue, Wis. Stat. §893.15(2) should be limited to those cases that are initially commenced in federal court. But the statute contains no such limitation. In the first section of Section 893.15, the Wisconsin Legislature specifically defined a "non-Wisconsin forum" as including a federal court located in Wisconsin. Wis. Stat. §893.15(1). Nonetheless, the Legislature included no

language in Section 893.15(2) that provides that a case that is in federal court as a result of removal is subject to a different rule than a case pending in federal court by the plaintiff's choice.

There is good reason *not* to make a distinction, because the Legislature may well have recognized that a defendant who removes to federal court and purposely seeks refuge in federal rules cannot complain of unfairness when federal law is used to determine commencement of the action. However, there is no need to speculate, because the language of the statute is clear on its face. *See, e.g., Marshall-Wisconsin Co., Inc. v. Juneau Square Corp.,* 139 Wis. 2d 112, 133 (1987) (if language of statute is plain, further examination of legislative intent is prohibited).

## **CONCLUSION**

Defendants' argument inaccurately portrays Plaintiff as raising "new arguments" at oral argument and inaccurately describes Plaintiff's position. The proposed response brief is therefore unhelpful to the Court's analysis on the pending motion. Plaintiff respectfully requests that the Court deny Defendants' motion to file their new proposed response brief (Dkt #108-1).

Dated this 7th day of January, 2020.

                SCHOTT, BUBLITZ & ENGEL, S.C.

                By: /s/ April Rockstead Barker
                    April Rockstead Barker
                    State Bar No. 1026163
                    Schott, Bublitz & Engel, S.C.
                    640 W. Moreland Blvd.
                    Waukesha, WI 53188-2433
                    (262)-827-1700

Co-Counsel for the Plaintiff, Andrew L. Colborn:

LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
George Burnett
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200

Phone: (920) 437-0476
Fax: (920) 437-2868
State Br No. 1005964

GRIESBACH LAW OFFICES, LLC
Attorney Michael C. Griesbach
State Bar No. 01012799
Griesbach Law Offices, LLC
PO Box 2047
Manitowoc, WI 54221-2047
(920) 320-1358