ANDREW L. COLBURN,

      Plaintiff,

                                        Case No. 19-cv-484-pp

   v.

NETFLIX, INC., CHROME MEDIA, LLC,
LAURA RICCIARDI, and MOIRA DEMOS,

      Defendants.

## ORDER SCHEDULING EVIDENTIARY HEARING AND DENYING AS MOOT DEFENDANTS' MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFF'S NEW ARGUMENTS (DKT. NO. 108)

At the December 19, 2019 motion hearing, the court indicated that it would schedule an evidentiary hearing on the service issue raised in the motion to dismiss filed by defendants Chrome Media, Laura Ricciardi and Moira Demos. Dkt. No. 104. The court discussed the multiple disputes of fact between the parties regarding when the plaintiff had served the defendants (or whether the plaintiff properly had served them), and the relationship between service—which would determine when the case "commenced"—and the statute of limitations.

After the court announced its intention to hold an evidentiary hearing, the plaintiff's counsel asserted that the court should use the federal rule and law regarding proper service to determine whether and when the defendants were properly served. Counsel argued that the defendants had not mentioned 28 U.S.C. §1448, "which governs service after removal where there's a defect in

service or in service prior to removal," in their initial motion to dismiss. Dkt. No. 103 at 31 lines 8-11. Plaintiff's counsel explained that the plaintiff had mentioned it in his response, which had led to the defendants' "reply brief and the mention of the *Walker* case." Id. at lines 11-12. Plaintiff's counsel asserted that the "Walker" case distinguished Hanna v. Plumer, 380 U.S. 460 (1965)—a decision that, despite filing two sur-replies, the plaintiff had not cited in his pleadings. The plaintiff asserted that because 28 U.S.C. §1448 was "implicated," Hanna governed, and provided that "where there is a direct conflict between a variably promulgated federal rule and even state substantive law, even the statute of limitations, which was essentially what was at issue in *Plumer*." Id. at lines 19-24. The plaintiff argued that under Hanna, the federal rule and federal law prevailed. The plaintiff also argued that under Wis. Stat. §893.15, when a Wisconsin claim is pending in a foreign forum, the foreign court looks to "local foreign law with respect to the question of commencement of an action." Id. at 32 lines 6-14.

Defense counsel responded that this was the first the defendants had heard about Wis. Stat. §813.15. Id. at 33 lines 3-4. Defense counsel asserted that the "Walker" case, which the defense has cited in its reply brief as Walker v. Armco Steel Corp., 446 U.S. 740 (1980), involved a statute nearly identical to the Wisconsin service statute, and mandated that if the defendants weren't properly served under the Wisconsin service statute, the plaintiff's claims could not proceed in federal court. Id. at 8-19. The defendants argued that Walker was "on all four squares with our case." Id. at 20-21. The defendants concluded

by saying that, while they understood the court thought there was a need for an evidentiary hearing, if the court found at that evidentiary hearing "that service did not occur pre-removal or pre-March 18, 2019, the case is over. Federal rules can't save this." Id. at 35 lines 1-5.

The court has reviewed the arguments and has looked at Hanna and Walker. The court finds the discussion of those cases—and much of the plaintiff's legal argument—to be irrelevant.

The events that gave rise to the plaintiff's claims began when the documentary aired on December 18, 2015. Wis. Stat. §893.57 states that an action to recover damages for intentional torts such as defamation "shall be commenced within 3 years after the cause of action accrues or be barred." The defendants argue that the plaintiff's cause of action accrued when the series aired, and so the three-year limitations period expired on December 18, 2018. This means that the plaintiff had to "commence" his action by December 18, 2018 to avoid being time-barred. The plaintiff filed his complaint in state court on December 17, 2018, the day before the alleged expiration of the statute of limitations. Dkt. No. 1-1.

Wis. Stat. §801.02(1) says that a civil case "is commenced" when the summons and complaint "are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days after filing." So the plaintiff's lawsuit is not time-barred if he properly served the defendants in accordance with Wisconsin law within ninety days of December 17, 2018—by Monday,

March 18, 2019. The defendants assert the plaintiff did not effectuate proper service under Wisconsin law by Monday, March 18, 2019, and that the lack of proper service meant the plaintiff's claims against the defendants were barred by the statute of limitations.

The plaintiff did not address this assertion in his opposition brief. In parts of the brief, he talked about the *federal* rule governing service of process—Fed. R. Civ. P. 4(m). Dkt. No. 52. At the third page of his response brief, the plaintiff discussed how courts liberally construe Fed. R. Civ. P. 4. Id. at 3. He pointed out that he'd moved for additional time to serve the defendants under Rule 4. Id. at 6. In other parts of his brief, the plaintiff argued that he'd properly served the defendants under state law. The plaintiff asserted that he had properly served the individual defendants "as required by the statute," citing Wis. Stat. §801.11(1)(c). Id. at 8. He also argued that he'd exercised due diligence in serving the defendants, such that service by publication was appropriate under Wis. Stat. §801.11(1)(c). Id. at 11.

The brief repeatedly asserted that the plaintiff had properly served the defendants before the case was *removed to federal court*. He did not, however, address the defendants' contention that he had not served them under Wisconsin law *before March 18, 2019*. Toward the end of his response, the plaintiff asserted that under 28 U.S.C. §1448, he had ninety days from the date of removal from state to federal court to serve any defendant who had not been properly served. Id. at 15. He also argued that the court had good cause to extend that time under Rule 4(m) of the federal rules.

The defendants responded that Fed. R. Civ. P. 4 does not determine when the case "commenced." Dkt. No. 86 at 1. They argued that the issue was whether the plaintiff properly served the defendants under Wisconsin law before the statute of limitations expired. Id. at 1-2. They contended that the fact that they removed the case to federal court had no bearing on the question, asserting that if the plaintiff did not properly serve them under state law by March 18, 2019 (weeks before the defendants removed the case to federal court), his claim against them was time-barred. Id. The defendants spent the rest of their reply brief explaining why they believe the plaintiff did not effect proper service under state law prior to March 18, 2019.

The plaintiff's arguments all glance off the relevant question: whether he "commenced" his action within the three-year statute of limitations. The plaintiff filed his state-law defamation action against the defendants in Wisconsin state court. Wisconsin law governs the statute of limitations for that state-law defamation claim, and it says that the plaintiff must "commence" his action on that claim within three years of the date it accrued. Wisconsin law defines the date of "commencement" of an action as the date the plaintiff files the action *only* if he properly serves it *under Wisconsin law* within ninety days of the date of filing. So whether a Wisconsin defamation action is time-barred depends on whether the plaintiff properly served the complaint in compliance with Wisconsin law within ninety days of the date he filed it.

The plaintiff has asserted that he properly served the defendants prior to removal. Even if true, that fact is irrelevant for statute-of-limitations purposes.

In order to avoid a statutory bar, he had to properly serve the defendants in accordance with Wisconsin law within ninety days of the date he served the complaint in state court. Nowhere in the plaintiff's pleadings does he state that he properly served the defendants under Wisconsin law by March 18, 2019.

Instead, the plaintiff argues that under 28 U.S.C. §1448, a plaintiff who discovers post-removal that service was defective may issue new service "in the same manner as in cases originally filed in such district court." Because any defect in service prior to March 18, 2019 is linked to the statute of limitations, the plaintiff's assertions amount to an argument that he should be able to use §1448 to get around the statute of limitations. At least one other district court has rejected a similar argument. In <u>Morton v. Meagher</u>, 171 F. Supp. 2d 611 (E.D. Va. 2001), a plaintiff who'd effected improper service on the last day prescribed by state statute cited §1448, arguing that it "allow[ed] a federal district court to correct deficient service." 171 F. Supp. 2d at 614. The Virginia court rejected this argument, holding that "§ 1448 does not retroactively extend the time limits prescribed by state law in cases where service was untimely *before* the action is removed to federal court." <u>Id.</u> at 615. The court went on to say that

> [n]othing in the text, or the legislative history, of § 1448 permits it to serve as a phoenix for the ashes of an action that could not have survived in the state courts. "Implicit in our conclusion is that § 1448 cannot be utilized to breathe jurisprudentially life into a case legally dead in state court." *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 168 (3d Cir. 1976). *See also Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1988) ("We do not believe this section can 'resurrect' a removed diversity case which would have been dismissed as time-barred had it remained in state court."); *Osborne*

*v. Sandoz Nutrition Corp.*, 67 F.3d 289, 289 [sic], 1995 WL 597215 (1st Cir. 1995) (unpublished) ("Applying Section 1448 would ignore [plaintiff's] procedural deficiency in state court, and effectively penalize [defendant] for exercising its removal right. We decline to use Section 1448, as the district court noted, to 'breathe jurisprudential life in federal court to a case legally dead in state court.'" (quoting *Witherow*, 530 F.2d at 168)); *Four Keys Leasing & Maintenance Corp. v. Smithis*, 849 F.2d 770, 774 (2nd Cir. 1988) ("it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation. If a claim that is time-barred under state law cannot have life breathed into it by being removed to federal court . . . ." (citing to *Witherow*, 530 F.2d 160)).

Id. at 615-616.

Nor does Fed. R. Civ. P. 81(c) (which the plaintiff did not cite), which provides that federal rules apply to a civil action after it is removed from state court, cure any defect in service that could result in the plaintiff's claim being time-barred. "'The Federal Rules make clear that they do not apply to filings in state court, even if the case is later removed to federal court.'" Cobb v. Aramark Correctional Serv's, LLC, 937 F.3d 1037, 1040 (7th Cir. 2019) (quoting Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 (7th Cir. 2001)). See also Alber v. Ill. Dep't of Mental Health and Developmental Disabilities, 786 F. Supp. 1340, 1376 (N.D. Ill. 1992). The Seventh Circuit has "instructed courts to distinguish between actions that occur before and after removal to federal court when applying federal procedure to removed cases." Id. "In determining the validity of service prior to removal, a federal court must apply the law of the state under which the service was made, and the question of amenability to suit in diversity actions continues to be governed by state law even after removal." Allen v. Ferguson, 791 F.2d 611, 616 n.8 (7th Cir. 1986). See also,

<u>Cardenas v. City of Chi.</u>, 646 F.3d 1001, 1005 (7th Cir. 2011) ("Because this attempt at service occurred before the case is removed, Illinois service of process rules govern whether the attempt was legally sufficient."). The plaintiff had to serve the defendants *in accordance with Wisconsin law* within ninety days of the date he filed his complaint in state court in order to file his claim within the three-year limitations period.

Given this, the court is stymied by the plaintiff's assertion at the December hearing that <u>Hanna</u> has any bearing on the question of whether the plaintiff's claim is time-barred due to failure to serve within ninety days of the date on which he filed his complaint. <u>Hanna</u>, decided almost fifty-five years ago, stands for the now-unremarkable proposition that in a diversity case, service of process is governed by Rule 4, not by the service rules of the state in which the federal court sits. It involved a case filed in federal court in the first instance; it did not involve a case removed from state to federal court. Had the plaintiff filed his case here in federal court to start with, of course service would have been governed by Rule 4.

The <u>Walker</u> case cited by the defendants in response also involved a case filed in federal court in the first instance. But <u>Walker</u> addresses the question in this case—whether federal procedural rules impact a state statute of limitations defined by the date of service. The issue in <u>Walker</u> was "whether in a diversity action the federal court should follow state law or, alternatively, Rule 3 of the Federal Rules of Civil Procedure in determining when an action is commenced for the purpose of tolling the state statute of limitations." <u>Walker</u>,

446 U.S. at 741. Rule 3 provides that a civil action "is commenced by filing a complaint with the court." The Oklahoma statute of limitations involved in Walker mandated that if the plaintiff filed the complaint within the limitations period, "the action is deemed to have commenced from that date of filing if the plaintiff serves the defendant within 60 days, even though that service may occur outside the limitations period." Walker, 446 U.S. at 743 (citing Okla. Stat., Tit. 12, § 95 (1971)). The plaintiff admitted that his case would have been foreclosed in state court but argued that Rule 3 governed how an action was commenced in federal court "for all purposes, including the tolling of the state statute of limitations." Id.

The Supreme Court rejected the plaintiff's argument. It stated that in contrast to the federal rule of procedure, "the Oklahoma statute is a statement of a substantive decision by that State that actual service on, and accordingly actual notice by, the defendant is an integral part of the several policies served by the statute of limitations." Id. at 751. The Court noted that limitations statutes set "a deadline after which the defendant may legitimately have peace of mind," and "recognize[] that after a certain period of time it is unfair to require the defendant to attempt to piece together his defense to an old claim;" the Court concluded that those "policy aspects" made "the service requirement an 'integral' part of the statute of limitations . . . ." Id. at 751-52.

The substantive Wisconsin statute of limitations, like the Oklahoma statute, makes the date of service under Wisconsin law an integral part of the statute of limitations. To avoid being time-barred, the plaintiff must

demonstrate that he properly served the defendants under *Wisconsin law* by the deadline set in the statute of limitations.

Finally, it appears that the first time the plaintiff raised Wis. Stat. §893.15 was at the December hearing, and defense counsel argued at that hearing that the court should not consider that statute in making its decision. Even had the plaintiff raised the argument in his pleadings, however, it would not have assisted him. The title of §893.15 is "Effect of an action in a non-Wisconsin forum on a Wisconsin cause of action." Section 893.15(2) says that in a non-Wisconsin forum, the time of commencement or final disposition of an action is determined by the law of the non-Wisconsin forum. This makes sense and is sort of a Wisconsin statutory version of Hanna; if a plaintiff sues on a Wisconsin cause of action in a court other than a Wisconsin state court, that court's law applies in determining when the case "commenced." If the plaintiff had filed his case in federal court in the first instance, Rule 3 would have governed the date upon which he "commenced" his action, and under §893.15(3), the Wisconsin statute of limitations would have been tolled until the federal case was complete. But this statute doesn't substitute a federal statute of limitations for the Wisconsin one upon removal, any more than §1448 cures deficiencies in service that impact the commencement of the limitations period.

That brings the court back around to its announcement at the December hearing that it needed an evidentiary hearing to decide the dispute over proper service. The defendants argued in their pleadings that there was no need for an

evidentiary hearing, because it was clear that the plaintiff had not served them in accordance with Wisconsin law prior to March 18, 2019. In particular, the defendants argued that the plaintiff's publication by service was deficient because the plaintiff did not exercise reasonable diligence in trying to serve the individual defendants personally before resorting to publication and he didn't properly serve the corporate defendant. The plaintiff vigorously disputes these assertions. This is where the factual disputes the court referenced crop up, and the court still needs evidence to determine whether the plaintiff properly served the defendants under Wisconsin law and when. If, after hearing the evidence, the court determines that the plaintiff properly served any of the defendants in accordance with Wisconsin law prior to March 18, 2019, the court will deny the motion to dismiss as to those defendants. If the court concludes that the plaintiff did not properly serve any of the defendants in accordance with Wisconsin law prior to March 18, 2019, the court will grant the motion to dismiss as to those defendants. The court will set aside **two hours** for the hearing.

The court **ORDERS** that the parties must appear in Courtroom 222 of the federal courthouse on **March 6, 2020 at 9:30 a.m.** for an evidentiary hearing on the question of whether the plaintiff properly served the defendants under Wisconsin law prior to March 18, 2019. The court **ORDERS** that by the end of the day on **February 26, 2020**, the parties each must file a witness list and an exhibit list. The court will not allow parties to present any witness who

does not appear on the witness list, or any exhibits not listed on the exhibit list.

The court **DENIES AS MOOT** the defendants' motion for leave to file response to plaintiff's new arguments. Dkt. No. 108.

Dated in Milwaukee, Wisconsin this 16th day of January, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**