IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

ANDREW L. COLBORN,

        Plaintiff,

vs.

NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,

        Defendants.

Civil No.: 19-CV-484

## AMENDED AND UNOPPOSED CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR BRIEF

Plaintiff, Andrew Colborn, by his attorneys, amends his motion for an order permitting him to exceed the page limit in his brief opposing Defendant Netflix, Inc.'s motion to dismiss the Second Amended Complaint. Mr. Colborn states as follows, with the material added for purposes of the amended version of this motion set forth in underlined text below:

1.    Civil Local Rule 7(f) states, "the principal memorandum in support of, or in opposition to, any motion must not exceed 30 pages."

2.    The defamation at issue in this case and as alleged in the Second Amended Complaint identifies numerous statements throughout a 10-part documentary series that are defamatory to Mr. Colborn. *See, e.g.,* Second Amended Complaint, ¶¶21-22, ¶¶23-48 Exs. A, B.

3.    Defendant raises at least three principal defenses in the motion to dismiss: 1) substantial truth; 2) opinion based on fully disclosed facts; and 3) lack of defamatory meaning.

4.    Defendant Netflix, Inc. (referenced hereafter as "Defendant") requested and received an extension to 50 pages for its brief, not counting in those limits other purportedly

factual materials that were submitted with the brief, asserting that there was "a voluminous amount of information embraced by the pleadings and/or subject to judicial notice is properly before the court despite the preliminary nature of Netflix's coming motion. . . . ."

5. In order to determine whether statements are capable of defamatory meaning, the statements must be considered both individually and in the context of the broadcast as a whole. *See, e.g., Masson v. New Yorker*, 501 U.S. 496, 522-25 (1991) (considering each of six edited quotations); *Mach v. Allison, 2003* WI App 11, ¶¶35-38 (considering each of several allegedly defamatory statements individually and in context of broadcast).

6. A defense of "substantial truth" also requires that defamatory statements be carefully considered in the context of the broadcast as a whole. *See, e.g., Martin v. Hearst Corp.,* 777 F.3d 546, 552 (2d Cir. 2015). Likewise, consideration whether statements are allegedly protected as "opinions" requires consideration of context and other criteria.

7. Accordingly, Plaintiff's response will necessarily include analysis of the specific defamatory statements in the 10-part "docuseries." Depending on how they are parsed, there are at least 50-70 defamatory statements, including statements by others as well as distorted versions of what appear to be Mr. Colborn's own testimony, that must be analyzed. *See, e.g.,* Second Amended Complaint at ¶¶21-22, ¶¶23-48 and Exs. A and B.

8. Opportunity for full and fair response to the Defendant's motion also requires analysis of substantive law of defamation, in Wisconsin and elsewhere, on each of the three principal defenses (and additional corollary arguments made by Defendant) as well as examination of the cases cited and relied upon by Defendant.

2

9. Because Defendant's motion relies upon at least three defenses, Mr. Colborn respectfully submits that 90 pages, or three times the individual motion page limits, would allow him to fairly analyze the respective statements the respective legal standards for each defense.

10. Despite efforts to summarize and consolidate wherever possible, the current draft of the response consists of nearly 80 pages with substantial additional information remaining to be incorporated. Therefore, hard editing choices will be required even with a limit of 90 pages.

11. Defendant indicated that it did not "intend to object to any corresponding requests by Colborn to file an oversized brief in opposition to Netflix's motion to dismiss." Dkt #116, ¶6. <u>Defendant has confirmed, through counsel, that it does not object to this motion based on the representation that Mr. Colborn will not oppose any request by Defendant for an extension of page limits for its reply. Defendant does not admit any substantive argument that may be contained in this motion.</u>

12. Mr. Colborn does not intend to oppose any request by Defendant for an extension of the number of pages for its reply in support of its motion to dismiss.

WHEREFORE Mr. Colborn respectfully requests that the Court grant this Civil Local Rule 7(h) Expedited Non-Dispositive Motion for Leave to Exceed Page Limit for Brief.

Dated this 21st day of April, 2020.

                            LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
                            Attorneys for Plaintiff, Andrew L. Colborn

                            By: <u>/s/ by April Rockstead Barker for George Burnett</u>
                                George Burnett

**<u>POST OFFICE ADDRESS:</u>**
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476

Fax: (920) 437-2868
State Br No. 1005964

**Co-Counsel:**

| | |
|---|---|
| Attorney Michael C. Griesbach | Attorney April Rockstead Barker |
| Griesbach Law Offices | Schott, Bublitz & Engel, s.c. |
| State Bar No. 01012799 | 640 W. Moreland Blvd. |
| Griesbach Law Offices, LLC | Waukesha, WI 53188 |
| PO Box 2047 | (262) 827-1700 |
| Manitowoc, WI 54221-2047 | (262)827-1701 (fax) |
| (920) 320-1358 | |