IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANDREW L. COLBORN,

          Plaintiff

NETFLIX, INC.,
CHROME MEDIA, LLC, f/k/a
SYNTHESIS FILMS, LLC,
LAURA RICCIARDI, and
MOIRA DEMOS,

          Defendants.

Case No. 19-CV-484

## MOTION FOR AN ORDER REQUIRING
## RULE 26(f) CONFERENCE

Plaintiff, by and through his undersigned counsel, hereby respectfully moves the Court, for an Order compelling Defendant Netflix, Inc. ("Netflix"), to participate in a conference under Federal Rule Procedure 26(f). In support of his motion, Plaintiff states and alleges as follows:

1. Plaintiff served on Netflix initial written discovery requests with his original Summons and Complaint, prior to Defendants' removal to this Court in April 2019.

2. Following this Court's decision in the original Federal Rule 12(b)(6) motion brought by Plaintiff, through his counsel, has requested that Netflix, through its counsel, participate in a Federal Rule 26(f) conference so that discovery could proceed. The discussions are, to the best recollection of counsel, set forth in the attached Certification pursuant to Civil Local Rule 37.

3. Plaintiff's counsel followed up his request for a Rule 26(f) conference in written correspondence, as set forth in the attached Certification.

4. It is Plaintiff's counsel's understanding that Netlifx's counsel takes the position that no merits discovery should proceed until Netflix's currently pending Rule 12(b)(6) motion is decided. It is also counsel's understanding that Netflix is unwilling to participate in a Rule 26(f) conference.

5. Subsequent to Plaintiff's service of the written request that Netflix participate in a Rule 26(f) conference, the COVID-19 pandemic resulted in various governmental orders restricting conduct and recommending practices to control the spread of the virus.

6. Plaintiff's counsel and counsel for Netflix have mutually acknowledged that production of most or all of the requested discovery will be impracticable or impossible until government restrictions relating to the COVID-19 crisis are relaxed.

7. It nonetheless appears that Plaintiff and Netflix are at an impasse regarding the question whether discovery should proceed after the restrictions are sufficiently relaxed and prior to decision on Netflix's pending motion.

8. Netflix's pending motion argues, among other things, that Defendants merely broadcast a substantially true report of portions of Steven Avery's trial. It is Plaintiff's position that the raw footage of the trial that is in Defendants' possession should be produced because it may reveal additional visual changes and edits to, among other things, Mr. Colborn's testimony at the trial.

9. As explained in the Declaration of Timothy Corrigan, Ph.D., comparison of the actual video of the deposition of Mr. Colborn as taken in Steven Avery's civil lawsuit against Manitowoc County conveys a very different impression of Mr. Colborn than

the impression conveyed by the edited portions of the testimony that appeared in the Making a Murderer broadcasts that are at issue in this case. Dkt #128, p. 4 at ¶18.

10. Wisconsin law requires that visual and audio components of a broadcast and their relation to each other be analyzed in considering an argument that the broadcast is substantially true. *See Mach v. Allison*, 656 N.W.2d 766, 778 (Wis. Ct. App. 2002) (citations omitted). In addition, when there are discrepancies between recordings of original statements or images and the transcripts of those statements, it is appropriate to refer to the recordings, which are more likely to be accurate. *Id.* at 779, n. 16. There may be inaccuracies or omissions in the Avery trial transcripts that would be identifiable only through access to the original footage.

11. Other materials in Defendants' possession may also be relevant to the argument advanced by Netflix that it only included in the broadcast substantially true accounts of the statements and information in its possession, because there may be material in Defendants' possession that was inconsistent with the content of the statements and information as included in the broadcast.[1] In support of their motion, Defendants have selectively produced numerous materials that they apparently had in their possession relating to the broadcast, such as certain transcripts of depositions of other witnesses taken in the Avery civil lawsuit. *See, e.g.,* Dkt #120-12,120-16, 120-17, 120-19. It is reasonable to suppose that Defendants produced only those materials that they believe support their assertion that the broadcast portrayed a substantially true

---

[1] Plaintiff disagrees that Defendants can claim protection under the "substantial truth" doctrine for simply reporting accurate versions accusations of third parties, but if the Court accepts Defendants' interpretation of Wisconsin law on this point, then it will be relevant whether Defendants' broadcast is an accurate version of the statements of others as they were recorded and filmed by Defendants.

account of the information that they possessed, while Plaintiff has not been able to obtain discovery that could prove otherwise.

12. In addition, it is possible that statements of individuals whose interviews appear in the broadcasts were qualified or limited in ways that make the versions in the broadcast inaccurate representations of the statements. Again, this is information that can only be obtained through discovery from the Defendants.

For the foregoing reasons, Plaintiff respectfully requests that the Court order that Netflix participate in a Rule 26(f) conference (by telephone) so that discovery can proceed prior to a decision on the currently pending Rule 12(b)(6) motion when the restrictions relating to the COVID-19 pandemic are sufficiently relaxed to permit production of discovery materials.

Dated this 30th day of April, 2020.

By: /s/April Rockstead Barker_____
April Rockstead Barker
Attorneys for Plaintiff, Andrew L. Colborn

Schott, Bublitz & Engel, s.c.
640 W. Moreland Blvd.
Waukesha, WI 53188
(262) 827-1700
(262) 827-1701 (fax)
abarker@sbe-law.com

**Co-Counsel:**

Attorney George Burnett
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
State Br No. 1005964

Attorney Michael C. Griesbach
Griesbach Law Offices
State Bar No. 01012799
Griesbach Law Offices, LLC
PO Box 2047
Manitowoc, WI  54221-2047
(920) 320-1358

## CERTIFICATION PURUSANT TO CIVIL LOCAL RULE 37

April Rockstead Barker, one of the attorneys for the Plaintiff in the above proceedings, certifies as follows:

1. My co-counsel Attorney George Burnett and I participated in a telephone conversation with counsel for Netflx, Inc., that I believe was held in early January, 2020. Among other topics of discussion, my recollection is that Attorney Burnett indicated that Plaintiff would like to proceed with merits discovery.

2. I participated in a telephone conversation with counsel for Netflix, Inc. on or about January 17, 2020, in which I explained that in particular, Plaintiff sought the raw footage of the Avery trial that was in Defendants' possession.

3. On or about March 12, 2020, I sent a letter to counsel for Netflix requesting that, at a minimum, the raw footage be produced and that a Rule 26(f) conference be scheduled.

4. I participated in a telephone conversation with counsel for Netflix, Inc. on or about March 27, 2020 in which counsel for Netflix explained that while Netflix continued to take the position that discovery should not proceed until after its current Rule 12(b)(6) motion is decided, the COVID-19 made it impossible to produce discovery in the interim.

5. Although the parties must necessarily await the return of a social environment that will permit discovery production, it appears that the parties are at an impasse regarding whether discovery should occur when it is possible and whether a Rule 26(f) conference should be conducted as a prelude to discovery.

Dated this 30th day of April, 2020.

By: /s/April Rockstead Barker
April Rockstead Barker
Attorneys for Plaintiff, Andrew L. Colborn