IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANDREW L. COLBORN,
        Plaintiff

NETFLIX, INC.,             Case No. 19-CV-484
CHROME MEDIA, LLC, f/k/a
SYNTHESIS FILMS, LLC,
LAURA RICCIARDI, and
MOIRA DEMOS,
        Defendants.

## JOINT RULE 26(f) REPORT

Please take note that, on May 14, 2020, undersigned counsel for Plaintiff, Andrew L. Colborn, and undersigned counsel for the respective Defendants did confer and discuss the following: (i) the nature and basis of their claims and defenses, (ii) the initial disclosures required by Rule 26(a)(1); (iii) issues regarding the preservation of discoverable information; and (iv) a plan for discovery.[1] To that end, and as required by Fed. R. Civ. P. 26(f) and Local Rule 26(a)(1), Counsel are submitting the below as the Joint Rule 26(f) report.

  **A. Changes to the timing, form or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties differ with respect to when initial disclosures should be made.

---

[1] While Plaintiff's Motion for an Order Requiring Rule 26(f) Conference sought an order requiring only defendant Netflix, Inc. to participate in a Rule 26(f) conference, Dkt. #133, the Court's May 4, 2020 Order directed "the parties" to participate in a Rule 26(f) conference and submit a report, Dkt. #134. Counsel for Chrome Media, LLC, Laura Ricciardi and Moira Demos (the "Producer Defendants") participated in the Rule 26(f) conference and join in this Joint Report because the Producer Defendants did not want to needlessly complicate or duplicate proceedings and because they believed that the Court might want to know their views regarding discovery. This Joint Report does not address the evidentiary hearing for the Producer Defendants' pending Rule 12(b)(5) motion to dismiss or issues related to that hearing, although the parties have been discussing the hearing and are attempting to work out any issues regarding it on their own. The Producer Defendants' participation in the Rule 26(f) conference and this Joint Report is without waiver of or prejudice to any rights, defenses, remedies, arguments, or claims, including, but not limited to, with respect to any issues presented by or relevant to their pending Rule 12(b)(5) motion, and the Producer Defendants expressly reserve all such rights, defenses, remedies, arguments, or claims.

1. **Plaintiff's Position**

Plaintiff proposes that the parties produce initial disclosures within 30 days of the filing of this report. Although Defendants have a different position, which is outlined below, Plaintiff notes that this action has been pending for more than a year. Initial discovery requests were served with the Summons and Complaint. Regardless of whether any of the Defendants ultimately prevail on their respective motions to dismiss, it is Plaintiff's position that discovery should not be stalled indefinitely during successive motions to dismiss. Netflix, Inc.'s current motion to dismiss placed a voluminous amount of information before the Court and likely will require considerable time to consider and decide. Precluding discovery during that additional time will significantly add to the time for resolution of this case if Defendants' motion is denied in whole or part. Moreover, as explained in Plaintiff's prior motion to compel participation in the Rule 26(f) conference, it is Plaintiff's position that there is discovery that is pertinent to the issues raised in the Netflix, Inc. motion to dismiss.

The raw footage of Plaintiff's testimony during the Avery murder trial is of especial relevance. Only by comparing the raw footage to the edited version can it be determined whether additional video editing was used in a way that made Mr. Colborn appear less credible than the actual footage of his testimony. As Plaintiff's expert, Dr. Corrigan, explained, comparison of the full video of Mr. Colborn's deposition in the Avery civil trial to excerpts that were used in the Making of a Murderer broadcasts shows that the editing made Mr. Colborn appear to be comparatively less at ease than he appeared in his actual testimony, such as by altering the sight line between Mr. Colborn's gaze and examining attorneys. *See* Dkt #128, ¶17. In addition, Defendants may also have footage, including the full versions of the interviews of Avery, his property, and others close to him, that show that the edited excerpts that were used were not "substantially true" accounts of the statements when taken in context. In addition, Defendants may have additional materials in their possession that was omitted from MAM and that is inconsistent with the accusations regarding Plaintiff that were published and re-published by Defendants.

With respect to discovery relevant to Defendants' service of process defense, Plaintiff is not aware of any rule that automatically stays such discovery, and Plaintiff's positions is again that this discovery should proceed so that the parties can be in position to present the facts fully to the Court at an evidentiary hearing.

Addendum in Response to Defendants' Position: After reviewing Defendants' position, Plaintiff briefly adds the following. Plaintiff objects to the Defendants' inclusion of substantive argument in the Rule 26(f) report. Plaintiff's position on the points attempted to be argued improperly here have been set forth in Plaintiff's response to Netflix's motion to dismiss. Plaintiff additionally disagrees with the assertion that there is "no allegation" in the Second Amended Complaint that may encompass doctored footage. The Second Amended Complaint references on several occasion spliced and distorted testimony; contains an entire exhibit devoted to demonstrating spliced testimony; and paragraph 20 of the Second Amended Complaint alleges that Defendants "omitted, distorted, and falsified" material in MAM. Dkt #105, ¶¶20, 27, 34, 45, and Ex. B. Plaintiff also disagrees that all depositions must be conducted in person. Plaintiff's counsel is willing to conduct depositions by video, and Plaintiff's counsel have conducted

2

numerous depositions by video in other matters. Further, at a minimum, written discovery should proceed. Plaintiff's counsel also recently received a briefing from U.S. Legal Support, which conducts depositions by video and in person, indicating that as of May 18, 2020, all of its California offices are open.

### 2. Defendants' Position

Discovery should be stayed while dispositive Rule 12 motions are pending and the parties should not be required to make initial disclosures until 30 days after the Court rules on the last pending Rule 12 motion. To the extent any portion of this case survives the pending motions, the Court should convene the parties at that time to set a more detailed discovery schedule.[2]

At the time of filing this Rule 26(f) report, two dispositive motions are fully briefed and awaiting decision by the Court: (1) Netflix, Inc.'s motion to dismiss the Second Amended Complaint under Fed. R. Civ. P. 12(b)(6) and (2) the Producer Defendants' motion to dismiss brought under Fed. R. Civ. P. 12(b)(5). The Court's decision to grant either of the pending dispositive motions would drastically change the trajectory of this case. As Plaintiff Andrew Colborn concedes, the arguments Netflix raises in its pending motion are equally available to the Producer Defendants, *see* Dkt. #131 at 2, and granting Netflix's motion will thus effectively end the case. Meanwhile, the outcome of the Producer Defendants' Rule 12(b)(5) motion will determine whether Netflix is the sole defendant in this case or whether the Producer Defendants (or a subset of them) are also proper defendants.

Because these motions are fully briefed and because the need for discovery could be drastically reduced or eliminated altogether depending on how the Court rules, Netflix believes discovery should be stayed until the motions are decided. *Slottke v. State of Wis. Dep't of Indus, Labor*, 2017 WL 168901, at *1 (E.D. Wis. Jan. 17, 2017) ("When, as in this case, a defendant files a motion to dismiss for failure to state a claim instead of filing an answer, that defendant is arguing that the case does not have merit, and that the court should dismiss it before the parties spend more time and expense working on it. That is why many district courts—perhaps most—don't set a discovery schedule until after ruling on the motion to dismiss; if the court grants the motion to dismiss, the parties would have wasted time and expense conducting discovery.").

Moreover, for the reasons explained in Netflix's reply brief in support of its pending motion, discovery is not necessary for Colborn to oppose that motion or for the Court to decide it. *See* Dkt. #140 at pp. 7-9. Briefly summarized: A "motion to dismiss challenges the legal sufficiency of the complaint, so discovery is not necessary for the Court to make its ruling." *Estate of Enoch v. Tienor*, No. 07-C-376, 2008 U.S. Dist. LEXIS 13636, at *3 (E.D. Wis. Feb. 11, 2008). The trial transcript allows the Court to compare what Colborn said on the witness stand against what *Making a Murderer* depicted, just as the Second Amended Complaint urged. SAC ¶ 34 (urging a "side by side comparison of the trial transcript" with portions of *MaM*). There is no reason to believe—and no allegation in the Second Amended Complaint—that *MaM* "doctored" any footage, and selecting which footage to include in *MaM* was a question of

---

[2] Plaintiff notes that he served initial discovery requests with his First Amended Complaint. However, the case was timely removed, and under the Federal Rules, Defendants had no obligation to respond to that discovery.

3

editorial—not judicial—discretion. *Nix v. ESPN, Inc.*, 772 F. App'x 807, 814 (11th Cir. 2019); *Newton v. Nat'l Broad. Co.*, 930 F.2d 662, 685-86 (9th Cir. 1990).

Discovery should be stayed not only because it might prove to be a waste of time but also because it will be rife with uncertainty—and thus unwieldy—unless and until the Court determines that the Producer Defendants (or a subset of them) were properly served such that it has jurisdiction over them. Until that time, Producer Defendants' obligation to participate in discovery is unclear.[3] Proceeding while their status as proper parties is in question will create a highly inefficient two-track discovery process and Plaintiff accomplishes nothing by finishing discovery against Netflix "early." Resolution of the case will still have to wait for the Producer Defendants; meanwhile, a two-track process would cause significant duplication of certain discovery efforts. Finally, proceeding before decision on the Producer Defendants' Rule 12(b)(5) motion will likely also lead to unnecessary motion practice: Although Plaintiff has already attempted to seek a significant amount of discovery from the Producer Defendants, their obligations under Rule 45 (which would apply if they are not subject to party discovery) are markedly different than their obligations under the party discovery rules.

Finally, discovery should be stayed because, at the time of this filing, the world remains in the grip of the coronavirus pandemic, which has forced everyone involved to shelter at home and work remotely. Given this unprecedented situation, even if no motions were pending, discovery would still need to be delayed until it is safe for Netflix's lawyers and the custodians of its documents to search for them at Netflix's offices, to meet with witnesses, and to take and defend depositions, to say nothing of the air travel required to do these things most effectively—*i.e.*, in person. By all accounts, it will be fall at the earliest before discovery can begin in earnest, as stay-at-home orders in Los Angeles (where all defendants are based) are predicted to continue into late summer. *See* https://www.latimes.com/california/story/2020-05-12/coronavirus-beaches-reopen-los-angeles-county-move-toward-new-normal. Discovery in this case is already likely to be extremely asymmetrical, with defendants bearing most of the burden, and it is fundamentally unfair to expect them to engage in this process given the current circumstances.

This case has been pending for 18 months and the documentary upon which it is based is now almost five years old. Colborn has not identified any legitimate reason why discovery is suddenly an emergency such that the Court should order it to begin while the world deals with a pandemic and while it considers two fully briefed dispositive motions. The Court should stay all discovery until those motions are decided and the business world returns to some semblance of normality.

### B. Subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases or be limited to particular issues.

#### 1. Plaintiff's Position

---

[3] Indeed, Plaintiff's request for a Rule 26(f) conference sought an order requiring *only* defendant Netflix—not the Producer Defendants—to participate in a Rule 26(f) conference, Dkt. #133.

4

As noted above, Plaintiff has served an initial set of discovery requests on the merits with the Complaint which generally seeks documents and information concerning the creation, editing and production of Making a Murderer and the identities of those involved in it. A short supplemental set of requests was served earlier this year. Depending on the ultimate responses to those requests, Plaintiff may proceed with additional document requests, written discovery including interrogatories or requests for admission, and depositions of those were involved in filming, editing, and producing Making a Murderer, among other subjects.

With respect to discovery relevant to Defendants' service of process defense, Plaintiff is not aware of any rule that automatically stays such discovery, and Plaintiff's positions is again that this discovery should proceed so that the parties can be in position to present the facts fully to the Court at an evidentiary hearing.

### 2. Defendants' Position

If discovery proves necessary in this case, Defendants anticipate it will be needed on the following subjects:

   a. Whether Plaintiff can prove any of the challenged statements are false;

   b. Whether Plaintiff can prove any of the challenged statements are defamatory;

   c. Whether Plaintiff can prove actual malice by clear and convincing evidence; and

   d. Whether and to what extent Plaintiff can prove the allegedly false and defamatory statements proximately caused him to suffer injury or damages.

**C. Any issues concerning the disclosure, discovery or preservation of electronically stored information ("ESI"), including the form in which it should be produced.**

At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronic information, but will promptly address any issues that do arise during the course of discovery.

**D. Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

At this time, the parties do not anticipate any special issues related to the disclosure or discovery of privileged or work product information. The parties agree that any documents in any format that contain privileged information or legal work product (and all copies) shall be immediately returned to the producing party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within 10 days after the producing party discovers that the inadvertent production occurred. The parties agree that the

5

recipient of such inadvertently produced information will not use the information, in any way, in the prosecution of the recipient's case. Further, the parties agree that the recipient may not assert that the producing party waived privilege or work product protection based upon the inadvertent production; however, the recipient may challenge the assertion of the privilege and seek a Court order denying such privilege. The parties ask the Court to include this agreement in the Pretrial Conference Order in this case.

> **E.  What changes should be made in the limitations on discovery imposed by federal or local rules, and what other limitations should be imposed.**
>
> **1.  Plaintiff's Position**

Given the scope and complexity of the issues presented in these proceedings and the number of defenses raised by Defendants in their motions to date, Plaintiff proposes that the local rule limit on interrogatories not be applied in this case and that the parties may approach the Court in the event that they contend that the ultimate number of interrogatories served requires Court review.

> **2.  Defendants' Position**

No changes should be made in the limitations on discovery imposed by federal or local rules.

> **F.  Any other orders that the Court should include under Rule 26(c) or under Rule 16(b) and (c).**

Plaintiff requests that discovery be ordered to proceed.

Defendants request that the Court stay all discovery until it rules on the last pending Rule 12 motion.

> **Each of the undersigned does hereby attest that, on May 14, 2020, he/she did confer with the other signatories to this document and did discuss each of the matters set forth above.**

Dated this 1st day of June, 2020.

    SCHOTT, BUBLITZ & ENGEL, s.c.
    Attorneys for Plaintiff


    By: /s/ April Rockstead Barker

     State Bar No. 1026163
     640 W. Moreland Blvd.
     Waukesha, WI  53188

6

(262) 827-1700
(262) 827-1701 (fax)
abarker@sbe-law.com


Co-counsel:

George Burnett, State Bar No. 1005964
231 S. Adams Street
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
gb@lcojlaw.com

Attorney Michael C. Griesbach
Griesbach Law Offices
State Bar No. 01012799
Griesbach Law Offices, LLC
PO Box 2047
Manitowoc, WI 54221-2047
(920) 320-1358


    Dated this 1st day of June, 2020.

        BALLARD SPAHR LLP
        Attorneys for Defendant Netflix, Inc.


        By: /s/ Leita Walker
            Leita Walker, *Pro Hac Vice*
            2000 IDS Center
            80 South 8th Street
            Minneapolis, MN 55402
            T: (612) 371-6222
            F: (612) 371-3207
            walkerl@ballardspahr.com


    Dated this 1st day of June, 2020.

        JASSY VICK CAROLAN
        Attorneys for Defendants Chrome Media, LLC, Laura Ricciardi,
        and Moira Demos

By: /s/ Kevin L. Vick
Kevin L. Vick, *Pro Hac Vice*
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
T: (310) 870-7048
F: (310) 870-7010
kvick@jassyvick.com

Dated this 1st day of June, 2020.

GODFREY & KAHN, S.C.
Attorneys for Defendants

By: /s/ James A. Friedman
James A. Friedman, State Bar No. 1020756
One East Main Street, Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

201915.001:#3409348