IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>        Plaintiff,<br><br>   vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC,<br>F/K/A SYNTHESIS FILMS, LLC;<br>LAURA RICCIARDI; AND MOIRA<br>DEMOS,<br><br>        Defendants. | Civil No.: 19-CV-484-BHL |

**DEFENDANT NETFLIX, INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR AN ORDER COMPELLING INITIAL DISCLOSURES**

Defendant Netflix, Inc. ("Netflix"), through counsel, hereby provides its opposition to Plaintiff Andrew Colborn's Motion for an Order Compelling Initial Disclosures Pursuant to Fed.R.Civ.Pro. 26(a) ("Mot. to Compel") (Dkt. 153):

    1.     Plaintiff's motion to compel initial disclosures is without merit for both legal and practical reasons. As explained further below, the Court should deny it and then turn to the substantive, dispositive issues raised in Netflix's pending Fed. R. Civ. P. 12(b)(6) motion, which is fully briefed and ripe for decision. Plaintiff is not permitted under the Federal Rules to commence the discovery process for the purpose of responding to Netflix's motion and—even if he was—the materials Plaintiff seeks to obtain are not relevant to that motion and are not within Netflix's possession or control in any event.

2. ***Initial Disclosures Are Not Required Yet.*** Rule 26(a)(1)(C) states that a party need not provide initial disclosures if it "objects during the [Rule 26(f)] conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." That is what Netflix did. *See* Joint Rule 26(f) Report (Dkt. 141) at 3-4 (stating all Defendants' position that Rule 26(a) disclosures should be due 30 days after disposition of both Rule 12 motions). In her order regarding the Rule 26(f) conference, Judge Pepper determined that the Court would schedule a Rule 16 conference if it determined one was necessary after reviewing the parties' report. Order Directing Parties to File Rule 26(f) Report (Dkt. 134) at 2. The Court has neither set a scheduling conference nor entered a discovery schedule. This is not surprising: as Judge Pepper has observed, "many district courts—perhaps most—don't set a discovery schedule until after ruling on the motion to dismiss; if the court grants the motion to dismiss, the parties would have wasted time and expense conducting discovery." *Slottke v. Wis. Dep't of Indus.*, No. 16-cv-1392-PP, 2017 U.S. Dist. LEXIS 6192, at *2 (E.D. Wis. Jan. 17, 2017). This is especially true at this point where the motion to dismiss is fully briefed and, if granted, would dispose of the entire matter.

3. ***The Raw Footage Would Not Be Part of Initial Disclosures.*** Even if initial disclosures were required, which they are not, Plaintiff's motion assumes that Netflix would be obliged to produce the raw footage used in creating *Making a Murderer* ("*MaM*"). Plaintiff is wrong. ***First***, Rule 26(a)(1)(A) does not require disclosure of documents, it only requires "a description by category and location".[1] ***Second***, even the description is required *only* for documents that "the disclosing party . . . may use to support its claims or defenses." Netflix does not presently plan to use raw footage "to support its claims or defenses". ***Third***, the "description"

---

[1] Plaintiff himself did not produce any documents with his initial disclosures.

required by Rule 26(a)(1)(A) only applies to documents that "the disclosing party has in its possession, custody, or control[,]" but Netflix has *never* been in possession, custody, or control of the hundreds of hours of raw footage filmed by Defendants Laura Ricciardi and Moira Demos and thus could not produce it even if it wanted to do so. Plaintiff knows this because counsel met and conferred about it, *see* Walker Declaration Ex. 1, but failed to disclose this information to the Court.

4. **There Are No Pending Discovery Requests.** Plaintiff's contention that there are "pending" discovery requests in this matter is similarly incorrect. He purported to serve discovery requests when he originally filed this case in state court as well as additional discovery requests on Netflix in March 2020. However, the Federal Rules of Civil Procedure have governed this case since its removal and, under those rules, discovery requests sent before the parties' May 14, 2020 Rule 26(f) conference are invalid. *See* Rule 26(d)(1).

5. **Rule 12 Does Not Permit The Discovery Sought By Plaintiff.** Plaintiff is incorrect when he contends that he "should have an opportunity to review *all the materials* that Defendants[2] had in their possession" to evaluate and oppose Netflix's motion to dismiss. Mot. to Compel (Dkt. 153) ¶ 4 (emphasis added). That is the *opposite* of what Rule 12 actually contemplates: Plaintiffs *never* get to review "all the materials" in a defendant's possession for the purpose of responding to a Rule 12 motion. If they did, Rule 12 would have no purpose and the parties always would move right into full-blown discovery after the defendant answered the complaint. *See Slottke*, 2017 U.S. Dist. LEXIS 6192, at *1-2 (denying plaintiff's motion for discovery during pendency of motion to

---

[2] Plaintiff's motion repeatedly and ambiguously refers to "Defendants" collectively. Only Netflix brought the pending Rule 12(b)(6) motion and only the remaining Defendants (not Netflix) have possession and control of raw footage. As the Court knows, those Defendants have a Rule 12(b)(5) motion pending and are not subject to discovery until and unless that motion is denied and the Court is therefore able to exercise jurisdiction over them.

3
Case 1:19-cv-00484-BHL   Filed 11/09/20   Page 3 of 7   Document 157

dismiss because "it is too early for the plaintiff to have served formal discovery demands"). Instead, Rule 12 contemplates dismissal *before* discovery, and it is axiomatic both **(1)** that "the motion to dismiss challenges the legal sufficiency of the complaint, so discovery is not necessary for the Court to make its ruling as a matter of law," *Estate of Enoch v. Tienor*, No. 07-C-376, 2008 U.S. Dist. LEXIS 13636, at *3 (E.D. Wis. Feb. 11, 2008), and **(2)** that "the complaint may not be amended by the briefs in opposition to a motion to dismiss," *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). The only case Plaintiff cites in the instant motion, *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012), does not help him. There, the Seventh Circuit held a plaintiff may supplement his opposition to a Rule 12(b)(6) motion with outside materials "to illustrate the facts [he] expects to be able to prove"—but the court did *not* say that a plaintiff is entitled to discovery to obtain such materials. *Id.*

6. **The Raw Footage is a Red Herring.** As briefed in greater detail in Plaintiff's opposition to Netflix's motion to dismiss (Dkt. 131) and Netflix's reply to that opposition (Dkt. 140), the raw footage Plaintiff seeks is irrelevant to Netflix's motion, which is based entirely on materials properly before the Court and fully accessible to Plaintiff. Specifically, Netflix's motion is based on the allegations of the Second Amended Complaint ("SAC") itself, the *MaM* series that is the subject of that pleading, and transcripts of deposition and trial testimony, as well as publicly available exhibits and judicial orders from the criminal and civil proceedings depicted in *MaM* similarly addressed in the SAC. Dkt. 140 at 7; *see also* Dkt. 119 at 2-4 & n.1.

7. Netflix's motion assumes the truth of the well-pleaded allegations in the SAC, as is required by Rule 12(b). Plaintiff certainly doesn't need discovery to prove the truth of allegations that are already presumed true. Moreover, all of the materials that the Court needs to decide the pending motion are properly before it because they are incorporated in the SAC itself and

4

otherwise subject to judicial notice. Dkt. 140 at 7; *see also, e.g.*, *Geinosky*, 675 F.3d at 745 n.1 (court deciding a Rule 12(b)(6) motion can consider "documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice"). This is entirely proper under Rule 12, and does not transform the motion into one requiring review under Rule 56.

8. If nothing else, as Netflix has also explained in its reply brief, Plaintiff is not entitled to discovery of the raw footage prior to adjudication of its Rule 12 motion based on his speculation that it ***might*** show *MaM*'s use of excerpts that made him "appear less credible than the actual footage of his testimony." Dkt. 131 at 65-66.[3] This argument is barred since such speculation is alleged nowhere in the SAC. Rather, the SAC alleges that *MaM* defamed Plaintiff by misleading viewers about what he *said*, under oath—and what he said or did not say is completely ascertainable from official transcripts. Plaintiff of course already has these documents, from which he quotes liberally in exhibits to the SAC.

9. While Plaintiff makes much of the raw footage, he is clearly hoping to go on the kind of fishing expedition that is prohibited by the Federal Rules. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). As Netflix has explained elsewhere, *see* Dkt. 140 at 2-3, Rule 12(b)(6), this is especially true here. Pre-discovery motions to dismiss are particularly appropriate in defamation cases involving issues of public concern because "there is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016); *see also Time, Inc. v. Hill*, 385 U.S. 374, 389 (1967) (recognizing that defamation suits can impose "grave risk of serious impairment of the indispensable service of a free press in a free

---

[3] Plaintiff repeated this argument nearly verbatim in his portion of the parties' Rule 26(f) report. *See* Dkt. 141 at 2.

society."); *Dr. R.C. Samanta Roy Inst. of Sci. & Tech., Inc. v. Lee Enters.*, Nos. 05-C-422, 05-C-0423, 2006 U.S. Dist. LEXIS 53922, at *16 (E.D. Wis. Aug. 2, 2006) (Griesbach, J.) ("[D]efamation lawsuits are almost universally disfavored by the law.").

10. Netflix respectfully requests that the Court schedule a hearing and thereafter rule on Netflix's Rule 12(b)(6) motion. The Court has everything it needs to rule on that motion, and everything it has is properly before it. The briefing may be voluminous, but that is not an indication of some underlying fact dispute—rather it is the unavoidable consequence of litigating over a 10-hour documentary that detailed not one but two high-profile criminal trials (and related appellate proceedings), as well as a civil case arising from some of the same operative facts. While the briefing is extensive, the law is simple and straightforward: A work of non-fiction about judicial proceedings is not actionable in defamation as a matter of law where, as in this case, it fairly and accurately chronicles the litigation it undertakes to describe. *See, e.g.*, *Riley v. Harr*, 292 F.3d 282, 296-97 (1st Cir. 2002); *Partington v. Bugliosi*, 56 F.3d 1147, 1156 (9th Cir. 1995). If the motion is granted, the case will be over, and the Court will not need to entertain the complex issues raised by the other Defendants' pending Rule 12(b)(5) motion, hold an evidentiary hearing, adjudicate the inevitable disputes that will arise in discovery, or review the even more voluminous briefs that will be filed should a Rule 56 motion be necessary at the conclusion of that discovery.

Dated: November 9, 2020	Respectfully submitted,

  *s/ James A. Friedman*
James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

Lee Levine
Matthew E. Kelley
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, DC 20006-1157
T: (202) 508-1110
F: (202) 661-2299
levinel@ballardspahr.com
kelleym@ballardspahr.com

Leita Walker
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com

*Counsel for Defendant Netflix, Inc.*