# Exhibit 1

| **From:** | Walker, Leita (Minn) |
|---|---|
| **Sent:** | Saturday, October 3, 2020 9:47 AM |
| **To:** | April Barker |
| **Cc:** | Levine, Lee (DC); Kelley, Matthew E. (DC) |
| **Subject:** | RE: Call |

Hi, April. Tuesday morning works for me, but I leave it to you whether it makes sense to talk. I don't think it's productive to continue to go back and forth on what Rule 12 permits or does not permit. As for your assumptions about what Netflix can reasonably access or what it has reviewed in connection with defending this case—those assumptions are incorrect and suggest a fundamental misunderstanding of the role of film distributors such as Netflix. For avoidance of doubt, none of the lawyers representing Netflix in connection with this matter have reviewed any raw footage.

Leita

---

**From:** April Barker
**Sent:** Friday, October 2, 2020 10:06 AM
**To:** Walker, Leita (Minn)
**Subject:** Re: Call

⚠ **EXTERNAL**

Leita,

Thank you for your response.

Needless to say, we disagree with the substance of it, however.

You assert that a Rule 12 motion is based on what is pleaded. The Second Amended Complaint pleads in numerous instances (and among other things) that the footage taken from the trial (particularly footage of Mr. Colborn) was distorted, manipulated, and spliced so as to provide an inaccurate and damaging representation of him.

Netflix has taken this as an opportunity to provide materials outside the Second Amended Complaint to the Court for consideration with the motion under the "incorporation by reference" doctrine.

It is simply disingenuous for Netlfix to contend that the written trial transcript is all that need be considered, when it obviously omits all of the visual manipulation and when the visual component is part and parcel of the defamation claimed by Mr. Colborn, as Netflix is well aware.

In addition, these materials must certainly be reasonably accessible to Netflix, and therefore, it is not a shield to a discovery request to assert that they are not in its immediate possession. It is also difficult to believe that Netflix has not accessed and reviewed copies of these materials in connection with the defense of this case.

In light of our respective apparent impasse on this point, I agree that a telephone call is unlikely to be productive; however, I am willing to discuss this briefly early next week if you are available. Tuesday would be the better day for me.

Thank you,

April

---

**From:** Walker, Leita <WalkerL@ballardspahr.com>
**Sent:** Tuesday, September 29, 2020 10:36 AM
**To:** April Barker <abarker@sbe-law.com>
**Subject:** RE: Call

Hi, April. I'm happy to talk to your convenience. Mornings are best for me. However, I'm not sure there is much to gain from a phone call, including because I have confirmed since you emailed earlier this month that Netflix does not possess (and has never possessed) the raw footage you seek.
 Your prior email states that you feel "duped into understanding that this material cannot be safely produced during the pandemic." We are sorry you feel this way; it certainly was not our intent to mislead you and in fact our recollection is that counsel for both parties had concerns about being able to efficiently conduct wide-ranging discovery during very tight lockdown conditions across the country and especially in California. The challenges posed by the pandemic were real then and they are real now. Nonetheless, the raw footage you seek has never been on the cloud platform your email referenced for the simple reason that it has never been in Netflix's possession.
 In any event, as discussed in our reply brief (Dkt. 140 at 7-9) and also in the Rule 26(f) Report (Dkt 141), discovery for use on a Rule 12 motion is completely inappropriate. Whether this lawsuit can survive a Rule 12(b)(6) motion depends <u>entirely</u> on what is pleaded in the Second Amended Complaint. Your client does not get to supplement those allegations with discovery at the Rule 12 stage. *See Estate of Enoch v. Tienor*, No. 07-C-376, 2008 U.S. Dist. LEXIS 13636, at *3 (E.D. Wis. Feb. 11, 2008). And he cannot fix shortcomings in the SAC through briefing. *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  Also, as we've previously discussed, Mr. Colborn's complaint is based on allegations that Netflix misrepresented what he and others *said*. The trial transcripts, to which you have long had complete access, are all that you need to make that argument.
 Your client served Netflix 18 months ago and Netflix's motion to dismiss the SAC has been pending for six months. The hearing on the motion is less than a month away. If the motion is granted, the case will be over. If it's not, questions remain as to whether the producers are even part of this case. For these reasons, we see no reason to discuss discovery further at this juncture. Indeed, the Court's silence on discovery suggests it fully appreciates the inefficiencies inherent in conducting it now. The Court's May 1, 2020, Order Directing Parties to File Rule 26(f) Report (Dkt. 134) states that "If, after review of the Rule 26(f) report, the court decides that a Rule 16 scheduling conference is necessary, it will contact the parties to set a hearing." That report has now been on file for almost four months. It reflects a fundamental disagreement between the parties about when and how discovery should proceed. And yet the Court has not contacted the parties to set a hearing to resolve that disagreement.
 Again, though, I'm happy to talk if you think it would be useful.
 Leita

---

**From:** April Barker <abarker@sbe-law.com>
**Sent:** Monday, September 28, 2020 11:18 AM
**To:** Walker, Leita (Minn) <WalkerL@ballardspahr.com>
**Subject:** Call

⚠ **EXTERNAL**

Hi Leita,

I'm hoping we could talk briefly this week to meet and confer concerning our message following up on the raw footage request.  I have a few status conferences scheduled in various matters this week, but have substantial pockets of availability.  What is your availability like?

Thanks very much,
April