# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

ANDREW L. COLBORN,

        Plaintiff,

vs.

NETFLIX, INC.; CHROME MEDIA LLC,
F/K/A SYNTHESIS FILMS, LLC;
LAURA RICCIARDI; AND MOIRA
DEMOS,

        Defendants.

Civil No.: 19-CV-484-BHL

## OPPOSITION OF CHROME MEDIA LLC, LAURA RICCIARDI, AND MOIRA DEMOS TO PLAINTIFF'S MOTION TO COMPEL INITIAL DISCLOSURES

      Defendants Chrome Media, LLC f/k/a Synthesis Films, LLC; Laura Ricciardi; and Moira Demos (collectively, the "Producer Defendants"), through counsel, hereby join in, and incorporate by reference as if set forth herein, Netflix's Opposition to Plaintiff's Motion for an Order Compelling Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a) (Dkt. 157). In addition, the Producer Defendants further oppose Plaintiff's motion on the following grounds:

      1.    As the Producer Defendants explained in support of their motion to dismiss under Rule 12(b)(5), "[s]ervice of process in a civil action is not a mere technicality; rather, it is an 'elementary and fundamental requirement of due process' that is essential for a court to acquire personal jurisdiction over a defendant." Producer Defs.' Mem. in Support of Mot. to Dismiss at 2 (Dkt. 35) (quoting *Johnson v. Cintas Corp. No. 2*, 2012 WI 31, ¶ 24, 339 Wis. 2d 493, 506, 811 N.W.2d 756, 762–63). So, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a

defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and complaint.") (citations omitted); *Boehm v. Zimprich*, No. 14-cv-16, 2016 WL 1453064, at *2 (E.D. Wis. Apr. 13, 2016) ("Without proper service, the court does not have personal jurisdiction ….").[1]

    2.    Initial disclosures begin the formal discovery process by "accelerat[ing] the exchange of basic information about the case" and permit the parties to begin "prepar[ing] for trial." Fed. R. Civ. P. 26(a) advisory committee's note to 1993 amendment. Courts in this district and across the country routinely stay merits discovery pending resolution of threshold jurisdictional issues like those presented here. *See, e.g.*, *Omegbu v. Wis. Elections Bd.*, No. 05 C 596, 2006 WL 581210 (E.D. Wis. Feb 6, 2006) ("The Court will usually stay proceedings until jurisdictional issues have been fully resolved."); *Harris v. Aramark Inc.*, No. 17-cv-872, 2020 WL 91834, at *5 (S.D. Ohio Jan 8, 2020) (discovery stay appropriate where defendants moved to dismiss under Rule 12(b)(5), raising "a threshold jurisdictional question based on Plaintiff's failure to perfect service on them"); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (granting a stay of merits discovery while "there is a motion to dismiss for lack of personal jurisdiction pending," since "any discovery which seeks to reach the merits of

---

[1] Perhaps recognizing the Court's inability to exercise personal jurisdiction over the Producer Defendants pending a ruling on their Rule 12(b)(5) motion, Plaintiff's April 30, 2020, Motion for an Order Requiring Rule 26(f) Conference requested that the Court compel only *Netflix* to participate in a Rule 26(f) conference. Dkt. 133 at 1. The Producer Defendants only participated in the Rule 26(f) conference out of an abundance of caution (while reserving all rights) because the Court's Order Directing Parties to File Rule 26(f) Report directed "the parties" to file a joint Rule 26(f) report, without specifying which parties. Dkt. 134 at 1.

2

this case would be unnecessary, costly and burdensome at this time").² And the First Amendment concerns implicated by Plaintiff's request for unpublished information gathered in the process of preparing a documentary series amplifies the need for a stay here. *See, e.g.*, *Brinston v. Dunn*, 919 F. Supp. 240, 244 (S.D. Miss. 1996) (courts "must guard closely against the chilling effects that would result from subjugating reporters to the whims of attorneys seeking discovery of information obtained in the course of reporting a story, especially when the relevance and necessity of obtaining the information are questionable"); *Herbert v. Lando*, 441 U.S. 153, 178 (1979) (Powell, J., concurring) (emphasizing that "in supervising discovery in a libel suit by a public figure, a district court has a duty to consider First Amendment interests as well as the private interests of the plaintiff."); *see also* Netflix Opp. ¶ 9 (Dkt. 157).

3. Even if initial disclosures were appropriate at this juncture— which the Producer Defendants do not concede—they could not afford Plaintiff the relief he seeks. The only specific information Plaintiff seeks right now is "raw footage taken of Plaintiff that was edited for purposes of the broadcasts at issue in these proceedings." Mot. ¶ 5, at 2 (Dkt. 153). But as Netflix correctly points out, Rule 26(a)(1)(A) does not *require* the actual *production* of documents or other materials—a party can just provide a "*description* by category and location" of any information the disclosing party "may use to support its claims or defenses." (Emphasis

---

² *Accord NextGen HBM, Inc. v. ListReport, Inc.*, No. 16-3143, 2017 WL 8229442, at *2 (D. Minn. Feb. 9, 2017) ("A number of courts have stayed or limited discovery until a pending motion to dismiss for lack of jurisdiction is decided.") (collecting cases); *Hardy v. Global Options Servs., Inc.*, No. 13-cv-514, 2013 WL 6059154, at *1–2 (D. Nev. Nov. 14, 2013) (noting that preliminary jurisdictional issues are among "common situations that may justify a stay" and "find[ing] that a stay of discovery is warranted" where, among other things, defendants had not "been properly served"); *Fusion Ent. v. Josh Agle, Inc.*, No. 07-cv-1651, 2007 WL 9814556 (D. Colo. Dec. 19, 2007) ("Courts 'have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending.'") (quoting *Orchid Biosciences, Inc.*, 198 F.R.D. at 675 (collecting cases).

added). Plaintiff knows this, too: His own Rule 26(a) initial disclosures that he served in July listed several categories of documents without an accompanying production of any of those documents. There is no provision in the rules endorsing Plaintiff's overreaching view of initial disclosures requiring the actual production of documents. Moreover, California's and Wisconsin's reporter shield laws immunize the Producer Defendants from providing even a categorical description of unpublished information in their possession.[3] *Cf.* Fed. R. Civ. P. 26(b) (scope of discovery extends to "any *nonprivileged* matter that is relevant to any party's claim or defense and proportional to the needs of the case") (emphasis added). California's shield law confers journalists an *absolute immunity* from contempt for refusing to disclose any unpublished information in a civil case. Cal. Const. art. I, § 2(b); Cal. Evid. Code § 1070; *see also N.Y. Times Co. v. Superior Court*, 51 Cal. 3d 453, 461, 461–62 (1990) (recognizing "*virtually absolute protection* against compelled disclosure" in a civil case and concluding that unpublished photographs of a public event were protected by California's shield law) (emphasis in original); *Delaney v. Superior Court*, 50 Cal. 3d 785 (1990) (California shield law protects journalists' refusal "to disclose *any* unpublished information") (emphasis in original); *Miller v. Superior Court*, 21 Cal. 4th 883, 897 (1999) ("[T]he shield law applies to unpublished information whether confidential or not …."). And under Wisconsin's shield law, only a court can compel

---

[3] Each of the Producer Defendants is a California citizen. Federal district courts sitting in diversity—as the Court is here—must apply the forum state's conflict-of-law rules to determine which state's reporter shield law applies here. *See Hatfill v. N.Y. Times Co.*, 459 F. Supp. 2d 462, 465 (E.D. Va. 2006) ("In diversity cases, privileges are determined according to the state law that supplies the rule of decision. See Fed. R. Evid. 501. Thus, in diversity cases, Rule 501 directs the Court to apply state law, including state conflict-of-law provisions, to the law of privilege."). The Producer Defendants believe California's shield law applies under Wisconsin's applicable choice-of-law analysis. But the Court need not resolve the choice of law issue for purposes of Plaintiff's motion to compel, since Plaintiff's motion fails for a variety of other reasons, and, in any event, both states' shield laws immunize disclosure of unpublished newsgathering information.

4

journalists to disclose nonconfidential sources and information, and only *after* the court holds a hearing and concludes that (1) the information is "highly relevant" to the proceeding; (2) the information is "necessary to the maintenance of a party's claim, defense, or to the proof of an issue material to the" proceeding; (3) the information is "not obtainable from any alternative source"; and (4) "[t]here is an overriding public interest in the disclosure." Wis. Stat. § 885.14.

4. Plaintiff cannot overcome either state's privilege. Plaintiff seeks unpublished raw footage the Producer Defendants obtained during production of the *Making a Murderer* documentary on the theory that the unpublished footage *might* make him appear more credible than the footage actually included in the documentary, and that the Court *might* consider that footage in conjunction with a motion to dismiss that does not hinge at all on that unpublished footage. *See* Mot. ¶ 5, at 2 (Dkt. 153); Netflix Opp. ¶¶ 6–8, at 4–5 (Dkt. 157) ("[T]he raw footage Plaintiff seeks is irrelevant to Netflix's motion, which is based entirely on materials properly before the Court and fully accessible to Plaintiff."). The footage is absolutely privileged under California law under any circumstances, and Plaintiff cannot satisfy the stringent four-part disclosure requirements under Wisconsin's qualified privilege.

5. The Producer Defendants agree with Netflix that the interests of judicial economy support resolution of Netflix's pending Rule 12(b)(6) motion before the Court permits any discovery or holds any hearings (evidentiary or otherwise) on the Producer Defendants' pending Rule 12(b)(5) motion. The principles Netflix raises in its Rule 12(b)(6) motion apply equally to all defendants in this case. So if the Court grants that motion, "the case will be over, and the Court will not need to entertain the complex issues raised by [the Producer Defendants'] pending Rule 12(b)(5) motion, hold an evidentiary hearing, [or] adjudicate the inevitable disputes that will arise in discovery," including choice-of-law issues regarding the application of California's

5

and Wisconsin's reporter shield laws. Netflix Opp. ¶ 10, at 6 (Dkt. 157). And in any event, for the reasons addressed here and in Netflix's opposition to Plaintiff's Motion to Compel, the Producer Defendants should not be required to participate in discovery at all[4] (including initial disclosures) until the Court resolves both of the pending Rule 12(b) motions.

6. For these reasons and the reasons addressed in Netflix's concurrently filed opposition, the Producer Defendants respectfully request that the Court deny Plaintiff's request to compel initial disclosures, and the Producer Defendants join Netflix's request that the Court schedule a hearing and thereafter rule on Netflix's Rule 12(b)(6) motion.

---

[4] After filing his Motion to Compel initial disclosures, Plaintiff served the Producer Defendants with a set of requests for production requesting the same raw footage Plaintiff says he seeks by way of his Motion to Compel initial disclosures. This discovery is premature for the reasons addressed in this brief: The Court has not determined that it has personal jurisdiction over the Producer Defendants; Netflix's pending Rule 12(b)(6) motion would, if granted, dispose of this entire case; California's reporter shield law absolutely immunizes disclosure of this information; and Plaintiff has not obtained the Court's permission to subpoena the information from the Producer Defendants, as required by Wisconsin's reporter shield law.

Dated: November 10, 2020	Respectfully submitted,

    *s/ James A. Friedman*
James A. Friedman, SBN 1020756
GODFREY & KAHN, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

Kevin L. Vick, *Pro Hac Vice*
Jean-Paul Jassy, *Pro Hac Vice*
JASSY VICK CAROLAN LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
T: (310) 870-7048
F: (310) 870-7010
kvick@jassyvick.com

*Counsel for Defendant Laura Ricciardi, Moira Demos, and Chrome Media, LLC*