# April Barker

| | |
|---|---|
| **From:** | April Barker |
| **Sent:** | Sunday, April 12, 2020 4:50 PM |
| **To:** | Walker, Leita |
| **Cc:** | Friedman, James; Levine, Lee; Jean-Paul Jassy; Kevin Vick; Kelley, Matthew E. |
| **Subject:** | Re: Follow-up on our call |

Hi Leita,

Thanks for your message.

To clarify our position -- my apologies if my message wasn't clear -- Plaintiff's position is <u>not</u> that Defendants have no obligation to cooperate with respect to conducting a Rule 26(f) conference so that discovery can proceed. We requested as much in our letter prior to the current public health crisis (or at least, prior to its being recognized as such).

However, we agree with the part of your message that states that "as a practical matter, discovery will not be feasible until pandemic-related work-from-home orders are lifted and the business world returns to some semblance of normality." Therefore, under the circumstances, we are not contending that the materials that we have requested must be produced at the present time. (Please ignore the yellow highlight -- I accidentally added that and can't seem to negate it.)

We also believe that the written transcripts are not sufficient to determine the issues raised by your motion, but I realize that you disagree with us on that point.

Thank you also for the heads up regarding the new counsel for defendants other than Netflix. So that I am understanding correctly, do you and James nonetheless remain the point of contact for matters relating to the pending 12(b)(6) motion that we are actively briefing?

Thank you,
April

---

**From:** Walker, Leita <WalkerL@ballardspahr.com>
**Sent:** Sunday, April 12, 2020 3:53 PM
**To:** April Barker <abarker@sbe-law.com>
**Cc:** Friedman, James <JFriedman@gklaw.com>; Levine, Lee <LevineL@ballardspahr.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Kevin Vick <kvick@jassyvick.com>; Kelley, Matthew E. <KelleyM@ballardspahr.com>
**Subject:** RE: Follow-up on our call

Hi, April. Thanks for your email, which confirms that defendants have no obligation to respond to discovery at this juncture, before a Rule 26(f) conference, and that, as a practical matter, discovery will not be feasible until pandemic-related work-from-home orders are lifted and the business world returns to some semblance of normality.

As we discussed by phone, and for the avoidance of doubt, we disagree that you need to conduct any discovery to respond to Netflix's motion to dismiss the second amended complaint—that motion in no way relies upon raw footage, rather it relies upon trial transcripts which are equally available to you.

1

EXHIBIT 2

Finally, on the evidentiary hearing currently scheduled for July: Let me introduce you to JP Jassy and Kevin Vick, who are representing Laura Ricciardi, Moira Demos, and Chrome going forward (my firm continues to represent Netflix). You'll see a stipulation for substitution of counsel for the producer defendants come through tomorrow. You should coordinate the filing of the joint motion for adjournment and all other issues related to the pending 12(b)(5) motion and your claims against the producer defendants with JP and Kevin.

Sincerely,

Leita

---

**From:** April Barker <abarker@sbe-law.com>
**Sent:** Tuesday, April 7, 2020 11:57 AM
**To:** Walker, Leita (Minn) <WalkerL@ballardspahr.com>
**Cc:** Friedman, James <JFriedman@gklaw.com>; Levine, Lee (DC) <LevineL@ballardspahr.com>
**Subject:** Re: Follow-up on our call

⚠ EXTERNAL

Hi Leita,

I was able to speak to George today in follow-up to our conversation about discovery.

While, as you already knew, we believe that (at a minimum) the raw footage of Mr. Colborn is pertinent to the issues raised in your most recent motion, we acknowledge that, as you point out, the COVID-19 crisis would make it difficult if not impossible for you and your client to produce it to us with so many different lockdown and at-home orders in various jurisdictions.

Therefore, we intend to advise the judge at the time that we file our substantive response that we believe that the raw footage should be produced prior to any decision on the motion and, of course, that the Rule 26(f) conference should be held so that discovery on the merits can proceed when it is feasible to do so from a public safety standpoint. You will obviously have an opportunity in the normal course to respond/reply.

But for the short term, we understand that as a practical matter, you could not produce the raw footage or other requested discovery to us even if you wanted to do so, so the matter is effectively temporarily on hold.

Similarly, as we had also briefly discussed in our recent call, it would make sense to adjourn the July hearing on statute-of-limitations issues to August or September, depending on the Court's calendar, in light of the unanticipated delays that the pandemic has created in pursuing discovery relating to those issues. If you would like, I can prepare and circulate a proposed joint motion requesting that the July hearing be rescheduled.

Thank you,
April

---

**From:** Walker, Leita <WalkerL@ballardspahr.com>
**Sent:** Thursday, April 2, 2020 11:07 AM
**To:** April Barker <abarker@sbe-law.com>
**Cc:** Friedman, James <JFriedman@gklaw.com>; Levine, Lee <LevineL@ballardspahr.com>
**Subject:** Follow-up on our call

Hi, April. Just checking back. I think you were going to email us memorializing your position on discovery-related issues. Please send when you can.
Leita

Leita Walker
**Ballard Spahr** LLP

2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

www.ballardspahr.com

3

Case 1:19-cv-00484-BHL   Filed 11/23/20   Page 3 of 3   Document 164-2