IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

ANDREW L. COLBORN,
                          Plaintiff

NETFLIX, INC., et al.,                                                Case No. 19-CV-484

                          Defendants.
_____

**Plaintiff's Proposed Additional Facts
And Objections to Defendants' Proposed Additional Facts**
_____

Pursuant to the Court's October 22, 2020 Minute Order (Dkt. 156), Plaintiff Andrew L. Colborn through counsel, hereby submits the following statement of disputed material facts regarding the pending Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5), filed by Defendants Laura Ricciardi, Moira Demos, and Chrome Media, LLC, together with his objections to disputed material facts anticipated to be submitted by those Defendants:

**1. Proposed Additional Facts.**

In light of Defendants' anticipated objections to additional relevant information that has been discovered in preparation for the evidentiary hearing that the Court previously ordered, Plaintiff describes separately below, for the Court's convenience, facts that were known as of the December 2019 hearing in this matter and facts that have either occurred or been discovered since that time and which Plaintiff asserts are relevant to the issues before the Court.

The subsequent developments and subsequently-discovered information are appropriately considered at this juncture in the proceedings. Based on Judge Pepper's determination that an evidentiary hearing should be held with respect to service of process, Plaintiff has been gathering evidence, both in anticipation of the hearing and in anticipation of depositions of witnesses that may occur prior to hearing as jurisdictional discovery. The parties twice jointly requested that

the Court adjourn the hearing because the pandemic has delayed formal and informal exchange of information regarding out-of-state witnesses. *See* Dkt #114, pp. 12; Dkt #143 at pp. 1-2 (Joint Motions to Adjourn). Such discovery is even more appropriate in light of Plaintiff's subsequent discovery, through independent investigation, of this additional information, as it demonstrates that the Defendants have much more knowledge of pertinent facts regarding their relationships with the office that they characterize as merely the workplace of their Registered Agent than they have disclosed. Plaintiff seeks only a full and fair opportunity to test the evidence relating to Defendants' arguments.

Plaintiff also disagrees with Defendants' assertion that Plaintiff has had "ample opportunity" to respond to Defendants' motion in the past. Defendants predictably attempt to contend that prior sur-reply briefs somehow establish that all information could have been submitted at that time – including information that it now identifies as having been filed with pertinent New York and California state offices only this year. But as noted above, the parties previously jointly acknowledged in their requests that the Court reschedule the evidentiary hearing twice that additional information remained to be exchanged, formally and informally. Dkt #114, pp. 12; Dkt #143 at pp. 1-2.

Further, Defendants' service arguments have been a moving target. As explained in Plaintiff's prior submissions, Defendants substantially developed arguments, including those allegedly based on Constitutional authority, in their reply brief, which led to a sur-reply submission to discuss authority to which Plaintiff did not have a fair opportunity to earlier respond.

Additional submissions concerned factual information that was not disclosed by Defendants and that Plaintiff only discovered through investigation outside the record. The fact

that additional such information has been discovered while preparing for jurisdictional discovery and a contemplated evidentiary hearing only further underscores the importance of permitting full development of the facts surrounding Defendants' arguments in support of their motion. While Defendants would now like to freeze the facts at the point at which they had a greater monopoly on the information about the facts surrounding their actions and activities, that is not the basis on which the issues should be decided in this case. Plaintiff requests the opportunity to test the disputed factual assertions submitted by Defendants and the credibility of Defendants' witnesses through discovery and examination at an evidentiary hearing.

### A. Proposed Additional Disputed Facts Known As of December 2019:

| Fact | Source |
|---|---|
| Chrome Media was formerly known as Synthesis Films, LLC. | Second Amended Complaint, Dkt #105; NYS Division of Corporations, State Records and UCC |
| Plaintiff was unable to retain counsel in this action until shortly before filing the action in state court, and his original counsel thereafter retained additional counsel to assist with the case. | Declaration of Andrew Colborn (Dkt #73) at pp. 1-2; Declaration of Michael Griesbach (Dkt #72, ¶ 4 ); Declaration of George Burnett (Dkt #71). |
| Plaintiff's process servers attempted service of the Summons & Complaint and additional case documents at the home of Moira Demos and Laura Ricciardi at the addresses of 1946 N. Oxford, Los Angeles, CA on March 6, 2019 and twice on March 7, 2019. There was no answer at the front gate on either attempt on March 7, 2019. | Affidavit of Carlos Caceres (Dkt ##49, 50); *see also* Declaration of Moira Demos (Dkt #37) at ¶ 7 (reasonable inference based on security video review); Declaration of Laura Ricciardi (Dkt #36) at ¶ 7 (same). |
| Plaintiff's process servers attempted service of the documents on Moira Demos and Laura Ricciardi at 15821 Ventura Blvd, Suite 500, Encino, CA on March 6, 2019. | Affidavit of Carlos Caceres (Dkt ##49, 50) |
| On March 6, 2019, one of Plaintiff's process servers, Carlos Caceres, attempted to serve Ricciardi and Demos at 15821 Ventura Blvd., Suite 500, Encino, California. A receptionist at the office told Caceres that Benari was not in his office and that Demos and | Non Service Report for Moira Demos (Dkt. # 49); Non Service Report for Laura Ricciardi (Dkt. #50). |

| | |
|---|---|
| Ricciardi were "not employee[s] of Chrome Media." | |
| On September 26, 2016, Moira Demos, acting as CEO of Chrome Media, signed a Statement of Information on a form that was filed on behalf of Chrome Media with the California Secretary of State and that stated that Tal Benari was Chrome's agent for service of process in California, that his address was 15821 Ventura Blvd, Ste. 500, Encino, CA 91436; that this same address was the principal office address of Chrome Media, and stating that the same address was her address as CEO of Chrome Media. | Declaration of Debra Bursik (Dkt. 92-2) ¶ 4 & Ex. 3. |
| Chrome Media's principal place of business, its CEO's office, and its Registered Agent's office were all located at 15821 Ventura Blvd., Suite 500, Encino, California. | *Id.* |
| In addition to the facts described in the parties' joint statement of stipulated facts, on March 12, 2019, a man entered the reception area of 15821 Ventura Blvd, Ste. 500, Encino, CA 91436 during the lunch hour and asked to speak to Benari. The receptionist present at the time, Danielle Rodriguez, told the man that Benari was in a meeting and was not in his office. The man left a set of documents on the reception counter and left. (Declaration of Danielle Rodriguez (Dkt. 40) ¶¶ 5-6.)[1] | Declaration of Danielle Rodriguez (Dkt. 40) ¶¶ 5-6. |
| The statements in the Declarations filed by Plaintiff and Defendants either directly establish or support reasonable inferences that Plaintiff's process servers attempted service on Chrome Media at 15821 Ventura Blvd., Suite 500, Encino, CA 91436 on March 6, 2019 (Dkt ##39, 49); March 7, 2019 (Dkt ##39, 49); March 12, 2019 (Dkt | Affidavit of Carlos Caceres (Dkt #49); Declaration of Natalia Canaan (Dkt. 39) ¶¶ 4, 5; Declaration of Natalia Canaan (Dkt. 39) ¶ 6; Declaration of Tal Benari (Dkt. 38) ¶ 17 (acknowledging that receptionist gave him the documents on March 7 or 8); Declaration of Danielle Rodriguez (Dkt. 40) ¶¶ 5-6; |

---

[1] It is Plaintiff's counsel's understanding based on exchanged drafts of the parties' separate statements that this proposed fact differs from Defendants' version of the proposed fact only in that Defendants wish to treat as established the witness' additional assertion that the person who left the documents left "without identifying himself to Rodriguez or explaining himself." Plaintiff objects to this additional statement for the same reasons described in objection 2.A., below.

| | |
|---|---|
| 40); March 15, 2019 (Dkt #44, 49) and March 18, 2019 (Dkt 44), and left the process with the receptionist at the front desk there on March 7, 2019 and March 12, 2019 (Dkt 39, 40). | Declaration of Diligence (Dkt. 44). |
| The Defendants' description of the waiting area at 15821 Ventura Blvd., Suite 500, Encino, CA and of the duties of the receptionists, including answering phones, greeting visitors, and notifying office workers when guests arrive (with the rest of the offices separated by interior doors) and receiving routine deliveries for R.C. Baral & Co., support the reasonable inference that the receptionist for that suite was the person "apparently in charge" of the offices at 15821 Ventura Blvd., Suite 500, Encino, CA. | Declaration of Tal Benari (Dkt. 38) ¶¶ 14-16; Declaration of Natalia Canaan (Dkt. 39) ¶ 3; Declaration of Danielle Rodriguez (Dkt. 40) ¶ 3; Declaration of Dominique Bianchi (Dkt. 41) ¶ 3. |
| Plaintiff's process server Carlos Caceres attempted service on Chrome's Registered Agent, Benari, on March 8, 9, and 12, 2019 at Benari's home, which Caceres described as in a gated community at 18645 Hatteras Street, Unit 269, Tarzana, CA, but did not succeed in doing so. | Declaration of Diligence (Dkt. 44). |
| There is a retaining wall and fence at the front perimeter of Moira Demos and Laura Ricciardi's residence at 1946 N. Oxford Ave., Los Angeles, California and a gate at the bottom of the stairs that lead to the front door of the residence. There is an intercom adjacent to the gate through which visitors let the inhabitants know they are there. | Second Declaration of Moira Demos (Dkt #87) at ¶5. |
| Debra Bursik, on behalf of counsel for Plaintiff, mailed copies of the Summons and Complaint, Amended Summons and Complaint, Publication Summons, Amended Publication Summons, and electronic court notices to Laura Ricciardi and Moira Demos (each) at 1946 N. Oxford Avenue, Los Angeles, CA 90027-1620 and Tal Benari, Chrome Media, 15821 Ventura Blvd., Suite 500, Encino, CA 91436-2945 on March 11, 2019 and March 12, 2019. The mailings on March 11, 2019, were | Declaration of Debra L. Bursik (Dkt #47) at pp. 1-2 and Ex. A. |

| | |
|---|---|
| confirmed to have been delivered on March 13, 2019. | |
| Plaintiff's counsel filed a Publication Summons on March 11, 2019, in Manitowoc County Circuit Court that bore the then-current caption of the case, but the text of which directed a reader to the original complaint (not the amended complaint, as Defendants have repeatedly falsely claimed) in the Court file. Shortly after filing that document, Plaintiff's counsel was advised by the L.A. Times that publication would be one day later than anticipated. Plaintiff's counsel then filed a revised Publication Summons with the new date, but that contained the exact same text for the notice as the prior-filed version of the document. | Proof of Publication, Dkt #25; Declaration of George Burnett, Dkt #71, ¶¶7-9; *see also* Declaration of Moira Demos, Dkt #37, at Ex. A (containing copies of Publication Summons and Amended Publication Summons). |

## B. Subsequent Case Developments and Facts Discovered in Preparing for Evidentiary Hearing / Jurisdictional Discovery:

| | |
|---|---|
| Moira Demos, Laura Ricciardi, and Chrome Media were served with the Second Amended Complaint in this action, which asserts claims based on statements made by the Defendants in "Making a Murderer 2." "Making a Murderer 2" was first broadcast on October 19, 2018. | Second Amended Complaint (Dkt 105); Proofs of Service on Defendants (Dkt ##149, 150, 151). |
| Counsel for Mr. Colborn attempted service of the Second Amended Complaint on Chrome Media through the New York State Department of State, but the attempted service was rejected by that office because the Department of State will only serve corporations with service of process in actions venued in the State of New York. | Dkt #161 (Summons Returned Not Executed) |
| Laura Ricciardi, who is an attorney, currently lists 15821 Ventura Blvd., Suite 500, Encino, California 9143-2945.as her business address with the New York State Unified Court System. | Declaration of Debra Bursik filed November 23, 2020 (Dkt #162), ¶4, Ex. 5. https://iapps.courts.state.ny.us/attorneyservices/ |

| | |
|---|---|
| The Corporation – Statement of Information for the entity "Starlight," as filed with the California Secretary of State, lists the following information for its officers and directors:<br><br>3. Officers<br><br>    a. Chief Executive Officer<br>    Laura Ricciardi<br>    15821 Ventura Boulevard, Suite 500<br>    Encino, California 91436<br>    United States of America<br><br>    b. Secretary<br>    Laura Ricciardi<br>    15821 Ventura Boulevard, Suite 500<br>    Encino, California 91436<br>    United States of America<br><br>    c. Chief Financial Officer<br>    Laura Ricciardi<br>    15821 Ventura Boulevard, Suite 500<br>    Encino, California 91436<br>    United States of America<br><br>    d. Director<br>    Laura Ricciardi<br>    15821 Ventura Boulevard, Suite 500<br>    Encino, California 91436<br>    United States of America | Declaration of Debra Bursik filed November 23, 2020 (Dkt #162) at ¶4, Ex. 3;<br>https://www.sos.ca.gov/business-programs/business-entities |
| Tal Benari 15821 Ventura Blvd., Suite 500, Encino, California, is also listed in documents filed with the California Secretary of State as registered agent for service of process for Synthesis Films, Inc., a California corporation that lists its business address as 15821 Ventura Blvd., Suite 500, Encino, California. Laura Ricciardi is listed as CEO and a director of the corporation with an address listed for her of 15821 Ventura Blvd., Suite 500, Encino, California. Moira Demos is listed as an additional director with an address for her of 15821 | Declaration of Debra Bursik filed November 23, 2020 (Dkt #162) at ¶3, Ex. 2<br>https://www.sos.ca.gov/business-programs/business-entities |

| | |
|---|---|
| Ventura Blvd., Suite 500, Encino, California. In 2020, Tal Benari, on behalf of Chrome Media, signed a "Statement of Information No Change" for the corporation. The language in the form requires that by signing, the person signing the form certifies that he or she is authorized to sign the form. | |
| R.C. Baral & Co. and its employees frequently serve as Registered Agents for other companies. | Declaration of Debra Bursik filed November 23, 2020 (Dkt #162), at ¶2, Ex. 1. |
| The services that Tal Benari provided to Chrome Media, including production accounting and tax services for Chrome Media, together with the absence of any other identified relationship between him and Chrome Media or its principals apart from his work for them on corporate matters through R.C. Baral & Co., support the reasonable inference that his service as Registered Agent for Chrome Media was provided as an additional service to Chrome Media within the scope of his employment for R.C. Baral & Co. | *Id.* |

## 2. Objections to Defendants' Proposed Additional Facts.

Defendants characterize Plaintiffs' objections to their proposed facts as somehow improper. But the fact is that if Plaintiffs do not detail these objections now, Defendants will almost certainly argue that the Court should take their facts as established because Plaintiff failed to object at the time Defendants submitted them. Moreover, Plaintiff properly articulates the basis for the objections in this submission, because otherwise, Defendants will undoubtedly contend that the objections lack merit because there was no explanation as to why they were asserted. Accordingly, Plaintiff respectfully submits the following objections to the facts proposed by Defendants.

A. Plaintiff objects to consideration of the following self-serving hearsay statements in affidavits of Tal Benari and additional witnesses, which were obviously drafted by lawyers as they make the same assertions in the same verbiage, and which concern matters as to which the credibility of the witnesses should be observed by the fact-finder.  In addition, the parties contemplated that exchange of information, formally and informally, relating to non-Wisconsin Witnesses would be accomplished prior to an evidentiary hearing.  *See* Dkt #114, pp. 12; Dkt #143 at pp. 1-2  (Joint Motions to Adjourn).  This has not occurred due to the pandemic.  An opportunity for jurisdictional discovery was also requested in Defendants' response to the Defendants' motion.  *See* Dkt #52 at p. 15.  Discovery is appropriate, or at a minimum,  an opportunity to examine at an evidentiary hearing the purported factual basis for and surrounding, among other things, the assertions below, some of which are also legal conclusions and not facts:

1) That Chrome Media never "conducted business" from the offices at 15821 Ventura Blvd., Suite 500, Encino, CA 91436.  It is Plaintiff's position that listing the address with the California Secretary of State as the business' principal office address, the office of its CEO, and the office of its Registered Agent for service of process is "conducting business."

2) The assertion that Laura Ricciardi has never conducted business from that address cannot be described as accurate at the present time based on information that is listed on the New York State Courts website and the California Secretary of State that shows that Ms. Ricciardi has listed the office as her address as an attorney and that she is listed as CEO, CFO, and director of another company at that address.

3) That the receptionists at 15821 Ventura Blvd., Suite 500, Encino, CA, were allegedly not authorized to accept service of process on behalf of R.C. Baral & Co. or anyone who works there.

4) That Natalia Cannan allegedly told the person who came to the offices at 15821 Ventura Blvd., Suite 500, Encino, CA that she was "not authorized to accept anything" for Tal Benari, even though he worked there and the receptionists' duties included receiving deliveries for the company.

5) That Dominique Bianchi allegedly told the visitor at the desk on March 29, 2019, that she "could not accept or sign for any documents."

6) Any implication that the receptionists were not "apparently in charge" of the offices at 15821 Ventura Blvd., Suite 500, Encino, CA, which is a legal conclusion that should be determined based on the stipulated facts, additional

facts listed above, and any facts that may be determined through an opportunity to examine these witnesses about their statements.

7) Any implication that Tal Benari's service as Registered Agent for Chrome Media was not an additional service related to his tax accounting and production services work for Chrome Media through R.C. Baral & Co. This is a matter that would also benefit from an opportunity for discovery or at least the opportunity to examine Tal Benari and/or other representatives of R.C. Baral & Co. In addition, the Defendants' and Tal Benari's assertions that he served no management or supervisory role for the company should be subject to discovery in light of his current work for Defendants' affiliated company, Synthesis Films, Inc., as to which he has certified to the California Secretary of State that he is authorized to file documents regarding the corporation's status.

8) Assertions by the Defendants that they were "unaware" of efforts to serve them by publication prior to April 10, 2019, given that they all acknowledged receiving copies of a filed Publication Summons and Amended Publication Summons weeks prior to that date and that they removed this action to this Court, with the assistance of counsel.

9) Any attempts to characterize the persons who visited Chrome Media offices, as stated in the Declarations of the receptionists at 15821 Ventura Blvd., Suite 500, Encino, CA, as anything other than process servers. The brief in support of Defendants' motion characterized these individuals as process servers (see Dkt #35 at p. 7) for purposes of Defendants' argument in support of their motion.

B. Plaintiff objects to Defendants' proposed facts regarding statements that allegedly were not contained in the Proofs of Service filed by Plaintiff's process server, Carlos Caceres, which are not really facts but which amount to legal argument regarding a Wisconsin statute pertaining to procedures for responding to challenges to personal or substituted service of process (and not to service by publication) when those challenges are filed in a Wisconsin state court rather than pursuant to federal procedure after removal. These matters have been previously argued in briefs for the parties and should not be attempted to be augmented through argument disguised as "factual" assertions. Moreover, Judge Pepper tacitly rejected Defendants' reliance on this argument in ruling that an evidentiary hearing was appropriate. If the issue is reconsidered at this juncture in the proceedings, Plaintiff respectfully requests an opportunity to further respond to the renewed argument.

C. Pursuant to prior decisions in this case, the facts as summarized in the Proposed Additional Facts are those pertinent to service of process under Wisconsin law. Plaintiff preserves for appeal his arguments that he accomplished timely service after removal under federal rules (Dkt ### 98, 99, 100) and his alternative motion for an extension of time to serve under the federal rules.

Dated this 23rd day of November, 2020.

By: /s/April Rockstead Barker_____
April Rockstead Barker
Attorneys for Plaintiff, Andrew L. Colborn

Schott, Bublitz & Engel, s.c.
640 W. Moreland Blvd.
Waukesha, WI 53188
(262) 827-1700
(262) 827-1701 (fax)
abarker@sbe-law.com

**Co-Counsel:**

Attorney George Burnett
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
State Br No. 1005964

Attorney Michael C. Griesbach
Griesbach Law Offices
State Bar No. 01012799
Griesbach Law Offices, LLC
PO Box 2047
Manitowoc, WI 54221-2047
(920) 320-1358