UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW L. COLBORN,

          Plaintiff,

  v.                                      Case No. 19-cv-484

NETFLIX, INC,
CHROME MEDIA, LLC,
f/ka SYNTHESIS FILMS, LLC,
LAURA RICCIARDI, and
MOIRA DEMOS,

          Defendants.

## ORDER REGARDING MEDIATION PROCEEDINGS

The above matter has been referred to me for mediation by United States District Judge Brett H. Ludwig. Based on this referral and pursuant to the order,

**IT IS HEREBY ORDERED**:

1.    I will conduct a settlement conference on **March 9, 2021 <u>promptly</u> at 9:00 A.M. (CT)** via Zoom video conference. The Zoom conference link will be e-mailed to counsel one day prior to the conference. **<u>Failure of any participant to be present at that time may result in the cancellation of the mediation.</u>** The mediation will focus on all issues necessary to fully resolve the case, including reasonable costs and attorneys' fees.

2.    Primary counsel who will try the case must be present.

3. A person with full settlement authority also must be present at the conference; parties shall not be permitted to appear by telephone. This requirement contemplates the presence of a party or, if a corporate entity, an authorized representative of the party, who can settle the case during the course of the conference <u>without consulting a superior</u>.

4. **Pre-settlement Conference Demand and Offer**

    A. A settlement conference is more likely to be productive if, before the conference, the parties have had a chance to discuss settlement proposals. Prior to the conference, the attorneys are directed to discuss settlement with their respective clients and, if applicable, insurance representatives.

    B. In addition, on or before **February 16, 2021,** plaintiff's counsel shall submit a written settlement demand to the defendants' counsel with a brief explanation of why such a settlement is appropriate.

    C. On or before **February 23, 2021,** defendants' counsel shall submit a written offer to the plaintiff's counsel with a brief explanation of why such a settlement is appropriate.

    D. This process may lead directly to a settlement. If a settlement results, the plaintiff shall promptly notify my deputy clerk.

    E. If the demand and offer reflected in these letters are so far apart as to make settlement extremely unlikely, the court may cancel the mediation. Therefore, it is expected that the parties will act in good faith in arriving at the numbers contained in these letters.

5. **Mediation Conference Statement**

    A. The following documents **shall NOT be electronically filed**. These documents shall be used only for mediation and shall

not become part of the court's file in this matter. The following documents shall be delivered:

i. Email, in PDF, to DuffinPO@wied.uscourts.gov, *or*

ii. Paper copy delivered to my chambers:
Chambers 250, U.S. Courthouse
517 E. Wisconsin Avenue, Milwaukee, Wisconsin.

B. **No later than 4:00 P.M.** (CT) on **March 2, 2021,** plaintiff's counsel shall deliver to me the following three sets of materials:

i. A copy of: (a) the plaintiff's written settlement demand provided to defendants' counsel; and (b) the defendants' written offer provided to plaintiff's counsel exchanged as part of the pre-settlement conference demand and offer procedure set forth in Part 4 of this Order.

ii. A mediation letter, not exceeding 5 pages in length (single spaced), setting forth the relevant positions of the parties concerning factual issues, issues of law, and damages. Include in this mediation letter the names, and if applicable, titles, of all persons who are expected to attend the mediation conference on behalf of the plaintiff. This mediation letter shall be simultaneously provided to all other counsel of record in this matter.

iii. A separate *ex parte* letter. This letter shall include any additional information, not otherwise set forth in the mediation letter, that the plaintiff believes will assist me in mediating this matter, such as impediments to settlement and a candid assessment of the strength and weaknesses of the plaintiff's case. The plaintiff should avoid submitting lengthy exhibits or other attachments. This letter shall not be provided to the defendants.

C.  **No later than 4:00 P.M.** (CT) on **March 2, 2021,** defendants' counsel shall deliver to me the following two sets of materials:

   i. A mediation letter, not exceeding 5 pages in length (single spaced), setting forth the relevant positions of the parties concerning factual issues, issues of law, and damages. Include in this mediation letter the names, and if applicable, titles, of all persons who are expected to attend the mediation conference on behalf of the defendants. This mediation statement shall be simultaneously provided to all other counsel of record in this matter.

   ii. A separate *ex parte* letter. This letter shall include any additional information, not otherwise set forth in the mediation letter, that the defendants believe will assist me in mediating this matter, such as impediments to settlement and a candid assessment of the strength and weaknesses of the defendants' case. The defendants should avoid submitting lengthy exhibits or other attachments. This letter shall not be provided to the plaintiff.

6. To promote a full and open discussion, communications occurring during the mediation cannot be used by any party with regard to any aspect of this litigation. *See* Civil L.R. 16(d)(3).

7. **Failure to fully comply with any portion of this order may result in cancellation of the mediation.**

Dated at Milwaukee, Wisconsin this 19th day of January, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge