2014 WL 4542420
Only the Westlaw citation is currently available.
United States District Court, E.D. Virginia,
Alexandria Division.

THORNAPPLE ASSOCIATES, INC.,
Plaintiff,
v.
Allen IZADPANAH, Defendant.

No. 1:14CV767 (JCC/TRJ).
|
Signed Sept. 10, 2014.

**Attorneys and Law Firms**

Imran O. Shaukat, James W. Bartlett, III, Semmes Bowen and Semmes, Baltimore, MD, Tyler Owen Prout, Semmes Bowen & Semmes PC, Vienna, VA, for Plaintiff.

Jay Ian Igiel, Nealon & Associates PC, Alexandria, VA, Lawrence J. Anderson, Pels Anderson LLC, Bethesda, MD, for Defendant.

*MEMORANDUM OPINION*

JAMES C. CACHERIS, District Judge.

**\*1** This matter is before the Court on Plaintiff Thornapple Associates, Inc.'s ("Plaintiff" or "Thornapple") Motion for Summary Judgment. [Dkt. 25.] For the reasons set forth below, the Court will deny Plaintiff's motion.

**I. Background**

It is undisputed that on or about May 2, 2013, the parties entered into an Expert Retainer Agreement (the "Agreement"), wherein Defendant Allen Izadpanah ("Defendant") agreed to pay Plaintiff for expert witness services on an hourly basis according to set billing rates. (Pl.'s Mem. in Supp. [Dkt. 26] at 1; Def.'s Opp' n [Dkt. 29] at 3.) On October 7, 2013, Plaintiff sent Defendant an invoice for services and expenses totaling $162,110.46. (Def.'s Opp'n at 3.) Defendant paid approximately $38,000.00 toward this balance but has refused to pay the rest. (Pl.'s Mem. in Supp. at 2.) Plaintiff thus initiated this action seeking to collect the remainder due under the October 2013 invoice. Plaintiff's Complaint asserts four different claims: (1) breach of contract; (2) account stated; (3) quantum meruit; and (4) unjust enrichment. (Compl. [Dkt. 1] at 4–5.)

Plaintiff has now moved for summary judgment, claiming

> [t]here is no dispute of material fact that Thornapple provided services and incurred expenses pursuant to the Agreement to Defendant, invoiced Defendant for those services and expenses, and has not been paid in full for those services and expenses. Consequently, this Court should enter summary judgment in favor of Thornapple and against Defendant in the amount of $124,110.46, plus interest, costs, and attorneys fees.

(Pl.'s Mem. in Supp. at 3.) Plaintiff's memorandum in support of its motion can only be described as brief. It totals three pages, and outside of the language cited above, it is devoid of any analysis as to how the uncontested facts entitle Plaintiff to judgment as to each of the asserted claims. (*Id.*) Plaintiff does not cite a single case besides those discussing the general standards for summary judgment. (*Id.* at 2–3.)

Defendant opposes Plaintiff's motion primarily on grounds that material issues of fact exist as to whether he is required to pay for these services since Plaintiff failed to send invoices in a timely manner and the October 2013 invoice is well outside the estimate Plaintiff provided prior to executing the Agreement. (Def.'s Opp'n at 6–11.) Defendant also argues that Plaintiff's motion is premature since "[n]o discovery responses are yet due, no depositions have occurred, [and] no experts have been designated." (*Id.* at 6.) Defendant continues, "Plaintiff provided highly technical and specialized services to Defendant of the type and nature that normally requires an expert witness to establish the standard of care and reasonable value of said services." (*Id.*) Defendant then claims, without any case citation, that "[a]ll hourly contracts such as [the Agreement] are tempered by the requirement that the hours incurred must be reasonable ... In this case, Defendant denies the reasonableness of the invoices on several grounds[.]" (*Id.* at 9.) Defendant goes on to make several additional arguments, which the Court need not address here given the ruling below.

**\*2** Having been fully briefed and argued, Plaintiff's

Motion for Summary Judgment is now before the Court.

## II. Standard of Review

The summary judgment standard is too well-settled to require explanation here. In essence, summary judgment is appropriate only where, on the basis of undisputed material facts, the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party always bears the initial burden of "informing the district court of the basis for its motion," and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. Thereafter, the burden shifts to the non-moving party to demonstrate that genuine issues of material fact exist that must be resolved at trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Importantly, the non-moving party must show more than some metaphysical doubt as to the material facts. "[T]he non-moving party 'may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" *Hughes v. Bedsole,* 48 F.3d 1376, 1381 (4th Cir.1995) (quoting *Anderson,* 477 U.S. at 256).

In reviewing the record on summary judgment, the Court "must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the nonmovant." *Brock v. Entre Computer Ctrs., Inc.,* 933 F.2d 1253, 1259 (4th Cir.1991) (citations omitted). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249. Where there is conflicting evidence, the court must credit the evidence of both sides and acknowledge that there is a genuine issue of material fact that cannot be resolved by summary judgment. *See Tolan v. Cotton,* 134 S.Ct. 1861, 1868–69 (2014) ("By weighing the evidence and reaching factual inferences contrary to [the non-movant's] competent evidence, the court below neglected to adhere to the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party.")

## III. Analysis

It requires little analysis to conclude that Plaintiff is not entitled to summary judgment at this juncture. As noted, it was Plaintiff's burden to present the issues in a manner that the Court could conclusively decide that judgment in its favor is proper. Plaintiff's brief falls woefully short in this regard. First, Plaintiff has failed to identify the claim (or claims) for which it seeks judgment. Plaintiff, without identifying any particular cause of action, requests "summary judgment in favor of Thornapple and against Defendant in the amount of $124,110.46, plus interest, costs, and attorneys fees." (Pl.'s Mem. in Supp. at 3.) While typically the Court could construe such a request as a demand for judgment on all counts, this assumption would prove inappropriate here given two of Plaintiff's claims appear mutually exclusive. *See Harrell v. Colonial Holdings, Inc.,* 923 F.Supp.2d 813, 826 (E.D.Va.2013) (affirming that a plaintiff "cannot simultaneously obtain relief for unjust enrichment and breach of contract"); *Va. Elec. & Power Co. v. Broe Growth Capital LLC,* No. 3:07cv224, 2007 WL 2071726, at *2 (E.D.Va. July 17, 2007) ("[I]f a court finds that an express contract exists between the parties, either by determination of the court or stipulation of the parties, the equitable remedy of unjust enrichment is unavailable.").

*3 Even more problematic is Plaintiff's failure to identify which body of law governs its claims. Ordinarily, a federal court sitting in diversity must apply the substantive law of the state in which it sits, which in this case would be Virginia. *See Booker v. Peterson Cos.,* 412 F. App'x 615, 616 (4th Cir.2011); *Abraham v. CBOCS, Inc.,* No. 3:11CV182–DWD, 2011 WL 5119288, at *2 n. 3 (E.D.Va. Oct. 27, 2011). Defendant, however, points out that the Agreement contains a choice-of-law clause that provides New Jersey law is controlling. (Def.'s Opp'n at 9.) Plaintiff's brief makes no mention of this clause or how it impacts the claims alleged. With this issue apparently unsettled, the Court cannot conclude, with the required degree of certainty, that Plaintiff is entitled to prevail as a matter of law.

Finally, this is not a case where the only issue to be decided by the Court is a legal question. Rather, the core of the dispute appears factual in nature. (*See* Def.'s Opp'n at 6.) At this stage of the litigation, the Court must credit Defendant's arguments as to the reasonableness, accuracy, and timeliness of the invoices and draw reasonable inferences in Defendant's favor. *See Tolan,* 131 S.Ct. at 1868. With the limited facts presently available, Defendant's allegations create genuine issues of material fact that cannot be resolved by summary judgment. Furthermore, Plaintiff filed this motion before either party has had the opportunity to engage in any meaningful discovery. Forcing Defendant to address

Plaintiff's contentions now, without the benefit of discovery, would place him at an unfair disadvantage. Indeed, it would appear tantamount to summary judgment by ambush. *Zagklara v. Sprague Energy Corp.,* No. 2:10–CV–445–GZS, 2012 WL 3679635, at *4 (D.Me. July 2, 2012) ("Summary judgment practice by ambush is no more to be favored than is trial by ambush."), *report and recommendation adopted by,* 2012 WL 3650596 (D.Me. Aug. 24, 2012); *Sideridraulic Sys. SpA v. Briese Schiffahrts GmbH & Co. KG,* No. 10–0715–WS–M, 2011 WL 3204521, at *4 (S.D.Ala. July 26, 2011) (denying motion for summary judgment pursuant to Rule 56(d) where non-movant had not yet had the opportunity to conduct discovery).

### IV. Conclusion

Given the deficiencies noted above, the Court will deny Plaintiff's Motion for Summary Judgment without prejudice. Plaintiff, should it so desire, may refile this motion along with an appropriate brief at a later junction. An order will follow.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 4542420

End of Document © 2021 Thomson Reuters. No claim to original U.S. Government Works.