2006 WL 1892583
Only the Westlaw citation is currently available.
United States District Court,
N.D. Oklahoma.

Frank O. LEWIS, et al., Plaintiffs,
v.
WAL-MART STORES, INC., et al, Defendants.

No. 02-CV-0944-CVE-FHM.
|
July 10, 2006.

**Attorneys and Law Firms**

James Collins Hodges, Shanann Pinkham Passley, Eller & Detrich, Tulsa, OK, Michael D. Myers, Robert Henry Espey, II, Scott M. Clearman, McClanahan & Clearman LLP, Houston, TX, for Plaintiffs.

Craig Alan Fitzgerald, David Len Bryant, Bryant Law Firm, Tulsa, OK, for Defendants.

*OPINION AND ORDER*

CLAIRE V. EAGAN, Chief Judge.

*1 Now before the Court is the Plaintiffs' Objection to [Appeal of] Magistrate McCarthy's January 13, 2006 Order and Motion to Reconsider this Court's December 5, 2005 Order (Dkt.195, 196).[1] The Court heard oral argument on June 26, 2006. The Court's December 5, 2005 Order affirmed a prior order (Dkt.# 160) entered by Magistrate Judge McCarthy on September 8, 2005, in which he found that a letter sent by plaintiffs' counsel contained indirect solicitation in violation of the parties' Amended Confidentiality Order (Dkt. # 101).[2] The magistrate judge reserved any ruling on whether plaintiffs' counsel would be prohibited from representing any of the letter recipients, since none had sought to join the case at that time. Magistrate Judge McCarthy's January 13, 2006 order denied permission for plaintiffs' counsel to represent five letter recipients who sought representation by plaintiffs' counsel in an action against Wal-Mart.

In their appeal of the Magistrate Judge's order, plaintiffs assert that (1) the Amended Confidentiality Order permitted plaintiffs to use Wal-Mart's information for informal discovery[3]; (2) the Court and Wal-Mart understood that the Amended Confidentiality Order permitted plaintiffs to contact Wal-Mart's current and former employees to discover whether they received Wal-Mart's notice concerning the corporate-owned life insurance ("COLI") policies at issue in this litigation; (3) the magistrate judge and Wal-Mart understood that, in the course of discovery, some witnesses might ask to employ plaintiffs' counsel; (4) plaintiffs' letter yielded admissible evidence; and (5) only five of the hundreds of witnesses plaintiffs contacted wish to hire plaintiffs' counsel. The Court is persuaded that, although it found the letter to constitute indirect solicitation in violation of the Amended Confidentiality Order, the sanctions imposed by the magistrate judge may implicate plaintiffs' right to counsel of their choice.

In *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981), the district court entered an order prohibiting the parties and their counsel from communicating with potential class members without court approval. *Id.* at 94-95. The appellate court reversed, holding that the order was an unconstitutional prior restraint on expression according First Amendment protection. *Id.* at 98. The Supreme Court affirmed the appellate court by holding, *inter alia,* that the order interfered with the class representatives' efforts to inform potential class members of the existence of the suit and made it more difficult for the class representatives to obtain information about the merits of the case from the persons they sought to represent. *Id.* at 101.

The *Gulf Oil* Court stated that

> an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties.... In addition, such a weighing-identifying the potential abuses being addressed-should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances.

*2 *Id.* The parties do not dispute that the Amended Confidentiality Order fulfilled these criteria.

Wal-Mart argues that plaintiffs' counsel "crossed the

line" in violation of the Amended Confidentiality Order's prohibition on indirect solicitation when plaintiffs' counsel included language in the letter about the possibility of a class action, and Wal-Mart asks the Court to effectively sanction plaintiffs' counsel for the violation by prohibiting plaintiffs' counsel from representing the five letter recipients who seek representation by plaintiffs' counsel. Yet, the line is such a fine one in this case that the Court is reluctant to characterize it as a blatant violation of the Amended Confidentiality Order so as to justify the sanction of preventing representation. Of course, the better practice would have been for plaintiffs' counsel to seek the approval of the letter by opposing counsel and the magistrate judge before sending it, but there is nothing untrue in the letter regarding the possibility of class certification, and the paragraph in question is not so blatant a violation that reasonable minds could not differ as to whether it constitutes solicitation and, thus, a violation of the Amended Confidentiality Order.

Although other information in the letter reveals an undertone of solicitation, the paragraph containing the offending language reads as follows:

> The *Lewis* case was filed as a class action. My firm will likely ask the judge to certify a class that includes the families of Wal-Mart workers who died in Alaska, Arizona, Hawaii, Idaho, Louisiana, Montana, Nevada, New Mexico, Oklahoma, South Dakota, Washington and Wyoming while they were insured by one of Wal-mart's policies.

*See* Resp. Br., Dkt. # 199, Ex. A. Plaintiffs argued that this statement was "subject to multiple interpretations" and could "easily be understood as a statement that the recipient has no need to hire Plaintiffs' counsel." Objection, Dkt. # 162, at 10-11. This Court opined that "[c]learly, some interpretations could lead to that conclusion, as the language could also be understood as a statement that the recipient should consider hiring plaintiffs' counsel to sue Wal-Mart." Order, Dkt. # 172, at 4. Thus, the Court recognized that the letter could have been interpreted by the recipients as solicitation, as well as a request for information relevant to the plaintiffs' claims as well. *See* Order, Dkt. # 172, at 4.

Persons trained in the law could speculate as to the intent of plaintiffs' counsel from the tone of the letter. The real question is what the letter recipients would glean from the language employed by plaintiffs' counsel. Of the 145 persons who actually responded to the letter and signed declarations submitted by plaintiffs in support of their summary judgment arguments, only five seek representation by plaintiffs' counsel. As plaintiffs' counsel argued, many of the letter recipients may have opted *not* to seek representation because they believed that their interests would be represented by the class representatives in the event plaintiffs' counsel were successful in seeking certification of a multi-state class.

*3 Complicating this analysis are two concerns raised by the *Gulf Oil* case. First, as *Gulf Oil* cautions, "the mere possibility of abuse does not justify routine adoption of a communication ban that interferes with the formation of a class or the prosecution of a class action in accordance with the Rules." 452 U.S. at 104. The Court does not consider the Amended Confidentiality Order to include the "routine" adoption of such a communications ban, and the Court is aware that plaintiffs' counsel withdrew any objections to the form of the order when Wal-Mart presented it to the magistrate judge for approval. However, the restriction on indirect solicitation contained in the Amended Confidentiality Order could be construed as interfering with the formation of a class or the prosecution of a class action.

Second, it is true that this case has not yet been certified as a class action, but the Court is concerned, as the *Gulf Oil* Court was, that Court orders not impinge upon free speech. "Lawyer advertising is commercial speech and as such, is accorded an intermediate measure of First Amendment protection." *Revo v. Disciplinary Bd. of the Supreme Court for the State of New Mexico,* 106 F.3d 929, 932 (10th Cir.1997) (citing *Florida Bar v. Went For It, Inc.,* 515 U.S. 618, 623, 115 S.Ct. 2371, 132 L.Ed.2d 541 (1995)). Plaintiffs' counsel could have solicited clients for a putative class action through national advertising. *See Zauderer v. Office of Disciplinary Counsel of the Supreme Court of Ohio,* 471 U.S. 626, 647, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985). Solicitation of clients through a letter issued during the course of discovery may implicate such rights.

The issue is not, as plaintiffs imply, whether the magistrate judge had the authority to enter an order for discovery violations by plaintiffs' counsel, as well as to enforce the Amended Confidentiality Order. Sanctions set forth in Fed.R.Civ.P. 37(b)(2) are available for a violation of a protective order entered pursuant to Fed.R.Civ.P. 26(c). *See U.S. v. National Medical Enterprises, Inc.,* 792 F.2d 906, 911 (9th Cir.1986); *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 784 (9th Cir.1983); *but see Lipscher v. LRP Publications, Inc.,* 266 F.3d 1305, 1322-23 (11 th Cir.2001).[4] Even if they were not available, any conduct of the kind that ordinarily would be sanctionable under Rule 37 but which falls outside the express terms of the rule can be remedied by exercise of the Court's inherent powers, including the power to "levy sanctions in response to abusive litigation practices."

WESTLAW © 2021 Thomson Reuters. No claim to original U.S. Government Works. 2

*Roadway Express, Inc. v. Piper,* 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *Jones v. Thompson,* 996 F.2d 261, 264 (10th Cir.1993). "It is well-established that ordinarily 'the control of attorneys' conduct in trial litigation is within the supervisory powers of the trial judge,' and is thus a matter of judicial discretion." *Cole v. Ruidoso Mun. Schools,* 43 F.3d 1373, 1383 (10th Cir.1994) (quoting *Redd v. Shell Oil Co.,* 518 F.2d 311, 314 (10th Cir.1975)).

*4 The issue is the propriety of barring plaintiffs' counsel from representing five persons who responded to a letter which ostensibly sought to discover information relevant to the case, and which contained indirect solicitation. A civil litigant's right to counsel of choice is implicit in the Due Process Clause of the Fifth Amendment as well as in 28 U.S.C. § 1654, but that right is not absolute. *See In re BellSouth Corp.,* 334 F.3d 941, 955, 961 (11th Cir.2003); *Texas Catastrophe Property Ins. Ass'n v. Morales,* 975 F.2d 1178, 1181 (5th Cir.1992); *Bottaro v. Hatton Assocs.,* 680 F.2d 895, 897 (2d Cir.1982); *accord Gray v. New England Tel. and Tel. Co.,* 792 F.2d 251, 257 (1st Cir.1986).[5] The right to counsel of choice may be overridden only if "compelling reasons" exist. *BellSouth Corp.,* 334 F.3d at 961 (quoting *Texas Catastrophe,* 975 F.2d at 1181); *Bottaro,* 680 F.2d at 897. This Court is concerned that the violation here is not a sufficient "compelling reason" to ban representation.

The Court finds that the magistrate judge's January 13, 2006 order was not clearly erroneous, but, in light of the *Bell South* line of authority, could amount to an infringement of plaintiffs' right to counsel of choice.

Because this Court finds that plaintiffs' counsel's violation of the Amended Confidentiality Order was not so blatant that reasonable minds could not differ as to whether it amounted to solicitation, the Court finds that the sanction of prohibiting plaintiffs' counsel from representing those individuals who responded to the solicitation may be too harsh. Thus, this Court sets aside that part of the magistrate judge's order prohibiting representation and remands for a determination of a less severe sanction. See Fed.R.Civ.P. 72(a).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Reconsider this Court's December 5, 2005 Order (Dkt. # 195) is **denied;** Plaintiffs' Objection to [Appeal of] Magistrate McCarthy's January 13, 2006 Order (Dkt.# 196) is **sustained;** the January 13, 2006 Order (Dkt. # 193) by United States Magistrate Judge Frank H. McCarthy is **set aside as to the prohibition of representation only** and remanded for further proceedings consistent with this Opinion and Order; and the Motions Seeking Permission to Represent Karen Williams, Derryl Blanton and Their Spouses' Estates (Dkt.# 173), Brooks Gage, Kent Shieldnight and Their Spouses' Estates, (Dkt.# 175), and Jennifer Bruney Richard and Her Husband's Estate (Dkt.# 177) are hereby **remanded** to Magistrate Judge McCarthy.

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 1892583

Footnotes

1   The Court directed that the document be filed as two separate documents because it contains two separate requests. The motion to reconsider is docketed as # 195; the appeal of the magistrate judge's order is docketed as # 196.

2   The Court treats plaintiffs' motion to reconsider under Fed.R.Civ.P. 54(b), as the underlying order is not a final order or judgment. *See Raytheon Constructors, Inc. v. Asarco* Inc., 368 F.3d 1214, 1217 (10th Cir.2003). It may, however, call into play the legal standards applicable to a Rule 59(e) motion to alter or amend judgment. *See e.g., Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP,* 322 F.3d 147, 167 (2nd Cir.2003). A motion to reconsider, like a motion to alter or amend judgment should only be granted upon the following grounds "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir.2000); *see Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d at 1186 n. 5 (10th Cir.2000). For the reasons discussed *infra,* the Court finds no legal basis for reconsideration.

3   The Amended Confidentiality Order prohibited plaintiffs' use of Wal-Mart's confidential documents for "advertising or solicitation directly or indirectly of legal representation," but provided that the prohibition "shall not prohibit counsel for Plaintiffs from conducting formal or informal discovery of persons whom they reasonably believe have or may have knowledge or information relevant to a claim or defense in this action." Amended Confidentiality Order, Dkt. # 101, at 12-13.

4   The Tenth Circuit has not directly addressed the question. It has held that a magistrate judge did not abuse his discretion in imposing sanctions against a plaintiff for violations of a protective order by that plaintiff's counsel, but the appellate court did not

implicate Rule 37 as the basis for the decision. *McGuinness v. University of New Mexico School of Medicine,* 170 F.3d 974, 980 (10th Cir.1988).

5      The Third Circuit, while stating that "[t]he Supreme Court has not recognized a constitutional right to counsel in a civil case," remarked that "where the right to counsel exists, the due process clause of the fifth amendment does provide some protection for the decision to select a particular attorney." *Kentucky West Virginia Gas Co. v. Pennsylvania Public Utility Comm'n,* 837 F.2d 600, 618 (3d Cir.1988).

**End of Document**       © 2021 Thomson Reuters. No claim to original U.S. Government Works.