IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANDREW L. COLBORN,
                Plaintiff

v.

NETFLIX, INC., et al.,                             Case No. 19-CV-484
                Defendants.

## DECLARATION OF APRIL ROCKSTEAD BARKER

APRIL ROCKSTEAD BARKER, under penalty of perjury, deposes and says:

1. I am an attorney with the law firm of Schott, Bublitz & Engel s.c. and am co-counsel for the Plaintiff in the above-captioned action. I am authorized to make this Declaration.

2. Attached as Exhibit1 is a true and correct copy of a letter that I sent to counsel for Netflix, Inc., on or about March 12, 2020, together with the enclosure.

3. On or about March 27, 2020, I had a telephone conference to discuss discovery issues with Attorneys Leita Walker and James Friedman, both of whom represent Netflix, Inc. in this action. Counsel for Netflix indicated that if they wanted to produce the material requested in the document requests that were served on March 2020, they could not do so because due to the pandemic, too many people were under lockdown or were sheltering in place in California. I do not recall any suggestion by Netflix's counsel in that conversation that Netflix did not have access to the requested materials, other than as a result of the pandemic. Following this discussion, I exchanged another set of email messages with Attorney Walker which have been previously submitted as Docket ##164-1, 164-2, 164-3, and 164-4.

1

4. Because we were unable to reach agreement regarding Plaintiff's request for a Rule 26(f) conference, which did not need to await a return to any pre-pandemic degree of normalcy, we filed a motion requesting that Defendants be compelled to participate in a Rule 26(f) conference (Docket #133).

5. Attached as Exhibit 2 is a true and correct copy of an email message that I sent to Defendants' counsel on or about September 2, 2020.

6. Attached as Exhibit 3 is a true and correct copy of an email message that I received from Attorney Walker.

7. Attached as Exhibit 4 is a true and correct copy of an email message that I sent to Attorney Walker on or about September 28, 2020.

8. Attached as Exhibit 5 is a true and correct copy of an email message that I received from Attorney Walker on or about September 29, 2020.

9. Attached as Exhibit 6 is a true and correct copy of an email message that I sent to Attorney Walker on or about October 2, 2020.

10. Attached as Exhibit 7 is a true and correct copy of an email message that I received from Attorney Walker on or about March 15, 2021.

11. Attached as Exhibit 8 is a true and correct copy of a written discovery response that I received from counsel for Netflix, Inc. in or about June 2021.

12. Attached as Exhibit 9 is a true and correct copy of a written discovery response that I received from counsel for Chrome Media, Inc., Laura Ricciardi, and Moira Demos in or about November 2020.

13. Attached as Exhibit 10 is a true and copy of Initial Disclosures that I received from counsel for Netflix, Inc. in or about June 2021.

14. Attached as Exhibit 11 is a true and correct copy of Initial Disclosures that I received from counsel for Chrome Media, Inc., Laura Ricciardi, and Moira Demos in or about June 2021.

15. Attached as Exhibit 12 is a true and correct copy of an email message that I sent to Attorney Walker on June 15, 2021.

16. Attached as Exhibit 13 is a true and correct copy of an email message that I received from Attorney Walker on June 15, 2021.

17. Attached as Exhibit 14 is a true and correct copy of a letter that I sent to counsel for the Defendants on or about June 16, 2021, together with a copy of the enclosure.

18. Attached as Exhibit 15 is a true and correct copy of an email message that I sent to Attorney Walker on June 15, 2021.

19. Attached as Exhibit 16 is a true and correct copy of an email message that I received from counsel for Chrome Media, Laura Ricciardi, and Moira Demos on June 23, 2021.

20. Attached as Exhibit 17 is a true and correct copy of a written discovery response that I received from counsel for Netflix, Inc. in July 2021.

21. Attached as Exhibit 18 is a true and correct copy of an email message that I sent to Attorney Walker on August 23, 2021.

22. Attached as Exhibit 19 is a true and correct copy of an email message that I received from Attorney Walker on August 23, 2021.

23. Attached as Exhibit 20 is a true and correct copy of an email message that I received from Attorney Walker on August 26, 2021, together with the attachment.

24. Attached as Exhibit 21 is a true and correct copy of an email message that I sent to Attorney Walker on September 10, 2021.

25. Attached as Exhibit 22 is a true and correct copy of an email message that I received from Attorney Walker on September 13, 2021.

26. Attached as Exhibit 23 is a true and correct copy of an email message that I sent to Attorney Walker on September 13, 2021.

27. Attached as Exhibit 24 is a true and correct copy of an email message that I received from Attorney Walker on September 16, 2021

28. Attached as Exhibit 25 is a true and correct copy of discovery requests that were sent to me by counsel for Netflix, Inc., by mail and email on or about September 3, 2021.

29. I spoke with Attorneys Walker and Vick by telephone on September 16, 2021. The sum and substance of the conversation was that Netflix's counsel indicated that Netflix would now make documents available without awaiting the ESI protocol, though they still sought agreement to the protocol prior to any production by Plaintiff. Attorney Walker indicated that some agreements would be produced shortly thereafter, and that she anticipated providing the remaining responsive documents by mid-October on a "rolling basis." To date, to my knowledge and understanding, we have received approximately seven documents through an email message on Friday, September 17, 2021. Some of the documents have been marked as "Confidential" or "Attorney's Eyes Only" under the protective order. Accordingly, rather than attempting to describe the documents that have been received, to my knowledge, we have *not* to date received copies of communications between the Defendants prior to the release of the Making a Murderer broadcast in connection with the production of the series.

30. Because Plaintiff has not been able to obtain the documents requested from the Defendants, and in particular, the communications between the Defendants described above, Plaintiff's counsel has not been able to schedule depositions of Defendants' witnesses without

4

Case 1:19-cv-00484-BHL   Filed 09/24/21   Page 4 of 5   Document 192

risking waste of time and expense through further depositions of the same witnesses after document production.

Dated this 24th day of September, 2021.

                                                                 /s/ April Rockstead Barker
                                                                April Rockstead Barker