IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>Plaintiff,<br><br>vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,<br><br>Defendants. | Civil No.: 19-CV-484-BHL |

**DEFENDANT NETFLIX, INC.'S RESPONSES TO "PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS"**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Netflix, Inc. ("Netflix"), through counsel, hereby responds to "Plaintiff's Second Request for Production of Documents"[1] as follows:

**PRELIMINARY STATEMENT**

Netflix submits these responses, subject to the objections set forth herein, without waiving, and expressly preserving: (a) any objections as to the competency, relevancy, materiality, privilege, and admissibility of any of the responses or of the materials sought to be produced; and (b) the right to object to other discovery requests involving or relating to the subject matter of the Requests responded to herein. Moreover, Netflix objects to each and every Request to the extent that they (1) are overbroad, unduly burdensome, and seek

---

[1] Referring to these requests as Plaintiff's "second set" is a misnomer. Because Plaintiff's "first" request for production of documents was not properly served pursuant to the Federal Rules of Civil Procedure, this is Plaintiff's initial set of requests for production of documents.

EXHIBIT 8

materials that are not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of Rule 26(b)(1) of the Federal Rules of Civil Procedure; (2) seek confidential and/or proprietary information without the entry of a mutually agreeable protective order; (3) seek documents or other materials created on or after December 17, 2018, the date Plaintiff filed suit, as such documents or other materials are irrelevant and may be subject to attorney-client privilege and/or work product protection; and (4) seek information protected from discovery by privilege, including without limitation: (a) attorney-client privilege; (b) the attorney work product doctrine; (c) the reporter's privileges recognized under Wis. Stat. § 885.14, Wis. Const. art. I sec. 3, the First and Fourteenth Amendments, and common law (collectively, the "Reporter's Privileges"); and (d) any other such privilege or protection. Netflix does not waive any such objections by making these responses.

## SPECIFIC RESPONSES AND OBJECTIONS

**Document Request No. 1:** A copy of all raw footage that occurred during the trial of Steven Avery in Manitowoc, Case No. 2005 CF 381, that includes Andrew Colborn.

**Response to Request No. 1:** Netflix objects that this request is confusing in that "raw footage" did not "occur" during Steven Avery's murder trial. Netflix nevertheless proceeds under the assumption that this request seeks footage recorded during the Avery trial. Netflix further objects that this request is overbroad, unduly burdensome, and not proportional to the needs of this case. Plaintiff Andrew Colborn testified for several hours at the Avery trial and only a portion of that testimony was shown in *Making a Murderer* or is otherwise at issue in this litigation. Netflix further objects to the extent that this Request seeks information protected by the Reporter's Privileges.

2

Subject to and without waiving the foregoing objections, Netflix states that it does not have any responsive documents in its possession, custody or control other than the footage incorporated into *Making a Murderer*, which already is part of the record in this case.

**Document Request No. 2:** Please produce a copy of all raw footage from the trial of Steven Avery in Manitowoc, Case No. 2005 CF 381.

**Response to Request No. 2:** Netflix objects that this request is overbroad, unduly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to admissible evidence. The Avery trial comprised 27 days of proceedings over several weeks, and only a small fraction of those hundreds of hours of proceedings are at issue in this litigation. Netflix further objects to the extent that this Request seeks information protected by the Reporter's Privileges.

Subject to and without waiving the foregoing objections, Netflix states that it does not have any responsive documents in its possession, custody or control other than the footage incorporated into *Making a Murderer*, which already is part of the record in this case.

3

Dated: June 9, 2021

Respectfully submitted,

*s/Leita Walker*
Leita Walker
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com

Matthew E. Kelley
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, DC 20006-1157
T: (202) 508-1112
F: (202) 661-2299
kelleym@ballardspahr.com

James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

*Counsel for Defendant Netflix, Inc.*