IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ANDREW L. COLBORN,

    Plaintiff,

vs.

NETFLIX, INC.; CHROME MEDIA LLC,
F/K/A SYNTHESIS FILMS, LLC;
LAURA RICCIARDI; AND MOIRA
DEMOS,

    Defendants.

Civil No.: 19-CV-484-BHL

### DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS, AND CHROME MEDIA LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Chrome Media, LLC f/k/a Synthesis Films, LLC; Laura Ricciardi; and Moira Demos (collectively, the "Producer Defendants") hereby object and respond to Plaintiff Andrew Colborn's Second Request for Production of Documents to the Producer Defendants (the "Requests"):

### GENERAL RESPONSE AND GENERAL OBJECTIONS

1. The Producer Defendants object to the Requests as premature. The Producer Defendants filed a motion to dismiss this case under Federal Rule of Civil Procedure 12(b)(5), on grounds that Colborn failed to properly serve the Producer Defendants before the statute of limitations expired. Courts in this district and across the country routinely stay merits discovery pending resolution of threshold jurisdictional issues like those presented in the Producer Defendants' motion. *See, e.g., Omegbu v. Wis. Elections Bd.*, No. 05 C 596, 2006 WL 581210

EXHIBIT 9

(E.D. Wis. Feb 6, 2006) ("The Court will usually stay proceedings until jurisdictional issues have been fully resolved."); *Harris v. Aramark Inc.*, No. 17-cv-872, 2020 WL 91834, at *5 (S.D. Ohio Jan 8, 2020) (discovery stay appropriate where defendants moved to dismiss under Rule 12(b)(5), raising "a threshold jurisdictional question based on Plaintiff's failure to perfect service on them"); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001) (granting a stay of merits discovery while "there is a motion to dismiss for lack of personal jurisdiction pending," since "any discovery which seeks to reach the merits of this case would be unnecessary, costly and burdensome at this time").[1] And the First Amendment concerns implicated by Plaintiff's request for unpublished information gathered in the process of preparing a documentary series amplifies the need for a stay here. *See, e.g., Brinston v. Dunn*, 919 F. Supp. 240, 244 (S.D. Miss. 1996) (courts "must guard closely against the chilling effects that would result from subjugating reporters to the whims of attorneys seeking discovery of information obtained in the course of reporting a story, especially when the relevance and necessity of obtaining the information are questionable"); *Herbert v. Lando*, 441 U.S. 153, 178 (1979) (Powell, J., concurring) (emphasizing that "in supervising discovery in a libel suit by a public figure, a district court has a duty to consider First Amendment interests as well as the private interests of the plaintiff.").

---

[1] *Accord NextGen HBM, Inc. v. ListReport, Inc.*, No. 16-3143, 2017 WL 8229442, at *2 (D. Minn. Feb. 9, 2017) ("A number of courts have stayed or limited discovery until a pending motion to dismiss for lack of jurisdiction is decided.") (collecting cases); *Hardy v. Global Options Servs., Inc.*, No. 13-cv-514, 2013 WL 6059154, at *1–2 (D. Nev. Nov. 14, 2013) (noting that preliminary jurisdictional issues are among "common situations that may justify a stay" and "find[ing] that a stay of discovery is warranted" where, among other things, defendants had not "been properly served"); *Fusion Ent. v. Josh Agle, Inc.*, No. 07-cv-1651, 2007 WL 9814556 (D. Colo. Dec. 19, 2007) ("Courts 'have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending.'") (quoting *Orchid Biosciences, Inc.*, 198 F.R.D. at 675 (collecting cases).

2

2.      The Producer Defendants are responding to the Requests as they interpret and understand them. The Producer Defendants reserve the right to supplement their objections and/or responses herein if Colborn subsequently asserts an interpretation of the Requests that differs from the Producer Defendants' understanding.

3.      The Producer Defendants object to the Requests in their entirety and to each individual Request to the extent they are not proportional to the needs of the case considering the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the incredible burden and expense that will result to the Producer Defendants in locating and producing the requested documents (if they even exist) compared to any benefit to Colborn or relevance to the case.

4.      The Producer Defendants object to each Request to the extent that each calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, tax return privilege, or any other applicable privilege, doctrine, or immunity. Nothing contained in these responses and objections is intended as, nor should in any way be deemed, a waiver of any attorney-client privilege, work product doctrine, common interest and/or joint defense privilege, tax return privilege, or any other applicable privilege, doctrine, or immunity. No such waiver will result from any inadvertent disclosure of material or information protected from discovery by the attorney-client privilege, attorney work product doctrine, the common interest and/or joint defense privilege, tax return privilege, or any other applicable privilege, doctrine, or immunity.

5.      The Producer Defendants object to each Request to the extent that it calls for the disclosure of material that is confidential, proprietary, private and/or private, or that intrudes upon third parties' privacy or other legal interests.

6. The Producer Defendants object to each Request to the extent that it calls for the disclosure of material protected from disclosure under Article I, § 2(b) of the California Constitution, California Evidence Code section 1070, Wisconsin Statutes section 885.14, the First and Fourteenth Amendments to the United States Constitution, and/or the common law reporters' privilege.

7. The Producer Defendants object to each Request to the extent that it seeks to impose obligations upon the Producer Defendants greater than those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the Eastern District of Wisconsin.

8. The Producer Defendants object to the Requests to the extent they seek information protected from disclosure by any statute, rule, or regulation.

9. The Producer Defendants object to the Requests to the extent that they seek information (1) not currently in the Producer Defendants' possession, custody, or control, or (2) that the Producer Defendants cannot locate after a reasonably diligent search. The Producer Defendants also object to the Requests to the extent they seek to subject the Producer Defendants to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon the Producer Defendants an obligation to investigate or discover information or materials from sources equally accessible to Colborn.

10. The Producer Defendants object to each Request to the extent that it is vague, overbroad, and unduly burdensome and costly to the Producer Defendants.

11. Notwithstanding the specificity of the Producer Defendants' responses set forth below, the Producer Defendants expressly incorporate this General Response and these General Objections by reference as though fully set forth into its specific objections to each of the

4

Requests. Thus, if any objection contained above is not restated under the specific response to an individual Requests, then this should not be construed as a waiver of any such objections.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

A copy of all raw footage that occurred during the trial of Steven Avery in Manitowoc, Case No. 2005 CF 381, that includes Andrew Colborn.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, federal and/or common law. The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome, including without limitation with respect to the use of the phrases "all raw footage that occurred" and "that includes Andrew Colborn." The Producer Defendants further object to this Request as unduly burdensome to the extent it calls for the production of video footage that is duplicative of trial transcripts that Colborn already has in his possession. The Producer Defendants further object to this Request to the extent it calls for material disclosing (1) a trade secret or other confidential research, source, development, or commercial information, and/or (2) material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead

5

to the discovery of any admissible evidence. The Producer Defendants further object to this Request to the extent it calls for material not within their possession, custody, or control, and to the extent that the footage sought is equally available to Colborn.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce a copy of all raw footage from the trial of Steven Avery in Manitowoc, Case No. 2005 CF 381.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, federal and/or common law. The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome, including without limitation with respect to the use of the phrase "all raw footage." The Producer Defendants further object to this Request as unduly burdensome to the extent it calls for the production of video footage that is duplicative of trial transcripts that Colborn already has in his possession. The Producer Defendants further object to this Request to the extent it calls for material disclosing (1) a trade secret or other confidential research, source, development, or commercial information, and/or (2) material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence. The

6

Producer Defendants further object to this Request to the extent it calls for material not within their possession, custody, or control, and to the extent that the footage sought is equally available to Colborn.

Dated: November 24, 2020

Respectfully submitted,

*s/ Jeffrey A. Payne*
Jeffrey A. Payne
Jean-Paul Jassy
Kevin L. Vick
JASSY VICK CAROLAN LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
T: (310) 870-7048
F: (310) 870-7010
kvick@jassyvick.com

James A. Friedman, SBN 1020756
GODFREY & KAHN, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

*Counsel for Defendant Laura Ricciardi, Moira Demos, and Chrome Media, LLC*