IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>Plaintiff,<br><br>vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC,<br>F/K/A SYNTHESIS FILMS, LLC;<br>LAURA RICCIARDI; AND MOIRA<br>DEMOS,<br><br>Defendants. | Civil No.: 19-CV-484-BHL |

## DEFENDANT NETFLIX, INC.'S RULE 26(a) INITIAL DISCLOSURES

Defendant Netflix, Inc. ("Netflix"), through counsel, hereby provides its initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. By making these disclosures, Netflix does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Netflix reserves the right to supplement these disclosures.

Netflix's disclosures are made without waiving, in any way: (1) the right to object on grounds of competency, privilege, relevancy and materiality, hearsay, the work product doctrine, undue burden, or any other proper grounds to production of any document or tangible thing disclosed and/or to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) the right to object on any and all proper grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures. To the extent Netflix believes some of the below categories of documents in its possession, custody, and/or control contain confidential

EXHIBIT 10

commercial and/or trade secret information, such documents will be produced only pursuant to a protective order appropriately limiting the use, control, disclosure, and ultimate disposition of the data and information therein.

Further, inadvertent inclusion by Netflix of any document in a production stemming from these Rule 26(a)(1) disclosures, or at any other time during discovery, shall not result in the waiver of any privilege or protection associated with such document, nor result in a subject matter waiver of any kind.

All of the following disclosures are made subject to the above objections and qualifications.

I.     **Identities of Individuals Likely to Have Discoverable Information**

To the best of Netflix's current knowledge, the following persons are likely to have discoverable information Netflix may use to support its defenses:

| Potential Witness(es) | Subject(s) of Testimony | Contact Information |
|---|---|---|
| Plaintiff Andrew Colborn | Substantial truth of challenged statements and implications; plaintiff's alleged damages; plaintiff's reputation | Known to Plaintiff |
| Michael Griesbach | Substantial truth of challenged statements and implications; plaintiff's reputation | Known to Plaintiff |
| Any and all witnesses, known and unknown, to be identified by Plaintiff through discovery | Unknown at this time | Known to Plaintiff |
| Moira Demos | Substantial truth of challenged statements and implications; extent of Netflix's participation in editing and preparation of *Making a Murderer*; Netflix's lack of constitutional actual malice | This witness should be contacted through her counsel. |

2

| Potential Witness(es) | Subject(s) of Testimony | Contact Information |
|---|---|---|
| Laura Ricciardi | Substantial truth of challenged statements and implications; extent of Netflix's participation in editing and preparation of *Making a Murderer*; Netflix's lack of constitutional actual malice | This witness should be contacted through her counsel. |
| Corporate Representative of Defendant Netflix, Inc. | Netflix's licensing and distribution of *Making a Murderer* | This witness should be contacted through counsel to Netflix |
| Lisa Nishimura | Netflix's licensing and distribution of *Making a Murderer*; Netflix's limited participation in editing and preparation of *Making a Murderer*; Netflix's lack of constitutional actual malice | This witness should be contacted through counsel to Netflix |
| Adam Del Deo | Netflix's limited participation in editing and preparation of *Making a Murderer*; Netflix's lack of constitutional actual malice | This witness should be contacted through counsel to Netflix |

## II.  Categories and Locations of Relevant Documents

To the best of Netflix's current knowledge, the documents in Netflix's possession, custody and control that may be used in support of its defenses include:

- Non-privileged documents regarding Netflix's licensing and distribution of *Making a Murderer*;

- Non-privileged documents regarding Netflix's limited participation in the editing and preparation of *Making a Murderer*;

- Non-privileged communications between Netflix employees and the independent producers of *Making a Murderer* that are relevant to the parties' claims and defenses;

- Video recordings of *Making a Murderer* as distributed by Netflix;

- Selected excerpts from books authored by Michael Griesbach.

3

These documents are located at Netflix's offices, the offices of Netflix's counsel, and/or in cloud storage.

### III. Computation of Damages

Netflix makes no claim of damages and therefore has no computation of damages.

### IV. Relevant Insurance Policies

Upon entry of an appropriate protective order, Netflix will make available for inspection and copying copies of any insurance policies required to be disclosed.

Dated: June 9, 2021

Respectfully submitted,

*s/Leita Walker*
Leita Walker
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com

Matthew E. Kelley
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, DC 20006-1157
T: (202) 508-1112
F: (202) 661-2299
kelleym@ballardspahr.com

James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

*Counsel for Defendant Netflix, Inc.*