IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

|  |  |
|---|---|
| ANDREW L. COLBORN,<br><br>            Plaintiff,<br><br>vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC,<br>F/K/A SYNTHESIS FILMS, LLC;<br>LAURA RICCIARDI; AND MOIRA<br>DEMOS,<br><br>            Defendants. | Civil No.: 19-CV-484-BHL |

## DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS, AND CHROME MEDIA LLC'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Chrome Media LLC f/k/a Synthesis Films LLC; Laura Ricciardi; and Moira Demos (collectively, the "Producer Defendants") hereby provides the following initial disclosures.

I.  **Rule 26(a)(1)(A)(i)**

Pursuant to Federal Rule 26(a)(1)(A)(i), the Producer Defendants identify the following individuals who are likely to have discoverable information that they may use to support their claims and defenses, unless the use would be solely for impeachment. The Producer Defendants expressly reserve the right to identify and to call as witnesses additional persons if, during the course of discovery and investigation relating to this proceeding, they learn that such additional persons have relevant knowledge, including but not limited to any witnesses, known or unknown, who are identified by Plaintiff or any other parties through discovery.

EXHIBIT 11

- Moira Demos
- Laura Ricciardi
- Andrew Colborn
- Michael Griesbach
- Law enforcement officials and others with knowledge regarding the Steven Avery and Brendan Dassey investigations and legal proceedings.
- Law enforcement officials and others with knowledge regarding Steven Avery's wrongful conviction, Avery's subsequent release and civil lawsuit, and the Wisconsin Attorney General's investigation regarding the wrongful conviction.

## II. Rule 26(a)(1)(A)(ii)

Pursuant to Federal Rule 26(a)(1)(A)(ii), the Producer Defendants identify the following categories of documents and tangible things that they may use to support their claims. To the extent some of the below categories of documents and tangible things in the Producer Defendants' possession, custody, and/or control contain confidential material, such documents and tangible things will be produced only pursuant to a protective order appropriately limiting the use, control, disclosure, and ultimate disposition of such documents and tangible things. The Producer Defendants expressly reserve the right to identify and rely upon additional documents to support their claims or defenses subject to ongoing investigation and/or review of documents. The Producer Defendants will supplement their Rule 26 disclosures as additional documents, if any, are identified and located. Nothing contained herein shall be deemed an admission by the Producer Defendants that the documents in any of the categories referenced in this section are admissible at the time of trial, and the Producer Defendants reserve all objections to the admission, use, and relevance of all such documents.

- The *Making a Murderer* documentary series (Part 1 and Part 2).
- Documents related to civil and criminal legal proceedings involving Steven Avery and Brendan Dassey (e.g., case filings, trial and deposition transcripts, exhibits).

- Documents related to the Wisconsin Attorney General's investigation regarding Steven Avery's wrongful conviction.
- News/media related to civil and criminal legal proceedings involving Steven Avery and Brendan Dassey, Steven Avery's exoneration and release, and the Wisconsin Attorney General's investigation regarding Avery's wrongful conviction.
- Excerpts from books *Unreasonable Inferences: The Steven Avery Story Unveiled* (2010); *The Innocent Killer: A True Story of a Wrongful Conviction and its Astonishing Aftermath* (2014) and *Indefensible: The Missing Truth about Steven Avery, Teresa Halbach, and Making a Murderer* (2016), all by Michael Griesbach.

### III. Rule 26(a)(1)(A)(iii)

The Producer Defendants do not seek damages in this action, although they reserve the right to seek monetary sanctions to the extent that Plaintiff's pleadings and filings do not satisfy the requirements of, *inter alia*, Federal Rule of Civil Procedure 11.

### IV. Rule 26(a)(1)(A)(iv)

The Producer Defendants have previously notified Plaintiff's counsel regarding the existence of an insurance policy and will provide a copy of it upon request, consistent with Rule 26(a)(1)(A)(iv), once there is in place a protective order appropriately limiting its use, control, disclosure, and ultimate disposition.

\*       \*       \*       \*       \*       \*

The Producer Defendants reserve the right to amend, supplement, or otherwise modify these disclosures if they learn new information regarding witnesses, documents, damages, or insurance coverage, or if information already possessed by the Producer Defendants regarding those subjects becomes relevant. The Producer Defendants make these initial disclosures

3

without in any way waiving: (1) the right to object to the admission or discoverability of any materials or testimony identified herein on the grounds of competency, privilege, the work product doctrine, undue burden, relevancy and materiality, hearsay, or any other proper ground; (2) the right to object to the use of such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (3) the right to object on any and all grounds, at any time, to any discovery request or proceeding involving or relating to the subject matter of these disclosures. The Producer Defendants make these disclosures based only on information reasonably available to them. The Producer Defendants have not, however, completed their investigation of the claims in this case and, therefore, the Producer Defendants reserve the right to supplement these disclosures and to introduce evidence at trial not disclosed here.

Dated: June 18, 2021

Respectfully submitted,

Kevin L. Vick
JASSY VICK CAROLAN LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
T: (310) 870-7048
F: (310) 870-7010
kvick@jassyvick.com

James A. Friedman, SBN 1020756
GODFREY & KAHN, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

*Counsel for Defendant Laura Ricciardi, Moira Demos, and Chrome Media, LLC*

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 800 Wilshire Boulevard, Suite 800, Los Angeles, CA 90017.

On June 18, 2021, I served true copies of the following document(s) described as

**DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS, AND CHROME MEDIA LLC'S INITIAL DISCLOSURES**

on the interested parties in this action as follows:

| | |
|---|---|
| April Rockstead Barker<br>Schott, Bublitz & Engel, S.C.<br>640 W. Moreland Blvd.<br>Waukesha, WI 53188<br>Email: abarker@sbe-law.com | *Counsel for Plaintiff*<br>*Andrew L. Colborn* |
| George Burnett<br>LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.<br>P.O. Box 23200<br>Green Bay, WI 54305-3200<br>Email: rgb@lcojlaw.com | *Counsel for Plaintiff*<br>*Andrew L. Colborn* |
| Leita Walker<br>Ballard Spahr LLP<br>2000 IDS Center, 80 South 8th Street<br>Minneapolis, MN 55402-2119<br>Email: walker1@ballardspahr.com | *Counsel for Defendant*<br>*Netflix, Inc.* |
| Matthew E. Kelley<br>Ballard Spahr LLP<br>1909 K Street, NW, Suite 1200<br>Washington, DC 20006-1157<br>Email: kelleym@ballardspahr.com | *Counsel for Defendant*<br>*Netflix, Inc.* |

**BY ELECTRONIC SERVICE:** I caused the said document(s) to be transmitted by e-mail to the person(s) at the email address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY FIRST-CLASS MAIL:** I deposited said document(s) in a sealed envelope(s) with the United States Postal Service at Los Angeles, California, for delivery, with the postage fully

prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party(ies) served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on June 18, 2021, at Los Angeles, California.

                                                        Marlene Rios