IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ANDREW L. COLBORN,

    Plaintiff,

vs.

NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,

    Defendants.

Civil No.: 19-CV-484-BHL

### DEFENDANT NETFLIX, INC.'S RESPONSES TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Pursuant to Fed. R. Civ. P. 34, Defendant Netflix, Inc. ("Netflix") hereby responds to Plaintiff's Third Set of Requests for Production of Documents[1] as follows:

### PRELIMINARY STATEMENT

Netflix submits these responses, subject to the objections set forth herein, without waiving, and expressly preserving: (a) any objections as to the competency, relevancy, materiality, privilege, and admissibility of any of the documents produced; and (b) the right to object to other discovery requests involving or relating to the subject matter of the Requests responded to herein. Netflix further reserves the right to produce a privilege log in conformity with Fed. R. Civ. P. 26(b)(5)(A)(ii) at a time mutually agreed upon by counsel for the parties.

---

[1] Referring to these requests as Plaintiff's "third set" is a misnomer. Because Plaintiff's "first" request for production of documents was not properly served pursuant to the Federal Rules of Civil Procedure, this is Plaintiff's second set of requests for production of documents.

EXHIBIT 17

As discovery in this action is ongoing, Netflix reserves the right to amend and/or supplement these responses.

## RESPONSES AND OBJECTIONS

1. **All documents regarding Netflix's licensing and distribution of *Making a Murderer*.**

**RESPONSE**: Netflix objects to this Request on grounds that (1) it is overbroad and unduly burdensome; (2) it seeks documents that are not "relevant to any party's claim" and not "proportional to the needs of the case," as required by Fed. R. Civ. P. 26(b)(1); (3) it is vague and ambiguous; and (4) it seeks documents containing information protected from discovery by privilege, including (a) attorney-client privilege; and (b) the attorney work product doctrine. Subject to and without waiving these objections, and after entry of a suitable protective order, Netflix will produce the final, executed agreement, and all amendments thereto (if any), between it and the Producer Defendants for the licensing and distribution of *Making a Murderer*.

2. **All documents regarding Netflix' participation in the editing and preparation of *Making a Murderer*.**

**RESPONSE**: Netflix objects to this Request on grounds that (1) it is overbroad and unduly burdensome; (2) it seeks documents that are not "relevant to any party's claim," and not "proportional to the needs of the case," as required by Fed. R. Civ. P. 26(b)(1); (3) it is vague and ambiguous; and (4) it seeks documents containing information protected from discovery by privilege, including (a) attorney-client privilege; (b) the attorney work product doctrine; and (c) the reporter's privilege as recognized under California Evidence Code § 1070 and the California Constitution, Wisc. Stat. § 885.14 and the Wisconsin Constitution, the common law, and the First and Fourteenth Amendments to the United States Constitution. Subject to and without waiving these objections, and after entry of a suitable protective order, Netflix will produce non-privileged records responsive to this Request, if any, that relate to Netflix's

participation in the editing and preparation of those portions of *Making a Murderer* that are of and concerning Plaintiff and that Plaintiff has put in issue in the Second Amended Complaint.

**3.     All communications between Netflix employees and other individuals or entities who were involved in any way in the production of *Making a Murderer* and that were made prior to the public release of *Making a Murderer*.**

**RESPONSE**: Netflix objects to this Request on grounds that (1) it is overbroad, including due to the absence of any limits on subjects of communications or recipients of same, and unduly burdensome; (2) it seeks documents that are not "relevant to any party's claim," and not "proportional to the needs of the case," as required by Fed. R. Civ. P. 26(b)(1); (3) it is vague and ambiguous; and (4) it seeks documents containing information protected from discovery by privilege, including (a) attorney-client privilege; (b) the attorney work product doctrine; and (c) the reporter's privilege as recognized under California Evidence Code § 1070 and the California Constitution, Wisc. Stat. § 885.14 and the Wisconsin Constitution, the common law, and the First and Fourteenth Amendments to the United States Constitution. Subject to and without waiving these objections, and after entry of a suitable protective order, Netflix will produce non-privileged communications responsive to this Request, if any, between Netflix employees and the Producer Defendants regarding those portions of *Making a Murderer* that are of and concerning Plaintiff and that Plaintiff has put in issue in the Second Amended Complaint.

Dated: July 19, 2021              Respectfully submitted,

*s/Leita Walker*
Leita Walker
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com
Matthew E. Kelley
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, DC 20006-1157
T: (202) 508-1112
F: (202) 661-2299
kelleym@ballardspahr.com

James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

*Counsel for Defendant Netflix, Inc.*

4