# April Barker

| | |
|---|---|
| **From:** | Walker, Leita <WalkerL@ballardspahr.com> |
| **Sent:** | Thursday, August 26, 2021 11:57 AM |
| **To:** | April Barker; George Burnett |
| **Cc:** | Parsons, Emmy; Kelley, Matthew E.; Jeffrey Payne; Jean-Paul Jassy; Kevin Vick |
| **Subject:** | 2021.08.24 Draft_Stipulated ESI Protocol DMNORTH_7681137(1).DOCX |
| **Attachments:** | 2021.08.24 Draft_Stipulated ESI Protocol DMNORTH_7681137(1).DOCX |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Hi, April and George, here is a draft ESI Protocol. Happy to discuss at your convenience.
Leita

**Leita Walker**



2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

www.ballardspahr.com


EXHIBIT 20

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>Plaintiff,<br><br>vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS, | Civil No.: 19-CV-484-BHL |

**STIPULATION AND ORDER GOVERNING PRODUCTION AND USE OF
<u>ELECTRONICALLY STORED INFORMATION</u>**

Plaintiff Andrew L. Colborn., and Defendants Netflix, Inc., Chrome Media LLC, F/K/A Synthesis Films, LLC, Laura Ricciardi, and Moira Demos (together, the "Parties"), by and through their respective counsel, hereby stipulate and agree that electronically stored information ("ESI") will be produced and used in the following form and manner in this litigation:

1.  **Types of ESI to Be Produced:** The Parties acknowledge that data not reasonably accessible or available in a usable form in the ordinary course of business need not be searched for or produced. Each party will conduct a diligent search of reasonably accessible sources in which it has reason to believe relevant ESI responsive to the opposing party's discovery requests may be found.

2.  **General Format of Production:** The default production format for unstructured discoverable ESI will be black-and-white Group IV single-page TIFF (300 DPI) with document-level extracted text files or OCR text files (for redacted records, scanned hard copy documents, non-

1

searchable images) and a standard delimited .DAT file containing the file path for document-level text files, the file path or any produced native files, and the agreed upon meta- data fields (see Exhibit A). An image cross reference file in Opticon format will also be provided.

ESI maintained in spreadsheets (*e.g.*, Lotus; Microsoft Excel) need only be produced in native format with a placeholder TIFF image stating "Document Produced Natively." ESI maintained in presentation formats (*e.g.*, Microsoft PowerPoint) will be produced in TIFF format. Native files should be produced within incrementally named "Native" directories, separate from image and text directories.

Spreadsheets which require redaction to protect privileged or other objectionable information may be produced as either a native redacted file (using a native redaction tool such as Blackout) or as an image file. All other files which require redaction to protect privileged or other objectionable information shall be produced in image file format. Each document's electronic image shall convey the same information and image as the original document.

Documents that present imaging or formatting problems shall be promptly identified, and the Parties shall meet and confer to attempt to resolve such problems. To the extent exceptions to the foregoing are required, the Parties will meet and confer to discuss alternative production requirements, concerns or formats.

3. **Data Processing – Time Zones:** The parties agree that all ESI will be processed using Pacific Standard Time (PST).

4. **Document Unitization:** Each page of a hard-copy document shall be scanned into an image in accordance with Paragraph 2. Documents will be logically unitized so that any

2

attachments or affixed notes will be captured as separate documents. The family or attachment range (Bates number of the first page of the parent document and the Bates number of the last page of the last attachment) shall be reflected in the load file referenced above.

When scanning paper documents, the Parties shall undertake reasonable efforts to ensure that distinct documents are not merged into a single record, and single documents are not split into multiple records (*i.e.*, the Parties shall attempt to logically unitize scanned hard copy documents).

All pages now stapled or fastened together shall be scanned with all attachments currently or previously appended to each document, regardless of whether such attachments themselves would be independently responsive.

The Producing Party agrees to produce every copy of a document on which there appears to be a notation or marking of any sort not appearing on any other copy or any copy containing different attachments from any other copy, provided that such notation is in any way relevant to the subject matter of this lawsuit.

5. **Bates Numbering:** Each page of a produced electronic document shall be sequentially marked with a legible "Bates" Number stamped or electronically "burned" onto the Image. "Confidential" and "Attorneys' Eyes Only" designations, if needed or required, are to be placed on the bottom of the document in a location that does not cover, obliterate, or obscure any other information on the document. Native files will be produced in accordance with Paragraph 13.

6. **Document Production:** Productions should be transferred via secure FTP site. Data may also be delivered via encrypted USB thumb drive or encrypted hard drive using Windows BitLocker or equivalent methods. Documents produced on thumb drive or hard drive shall include

3

a label containing the case name, the name of the party making the production, the production volume, and the date of the production. Cover letters accompanying the production shall include a reasonable description of the production contents.

7. **Metadata:** For native files and images generated from native electronic documents (*e.g.*, email, word processing documents, and spreadsheets), the Parties shall provide the metadata set forth in Exhibit A, where available, in the accompanying DAT file.

8. **Extracted/OCR Text:** Each party shall produce corresponding extracted text files for all non-redacted documents. OCR text should be provided for image-based files with no extractable text, scanned hard copy documents and redacted documents. Extracted/OCR text files shall be provided in Text file format with individual files corresponding to each document. The file name of each extracted/OCR text file shall be the beginning Bates Number of the corresponding document, followed by the extension ".txt." Text files will be produced in a "TEXT" folder and not be included in "IMAGE" or "NATIVES" folders. The file path to the Text file will be included in the accompanying DAT file.

9. **Color:** With the exception of any documents described in Paragraph 13, all documents are to be produced in black and white. With respect to any documents that contain color, however, the receiving party may request the producing party produce the original color image as a single page, JPEG. The Parties agree that they shall not unreasonably withhold production of any document in JPEG format where color is needed for interpretation of that document, to the extent the source document is reasonably accessible.

4

**10.     Duplicates:** In cases where multiple custodians possess identical copies of a document, only one copy of the document need be produced. The names of all custodians possessing a duplicate copy of a document will be captured and provided as part of the metadata identified in Exhibit A.

**11.     Email Threading:** The Parties may use industry standard analytic tools to employ "email thread suppression." As used in this Stipulation, email thread suppression means producing the most inclusive email in a conversation thread, as well as all attachments within the thread, and excluding emails identified as duplicate emails within the produced conversation thread. Only email messages that are included within more complete, produced thread parts will be considered appropriate for exclusion from production. Agreed upon metadata will not be produced for email thread parts suppressed under this Paragraph.

**12.     Native Files:** Spreadsheet files, database files, and other files as agreed to by the parties should be produced in native format with a corresponding placeholder image. Native files should be given a single Bates Number and the same number should be applied to the placeholder image along with any confidentiality designations. Files should be named after their Bates Number and include the original file extension of the native file. Any confidential designation should be included as part of the file name. Native files will be produced in a "NATIVES" folder as specified above. The file path for the native file will be included in the accompanying DAT file.

**13.     Use of Documents:** When any document produced in accordance with this Stipulation is to be used in any hearing, deposition, or at trial, the image copy of the document as described in Paragraph 2 shall be the copy used. OCR versions or extracted text may not be used as

5

Case 1:19-cv-00484-BHL    Filed 09/24/21    Page 6 of 13    Document 192-20

a substitute for the full image of any document, although any party may use or present accurate excerpts of any document for demonstrative purposes in accordance with the Federal Rules of Evidence.

14. **Oversized Documents:** Documents that cannot for technical or other reasons be legibly produced in the manner described in Paragraph 2 above (*e.g.*, documents having a size larger than 11 x 17 inches) shall be produced by scanning a representative identifying portion of the document as a place holder (*e.g.*, a map or drawing legend) and numbering it as described in Paragraph 2 above. A paper copy (in color, if applicable) of the entire document shall then be made and numbered with the Bates Number corresponding to the place holder and stamped with any applicable "Confidential" or "Redacted" notations. This paper copy shall be produced along with the electronic production.

15. **Hard Copy Documents:** Hard copy documents should be scanned using the format identified in Paragraph 2. Documents should be logically broken with attachment ranges provided where applicable. OCR text and load files as referenced in Paragraphs 2 and 9 will be provided.

15. **Privilege Logs.** The Parties will produce privilege logs in Excel format or a similar electronic format that allows text searching and organization of data. Any such privilege logs shall not log privileged documents that postdate December 17, 2018. Unless otherwise agreed, a Party will produce a privilege log within 90 days after the production of documents for which privilege is asserted to apply. The Parties will make reasonable efforts to produce a privilege log for a custodian/department no later than 14 days prior to that custodian's deposition. The failure to comply within such time limits shall not constitute a waiver of any privilege claimed.

6

**16.** **Scope**. This Order shall apply to all Parties that are required to make any production of ESI in this action, pursuant to Federal Rule of Civil Procedure 26 and 34 and/or any other applicable rules. This Order shall continue in full force and effect until further order of the Court or until this litigation is terminated by a final judgment.

**APPROVED AND AGREED:**

April Rockstead Barker
Schott, Bublitz & Engel, s.c.
640 W. Moreland Blvd.
Waukesha, WI 53188
T: (262) 827-1700
F: (262) 827-1701
abaker@sbe-law.com

George Burnett
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
T: (920) 437-0476
F: 9920) 437-2868

Michael C. Griesbach
Griesbach Law Offices, LLC
P.O. Box 2047
Manitowoc, WI 54221-2047
T: (920) 320-1358

*Counsel for Plaintiff Andrew L. Colborn*

James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F: (608) 257-0609
jfriedman@gklaw.com

*Counsel for all Defendants*

Leita Walker
Ballard Spahr LLP
2000 IDS Center, 80 South Eighth Street
Minneapolis, MN 55402-2274
Tel: (612) 371-6222
Fax: (612) 371-3207
walkerl@ballardspahr.com

Matthew E. Kelley
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, DC 20006-1157
T: (202) 508-1112
F: (202) 661-2299
kelleym@ballardspahr.com

*Counsel for Defendant Netflix, Inc.*

Kevin L. Vick
Jassy Vick Carolan LLP
800 Wilshire Boulevard, Suite 800
Los Angeles, CA 90017
Tel: (310) 870-7048
Fax: (310) 870-7010
kvick@jassyvick.com

*Counsel for Defendants Chrome Media LLC; Laura Ricciardi; and Moira Demos*

**SO ORDERED:**

Dated: _____                            _____
                                                                                                              United States District Judge

## **EXHIBIT A**

Pursuant to Paragraph 7 of this Stipulated Order, for native files and images generated from native electronic documents, the Producing Party shall provide Metadata corresponding to the following fields, where available, in accompany Load File:

| Coding Field: | Description: |
|---|---|
| BegBates, EndBates | The beginning and ending Bates Numbers for the document at issue. |
| BegAttach, EndAttach | The beginning and ending Bates Numbers of the collection to which the parent document and any attachments thereto are associated (i.e., for an email that is Bates stamped ABC0001 - ABC0002, with two attachments Bates stamped ABC0003 - ABC0004 and ABC0005 - ABC0008, the BegAttach and EndAttach for all three documents would be ABCOOOI - ABC0008). |
| DocCreate | The Microsoft® Office generated Metadata reflecting the date and time the document was created. |
| DocModified | The last modified date and time of the document, formatted as follows: MM/DD/YYYY h:mm:ss tt, with leading zeros as appropriate (e.g., 03/01/2006 3:42:12 PM). |
| Email Date Sent | The date and time the email was sent formatted as follows: MM/DD/YYYY h:mm:ss tt, with leading zeros as appropriate (e.g., 03/01/2006 3:42:12 PM). |
| DocType | The type of document (e.g., email, Microsoft Word 2000, Microsoft Excel, etc.). |
| Document Title | The title of the document, if any or the Subject line of an email. |
| File Path | The originating path of the file or email. |
| AuthorName | The author(s) of a document or the sender of an email. |
| To | The recipient(s) of a document, if available, or the person to whom an email was directed. |
| Cc | The person(s) who received copies of a document, if available; or the person(s) who was CC'd on an email. |

10

| Bcc | The person(s) who received blind copies of a document, if available; or the person(s) who was BCC'd on an email, if |

| | |
|---|---|
| | available. |
| All Custodians | The name of the individual(s) whose electronic or hardcopy custodial file contained the document at issue. |
| File Name | Full file name and extension of file. |
| File Extension | File Extension of the file. |
| Importance | For Outlook emails, "High," "Low," or "Normal." |
| Pages | The number of pages in a document. |
| Redacted | Yes or no indication of whether the document at issue is redacted. |
| Confidential | Confidential designation applied to document |
| MD5 Hash | Hash value of email, attachment or application file |
| Native Path | Path to native file on production volume |
| Text Path | Path to text file on production volume |