# April Barker

| | |
|---|---|
| **From:** | April Barker |
| **Sent:** | Monday, September 13, 2021 1:33 PM |
| **To:** | Walker, Leita; Kevin Vick |
| **Cc:** | James Friedman; George Burnett; Michael Griesbach; Debra L. Bursik |
| **Subject:** | Re: Responses to Plaintiff's Discovery Requests |

Leita,

The stated concerns regarding the format of Mr. Colborn's production do not present any reason for further delaying the production of the documents that we have requested pursuant to Rule 34.

In addition, any proposed ESI protocol should have been referenced or presented along with the protective order so as to avoid further delays.

I believe that a meet-and-confer will likely be necessary for a number of reasons. I can be available Wednesday afternoon before 4:00 p.m. and most of Thursday.

Thank you,
April



EXHIBIT 23

**From:** Walker, Leita <WalkerL@ballardspahr.com>
**Sent:** Monday, September 13, 2021 9:10 AM
**To:** April Barker <abarker@sbe-law.com>; Kevin Vick <kvick@jassyvick.com>
**Cc:** James Friedman <jfriedman@gklaw.com>; George Burnett <GB@lcojlaw.com>; Michael Griesbach <attymgriesbach@gmail.com>; Debra L. Bursik <debrab@lcojlaw.com>
**Subject:** RE: Responses to Plaintiff's Discovery Requests

Hi, April,

Thanks for your email. I don't consider an ESI protocol to be a "special issue." They are standard in every case of any magnitude I've ever worked on. We did endeavor to keep this particular protocol as straightforward and simple as possible and our respective e-discovery specialists assured us that most any vendor will be more than capable of complying with its requirements. This case potentially involves years' worth of documents, and without a simple protocol we fear that Mr. Colborn will produce his responsive documents, which may include not only email but also text messages and social media content, in unusable formats, which will waste everyone's time, delay the litigation, and may necessitate involving the court. Indeed, your suggestion that the parties should just produce things in hard copy or "simple pdf formats" is the very sort of thing we want to avoid—it is imperative that we receive searchable documents, preferably native, with metadata. If there are specific portions of the protocol you want to discuss, we are happy to meet and confer, but if you are refusing to agree to one altogether we likely will need to engage the court.

I think we will be able to produce some documents to you, including the license agreement between the defendants, as soon as the ESI protocol is in place. We'll produce other responsive documents on a rolling basis. Happy to chat about when we think production can be completed.

Leita

1

Case 1:19-cv-00484-BHL   Filed 09/24/21   Page 1 of 3   Document 192-23

Leita Walker

# Ballard Spahr LLP

2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

--------------------------------

www.ballardspahr.com

**From:** April Barker <abarker@sbe-law.com>
**Sent:** Friday, September 10, 2021 2:29 PM
**To:** Walker, Leita (Minn) <WalkerL@ballardspahr.com>; Kevin Vick <kvick@jassyvick.com>
**Cc:** James Friedman <jfriedman@gklaw.com>; George Burnett <GB@lcojlaw.com>; Michael Griesbach <attymgriesbach@gmail.com>; Debra L. Bursik <debrab@lcojlaw.com>
**Subject:** Responses to Plaintiff's Discovery Requests

⚠ **EXTERNAL**

Leita and Kevin,

We do not believe that an electronic discovery protocol is necessary or appropriate in this case.

In the initial joint discovery plan, the parties advised the Court as follows:

> **Any issues concerning the disclosure, discovery or preservation of electronically stored information ("ESI"), including the form in which it should be produced.**
>
> At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronic information, but will promptly address any issues that do arise during the course of discovery.

When Defendants insisted that an updated joint discovery plan be provided prior to the most recent scheduling conference, the foregoing assertion was reaffirmed by reference.

Accordingly, we request that you produce responsive documents within a week of this communication under the procedures specified in the pertinent federal rule, Federal Rule of Civil Procedure 34(b)(E):

> (E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

   (iii) A party need not produce the same electronically stored information in more than one form.

If any special issues become apparent after we have an opportunity to review the production, we will discuss them with you at that time, as contemplated by the joint discovery plan.

At a minimum, documents, such as contracts between the Defendants that are referenced in the Defendants' initial disclosures, are presumably stored either in hard copy or in simple pdf formats and should be able to be produced without further delay.

If you are not able to produce all responsive documents within a week, please advise when you are available in the next week for a meet-and-confer call.

Hope that you all have a good weekend,

April

**April Rockstead Barker | Attorney**



**SCHOTT, BUBLITZ & ENGEL s.c.**
ATTORNEYS AT LAW
640 W. Moreland Boulevard
Waukesha, WI 53188
P: (262) 827-1700
F: (262) 827-1701
E: abarker@sbe-law.com
Web: www.sbe-law.com

*IMPORTANT: This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please advise the sender and delete this message and any attachments.*

*IRS Circular 230 Disclosure: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended and cannot be used for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.*