IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

ANDREW L. COLBORN

    Plaintiff,

vs.

NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,

    Defendants

Civil No.: 19-CV-484-BHL

## DEFENDANT NETFLIX'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Scheduling Order entered by the Court on July 28, 2021, Defendant Netflix, Inc. ("Netflix") demands that Plaintiff Andrew L. Colborn serve responses to the following Interrogatories on Netflix's counsel at the offices of Ballard Spahr LLP, 2000 IDS Center, 80 South 8th Street, Minneapolis, MN 55402-2119, within thirty (30) days after service hereof.

## DEFINITIONS

1. The terms used in these Interrogatories are to be construed in accordance with the Federal Rules of Civil Procedure.

2. Netflix" and "Defendant" mean Netflix, Inc.

3. "Plaintiff," "you," and "your" mean Plaintiff Andrew L. Colborn as well as any of his employees, agents, or representatives acting on his behalf.

4. "Colborn" means Plaintiff Andrew L. Colborn as well as any of his employees, agents, or representatives acting on his behalf.



5. "Making a Murderer" means the ten-episode television series first released by Netflix on December 18, 2015 at issue in this case.

6. "Making a Murderer 2" means the television series first released by Netflix on October 19, 2018.

7. "Criminal Trial of Steven Avery" means the 2007 criminal trial of Steven Avery for the murder of Theresa Halbach.

8. "Challenged Statements" mean those statements described in Paragraphs 27-29, 33-40, 44-48 and Ex. A and B to the Second Amended Complaint.

9. The "Complaint" means the Complaint filed by Plaintiff in this action in the Circuit Court for Manitowoc County on December 17, 2018 and removed to the Eastern District of Wisconsin on April 3, 2019, Civil Action No. 19-cv-00484.

10. The "Second Amended Complaint" means the Second Amended Complaint filed by Plaintiff in this action on January 3, 2020.

11. "All" and "each" shall both be construed as all and each.

12. "And" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories all documents or information that might otherwise be construed as outside the scope of the Interrogatories.

13. "Concerning" means concerning, relating to, referring to, describing, showing, evidencing, reflecting, containing, identifying, involving, and constituting.

14. "Communication" means every manner of receiving or transmitting information, opinions or thoughts, whether orally, in writing, electronically, or otherwise. The term "Communication" includes, but is not limited to, any meeting, conversation, discussion, conference, consultation, correspondence, message, or other written, oral or electronic

2

transmission of information whether an original, a draft, or a copy, whether stored in hard copy, electronically, or digitally, including e-mail, telexes, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, notes, or memoranda relating to written or oral communications.

15. "Social Media" includes without limitation Facebook, WhatsApp, Snapchat, Twitter, YouTube, Instagram, LinkedIn, Pinterest, TikTok, and all other forms of electronic communication through which users share online personal information, such as messages and pictorial content, with other users whether public or private.

16. "Document" shall be interpreted in the broadest possible sense and shall include, but not be limited to, all documents and electronically stored information described in Federal Rule of Civil Procedure 34(a) as well as all writings of any kind whether handwritten, typed, printed, in electronic format, or otherwise produced or reproduced. The term "Document" includes, but is not limited to, letters, memoranda, correspondence, calendars, address books, date books, diaries, facsimiles, telexes, teletypes, charts, graphs, notes, spreadsheets, schedules, PowerPoint slides, photographs, books, audio tapes, video tapes, presentations, compilations, indices, analyses, plans, e-mail, Internet material, discussion group or chat room postings, and all other electronic information or data wherever found, including information stored on network servers, local drives, diskettes, CD-ROM, back-up files, tapes, in your possession, custody or control, including each draft and non-identical copy thereof (whether different because of handwritten notes, amendments, marginal notations, enclosures, attachments, underlining, highlighting, or otherwise).

17. "Including," "includes," and "include" are not meant to indicate any limitation whatsoever and should be read as if followed by "without limitation."

18. "Person" or "persons" mean any natural person, or any business, legal, or governmental entity, or association.

19. "Employee" and "employment" shall be interpreted in the broadest possible sense and shall be taken to apply whether the position at issue was full- or part-time, whether the individual was employed as an independent contractor rather than an "employee" within the legal meaning of that term, and whether the position at issue was temporary or permanent.

20. "Health care provider" means any provider of medical care, including hospitals, clinics, insurance carriers, treatment centers, physicians, nurses, clinicians, psychologists, psychiatrists, social workers, therapists of any sort, including marriage counselors, and any other personal or institutional provider of medical or mental health care.

21. "Identify," when used with reference to an individual, means to state the individual's full name and present, or, if that is not known, last known address, telephone number, occupation, and present or last known employer. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

22. "Identify," when used in reference to a communication, means to state the date of each such communication, the identity of all persons participating in or exposed in any manner to each such communication, and any and all documents that reflect each such communication.

23. "Identify," when used with reference to a document, means to give, to the extent known, (i) the name or title of the document, (ii) the type of document (e.g., letter, memorandum, chart, etc.), (iii) its date, (iv) the author(s), addressee(s), and recipient(s), and (v) its present location and its present custodian. If any such document was, but is no longer, in your

4

possession or subject to your control, state what disposition was made of it and explain the circumstances surrounding such disposition, and state the date or approximate date thereof.

24. Words in the singular form include the plural and vice versa. Words in the past tense include the present and vice versa.

25. The terms defined above have the same meaning whether or not capitalized.

## INSTRUCTIONS

26. These Interrogatories shall be deemed continuing so as to require supplemental answers if new or different information is obtained by Plaintiff between the time the initial answers to these Interrogatories are made, and the time final judgment is entered in this action.

27. If Plaintiff contends that it would be unreasonably burdensome to obtain and provide all the information called for in response to any Interrogatory, Plaintiff should:

   a. set forth all information that is available without unreasonable burden; and
   b. describe with particularity the efforts made to secure any information the provision of which Plaintiff claims would be an unreasonable burden.

28. If, in answering these Interrogatories or any other discovery request, Plaintiff encounters any vagueness or ambiguity in construing either the Interrogatory or a definition or instruction relevant to the inquiry contained within the Interrogatory, set forth the matter deemed vague or ambiguous and set forth the construction chosen or used in answering the Interrogatory.

29. With respect to Plaintiff's responses to the following Interrogatories, if any answer to an Interrogatory is withheld because of a claim of privilege, please state the basis for Plaintiff's claim of privilege with respect to such information and the specific ground(s) on which the claim of privilege rests.

## INTERROGATORIES

**INTERROGATORY 1:** Identify all facts that you believe support your allegation that Netflix published the Challenged Statements with knowledge of their falsity or with reckless disregard of their truth or falsity.

**INTERROGATORY 2:** For each material fact that you allege was omitted from Making a Murderer or Making a Murderer 2, (1) state the omitted fact, (2) identify all facts that you believe suggest, indicate or prove that Netflix was aware of the omitted fact and (3) identify all facts that you believe suggest, indicate or prove that Netflix had knowledge that omission of the fact would cause Making a Murderer or Making a Murderer 2 to be false or that Netflix omitted the fact with reckless disregard of the series' truth or falsity.

Dated: September 3, 2021				Respectfully submitted,

*s/Leita Walker*
Leita Walker
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com

Matthew E. Kelley
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, DC 20006-1157
T: (202) 508-1112
F: (202) 661-2299
kelleym@ballardspahr.com


James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

*Counsel for Defendant Netflix, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2021, I caused a true and correct copy of the foregoing Defendant Netflix's First Set of Interrogatories to be served by email and U.S. Mail upon the following individuals:

George Burnett
Law Firm of Conway Olejniczak & Jerry SC
231 S Adams Street
PO Box 23200
Green Bay, WI 54305
GB@lcojlaw.com

Michael C Griesbach
Griesbach Law Offices LLC
PO Box 2047
Manitowoc, WI 54221-2047
attymgriesbach@gmail.com

April Rockstead Barker
Schott Bublitz & Engel SC
640 W Moreland Blvd
Waukesha, WI 53188
abarker@sbe-law.com

*Counsel for Plaintiff Andrew L. Colborn*

Kevin Vick
Jassy Vick Carolan LLP
800 Wilshire Blvd., Suite 800
Los Angeles, CA 90017
kvick@jassyvick.com

*Counsel for Defendants Laura Ricciardi, Moira Demos and Chrome Media, LLC*

*/s/ Leita Walker*
Leita Walker

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANDREW L. COLBORN<br><br>Plaintiff,<br><br>vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,<br><br>Defendants | Civil No.: 19-CV-484-BHL |

## DEFENDANT NETFLIX'S FIRST SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Scheduling Order entered by the Court on July 28, 2021, Defendant Netflix, Inc. ("Netflix") demands that Plaintiff Andrew L. Colborn produce the documents requested below to Defendant's counsel at the offices of Ballard Spahr LLP, 2000 IDS Center, 80 South 8th Street, Minneapolis, MN 55402-2119, within thirty (30) days after service hereof.

## DEFINITIONS

1. The terms used in these requests for production of documents (the "Requests") are to be construed in accordance with the Federal Rules of Civil Procedure.

2. "Netflix" and "Defendant" mean Netflix, Inc.

3. "Plaintiff," "you," and "your" mean Plaintiff Andrew L. Colborn as well as any of his employees, agents, or representatives acting on his behalf.

4. "Colborn" means Plaintiff Andrew L. Colborn as well as any of his employees, agents, or representatives acting on his behalf.

5. "Making a Murderer" means the ten-episode television series first released by Netflix on December 18, 2015 at issue in this case.

6. "Making a Murderer 2" means the television series first released by Netflix on October 19, 2018.

7. "Criminal Trial of Steven Avery" means the 2007 criminal trial of Steven Avery for the murder of Theresa Halbach.

8. "Challenged Statements" mean those statements described in Paragraphs 27-29, 33-40, 44-48 and Ex. A and B to the Second Amended Complaint.

9. The "Complaint" means the Complaint filed by Plaintiff in this action in the Circuit Court for Manitowoc County on December 17, 2018 and removed to the Eastern District of Wisconsin on April 3, 2019, Civil Action No. 19-cv-00484.

10. The "Second Amended Complaint" means the Second Amended Complaint filed by Plaintiff in this action on January 3, 2020.

11. "All" and "each" shall both be construed as all and each.

12. "And" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the Requests all documents that might otherwise be construed as outside the scope of the Requests.

13. "Concerning" means concerning, relating to, referring to, describing, showing, evidencing, reflecting, containing, identifying, involving, and constituting.

14. "Communication" means every manner of receiving or transmitting information, opinions or thoughts, whether orally, in writing, electronically, or otherwise. The term "Communication" includes, but is not limited to, any meeting, conversation, discussion, conference, consultation, correspondence, message, or other written, oral or electronic

transmission of information whether an original, a draft, or a copy, whether stored in hard copy, electronically, or digitally, including e-mail, telexes, facsimile transmissions, telecopies, recordings in any medium of oral communication, telephone and message logs, notes, or memoranda relating to written or oral communications.

15. "Social Media" includes without limitation Facebook, WhatsApp, Snapchat, Twitter, YouTube, Instagram, LinkedIn, Pinterest, TikTok, and all other forms of electronic communication through which users share online personal information, such as messages and pictorial content, with other users whether public or private.

16. "Document" shall be interpreted in the broadest possible sense and shall include, but not be limited to, all documents and electronically stored information described in Federal Rule of Civil Procedure 34(a) as well as all writings of any kind whether handwritten, typed, printed, in electronic format, or otherwise produced or reproduced. The term "Document" includes, but is not limited to, letters, memoranda, correspondence, calendars, address books, date books, diaries, facsimiles, telexes, teletypes, charts, graphs, notes, spreadsheets, schedules, PowerPoint slides, photographs, books, audio tapes, video tapes, presentations, compilations, indices, analyses, plans, e-mail, Internet material, discussion group or chat room postings, and all other electronic information or data wherever found, including information stored on network servers, local drives, diskettes, CD-ROM, back-up files, tapes, in your possession, custody or control, including each draft and non-identical copy thereof (whether different because of handwritten notes, amendments, marginal notations, enclosures, attachments, underlining, highlighting, or otherwise).

17. "Including," "includes," and "include" are not meant to indicate any limitation whatsoever and should be read as if followed by "without limitation."

3

18. "Person" or "persons" mean any natural person, or any business, legal, or governmental entity, or association.

19. "Employee" and "employment" shall be interpreted in the broadest possible sense and shall be taken to apply whether the position at issue was full- or part-time, whether the individual was employed as an independent contractor rather than an "employee" within the legal meaning of that term, and whether the position at issue was temporary or permanent.

20. "Health care provider" means any provider of medical care or mental health care, including hospitals, clinics, insurance carriers, treatment centers, physicians, nurses, clinicians, psychologists, psychiatrists, social workers, therapists of any sort, including marriage counselors, and any other personal or institutional provider of medical or mental health care.

21. Words in the singular form include the plural and vice versa. Words in the past tense include the present and vice versa.

22. The terms defined above have the same meaning whether or not capitalized.

### INSTRUCTIONS

23. These Requests call for the production of all responsive documents in your possession, custody or control, wherever located, regardless of whether possessed directly by you or by your agents, attorneys, representatives, or any other persons acting or purporting to act on your behalf.

24. These Requests are continuing in nature. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, you are required to supplement your responses and produce additional documents if you obtain further or different information, and Defendant specifically reserves the right to seek supplementary responses and supplementary production.

4

Case 1:19-cv-00484-BHL   Filed 09/24/21   Page 12 of 18   Document 192-25

25. Unless otherwise indicated, these Requests seek documents existing from October 31, 2005, to the present.

26. If any document responsive to these Requests has been, but is no longer in your possession, custody or control because it has been destroyed, discarded, or placed outside of your custody or control, you shall furnish a list specifying each such document and setting forth the type of document, the general subject matter of the document, the date of the document, the name(s) and address(es) of each person who prepared, received, viewed or has or has had possession, custody or control of the document, the reason for your inability to provide the document, and the date you determined that the documents were missing and/or the date the documents were destroyed.

27. If any responsive medical records are in the possession of a third party medical provider, please provide a release or releases sufficient to enable the third party to produce lawfully such medical records to Defendant.

28. For any Request or portion thereof that you determine to be vague, overbroad, or unclear, you shall adopt a reasonable meaning for that portion of the Request, state the adopted meaning in your response to the particular Request, and produce responsive documents accordingly.

29. To the extent you withhold any responsive documents under any claim of privilege or other legal immunity, explain in detail, without disclosing the allegedly privileged information, the basis for the assertion and provide sufficient information in the form of a privilege log, including, as to each document withheld: (1) the type of document; (2) the general subject matter of the document; (3) the document's date; (4) the name(s) of the document's author(s); (5) the name(s) of the document's addressee(s) and any other recipient(s) of the

5

document; (6) where not apparent, the relationship of the document's author(s), addressee(s), and any other recipient(s) to each other; and, (7) the basis for withholding the document (e.g., attorney client privilege, work product doctrine).

30. If objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive documents will occur notwithstanding such objection. If you object to part of any Request herein, you shall furnish documents responsive to the remainder of the Request.

31. If there are no documents responsive to any particular Request or part thereof, you shall so state in writing.

32. All documents should be produced as they are kept in the ordinary course of business, or shall be organized and labeled to correspond to the specific Requests to which they are responsive. The integrity and internal sequence of the requested documents within a folder shall not be disturbed or commingled with the contents of another folder. All documents should be stored, clipped, stapled, or otherwise arranged in the same form and manner as they were found.

33. Defendant reserves the right to view the original of any copy of a document provided in response to these Requests.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION 1:** All documents identified in or requested to be identified in your response to any interrogatory served upon you by Netflix in this action, including any documents consulted or relied upon by you in connection with the preparation of your responses to any interrogatory served upon you by Netflix in this action.

**REQUEST FOR PRODUCTION 2:** All documents that you claim suggest, indicate or prove that Netflix distributed Making a Murderer and/or Making a Murderer 2 with knowledge of their falsity or with reckless disregard of their truth or falsity.

**REQUEST FOR PRODUCTION 3:** For each material fact that you allege was omitted from Making a Murderer or Making a Murderer 2, (1) all documents that you believe suggest, indicate or prove that Netflix was aware of the fact and (2) all documents that you believe suggest, indicate or prove that Netflix had knowledge that omission of the fact would cause Making a Murderer or Making a Murderer 2 to be false or that Netflix omitted the fact with reckless disregard of the series' truth or falsity.

**REQUEST FOR PRODUCTION 4:** All documents concerning your medical and/or psychological health from October 31, 2005 to the present, whether these medical records are held by you or third parties under your control. In furtherance of this Request, please also execute the attached authorization for release of healthcare information.

**REQUEST FOR PRODUCTION 5:** All documents referring or relating to any prescription medications you have been prescribed or taken from October 31, 2005 to the present. In furtherance of this Request, please also execute the attached authorization for release of prescription records.

**REQUEST FOR PRODUCTION 6:** All documents that you contend constitute an admission against interest by Netflix.

Dated: September 3, 2021            Respectfully submitted,

*s/Leita Walker*
Leita Walker
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com

Matthew E. Kelley
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, DC 20006-1157
T: (202) 508-1112
F: (202) 661-2299
kelleym@ballardspahr.com


James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

*Counsel for Defendant Netflix, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2021, I caused a true and correct copy of the foregoing Defendant Netflix's First Set of Requests for Production of Documents to be served by email and U.S. Mail upon the following individuals:

George Burnett
Law Firm of Conway Olejniczak & Jerry SC
231 S Adams Street
PO Box 23200
Green Bay, WI 54305
GB@lcojlaw.com

Michael C Griesbach
Griesbach Law Offices LLC
PO Box 2047
Manitowoc, WI 54221-2047
attymgriesbach@gmail.com

April Rockstead Barker
Schott Bublitz & Engel SC
640 W Moreland Blvd
Waukesha, WI 53188
abarker@sbe-law.com

*Counsel for Plaintiff Andrew L. Colborn*

Kevin Vick
Jassy Vick Carolan LLP
800 Wilshire Blvd., Suite 800
Los Angeles, CA 90017
kvick@jassyvick.com

*Counsel for Defendants Laura Ricciardi, Moira Demos and Chrome Media, LLC*

/s/ Leita Walker
Leita Walker

# AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION

| 1. PATIENT: | 2. HEALTH CARE PROVIDER RELEASING RECORDS: |
|---|---|
| *Name (Last, First, MI)* | *Name* |
| *Street Address* | *Street Address* |
| *City                    State                    Zip* | *City                    State                    Zip* |
| *Date of Birth:          Social Security No.:* | *Heath Care Provider Account Number:* |

3. **RECORDS RELEASED TO:** Leita Walker
   Ballard Spahr LLP
   2000 IDS Center, 80 South 8th Street
   Minneapolis, MN 55402-2119
   Tel: (612) 371-6222

4. **TYPE OR EXTENT OF INFORMATION TO BE RELEASED:** (Check all applicable categories)

   - ☒ Any and all records relating to care and treatment of this individual.
   - ☐ Medical history, examination, reports
   - ☐ Hospital records, including reports
   - ☐ Prognosis and treatment
   - ☐ Mental health records
   - ☐ Alcohol and drug abuse records (*see below)
   - ☐ Surgery reports
   - ☐ Prescriptions
   - ☐ Consultations
   - ☐ Evaluation and testing
   - ☐ Anesthesiology records
   - ☐ Emergency room
   - ☐ Outpatient
   - ☐ Occupational medicine
   - ☐ Radiology records (X-rays and reports)
   - ☐ Radiology records (Arthroscopic Photos)
   - ☐ Radiology records (Arthroscopic Videos)
   - ☐ Laboratory reports
   - ☐ Team conference reports
   - ☐ Itemized Billing information
   - ☐ HIV test results
   - ☐ Correspondence
   - ☐ Referrals
   - ☐ Chiropractic
   - ☐ Nurses' notes
   - ☐ Photographs
   - ☐ Other _____

5. **a. PURPOSE OR NEED FOR RELEASE:** Legal

   **b. DATES OF CARE AND TREATMENT:** All records beginning October 31, 2005, through present

6. I understand that I have the right to revoke this authorization by indicating my revocation in writing to both the recipient and the health care provider listed above. I understand that I may not revoke my authorization, however, for medical information already disclosed to the recipient or information otherwise relied upon by the recipient.
7. Medical information released pursuant to this authorization will no longer be subject to the federal privacy rule and may be redisclosed by the recipient.
8. I understand that I am not required to sign this form as a condition of receiving treatment or benefits under a health plan (including payment, enrollment or eligibility).
9. I specifically authorize the recipient to consult with my attorneys and to allow them or their representatives to examine, copy, or receive copies of the patient health care records as described above.
10. This authorization will remain in effect until the final resolution of the above-referenced court case **and includes any and all care and treatment (as described in No. 4 above) subsequent to the date of my signature.**
11. A photostatic copy of this consent shall be considered as effective and as valid as the original.
12. I understand that I have the right to inspect and receive a copy of all material to be disclosed as required under Wis. Admin Code §§ DHS 92.05 and 92.06.

_____   _____
*Signature of Patient*                   *Date*
* In order to release the alcohol and drug abuse records of a minor patient, the signature of the minor patient is required.

_____   _____
*Signature of Parent or Guardian of Patient, if Patient is Minor*   *Date*
* In order to release the alcohol and drug abuse records of a minor patient, the signature of the minor patient's parent is required, but only if the parent was required to consent to the alcohol and/or drug treatment.

_____   _____
*Signature of Person Authorized By the Patient (Sec. 146.81(5), Wis. Stats.)*   *Date*

If signed by person other than patient, state relationship to patient:
Patient is:     ☐ Minor                    ☐ Incompetent                    ☐ Deceased
Legal Authority:  ☐ Parent or Legal Guardian    ☐ Next of Kin of Deceased or Personal Representative

This authorization is executed in conformity with Wis. Stat. §§ 146.81-.83, 51.30, 252.01, 252.12, 252.15, 45 C.F.R. § 164.508 (the HIPAA Privacy Rule), and 42 C.F.R. Part 2 Confidentiality of Alcohol and Drug Abuse Patient Records.

Date of Last Revision: 8/1/11

12541019v1