**STATE OF WISCONSIN    CIRCUIT COURT    MANITOWOC COUNTY**

ANDREW L COLBORN,

        Plaintiff,

v.

        Case No. 18-CV-561

NETFLIX, INC.
100 Winchester Circle
Los Gatos, CA 95032,

CHROME MEDIA, LLC, formerly known as
SYNTHESIS FILMS, LLC,
15821 Ventura Blvd., Ste. 500
Encino, CA 91436

LAURA RICCIARDI and
MOIRA DEMOS

        Defendants.

## PLAINTIFF'S FIRST SET OF WRITTEN INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

TO:    All Defendants

NOW COMES Andrew L. Colborn, by and through his attorneys, the Law Firm of Conway, Olejniczak & Jerry, S.C., and hereby requests that Defendants respond to, in writing and under oath, the following Written Interrogatories and Requests for Production of Documents, within thirty (30) days of the time service is made upon you herewith, in accordance with Wis. Stats. §§ 804.08 and 804.09.

Andrew L. Colborn, by and through his attorneys, hereby further requests pursuant to Wis. Stat. § 804.09, that you produce all documents, reports, records and other similar or related materials referenced below, which are either in your possession or readily available to you. These

**EXHIBIT 1**

documents, reports, records and other similar or related materials shall be produced at the offices of the Law Firm of Conway, Olejniczak & Jerry, S.C., 231 South Adams Street, P.O. Box 23200, Green Bay, Wisconsin 54305, within thirty (30) days of service of these Requests.

## INSTRUCTIONS

1. Answer each Interrogatory separately and fully in writing under oath, unless it is objected to, in which event the grounds for objection must be stated in lieu of answer.

2. An evasive or incomplete answer is deemed to be a failure to answer under Wis. Stat. § 804.12.

3. You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters. Furthermore, you are under a similar duty to correct any incorrect response when you later learn that it is incorrect.

4. The following terms are defined herein as follows:

    A. "Document" or "Documents" means, without limitation, all written, printed, electronic, typed, photostatic, records, or otherwise reproduced communications or representations of every kind and description, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by hand or by mechanical, electronic, electronic magnetic, photographic, or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to, any and all originals and non-identical copies of any and all of the following: correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, email, diaries, contracts, agreements, invoices, orders, acknowledgements, receipts, bills, statements, appraisals, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, newspaper clippings, tables, spreadsheets, tabulations, financial statements, working papers, tallies, maps, drawings, diagrams, sketches, charts, labels, plans, photographs, pictures, film, microfilm, computer-stored or computer-readable data, computer printouts, telegrams, text messages, electronic messages or communications, tele facsimiles, tapes, transcripts, recordings, and all other sources or formats from which data, information, or communications can be obtained. Any preliminary versions, drafts, or revisions of any of the foregoing, any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document, or any document which does not contain a comment, notation, addition,

2

insertion, or marking of any kind which is part of another document, is to be considered a separate document.

B. "Communication" means any oral, written, electronic, or other transfer of information, ideas, opinions, or thoughts by any means, from or to any person or thing.

C. "Relate to," "related to," and "relating to" mean comprising, mentioning or describing, containing, enumerating, involving or in any way concerning, pertaining or referring to, being connected with, reflecting upon or resulting from, in whole or in part, directly or indirectly, the stated subject matter.

D. "You" and "Your" refers to each Defendant and any representative, agent, employee, or attorney of each Defendant.

E. "Identify", when used with respect to a natural person, means to state his or her full name, present or last known employer and job title, present or last known business address, and present or last known home and work telephone numbers.

F. "Identify", when used with respect to a document (as previously defined) means to state the date, subject matter, author, recipient, and type of document (e.g., letter, memorandum, chart, etc.), the author and recipients.

G. "Complaint" shall mean the First Amended Complaint in this matter filed by Plaintiff on March 4, 2019.

H. As used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine, feminine, or neuter pronouns shall be deemed to include each other; the disjunctive "or" shall be deemed to include the conjunctive "and"; the conjunctive "and" shall be deemed to include the disjunctive "or"; and each of the functional words "each," "every," "any," and "all" shall be deemed to include all of the other functional words, as necessary to bring within the scope of these requests any documents that might otherwise be construed to be outside the scope.

I. If you deem any information, documents, or things requested to be privileged or otherwise protected by law, you must nevertheless provide the following information:

(1) The nature of the privilege asserted, including attorney-client, work-product, or otherwise.

(2) The person asserting the privilege;

(3) A description and identification of the requested information, documents, or things sufficient to frame an appropriate demand for the information or thing, setting forth at least the following:

3

(i.) In the case of documents:

a. The author and/or signatory of the document;
b. The date of the document;
c. The identity of the addressee and all others who have received or read the document;
d. The identity of those who have knowledge of the matters contained in the document;
e. Whether the requested documents have any other documents appended to, included with, attached to, incorporated by, or referred to in them; and
f. Whether such other documents have been produced in response to any of these requests; and the general subject matter of the document.

(ii.) In the case of communications:

a. Identify the participants in the communication;
b. The date of the communication;
c. The identity of all others to whom the subject matter of the communication has been disclosed, in whole or in part; and
d. The general subject matter of the communication.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

INTERROGATORY NO. 2: For each allegation in the Complaint that you deny, state the factual basis for each denial, and identify any document or witness that has any information regarding each denial.

INTERROGATORY NO. 3: Identify the full name and address of every person you believe has knowledge regarding the facts of this lawsuit, and describe in detail the nature of their knowledge.

INTERROGATORY NO. 4: Specifically state and describe all facts, documents, and bases supporting your statements made in "Making a Murderer 1" and "Making a Murderer 2" relating to the Plaintiff, including but not limited to the identity of all documents and things referring or relating thereto, and the identity of the persons with knowledge thereof.

INTERROGATORY NO. 5: Specifically identify all facts, documents, and testimony relating to the Plaintiff omitted from "Making a Murderer 1" and "Making a Murderer 2".

INTERROGATORY NO. 6: Specifically state and describe how many people viewed "Making a Murderer 1" and "Making a Murderer 2", including but not limited to the identity of all documents and things referring or relating thereto, and the identity of the persons with knowledge thereof.

INTERROGATORY NO. 7: Specifically state and describe the income, revenues, profits, and any other economic benefit you received from "Making a Murderer 1" and "Making a Murderer 2", including but not limited to the identity of all documents and things referring or relating thereto, and the identity of the persons with knowledge thereof.

INTERROGATORY NO. 8: Specifically state and describe any and all evidence that Plaintiff planted evidence to frame Mr. Steven Avery for the murder of Ms. Teresa Halbach, including but not limited to the identity of all documents and things referring or relating thereto, and the identity of the persons with knowledge thereof.

## DOCUMENT PRODUCTION REQUESTS

DOCUMENT REQUEST NO. 1.   Produce all documents and things related to your answers to interrogatories above including, but not limited to, any document relied upon, consulted or reviewed for the purpose of answering the interrogatories above.

5

DOCUMENT REQUEST NO. 2.    Produce all documents and things that are related in any way to your denial of any claims asserted in the Complaint.

DOCUMENT REQUEST NO. 3.    Produce "Making a Murderer 1" and "Making a Murderer 2" in video and transcript format.

DOCUMENT REQUEST NO. 4.    Produce all versions of "Making a Murderer 1" and "Making a Murderer 2", including all omitted portions, in video and transcript format.

DOCUMENT REQUEST NO. 5.    Produce complete copies of all footage or film which you took, received, or used that relates in any way to "Making a Murderer 1" or "Making a Murderer 2".

DOCUMENT REQUEST NO. 6.    Produce all documents, information, and communications used in "Making a Murderer 1" and "Making a Murderer 2".

DOCUMENT REQUEST NO. 7.    Produce all documents, things, information, and communications reviewed in making "Making a Murderer 1" and "Making a Murderer 2".

DOCUMENT REQUEST NO. 8.    Produce all documents and things relating to any alleged false statement and/or false impression alleged in the Complaint.

DOCUMENT REQUEST NO. 9.    Produce all documents and things relating to any alleged false statement and/or false impression relating to "Making a Murderer 1" and "Making a Murderer 2".

DOCUMENT REQUEST NO. 10.    Produce all documents and things mentioning, discussing, or referencing: (a) this lawsuit; (b) the claims alleged against you in this lawsuit; and/or (c) the alleged statements and/or false impressions at issue in this lawsuit.

DOCUMENT REQUEST NO. 11.    Produce all documents and things relating to, referring to or mentioning the Plaintiff.

DOCUMENT REQUEST NO. 12. Produce all communications between you and each defendant in this lawsuit relating to "Making a Murderer 1" and "Making a Murderer 2".

DOCUMENT REQUEST NO. 13. Produce all documents and things concerning your effort to check or confirm the accuracy of statements made relating to the Plaintiff in "Making a Murderer 1" and "Making a Murderer 2".

DOCUMENT REQUEST NO. 14. Produce all documents and things relating to publicity resulting from "Making a Murderer 1" and "Making a Murderer 2".

DOCUMENT REQUEST NO. 15. Produce all documents showing all income, revenue, and profit earned by you since 2009. These documents will include your tax returns since 2009.

DOCUMENT REQUEST NO. 16. Produce any agreements between you and each defendant relating to "Making a Murderer 1" and "Making a Murderer 2".

DOCUMENT REQUEST NO. 17. Produce all documents or other sources, internal or external, you relied upon to ensure accuracy and to avoid defamation of character claims in the filming, production, and distribution of "Making a Murderer 1" and "Making a Murderer 2".

DOCUMENT REQUEST NO. 18. Produce a copy of all insurance policies which provide or may provide coverage to you related to this lawsuit.

DOCUMENT REQUEST NO. 19. Produce all information and things, including documents and video / audio recordings, you considered in determining whether the content of "Making a Murderer 1" or "Making a Murderer 2" would interest audiences.

DOCUMENT REQUEST NO. 20. Produce all documents and things, including media and social media reports and video / audio recordings, you became aware of after the release of

"Making a Murderer 1" but before the release of "Making a Murderer 2" that questioned the accuracy of "Making a Murderer 1's" portrayal of the events depicted.

DOCUMENT REQUEST NO. 21.  Produce all documents and things, including audio / video recordings, relating to or reflecting communications with or between Mr. Steven Avery's attorneys or their agents.

DOCUMENT REQUEST NO. 22.  Produce all documents and things, including audio / video recordings, relating to or reflecting communications with or between Mr. Brendan Dassey's attorneys or their agents.

DOCUMENT REQUEST NO. 23.  Produce all documents and things, including audio / video recordings, relating to or reflecting interviews conducted with Mr. Steven Avery's attorneys.

DOCUMENT REQUEST NO. 24.  Produce all documents and things, including audio / video recordings, relating to reflecting interviews conducted with Mr. Brendan Dassey's attorneys.

DOCUMENT REQUEST NO. 25.  Produce all documents and things, including audio / video recordings, relating to or reflecting interviews conducted about Ms. Teresa Halbach's death.

DOCUMENT REQUEST NO. 26.  Produce all documents and things, including audio / video recordings, made available to you by Mr. Steven Avery's attorneys.

DOCUMENT REQUEST NO. 27.  Produce all documents and things, including audio / video recordings, made available to you by Mr. Brendan Dassey's attorneys.

DOCUMENT REQUEST NO. 28.  Produce any evidence that Plaintiff planted evidence to frame Mr. Steven Avery for the murder of Ms. Teresa Halbach.

8

Dated this 4th day of ~~February~~ March, 2019.

LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
Attorneys for Plaintiff, Andrew L. Colborn

By: _____
George Burnett
Jill J. Ray

**POST OFFICE ADDRESS:**
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
State Bar Nos. 1005964/1085112

201915.001:# 3038528

9

Case 1:19-cv-00484-BHL   Filed 09/24/21   Page 9 of 9   Document 193-1