# **Exhibit D**

# Ballard Spahr
### LLP

2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2119
TEL 612.371.3211
FAX 612.371.3207
www.ballardspahr.com

Leita Walker
Tel: 612.371.6222
Fax: 612.371.3207
walkerl@ballardspahr.com

October 7, 2021

*Via Email and U.S. Mail*
*abarker@sbe-law.com*

April Rockstead Barker
SCHOTT BUBLITZ & ENGLE S.C.
640 W. Moreland Blvd.
Waukesha, WI 53188

**Re:** **Colborn v. Netflix, et al.**

Dear April:

I am writing as we begin drafting our opposition to your recently filed Motion for Sanctions in the above-referenced case, in hopes that you will withdraw that motion. If you elect not to do so, we want the record to be clear that we advised you of the following.

For the reasons discussed below, the motion is meritless. It burdens not only Netflix but the Court with briefing on "issues" that are not really issues at all—discovery in this case is proceeding according to schedule and Netflix has in no way failed to comply with its obligations under the federal rules or any order of the Court. Indeed, as I told you when we last spoke on September 16, we expect Netflix's production of documents responsive to the pending requests to be largely complete by mid-October, when our opposition to your motion is due.

You spoke with my co-counsel, James Friedman, about the meritless nature of your motion, but refused to withdraw it. Thus, we write to make a final, written request for withdrawal. If you do not withdraw the motion and we are forced to oppose it, we will seek attorneys' fees. If you believe the summary below of our prior conversations and correspondence is inaccurate in any way, please advise immediately.

Your Motion for Sanctions is inappropriate for the following reasons:

First, you failed to meet and confer. Instead, you filed the motion without any warning after a productive discussion on September 16, at which you agreed to discuss with your co-counsel the terms of a draft ESI Protocol and how the parties could sequence their respective discovery obligations. You did not threaten during that call to bring a motion to compel; certainly you did not threaten to bring a motion for sanctions or attempt to meet and confer in good faith on the

issues raised in your motion. I summarized our conversation in an email to you after the call and asked you to advise if you had a different understanding of where things stood. To this date, I have never received a response to that email. Instead, after eight days of silence and without any follow-up communication regarding the issues on which you promised to revert, you filed your motion. Suffice to say, we were shocked to receive it, especially because both Federal Rule of Civil Procedure 37 and Civil Local Rule 37 require that the parties meet and confer prior to filing of discovery-related motions.

Second, setting aside your failure to address discovery "issues" in good faith and to attempt to resolve them without the involvement of the Court, your motion and the relief it seeks is entirely inappropriate. Procedurally, it is inappropriate because it jumps over the logical first step of a motion to compel and does not—cannot—point to Netflix's violation of any federal rule or Court order. *See, e.g.*, *Mojapelo v. AMTRAK*, 748 F. App'x 68, 70-71 (7th Cir. 2019) (violation of court order granting motion to compel usually required prior to imposition of Rule 37 sanctions except where noncompliant party had received notice that "certain discovery proceedings are to occur by a specific date, and then refuses to comply"). Substantively, it is inappropriate in its scorched-earth request for a sanction that would deprive Netflix of raising a *constitutional* defense. *See, e.g.*, *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964) (The First and Fourteenth Amendment "guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice.'"). And factually it is inappropriate because Netflix has worked diligently to comply with its discovery obligations.

Here is the sequence of events that we will lay out for the Court if we are forced to oppose your Motion for Sanctions.

- You filed this case in state court in December 2018 but did not serve Defendants until March 2019. Defendants timely removed the case in April 2019, at which point the timing and sequence of discovery became governed by Fed. R. Civ. P. 26(d).

- Defendants collectively filed three separate motions to dismiss. For a variety of reasons, all beyond the parties' control (including a global pandemic and numerous judicial recusals and reassignments), the last of those motions was not decided until May 26, 2021, more than two years after the case was removed.

- Meanwhile, the parties did not conduct a Rule 26(f) conference until May 2020. In their joint report following that conference (Dkt. No. 141), Defendants requested that discovery be stayed. No formal stay of discovery ever issued, but the parties and the Court essentially operated as if a stay were in place. Following the May 2020 conference—the event that triggered Plaintiff's ability to serve discovery under Fed. R. Civ. P. 26(d)(1)—your client waited more than a year, until June 2021, to do so. Moreover, Judge Ludwig made clear to the parties at the

December 17, 2020 status conference that he did not expect Defendants to engage in discovery until after he decided the pending dispositive motions.

- Your client did purport to serve two sets of discovery *prior* to the Rule 26(f) conference, in contravention of the federal rules. You served one set with the original Complaint filed in state court, *before* this lawsuit was removed to federal court, *before* the original Complaint was amended (not once but twice), and *before* the Court dismissed Plaintiff's negligence claim. You served a second set in March 2020, after removal but, again, before the Rule 26(f) conference. Because Rule 26(d)(1) does not permit discovery prior to the Rule 26(f) conference, the purported service of the first and second sets of discovery did not trigger any obligation for Defendants to respond. I explained this to you, including in an email I sent you on March 15, 2021, nearly seven months ago. To date, you have never responded to that email. Nor have you ever attempted to re-serve the first set of discovery requests in accordance with the federal rules.[1]

- Consistent with Judge Ludwig's instructions, we timely served Netflix's initial disclosures and responses and objections to Plaintiff's second set of discovery two weeks after the Court denied the pending dispositive motions. Those requests sought raw footage. We responded that Netflix does not have any raw footage. We had informally told you that months prior, so Plaintiff has known this for a long time.

- More than a month after Judge Ludwig's order, on June 24, 2021, we received your client's third set of discovery requests. We had begun working with Netflix to collect potentially relevant documents even prior to receipt of this third set and we timely provided written responses and objections to the requests on July 19, 2021. You have never contested the scope of our written responses or objections.

- Thus, since early June, we have worked with Netflix to collect roughly 20,000 potentially relevant documents and to develop and test search terms targeted at reducing the review set to those documents likely to be responsive to the *three*— and there are only three—pending requests for production. Our efforts resulted in a review set of nearly 8,000 documents which we have been working diligently to review and produce on a rolling basis. We have already delivered two productions

---

[1] Re-service of the first set of requests, in their original form, would be inappropriate given subsequent developments in this case. For example, several requests seek information related to how Defendants responded to the original Complaint. As you know, Defendants never responded to the original Complaint because you never served it before amending it. Other requests seek raw footage and we have told you repeatedly that Netflix does not have raw footage.

    to you, and we expect to be substantially done with our production before your Motion for Sanctions can even be heard.[2]

Third and finally, your sudden and extreme Motion for Sanctions makes no sense in the context of this case. Discovery does not close in this case until April 8, 2022, and summary judgment motions are not due until May 13, 2022. *See* July 28, 2021, Scheduling Order (Dkt. No. 187). No depositions have been scheduled. Defendants actually proposed a shorter discovery period, but it was your legal team and Mr. Colborn who wanted more time. Likewise, it was your legal team who took nearly eight weeks to approve the filing of the protective order in this case and it is your legal team who refuses to engage on the language of a very basic and standard ESI Protocol that we sent you more than a month ago, on August 26. It is your legal team that failed to provide timely responses to Netflix's first set of discovery requests, which were served upon you on September 3, 2021 and to which you did not respond until October 6, 2021.[3]

For all of these reasons, your Motion for Sanctions is meritless and borders on frivolous. Fees are available to the prevailing party on a discovery motion, *see* 28 U.S.C. § 1927, Fed. R. Civ. P. 26(c)(3), 37(a)(5)(B), and we will not hesitate to seek them if you do not immediately withdraw your Motion for Sanctions.

Sincerely,

/s/ Walker

Leita Walker

---

[2] During our call on September 16, I explained to you that the only category of documents that might not be produced by mid-October are emails exchanged between Synthesis Films and Netflix. Obviously both Netflix and the producer defendants are in possession of these emails and it makes no sense for two legal teams to review the same documents—nor does it make sense for you to receive two copies of every responsive, non-privileged email the Defendants exchanged among themselves. Thus, I disclosed to you that I am coordinating review of those documents with Kevin Vick, counsel for the producers. Mr. Vick, in turn, explained to you that his law firm is currently short staffed and it might take him a few extra weeks to get through this correspondence. You did not express any concern with this approach. Rather, you told Mr. Vick that his proposed timeline was acceptable, while expressing sympathy for his situation and indicating that, if he needed even more time, that was ok with you.

[3] Any objections to Netflix's interrogatories therefore have been waived. *See* Fed. R. Civ. P. 33(b)(4).

April Rockstead Barker
October 7, 2021
Page 5


cc: R. George Burnett
 Michael Griesbach
 Kevin Vick
 Jean-Paul Jassy
 Jeffrey Payne
 James Friedman
 Matt Kelley
 Emmy Parsons