IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANDREW L. COLBORN,

                Plaintiff

NETFLIX, INC.,                                      Case No. 19-CV-484
CHROME MEDIA, LLC, f/k/a
SYNTHESIS FILMS, LLC,
LAURA RICCIARDI, and
MOIRA DEMOS,

                Defendants.

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

### INTRODUCTION

Plaintiff filed a motion for sanctions, requesting that the Court invoke its inherent authority, based on a culmination of discovery delays and foot-dragging by Defendant Netflix, Inc. Netflix's response to the motion is long on excuses and finger-pointing but short on anything that would give reason to believe that Netflix intends to do better going forward.

To the contrary, Netflix insists that its conduct with respect to discovery has been appropriate or even exemplary, despite the fact that Plaintiff has had to file two prior motions to obtain compliance with discovery obligations plainly set forth in the Rules of Civil Procedure. Further, responses to the discovery requests that were pending were obviously hastened by this motion and were concluded later than promised by counsel at the meet-and-confer. Ultimately, Netflix's arguments lack sincerity. Plaintiff respectfully requests that the Court grant his motion and issue appropriate sanctions.

**ARGUMENT**

For the reasons explained in Plaintiff's initial brief and those set forth below, Plaintiff respectfully requests that the Court issue appropriate sanctions based on Netflix's pattern of discovery delays and obstruction.

I. **Plaintiff's Motion Requested that the Court Exercise its Inherent Authority.**

In Netflix's response, it baldly asserts, with no citation to Plaintiff's motion or brief, that Plaintiff seeks sanctions under Rule 37. Dkt. #194 at p. 20. Plaintiff's motion and brief both plainly stated that Plaintiff requested that the Court exercise its inherent authority to issue sanctions. Dkt #190 at p. 1; Dkt #191 at pp. 15-16. Plaintiff cited some Rule 37 cases, because courts also frequently issue sanctions under Rule 37, to illustrate sanctions that have been found to be proportional to patterns of discovery delay. However, as Netflix's counsel is too sophisticated to have misunderstood, Plaintiff's citation to those cases as examples of proportional sanctions in no way altered the expressly stated basis cited for Plaintiff's motion. Plaintiff requests that the Court ignore Netflix's attempt to put words in Plaintiff's mouth regarding the basis for the sanctions that Plaintiff requests.

II. **A Sanction is Appropriate.**

Netflix characterizes itself as a model litigant with respect to discovery in this case. The narrative by Netflix does not ring true, and for good reason: The record is to the contrary.

Unlike most litigants, Netflix had to be ordered to participate in a Rule 26 conference. Dkt #134.

Although Netflix claims that it properly objected to responding to any discovery requests thereafter, *see* Netflix brief, Dkt #194 at p. 15, it is one thing to assert a specific substantive objection to portions of discovery, as Rule 26 contemplates, and another thing to arrogate to

2

oneself the right to unilaterally declare a stay of discovery, as Netflix did. *See* Dkt #169 at 35:20 (audio recording) (Court's comments regarding Defendants' unilateral/self-imposed stay of discovery).

Further, Netflix portrays the fact that Judge Pepper was not micromanaging this case, amid her other responsibilities as Chief Judge, as somehow an endorsement of its decision to declare itself immune from discovery obligations during a period when, in essence, the teacher wasn't looking.

While Netflix also contends that it would have been entitled to a stay of discovery pending its motions to dismiss had it requested one, it never sought Court approval for any stay of discovery. Moreover, it seems highly unlikely that, at the outset of briefing on the second motion to dismiss, the Court would have granted Netflix a stay of discovery that extended indefinitely, given that the motion more closely resembled a motion for summary judgment and that the motion was only asserted through a loophole in Seventh Circuit case law that has not yet foreclosed serial motions to dismiss, unlike other circuits. *See* Plaintiff's Brief in Response to Netflix's Motion to Dismiss Second Amended Complaint, Dkt #131, at p. 15.

There is no way to explain away the fact that Netflix spurned the rules of civil procedure by refusing to participate in a Rule 26(f) conference absent a Court order and by declaring that it would refuse to respond to any discovery until resolution of its motions to dismiss. Netflix's conduct <u>prior</u> to the decisions on the motion to dismiss provides context and shows that Netflix's subsequent delay in producing documents <u>after</u> the Court's decisions is not a one-off. Rather, Netflix is acting in accordance with its previously established pattern of delay and obstruction.[1]

---

[1] Contrary to Netflix's distorted version of Plaintiff's arguments, Plaintiff does not seek sanctions solely because Netflix chose to list documents by category in its Initial Disclosures, *cf.* Dkt 194 at p. 15, but because of the pattern of delay that has once again required a motion.

3

It has not taken to heart the Court's message that Defendants should "turn around responses promptly" following resolution of the motions to dismiss. Dkt #169 at 36:25; *see also* Dkt #170, p. 1 (ordering discovery responses within 14 days of decisions on the motions to dismiss).

As the Seventh Circuit has explained, a litigant is not entitled to expect a "shot across the bow" before sanctions are issued to penalize abusive discovery tactics. But here, the record demonstrates that Netflix has already received what it should have understood as warnings by the Court. The first occurred when Judge Pepper compelled Defendants to participate in a Rule 26(f) conference without awaiting a response from Defendants to Plaintiff's motion for that relief. The second occurred when the Court granted in part Plaintiff's motion to compel outstanding discovery, including the initial disclosures that Defendants had refused to provide, and indicated that Defendants would need to provide discovery promptly if the Court denied any of their motions to dismiss. Dkt #169 at 36:25; Dkt #170 at p. 1.[2]

Despite these unequivocal messages, Netflix persisted in its "We'll give it to you when we want to, and on our terms" attitude with respect to Plaintiff's discovery requests after the denials of the motions to dismiss. Netflix held up document production based on a protective order that could have been proposed prior to the time that it was supposed to respond. Although Netflix attempts to blame Plaintiff for a month that passed after it forwarded the draft protective order, that issue is a red herring. Plaintiff's counsel requested that Netflix provide non-confidential documents pending entry of the protective order. Supplemental Declaration of April Rockstead Barker, Ex. 1. Netflix never responded to that request. *Id.* at ¶2. Irrespective of the purported need for any protective order, Netflix provided no documents to Plaintiff at the time

---

[2] Netflix reframes the Court's decision as one that supposedly denied Plaintiff's motion "in substantial part." Dkt #194 at p. 6.

4

that it was using the protective order as an excuse for delay.[3] This is true even though the eventual production included some documents that are apparently public filings in the United States Copyright office. *See, e.g.,* Supp. Barker Decl., Ex. 3.

Even after the protective order was issued, Plaintiff's counsel had to subsequently inquire when documents would be forthcoming, only to be met with yet another obstacle to production in the form of an ESI protocol that Netflix insisted had be prepared, reviewed, and negotiated before any documents could be produced. Declaration of April Rockstead Barker filed September 24, 2021, Dkt #192-19-22. The need for a blanket advance agreement regarding ESI had been denied in the joint discovery report. Dkt #141, p. 5, ¶C. Netflix only dropped the demand at the meet-and-confer on September 16, 2021.

At that conference, contrary to Netflix's characterization of it, Plaintiff's counsel did not manifest acceptance of Netflix's description of how it intended to produce documents – at that point, allegedly on a "rolling basis" through mid-October (now two weeks ago). Supp. Barker Decl., ¶6. Counsel who attended that conference made clear that Attorney Burnett, who is Plaintiff's lead counsel, was not happy (to put it mildly) with the manner in which discovery had been handled by Defendants and that Attorney Burnett would have to make the decision how to proceed in light of Defendants' representations. *Id.*[4]

---

[3] The blame directed at Plaintiff's counsel for the alleged delay in June-July 2021 is a particularly low blow. As Netflix's counsel well knows, Attorney Barker, who was primarily handling the discovery issues for Plaintiff and who was in early through mid-July of 2021 working with Defendants on their request to prepare a supplemental joint discovery report, *see* Supp. Barker Decl. at ¶3, was attempting to manage an accumulated workload in the aftermath of time out of the office for her mother's final illness and passing. *See id.* at Ex. 2.

[4] During that call, Netflix's counsel did *not* graciously offer an unconditional extension for Plaintiff's responses to Netflix's September 3, 2019, discovery requests to Plaintiff, as she now suggests, but rather, made it clear that an extension would not be granted based on the timing of Netflix's production alone. Barker Decl., ¶7; *cf.* Dkt #195 at ¶12. In other words, Netflix would not concede the advantage that it intended to gain through its delayed production of documents.

5

### III. Plaintiff Has Not Requested an Ultimate Sanction, But Rather, a Proportional Sanction.

Netflix also attempts to downplay its conduct, arguing that it has not done anything as egregious as others who have been sanctioned with dismissal or default. Plaintiff respectfully submits that the calculating manner in which Netflix has delayed discovery in this case is particularly offensive to a discovery process that is supposed to function without the need for Court oversight. Plaintiff has had to argue and file motions for what should have been automatic under the federal rules. After two motions and orders against Netflix and an admonition by the Court, Netflix still threw up obstacles designed to delay its current production, the latest of which was only retracted after it became clear that a motion was imminent.

If Netflix had expended half as much energy to responding in good faith to discovery as it has in formulating technical arguments designed to thwart Plaintiff's efforts to obtain discovery, the discovery process might be nearly complete by now. Netflix cannot credibly claim to be surprised or "blindsided" that its tactics again wore too thin to be tolerated.

Nonetheless, Plaintiff has not requested ultimate sanctions as described in the opinions that Netflix attempts to distinguish. Rather, Plaintiff requested an order precluding Netflix from contesting actual malice.[5] Plaintiff respectfully submits that the order would permit the parties to move forward with discovery on other issues in the case in the time that remains in discovery. Alternatively, Plaintiff has requested such sanction as the Court may deem appropriate under the circumstances.

---

[5] The fact that "actual malice" is a constitutional defense does not mean that it cannot be lost through litigation misconduct, and Netflix does not cite authority to that effect.

6

### IV. Netflix's Response Makes Misrepresentations to the Court That Are Concerning In Their Own Right.

In its zeal to spin the facts in its favor, Netflix oversteps the boundaries of candor. For example, Netflix claims that it did not misdirect Plaintiff's counsel by first using the pandemic as an excuse to defer responses to discovery requests seeking raw footage of the Avery trial and then, months later and only after Plaintiff's counsel revisited the topic, disclosing that it didn't have the raw footage anyway. Netflix Response, Dkt #194, at p. 14. In a carefully crafted explanation, Netflix asserts that at the time, Netflix's counsel represented "all Defendants," so there was, according to Netflix's counsel, nothing wrong with Netflix claiming that the discovery responses should be delayed for public health considerations while failing to flag the fact that Netflix did not have the responsive materials, because, apparently, the other Defendants that counsel represented at the time might have them. *Id.*

The glaring flaw in Netflix's after-the-fact justification is that the discovery requests for raw footage that were pending at that time were specifically directed to Netflix only. Declaration of April Rockstead Barker filed September 24, 2021, Ex. 1, Dkt #192-1, at p. 2. It was only after Netflix disclosed that it did not have the raw footage, months later, that Plaintiff served a separate request for the footage on the other Defendants, who were by that time represented by separate counsel. *See id.,* Ex. 9, Dkt #192-9, at p. 7. Therefore, counsel's joint representation of other Defendants at the time of the request that was addressed to Netflix gave counsel no reason to respond as if Netflix had materials that it simply could not produce due to the pandemic.

In a similar vein, in its letter threatening Plaintiff to withdraw the sanction motion, Netflix feigned ignorance of the federal rule that extends deadlines after service by mail in order to contend, baselessly, that Plaintiff's written responses to Netflix's discovery were untimely and that objections were waived. Declaration of Leita Walker, Dkt #195-4 at p. 5 and n.3. Netflix

7

abandoned the assertion without comment when confronted with a response citing the rule. Supp. Barker Decl., Ex. 4. If the rule did not extend time in instances of service by mail, then Netflix's written response to Plaintiff's discovery requests would have been untimely. *See* Netflix Response, Dkt #194, at pp. 7-8 (noting that Plaintiff's most recent requests were served on June 16, 2021, and that Netflix served written responses, which it characterizes as timely, on July 19, 2021). Therefore, Netflix was aware of the rule when it pretended otherwise in its letter to Plaintiff's counsel.

It is sadly apparent that even in response to Plaintiff's motion addressed to Netflix's gamesmanship, Netflix regards gamesmanship as simply "part of the game," even after it has twice been ordered to comply with discovery obligations in this case. Unless an appropriate sanction is imposed, Plaintiff fears, based on ample experience, that Plaintiff will simply meet more of the same resistance in the time remaining for discovery.

## V. Plaintiff Has Been Prejudiced By the Delays in Discovery Before and After the Decisions on the Motions to Dismiss.

While Netflix claims that there is "no harm, no foul" because approximately six months of the discovery period remain under the scheduling order, there is no question but that Plaintiff will be time-crunched by Netflix's tactics, an effect that is undoubtedly by design rather than by accident.

Netflix's response to Plaintiff's discovery requests seeking the information identified in Netflix's June 2021 initial disclosures was due in July 2021. Netflix represents that it completed the production relating to those disclosures yesterday. Therefore, it has taken from a June service of Plaintiff's requests to late October for Plaintiff to obtain responses to the documents that Netflix considers the first legitimate document requests directed to it. With a more than four-month response period as the norm in Netflix's view (and which was, in this case, doubtless

8

expedited by Plaintiff's motion), Plaintiff can realistically hope for only one more opportunity for document discovery before the close of the discovery period. Yet, those documents are necessary to meaningfully depose Defendants' witnesses. *See* Barker Decl. filed September 24, 2021, Dkt #192, at ¶30.

Further, Netflix again discounts the delays it introduced while refusing to respond to any discovery for nearly two years.[6] During Netflix's announced refusal to cooperate with discovery, it was pointless for Plaintiff to attempt to serve any further discovery. Plaintiff's counsel could not undertake the usual analysis of discovery responses necessary to formulate further or more refined requests, because Netflix made it clear that Plaintiff could expect no responses until Plaintiff filed a motion to compel. At a minimum, Netflix has deprived Plaintiff of the opportunity to conduct discovery in the order of Plaintiff's choosing, which Plaintiff normally would have under Rule 26.

Netflix also points to the summary judgment deadline as alleged proof that Plaintiff faces no imminent motion, when, as is obvious, the deadline does not preclude Defendants from filing motions before that date.

**VI.    Netflix Should Not Be Rewarded For Its Discovery Delays.**

Netflix also argues that it should be awarded attorneys' fees for responding to Plaintiff's motion. It cites 28 U.S.C. §1927, but it has not filed a motion seeking those fees, and therefore, its request would be procedurally inappropriate even if it had any merit. *See Wielgos v. Commonwealth Edison Co.,* 688 F.Supp. 331, 345 (N.D. Ill. 1988), *aff'd*, 892 F.2d 509 (7th Cir.

---

[6] As Plaintiff's initial brief suggested, after finally reviewing documents that have been produced to date, Plaintiff hopes to further supply information that Plaintiff believes are irreconcilable with at least some arguments made in Netflix's initial motion to dismiss. Dkt #191 at p. 15, n.3. These arguments cannot be fully developed because pertinent documents have been produced with confidentiality designations under the protective order. After further review, Plaintiff's counsel believes the best way to proceed is to challenge some of the unnecessary confidentiality designations so the material can ultimately be presented to the Court without the need for a motion to seal. However, resolution of the instant motion need not await the conclusion of that process.

9

Case 1:19-cv-00484-BHL    Filed 10/29/21    Page 9 of 11    Document 196

1989). Netflix also references Rule 37, but as Plaintiff explained above, Plaintiff did not bring its motion under Rule 37.

Substantively, Netflix's request for fees is remarkable for its lack of self-insight. Netflix unreasonably and vexatiously multiplied these proceedings with its serial motions to dismiss and by requiring resort to the Court to obtain compliance with multiple discovery rules. As explained above, Plaintiff has twice prior to this motion had to file motions to require Netflix to comply with basic discovery obligations that are imposed by the Rules of Civil Procedure. In neither case did Plaintiff make an express request for attorneys' fees, despite the time and effort required to prepare those motions and respond to Netflix's arguments in opposition.

Throughout the course of this case, Plaintiff's counsel has had to expend far more time attempting to pursue discovery and filing motions to secure cooperation than should be necessary in a federal court proceeding. It defies credulity that Netflix would even suggest that it should now also be rewarded for its poor behavior with an award of its attorneys' fees. Needless to say, Plaintiff respectfully requests that the Court deny Netflix's request.

## CONCLUSION

Much like Netflix's communications relating to discovery throughout this case, Netflix's response brief launches a volley of accusations toward Plaintiff. But the record belies the obvious, which is that Netflix has been making discovery unnecessarily difficult and protracted through a conscious effort and continues to do so even after denial of the motions to dismiss. The Court signaled prior to those decisions that discovery should move forward promptly thereafter.

Too much time in this case has already been lost to discovery delays for Plaintiff to reasonably hope for better days ahead, only to wind up at the Court's doorstep weeks before the

deadline for discovery to be completed. Unfortunately, after prior orders to participate in and provide discovery, followed by obviously manufactured delays, it does not appear to be likely that Netflix will change its ways going forward unless it receives a stronger and more direct message this time around.

Plaintiff respectfully requests that the Court enter an order precluding Netflix from contesting actual malice for purposes of these proceedings, or such other sanction as the Court may deem appropriate under the circumstances.

Dated this 29th day of October, 2021.

SCHOTT, BUBLITZ & ENGEL, S.C.

By: s/ April Rockstead Barker_____
April Rockstead Barker
State Bar No. 1026163
Schott, Bublitz & Engel, S.C.
640 W. Moreland Blvd.
Waukesha, WI 53188-2433
(262)-827-1700

**Co-Counsel:**

LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
George Burnett
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
State Bar No. 1005964

GRIESBACH LAW OFFICES, LLC
Attorney Michael C. Griesbach
State Bar No. 01012799
Griesbach Law Offices, LLC
PO Box 2047
Manitowoc, WI 54221-2047
(920) 320-1358