# Exhibit 1

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| Andrew L. Colborn | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 19-CV-484-BHL |
| Netflix, Inc., et al | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Michael C. Griesbach

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A

| Place: Godfrey & Kahn, S.C., Attn: James Friedman<br>833 East Michigan Street, Suite 1800<br>Milwaukee, WI 53202-5615 | Date and Time: March 11, 2022 at 10:00 a.m. |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/09/2022

GINA M. COLLETTI
*CLERK OF COURT*

OR

*s/ James A. Friedman*

| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
|---|---|

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendant Netflix, Inc. , who issues or requests this subpoena, are:
James Friedman, see address above, jfriedman@gklaw.com, (608) 284-2617

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 19-CV-484-BHL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## EXHIBIT A

Pursuant to the attached Subpoena, you are commanded to produce the following documents, electronically stored information, or tangible things in your possession, custody, or control:

## Definitions & Instructions

The following definitions and instructions shall apply to the Document Requests herein. Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

## Instructions

1.     You are obligated to produce all responsive documents in your possession, custody or control.  This means that you are obligated not only to conduct an adequate search for responsive documents that you currently possess, but also to make the same fulsome search for all responsive documents that are in your custody or control.  This obligation requires you to search for all responsive documents that you have a legal right to obtain from any source, including documents that are currently in the possession of third parties, such as bankers, accountants, physicians, attorneys, agents, representatives, employees, or government agencies.

2.     If you cannot respond to any document request in full, after exercising due diligence to secure the requested information, so state and answer to the extent possible, specifying the reasons for your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

3.     If any document or portion thereof which falls within the scope of the requested documents is withheld from inspection or production, the document or portion thereof shall be identified and the reasons for withholding such documents or portion thereof shall be stated.

This identification of the document or portion thereof shall include (1) the date of the document; (2) the author or originator of the document; (3) the person or entity to whom the document was addressed; (4) the name of each person or entity who was provided with a copy of, had access to or examined the document; (5) the type or title of the document; (6) the general subject matter of the document; and (7) the present location of the document and the name of the custodian thereof.  For any document which is the subject of a claim of the attorney-client privilege or attorney work product, the grounds upon which the claim of privilege or attorney work product is made shall also be stated.

4.      In accordance with the provisions of Fed. R. Civ. P. Rule 45(e)(1)(A), the requested documents shall be produced as they are kept in the usual course of business, or shall be organized to correspond with the categories in the requests.

5.      In accordance with the provisions of Fed. R. Civ. P. Rule 45(a)(1)(C), when a document request calls for the production of electronically stored information, you should produce the material in both a .pdf or .tiff mage format with a document-control number associated with each page of such images, as well as in the native format of the material so that all associated metadata is also produced with the electronic file.

6.      Unless otherwise specified, each request calls for production of documents created on or after January 1, 2002 and before October 1, 2018.

7.      Attached hereto as Exhibit B is a true and correct copy of the protective order entered by the Court in this action for your reference.

### **Definitions**

1.      The use of the singular form of any word includes the plural and vice versa.

2.      The words "and," "or," and "and/or" should be construed conjunctively or disjunctively as necessary to make the discovery requests inclusive rather than exclusive.

3.      The terms "each," "any," and "all" mean "any and all" or "each and every," and should be construed to make the discovery requests inclusive rather than exclusive.

4.      The term "including" should be construed to make the discovery requests inclusive rather than exclusive.

5.      The term "communication" means any form of communication, including in-person oral communications, meetings and/or witness consultations, telephone conferences, transcripts of such meetings or telephone conferences, e-mails, text messages, letters, notes, memoranda, or any transcript of information, inquiries, ideas, facts, opinions or thoughts by any means, at any time or place, under any circumstance.

6.      The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, all communications (as defined above), e-mails, text messages, letters, correspondence, memoranda, papers, records, notes, diaries, reports, phone logs, calendars, day-timer and appointment book entries, information contained on computer or other electronic storage, metadata, compilations, ledgers, tape recordings, telegrams, summaries, electronic or computerized data compilations, and any other documents as that term is used in Fed. R. Civ. P. 34 and Rule 1001 of the Federal Rules of Evidence.  All original documents, file copies, and all other copies, drafts or non-identical copies of such documents or prepared in connection with such documents, no matter how or by whom prepared, and whether used or not, are separate documents within the meaning of this term.

7.    The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.    The terms "regarding," "relating to," "related to," and/or "referring to," mean constituting, containing, embodying, reflecting, identifying, incorporating, summarizing, mentioning, dealing with, supporting, or in any way pertaining to the particular request.

9.    The term "person" means a natural person, firm, association, organization, partnership, business, trust, corporation, public entity or any other kind of business or legal entity.

10.   The phrase "any person or persons acting on your behalf" includes, but is not limited to, agents, contractors, subcontractors, attorneys, employees, expert witnesses, and investigators, whether hired or appointed by you, your attorneys or their representatives, or by a court of law.

11.   The term "identify," when referring to documents, means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

12.   The term "Making a Murderer" means the documentary television series first released by Netflix on December 18, 2015.

13.   The term "Producer Defendants" refers to Laura Ricciardi, Moira Demos, and Chrome Media, LLC f/k/a Synthesis Film, LLC.

14.   The terms "Plaintiff" or "Colborn" refer to the Plaintiff in this matter, Andrew L. Colborn.

15.   The term "books" refer to the books *Unreasonable Inferences: The True Story of a Wrongful Conviction and Its Astonishing Aftermath* (2010), *The Innocent Killer: A True*

*Story of a Wrongful Conviction and its Astonishing Aftermath* (2014), and *Indefensible: The Missing Truth about Steven Avery, Teresa Halbach, and Making a Murderer* (2016).

16.    The terms "you," "your," "yours," mean you and any and all of your agents, employees, contractors, subcontractors, or any persons acting on your behalf.

### Document Requests

1.    All documents drafted in connection with the books, whether formal or informal, including outlines, treatments, and draft and final manuscripts.

2.    All documents and communications which you consulted, relied upon, sent, received, or used in writing the books.

3.    All documents and communications regarding, related to, including or consisting of any drafting, editing or fact-checking of the books.

4.    All documents and communications regarding, related to, including or consisting of marketing and promotion of your books.

5.    All documents and communications regarding, related to, including or consisting of your opinions regarding and reaction to Making a Murderer.

6.    All communications between, among or involving Ronald Goldfarb regarding your books, Making a Murderer, Netflix, or the Producer Defendants.

7.    All documents and communications regarding or related to Making a Murderer including but not limited to all communications with the Producer Defendants.

8.    All documents and communications regarding, related to, consulted, or drafted as part of the Attorney General and Department of Criminal Investigation review of the prosecution of Steven Avery for the rape of Penny Beerntsen, including the 2003 exoneration of Steven Avery.

5

9.       All documents and communications consulted in preparation for your September 22, 2005 deposition in the civil lawsuit *Avery v. Manitowoc County*, 04-C-986 (E.D. Wisc.).

10.      All documents and communications consulted in your preparation of the initial search warrant for the Avery property, as described in *Innocent Killer* at 221.

11.      All correspondence between, among or involving James Bolger, Jerry Buting, Lisa Callif, Reesa Evans, Norm Gahn, Stephen Glynn, Robert Henack, Len Kachinsky, Walter Kelly, Tom Kocourek, Ken Kratz, Peg Lautenschalger, Kenneth Petersen, Dean Strang, or Denis Vogel regarding Penny Beerntsen, Teresa Halbach, Steven Avery, your books, Making a Murderer, Netflix, or the Producer Defendants.

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN MILWAUKEE DIVISION

|  |  |
|---|---|
| **ANDREW L. COLBORN,**<br><br>        **Plaintiff,**<br><br>    **vs.**<br><br>**NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,**<br><br>        **Defendants.** | **Civil No.: 19-CV-0484-BHL** |

## PROTECTIVE ORDER

Based on the Stipulation of the parties and the factual representations set forth therein, the Court finds that exchange of sensitive information between or among the parties and/or third parties other than in accordance with this Order may cause unnecessary damage and injury to the parties or to others. The Court further finds that the terms of this Order are fair and just and that good cause has been shown for entry of a protective order governing the confidentiality of documents produced in discovery, answers to interrogatories, answers to requests for admission, and deposition testimony.

**IT IS THEREFORE ORDERED THAT**, pursuant to Fed. R. Civ. P. 26(c) and Civil L. R. 26(e):

**(A) DESIGNATION OF CONFIDENTIAL OR ATTORNEYS' EYES ONLY INFORMATION.** Designation of information under this Order must be made by placing or affixing on the document or material, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

    (1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

(2)    One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(3)    Except for information, documents, or other materials produced for inspection at the party's facilities, the designation of confidential information as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be made prior to, or contemporaneously with, their production or disclosure. In the event that information, documents, or other materials are produced for inspection at the party's facilities, such information, documents, or other materials may be produced for inspection before being marked confidential. Once specific information, documents, or other materials have been designated for copying, any information, documents, or other materials containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated them. There will be no waiver of confidentiality by the inspection of confidential information, documents, or other materials before they are copied and marked confidential pursuant to this procedure.

(4)    Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives will be deemed confidential only if designated as such when the deposition is taken or within 30 days of receipt of the deposition transcript.

(5)    If a party inadvertently produces information, documents, or other material containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information without marking or labeling it as such, the information, documents, or other material shall not lose its protected status through such production and the parties shall take all steps reasonably required to assure its continued confidentiality if the producing party provides written notice to the receiving party within 10 days of the discovery of the inadvertent production, identifying the information, document or other material in question and of the corrected confidential designation.

**(B)    DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION.** Information, documents, or other material designated as CONFIDENTIAL OR ATTORNEYS' EYES ONLY under this Order must not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraphs (B)(1) and (2) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information, documents, or other material were disclosed (including appeals). The parties must not disclose information, documents, or other material designated as confidential to putative class members not named as plaintiffs

in putative class litigation unless and until one or more classes have been certified. Nothing in this Order prohibits a receiving party that is a government agency from following its routine uses and sharing such information, documents or other material with other government agencies or self-regulatory organizations as allowed by law.

(1) CONFIDENTIAL INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents or other material designated as "CONFIDENTIAL" by any other party or third party under this Order, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to employees of counsel for the parties or, when the party is a government entity, employees of the government, who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information, documents or other material.

(c) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(d) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(e) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(f) Disclosure may be made to persons already in lawful and legitimate possession of such CONFIDENTIAL information.

(2) ATTORNEYS' EYES ONLY INFORMATION. The parties and counsel for the parties must not disclose or permit the disclosure of any information, documents, or other material designated as "ATTORNEYS' EYES ONLY" by any other party or third party under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(a) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(b) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making copies of documents or other material. Before disclosure to any such court reporter or person engaged in making copies, such reporter or person must agree to be bound by the terms of this Order.

(c) Disclosure may be made to consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

(d) Disclosure may be made to deposition and trial witnesses in connection with their testimony in the lawsuit and to the Court and the Court's staff.

(e) Disclosure may be made to persons already in lawful and legitimate possession of such ATTORNEYS' EYES ONLY information.

**(C) MAINTENANCE OF CONFIDENTIALITY.** Except as provided in subparagraph (B), counsel for the parties must keep all information, documents, or other material designated as confidential that are received under this Order secure within their exclusive possession and must place such information, documents, or other material in a secure area.

(1) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of information, documents, or other material designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if not already containing that designation.

(2)     To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court utilizing the procedures set forth in General L. R. 79(d). If a Court filing contains information, documents, or other materials that were designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by a third party, the party making the filing shall provide notice of the filing to the third party.

**(D)     CHALLENGES TO CONFIDENTIALITY DESIGNATION.** A party may challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

**(E)     CONCLUSION OF LITIGATION.** At the conclusion of the litigation, a party may request that all information, documents, or other material not filed with the Court or received into evidence and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order must be returned to the originating party or, if the parties so stipulate, destroyed, unless otherwise provided by law. Notwithstanding the requirements of this paragraph, a party may retain a complete set of all documents filed with the Court, subject to all other restrictions of this Order.

Dated at Milwaukee, Wisconsin on August 19, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge