# Exhibit 4

**Parsons, Emmy (DC)**

| | |
|---|---|
| **From:** | John F. Mayer <jmayer@mgwlawwi.com> |
| **Sent:** | Friday, March 11, 2022 5:24 PM |
| **To:** | Walker, Leita (Minn) |
| **Cc:** | April Barker; George Burnett; Jean-Paul Jassy; Kevin Vick; Meghan Fenzel; Salomao Nascimento, Isabella (Minn); Kelley, Matthew E. (DC); Parsons, Emmy (DC); Friedman, James; Sarah Endries |
| **Subject:** | RE: Colborn v. Netflix -- Deficiency Letter re Griesbach Objections |

⚠ **EXTERNAL**

Ms Walker ; Ouch , I have no interest in raising the temperature by making threats or accusations ! I have no interest in arguing about what your silence or my silence means . More to the point I had no intention of authoring an email . It was not until I received your email which included a "summary" which I did not agree with that I felt compelled to respond . I think both of us are better than this .

Setting aside the above may I suggest that the conclusion you draw should be reconsidered : It is our job to understand and explain the law , court rules and professional responsibility if doing so would resolve a dispute and preclude involvement of the Court . I am available and would welcome such an opportunity . I don't see how it hurts you to share your views on the issues I raised . Afterall , you have to do this to prepare a motion , right ? thanks again for your time and have a great weekend . I will make myself available ! john

---

**From:** Walker, Leita <WalkerL@ballardspahr.com>
**Sent:** Friday, March 11, 2022 1:43 PM
**To:** John F. Mayer <jmayer@mgwlawwi.com>
**Cc:** April Barker <abarker@sbe-law.com>; George Burnett <GB@lcojlaw.com>; Kevin Vick <kvick@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Salomao Nascimento, Isabella <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. <KelleyM@ballardspahr.com>; Parsons, Emmy <parsonse@ballardspahr.com>; Friedman, James <JFriedman@gklaw.com>
**Subject:** RE: Colborn v. Netflix -- Deficiency Letter re Griesbach Objections

Mr. Mayer, my use of the word "upshot" was intentional because I did not believe it would be productive to further engage with you by providing a play-by-play of our call. I would note that you have not actually pointed out anything inaccurate in my bullet points below. With regard to your to your email, I disagree with everything you say and I would have articulated my reasons to you over the phone had you given me a meaningful opportunity to speak, which you did not. It is not my job to explain to you federal law, court rules, or the rules of professional responsibility. Your behavior on the phone suggests you will insist on the last word in this email exchange. You can have it. Let me preemptively state, however, that you should not interpret my silence as agreement with anything you say. Again, I do not believe it is productive to further engage with you. Having met and conferred, it is clear to me that we need the Court's involvement and we are preparing a motion to compel.

Sincerely,

**Leita Walker**

2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

www.ballardspahr.com

**From:** John F. Mayer <jmayer@mgwlawwi.com>
**Sent:** Friday, March 11, 2022 12:20 PM
**To:** Walker, Leita (Minn) <WalkerL@ballardspahr.com>
**Cc:** April Barker <abarker@sbe-law.com>; George Burnett <GB@lcojlaw.com>; Kevin Vick <kvick@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Salomao Nascimento, Isabella (Minn) <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. (DC) <KelleyM@ballardspahr.com>; Parsons, Emmy (DC) <parsonse@ballardspahr.com>; Friedman, James <JFriedman@gklaw.com>
**Subject:** RE: Colborn v. Netflix -- Deficiency Letter re Griesbach Objections

⚠ **EXTERNAL**

Ms Walker – this looks to me like a very selective summary ; some of which is just basically factually incorrect ; Im not sure its helpful to explain other than to indicate the more obvious omissions ; I asked you how you get around Wisconsin law that protects persons like my client . You had no response and in fact stated that you knew nothing about it and therefore did not consider this . Of course it is a very fundamental concern which is directly connected to the other issue which consumed the bulk of the conversation . That of course is where I began the discussion by pointing out that your requests are designed to do exactly what the federal law prohibits , which is turning a lawyer on the matter into a witness . Indeed this is where I left the matter by asking you to address this issue . Specifically what I stated is that my suspicion is that via the subpoena you were trying purposely to interfere with Mr Colburn's choice of counsel by trying to make counsel a witness . You ignored this , just as the Wisconsin law issue . I asked you specifically whether a production of ANY document would end up violating this prohibition . You told me something along the lines of "I never thought of that " much like the concern about the absolute privilege under Wisconsin law . Per this email I am asking you why you believe these two bodies of law are not absolute prohibitions . I did explain that I would like to speak about the concerns I had with my client , but to do this I wanted your thoughts on the federal law . So the question to restate it is whether any production – including a response that says we do not have any responsive documents – could be construed as a violation of the attorney/witness prohibition under federal law . I need your thoughts on this because obviously I cannot take any step that could be used by you to support the position that m y client has chosen to be a witness and therefore is disqualified as counsel . Please address this so we can consider the same .

Also from my perspective I indicated I had serious problems with the idea that anything my client had could be considered evidence because his opinions and ruminations about the publicly available evidence could not possibly be relevant to any issue in the case . I advised that under your definition of evidence any person , whether they be a court clerk , a juror ,a judge , or anyone that viewed the Netflix production would be a witness with evidence . Even more fundamentally , using your understanding of the law anyone that at anytime looked at any of the publically available evidence in any way ,shape or form would be considered a witness with relevant evidence . You did not address this concern other than to ask me if I read my clients books . You further told me that you felt my client had a special relationship with the evidence but when pressed you refused to explain this. So we want to know how observations , interpretations and thoughts about evidence could possibly be considered to make an issue of fact in the lawsuit against Netflix more or less true. Again , this is fundamental to our consideration of the subpoena .

Obviously from our standpoint getting to some agreement on the above issues is a pre requisite to a substanative response . share your thoughts on how these issues can be addressed . I indicated I could not provide you a response until these questions , particularly the federal prohibition on lawyers being witnesses are addressed .

Thanks very much , I enjoyed getting to know you and your team . We would like to move the discussion forward so please respond at your earliest – john

---

**From:** Walker, Leita <WalkerL@ballardspahr.com>
**Sent:** Friday, March 11, 2022 11:29 AM
**To:** John F. Mayer <jmayer@mgwlawwi.com>
**Cc:** April Barker <abarker@sbe-law.com>; George Burnett <GB@lcojlaw.com>; Kevin Vick <kvick@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Salomao Nascimento, Isabella <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. <KelleyM@ballardspahr.com>; Parsons, Emmy <parsonse@ballardspahr.com>; Friedman, James <JFriedman@gklaw.com>
**Subject:** RE: Colborn v. Netflix -- Deficiency Letter re Griesbach Objections

Counsel, to memorialize the upshot of our call this morning:

- Your client presently does not plan to produce any documents responsive to the subpoena though he does have responsive documents to at least some requests in his possession, custody, and control.
- You said that he might not have documents responsive to certain requests. I asked for you to confirm that in writing.
- I told you Netflix would be bringing a motion to compel but that if you thought your client might, upon further consideration, provide some documents, we would consider his position before bringing said motion.
- You said you would take the issue "under advisement" and needed to talk to your client.
- We asked for a date by which we could expect a substantive response to our letter.
- You declined to provide a date.

Sincerely,

**Leita Walker**

2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

www.ballardspahr.com

---

**From:** Walker, Leita (Minn)
**Sent:** Tuesday, March 8, 2022 12:00 PM
**To:** 'John F. Mayer' <jmayer@mgwlawwi.com>

**Cc:** April Barker <abarker@sbe-law.com>; George Burnett <GB@lcojlaw.com>; Kevin Vick <kvick@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Salomao Nascimento, Isabella (Minn) <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. (DC) <KelleyM@ballardspahr.com>; Parsons, Emmy (DC) <parsonse@ballardspahr.com>; Friedman, James <JFriedman@gklaw.com>
**Subject:** RE: Colborn v. Netflix -- Deficiency Letter re Griesbach Objections

There are instructions in the invitation to simply call in, if you prefer. Or folks are welcome to keep their cameras off. Leita

---

**From:** John F. Mayer <jmayer@mgwlawwi.com>
**Sent:** Tuesday, March 8, 2022 11:59 AM
**To:** Walker, Leita (Minn) <WalkerL@ballardspahr.com>
**Cc:** April Barker <abarker@sbe-law.com>; George Burnett <GB@lcojlaw.com>; Kevin Vick <kvick@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Salomao Nascimento, Isabella (Minn) <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. (DC) <KelleyM@ballardspahr.com>; Parsons, Emmy (DC) <parsonse@ballardspahr.com>; Friedman, James <JFriedman@gklaw.com>
**Subject:** RE: Colborn v. Netflix -- Deficiency Letter re Griesbach Objections

⚠ **EXTERNAL**

Leita – that's fine . I am not sure I am familiar with Webex . I have used a number of web based platforms extensively but I do not recall this one so I offer no guarantees on a successful connection on my end .  Is there a reason we need a video connection ? john

---

**From:** Walker, Leita <WalkerL@ballardspahr.com>
**Sent:** Tuesday, March 08, 2022 11:53 AM
**To:** John F. Mayer <jmayer@mgwlawwi.com>
**Cc:** April Barker <abarker@sbe-law.com>; George Burnett <GB@lcojlaw.com>; Kevin Vick <kvick@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Salomao Nascimento, Isabella <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. <KelleyM@ballardspahr.com>; Parsons, Emmy <parsonse@ballardspahr.com>; Friedman, James <JFriedman@gklaw.com>
**Subject:** RE: Colborn v. Netflix -- Deficiency Letter re Griesbach Objections

Mr. Mayer, Friday at 10 works for me. I will send a Webex. I understand you need time to review the letter, so thanks for making time for the meet and confer this week. Depositions are six weeks away at most, so we want to make sure we can get things resolved in time for those and the potential need for the court's involvement and the time that will take is something we're trying to account for.

Leita

---

**From:** John F. Mayer <jmayer@mgwlawwi.com>
**Sent:** Tuesday, March 8, 2022 11:50 AM
**To:** Walker, Leita (Minn) <WalkerL@ballardspahr.com>
**Cc:** April Barker <abarker@sbe-law.com>; George Burnett <GB@lcojlaw.com>; Kevin Vick <kvick@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Salomao Nascimento, Isabella (Minn) <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. (DC) <KelleyM@ballardspahr.com>; Parsons, Emmy (DC) <parsonse@ballardspahr.com>; Friedman, James <JFriedman@gklaw.com>
**Subject:** RE: Colborn v. Netflix -- Deficiency Letter re Griesbach Objections

⚠ **EXTERNAL**

Counsel – I have no availability or Wednesday or Thursday . I think the most appropriate time would be Friday at 10 am or thereafter or Monday between 10 and 3 or Tuesday . I suspect you did not provide me your response to the

objections because like myself you needed time just as I will need time to consult with my client in response to the material you just provided . Advise as to your availability . Thank You

---

**From:** Walker, Leita <WalkerL@ballardspahr.com>
**Sent:** Tuesday, March 08, 2022 10:54 AM
**To:** John F. Mayer <jmayer@mgwlawwi.com>
**Cc:** April Barker <abarker@sbe-law.com>; George Burnett <GB@lcojlaw.com>; Kevin Vick <kvick@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Salomao Nascimento, Isabella <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. <KelleyM@ballardspahr.com>; Parsons, Emmy <parsonse@ballardspahr.com>; Friedman, James <JFriedman@gklaw.com>
**Subject:** Colborn v. Netflix -- Deficiency Letter re Griesbach Objections

Dear Attorney Mayer,

Please see the attached letter, which responds to the objections of your client Michael Griesbach in the above-referenced matter. We would like to meet and confer on the topics set forth in the letter as soon as possible. Here is my availability over the next couple of days:

> Tomorrow (Wednesday) before 9:30 am and after 2 pm.
> Thursday except from 11:30 am to 2 pm.

Please advise if you are free in those windows. I have copied all counsel of record on this email, except Mr. Griesbach, since he is a represented party. I will direct communications about the Subpoena to you but, given Mr. Griesbach is counsel of record, I plan to communicate directly with him on all other matters related to this case. Please advise if you disagree with that approach.

Sincerely,


**Leita Walker**

2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

www.ballardspahr.com