**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC,<br>F/K/A SYNTHESIS FILMS, LLC; LAURA<br>RICCIARDI; AND MOIRA DEMOS,<br><br>　　　　　　Defendants. | Civil No.: 19-CV-484 |

**CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO HOLD IN ABEYANCE
BRIEFING ON PLAINTIFF'S MOTION IN LIMINE TO BAR ADMISSION OF
<u>OPINIONS AND STATEMENTS OF PLAINTIFF'S COUNSEL AT TRIAL</u>**

Defendant Netflix, Inc., by its attorneys, hereby moves the Court for an order holding in abeyance briefing on Plaintiff Andrew Colborn's Motion *In Limine* to Bar Admission of Opinions and Statements of Plaintiff's Counsel at Trial until such time as a trial date has been set. In support of this Motion, Netflix states as follows:

1. On April 6, 2022, Plaintiff filed a "Motion *In Limine* to Bar Admission of Opinions and Statements of Plaintiff's Counsel at Trial." (Dkt. 213). The motion seeks an order "excluding from admission at the trial in this matter" any statements or testimony by counsel Michael Griesbach that constitute either personal opinions or hearsay. *Id.* at 1.

2. The motion is premature because no trial date has been set and summary judgment briefing is months away. Federal judges in Wisconsin frequently deny motions *in limine* as premature while discovery is ongoing. *See, e.g.*, *Klessig v. Hamilton*, No. 17-cv-31-pp, 2017 U.S. Dist. LEXIS 182763, at *5 (E.D. Wis. Oct. 23, 2017). As Judge Conley of the Western District observed in a similar situation:

> This case has not yet reached the summary judgment stage, so it is too early to know what issues, if any, will remain for trial. Until this case has progressed further, the court cannot determine what evidence may or may not be relevant at trial.

*Thomas v. Reese*, No. 13-cv-597-wmc, 2015 U.S. Dist. LEXIS 161756, at *3 (W.D. Wis. Dec. 2, 2015). At this juncture, neither Defendants nor this Court can gauge what hypothetical evidence from Mr. Griesbach should be admitted at trial, if there is one. *See Nordock Inc. v. Sys. Inc.*, No. 11-C-118, 2013 U.S. Dist. LEXIS 34661, at *3-4 (E.D. Wis. Mar. 13, 2013) (denying *motion in limine* because of "insufficient context to evaluate the admissibility" of challenged evidence). Indeed, of the judges in this District who post their preferred practices online, *all* instruct that motions *in limine* should be submitted approximately two weeks to 10 days before the final pretrial conference. There is no pretrial conference date even scheduled in this matter. *See* Dkt.

205 ¶ 7 ("A final pretrial and trial will be scheduled after all dispositive motions have been resolved or, in the event such motions are not filed, after the deadline has passed.").

3. Plaintiff's motion also is premature because, as he acknowledges, Netflix's subpoena to Mr. Griesbach is the subject of a pending motion to compel. Mot. *In Limine* ¶ 1. Plaintiff has not brought his own motion to quash that subpoena, opposed Netflix's motion to compel, or sought any sort of protective order. In fact, his counsel conceded in a phone call with counsel for Netflix that she agrees certain information sought by the subpoena is relevant. Nonetheless, in a meet and confer, his counsel explained that Plaintiff filed his motion *in* limine at this early stage because he fears Mr. Griesbach has a large number of responsive documents and hopes to avoid the burden of reviewing them. Then, in an email, counsel for Plaintiff tried to further justify the motion's timing by saying "we need to have some clarity early in the proceedings as to the extent to which the Court will allow one of the Plaintiff's legal team to be characterized as a witness." *See* Declaration of Leita Walker ¶¶ 2-4.

4. These arguments make no sense. First, even if the Court grants Plaintiff's motion *in limine*, that decision is not determinative of the pending motion to compel or Plaintiff's need to review whatever Mr. Griesbach produces. Evidence need not be admissible to be the proper subject of discovery. *See* Fed. R. Civ. P. 26(b)(1) ("Information within th[e] scope of discovery need not be admissible in evidence to be discoverable."); *Varelas v. Crown Equip. Corp.*, 2018 U.S. Dist. LEXIS 40525, at *2-3 (E.D. Wis. Mar. 13, 2018) ("For the purpose of discovery, relevancy is construed broadly to encompass 'any matter that bears on, or that could reasonably lead to other matter[s] that could bear on, any issue that is or may be in the case.'"). Second, no defendant has noticed Mr. Griesbach's deposition or suggested he will be called as a witness at trial. Regardless, Plaintiff's motion is hardly tailored to keeping Mr. Griesbach off the witness

2

stand. It goes much further, asking the Court to preclude Defendants' use of prior statements by Mr. Griesbach, whether he is called to testify or not.

5. Finally, Plaintiff improperly uses his motion *in limine* to attack Netflix and question its counsel's ethics, asserting without basis that the Rule 45 subpoena to Mr. Griesbach was intended solely to embarrass or harass Plaintiff and interfere with his choice of counsel. To the contrary, and as explained in detail in Netflix's motion to compel (Dkt. 206), Mr. Griesbach was so personally involved in the underlying events that a portion of his interview is included in *Making a Murderer*, and he relied on his personal experience, including the initial search warrant for the Avery Salvage Yard which *he* drafted (*see* Dkt. 206 at 12), in writing three books on the Avery case years before he became Plaintiff's counsel in this matter.[1] Netflix subpoenaed Mr. Griesbach not to embarrass him or the Plaintiff, but because Mr. Griesbach possesses relevant information. And until Netflix's motion to compel is resolved and it is able to review Mr. Griesbach's documents, it cannot meaningfully respond to Plaintiff's motion *in limine*. Nor can the Court meaningfully rule on the relevancy and admissibility of those documents.

6. For all these reasons, Plaintiff's motion *in limine* should be held in abeyance until such time as a trial date has been set in this matter. The Court should then issue a pretrial schedule to address *all* motions *in limine*, in the ordinary course: by scheduling a pretrial conference date, and ordering briefing due 10 to 14 days in advance of the conference.

7. Counsel for co-defendants Laura Ricciardi, Moira Demos and Chrome Media LLC has informed undersigned counsel that they do not oppose this motion. Counsel for Plaintiff has stated Plaintiff opposes this motion.

---

[1] Netflix limited the time frame of the subpoena to before Mr. Griesbach's representation of Plaintiff and tailored the subpoena specifically to exclude any privileged materials.

Dated: April 14, 2022				Respectfully submitted,


				*/s/ Matthew E. Kelley*

				Leita Walker
				Isabella Salomão Nascimento
				Ballard Spahr LLP
				2000 IDS Center, 80 South 8th Street
				Minneapolis, MN 55402-2119
				T: (612) 371-6222
				F: (612) 371-3207
				walkerl@ballardspahr.com
				salomaonascimentoi@ballardspahr.com

				Matthew E. Kelley
				Ballard Spahr LLP
				1909 K Street, NW, Suite 1200
				Washington, D.C. 20006-1157
				T: (202) 508-1112
				F: (202) 661-2299
				kelleym@ballardspahr.com

				James A. Friedman
				Godfrey & Kahn, S.C.
				One East Main Street
				Suite 500
				Madison, WI 53703-3300
				T: (608) 284-2617
				F. (608) 257-0609
				jfriedman@gklaw.com

				*Counsel for Netflix, Inc.*

4
Case 1:19-cv-00484-BHL   Filed 04/14/22   Page 5 of 5   Document 217