IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>        **Plaintiff,**<br><br>  vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC,<br>F/K/A SYNTHESIS FILMS, LLC;<br>LAURA RICCIARDI; AND MOIRA<br>DEMOS,<br><br>        **Defendants.** | Civil No.: 19-CV-484 |

## DECLARATION OF LEITA WALKER

I, Mary Andreleita ("Leita") Walker, under penalty of perjury and subject to 28 U.S.C. § 1746, declare as follows:

1. I am a partner at Ballard Spahr LLP in Minneapolis, Minnesota, and lead counsel for Defendant Netflix, Inc., in the above-referenced matter. I have personal knowledge of the matters set forth herein, and I make this declaration in support of Civil L.R. 7(h) Expedited Non-Dispositive Motion to Hold in Abeyance Briefing on Plaintiff's Motion *In Limine* to Bar Admission of Opinions and Statements of Plaintiff's Counsel at Trial.

2. In a letter to counsel for Plaintiff dated February 15, 2022, I provided a nonexhaustive list of reasons why the information sought in Netflix's subpoena to Mr. Griesbach is relevant or otherwise discoverable. Sometime after I sent that letter, April Barker, one of the attorneys of record for Plaintiff, indicated during a phone call that she agreed that at least some of the information sought by the subpoena was properly subject to discovery. Specifically, she agreed that information Mr. Griesbach gathered on how people in Manitowoc County responded

to the verdict against Steven Avery for the murder of Teresa Halbach and how they later responded to *Making a Murderer* was discoverable because it relates to Mr. Colborn's allegation that *Making a Murderer* harmed his reputation.

3. Plaintiff never moved to quash the subpoena, has not opposed Netflix's motion to compel, and has not sought a protective order. Instead, he filed the pending motion *in limine*. During a meet and confer that occurred over the course of two days during the first week of April 2022, Ms. Barker explained that Plaintiff filed the motion, even though discovery remains open and no trial date has been set, because he and his counsel fear that Mr. Griesbach has a large number of responsive documents and hope to avoid the burden of reviewing them.

4. Later, following further inquiry into whether Plaintiff would agree to postpone briefing on his motion, counsel for Plaintiff confirmed that he would not agree and, by way of explanation, stated, "we need to have some clarity early in the proceedings as to the extent to which the Court will allow one of the Plaintiff's legal team to be characterized as a witness."

5. No defendant has noticed Mr. Griesbach's deposition. Nor has any defendant indicated an intention to call him as a witness at trial

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 14, 2022        */s/ Leita Walker*_____
                                               Leita Walker