# Klessig v. Hamilton

United States District Court for the Eastern District of Wisconsin

October 23, 2017, Decided; October 23, 2017, Filed

Case No. 17-cv-31-pp

**Reporter**
2017 U.S. Dist. LEXIS 182763 *; 2017 WL 4797837

KURT R. KLESSIG and MARY A. HEITZMANN, Plaintiffs, v. ANTHONY HAMILTON, BRANDON KEHOE, CITY OF SHEBOYGAN, CITY OF SHEBOYGAN POLICE DEPARTMENT, WILSON MUTUAL INSURANCE COMPANY, and XYZ INSURANCE COMPANY, Defendants.

**Counsel:** [*1] For Kurt R Klessig, Mary A Heitzmann, Plaintiffs: Robert L Elliott, Robert Elliott Attorney at Law, Milwaukee, WI.

For Anthony Hamilton, Brandon Kehoe, City of Sheboygan, City of Sheboygan Police Department, Defendants: Ann C Wirth, John A Wolfgang, LEAD ATTORNEYS, Gregg J Gunta, Gunta Law Offices SC, Wauwatosa, WI.

For Wilson Mutual Insurance Company, Defendant: Christy Harrison Schaefer, Nielsen Zehe & Antas PC, Chicago, IL.

**Judges:** HON. PAMELA PEPPER, United States District Judge.

**Opinion by:** PAMELA PEPPER

## Opinion

**ORDER DENYING WITHOUT PREJUDICE AS PREMATURE PLAINTIFFS' CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION *IN LIMINE* (DKT. NO. 26); GRANTING PLAINTIFFS' CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO STAY PLAINTIFFS' REPLY TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 34); AND DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' MOTION TO STRIKE THE AFFIDAVITS OF CHRISTOPHER DOMAGALSKI AND ANN C. WIRTH SUBMITTED BY THE DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DUE TO FAILURE TO COMPLY WITH CIVIL L. R. 7(h) (DKT. NO. 37)**

In the past month, the works of this case have gotten a bit gummed up. The court hopes this order might sort things out going forward.

1. Dkt. No. 26, The Plaintiffs' Rule 7(h) Motion *In Limine*

 [*2] On September 28, 2017, the plaintiffs filed a motion under Civil L.R. 7(h), asking the court to prohibit the defendants from "using for any purpose" several pieces of evidence. Dkt. No. 26. The motion was captioned as a motion under "Civil L. R. 7(h) Expedited Non-Dispositive Motion *In Limine*." Id. That caption is a bit confusing—at least, to the court.

Rule 7(h) of this court's local rules is a truncated form of motion practice, created to give civil parties a quick way to get a discovery dispute in front of the court. It allows them to seek "non-dispositive" relief by filing a short motion—no more than three pages—to which the other side must respond within seven days and the movant may respond within three days of the response. Parties usually file Rule 7(h) motions because they need a bit of a quick turnaround on the motion— they are working under discovery deadlines. In

contrast, a motion "*in limine*" is a motion made "[o]n or at the threshold" of trial, thelawdictionary.org/in-limine, asking the court to exclude the use of certain evidence at trial.

If the plaintiffs meant by this motion to ask the court to prohibit the defendants from using the listed evidence at trial, then the request was not suitable for a Civil L. R. 7(h) *expedited* motion, because the court has not scheduled dates for the final pretrial conference or the trial.[1] See dkt. no. 25 at 2 ("The court will set a telephonic scheduling conference to discuss with the **[*3]** parties possible dates for a final pretrial conference and a trial."). This court's procedures, which appear on the court's web site at www.wied.uscourts.gov/judges/pamela-pepper under "Tips for Parties Practicing Before Judge Pepper," indicate that the court requires parties to file motions *in limine* no later than seven days before the final pretrial conference date.

The plaintiffs indicated, however, that they were seeking to prohibit the defendants from using the evidence they listed "for any purpose." Perhaps the plaintiffs filed the motion under Rule 7(h) because they were asking the court to prohibit the defendants from referring to this evidence in any motions for summary judgment the defendants might file—dispositive motions were due October 1, 2017. If that was the case, the plaintiffs did not file the motion in time for the defendants to respond before motions for summary judgment were due. Under Rule 7(h), the defendants had seven days to respond to the motion, making their response deadline October 5, 2017—four days *after* the summary judgment deadline.

At any rate, the defendants did file a timely response to the motion. Dkt. No. 33. The defendants state that they do not oppose the plaintiffs' **[*4]** requests to exclude the second, third and fourth categories of evidence to which the plaintiffs refer in their motion. Dkt. No. 33 at 2. With regard to the first category of requests, the plaintiffs' motion indicates that there were two authors to the defendants' expert witness report. Dkt. No. 26 at 1. They argue that the court shouldn't allow the defendants to call both authors, because the two authors agree with each other's opinions, so calling both of them would be cumulative. Id. The defendants appear to agree that only one of the two authors should testify at trial. Dkt. No. 33 at 1. They ask, however, that if they need to call an expert witness to testify at trial, the court allow the author whom they *don't* call to "take the stand and testify regarding their background and experience, and to the fact that they are in agreement with the contents of the Defendants' Expert Witness Report." Id. The defendants also ask that, if for some reason the one author they choose to put on the stand becomes unavailable, or if the questioning of the author who testifies "leads into an area in which the witness is unable to testify," the court allow the other expert to testify. Id. at 1-2.

The court will **[*5]** deny this motion without prejudice because it is premature. The reason parties file motions *in limine* on the eve of trial is because, by that time, they have a better handle on what witnesses they will and won't be calling at trial, and they've perhaps reached some stipulations on certain evidentiary issues, and the court can rule on the issues that truly need deciding ahead of trial. If, once the court rules on the summary judgment motion, and determines whether there is an issue for trial, and sets a trial date, there still remains an issue regarding the defendants' expert witness testimony, the plaintiffs may renew their motion as a true motion *in limine*, and the court will rule on it at that time.

2. Dkt. No. 34, the Plaintiffs' Motion to Stay Deadline

On October 10, 2017, the plaintiff filed a motion to strike certain affidavits that the defendants

---

[1] The parties' supplemental Rule 26(f) plan stated that "[t]he jury trial in this matter shall commence on February 18, 2018." Dkt. No. 24 at 1. February 18, 2018 is a Sunday. The following Monday, February 19, 2018, is a federal holiday (President's Day). The court has a criminal trial scheduled for Tuesday, February 20, 2018 which is scheduled to take the remainder of that week, and possibly some of the following week.

submitted in support of their motion for summary judgment. Dkt. No. 35. The plaintiffs did not designate this motion as a Civ. L. R. 7(h) expedited, non-dispositive motion. That means that the response and reply deadlines for this motion are governed by Civ. L. R. 7(b) and (c). Civ. L. R. 7(b) says that the non-moving party's response to a motion is due twenty-one days **[*6]** from service of the motion, and Civ. L. R. 7(c) says that the reply is due within fourteen days from service of the response. The defendants' response to the motion, then, is due Tuesday, October 31, 2017; the plaintiffs' reply (if any) is due Tuesday, November 14, 2017.

Because the defendants filed their motion for summary judgment on October 2, 2017, Civ. L. R. 56(b)(2) requires that the plaintiffs' response is due within thirty days of service—in this case, by Wednesday, November 1, 2017. But the plaintiffs' motion to strike will not be fully briefed until November 14, 2017. So, at the same time that the plaintiffs' filed their motion to strike, they also filed a Civ. L. R. 7(h) expedited, non-dispositive motion to stay the deadline for the plaintiffs to respond to the motion for summary judgment. Dkt. No. 34. For the reasons the court described above, the court will grant that motion.

3. Dkt. No. 37, The Defendants' Motion to Strike the Motion to Strike

On October 17, 2017, the defendants filed a motion to strike the plaintiffs' October 10, 2017 motion to strike. Dkt. No. 37. The sole basis for this motion is the defendants' assertion that the plaintiffs' motion to strike does not comply with Civ. L. R. 7(h). The defendants **[*7]** are correct—the plaintiffs' motion does not comply with Civ. L. R. 7(h). But it wasn't designated a Civ. L. R. 7(h) motion, so it does not have to comply with that rule. The court will deny the motion to strike the motion to strike. If the defendants oppose the plaintiffs' motion to strike, they should file a response under Civ. L. R. 7(b) by October 31, 2017.

4. October 18, 2017 Letter from Plaintiffs' Counsel

The day after the defendants filed their misinformed motion to strike the motion to strike, counsel for the plaintiffs filed a letter with the court, pointing out the defendants' misunderstanding, and demanding that the court grant their October 10, 2017 Rule 7(h) motion to stay because the defendants had not responded to it within seven days. In its "Tips for Parties Practicing Before Judge Pepper," the court has indicated that if a party wants the court to do something, it should file a motion (or a response or reply), rather than a letter. www.wied.uscourts.gov/judges/pamela-pepper, page 2 at paragraph II(F). The court asks that if either party wants the court to take a particular action, it do so by filing pleadings, rather than letters. The court also asks the parties' indulgence in understanding that, given **[*8]** the fact that currently there are only three district court judges in Milwaukee, the dockets of those three judges are fairly full, and they cannot always respond to a motion the millisecond a party files it. I will rule on your motions—just give me a minute.

5. Conclusion

The court **DENIES WITHOUT PREJUDICE** as premature the plaintiffs' Civ. L. R. 7(h) expedited, non-dispositive motion *in limine*. Dkt. no. 26.

The court **GRANTS** the plaintiffs' Civ. L.R. 7(h) expedited, non-dispositive motion to stay the plaintiffs' reply to defendants' motion for summary judgment. Dkt. No. 34. The court **ORDERS** that the plaintiffs' must file their response to the defendants' motion for summary judgment within **twenty-one (21) days** of the date the court rules on the plaintiffs' motion to strike. The defendants' reply brief shall be due within the time specified under the local rules.

The court **DENIES** the defendants' motion to strike plaintiffs' motion to strike the affidavits of Christopher Domagalski and Ann C. Wirth submitted by the defendants in support of defendants' motion for summary judgment due to failure to comply with Civil L.R. 7(h). Dkt. No. 37.

Dated in Milwaukee, Wisconsin this 23rd day of October, 2017.

**BY THE COURT:**

/s/ Pamela **[*9]** Pepper

**HON. PAMELA PEPPER**

**United States District Judge**

**End of Document**