# Thomas v. Reese

United States District Court for the Western District of Wisconsin

December 2, 2015, Decided; December 2, 2015, Filed

13-cv-597-wmc

**Reporter**

2015 U.S. Dist. LEXIS 161756 *; 2015 WL 7776609

DARREYLL T. THOMAS, Plaintiff, v. MICHAEL REESE, et al., Defendants.

**Prior History:** Thomas v. Reese, 787 F.3d 845, 2015 U.S. App. LEXIS 9078 (7th Cir. Wis., June 1, 2015)

**Counsel:** [*1] Darreyll T. Thomas, Plaintiff, Pro se, Portage, WI USA.

For Deputy Michael Reese, Deputy Robin Hampton, Deputy Rob Van Norman, Deputy Christopher Larsh, Defendants: Timothy J. Yanacheck, LEAD ATTORNEY, Sheila M. Sullivan, Bell, Moore & Richter, S.C., Madison, WI USA.

For John Does 1-5, Defendant: Sheila M. Sullivan, Bell, Moore & Richter, S.C., Madison, WI USA.

**Judges:** WILLIAM M. CONLEY, District Judge.

**Opinion by:** WILLIAM M. CONLEY

## Opinion

ORDER

*Pro se* plaintiff Darreyll T. Thomas is proceeding on claims that deputies at the Dane County Jail used excessive force, battered and retaliated against him because he refused to sleep on a top bunk. Now before the court are several motions relating to discovery and plaintiff's request to amend his complaint. These motions are resolved as explained below.

OPINION

**1. Plaintiff's Motion to Amend His Complaint (Dkt. #102).**

In the pretrial conference order, the court gave plaintiff until September 22, 2015, to file an amended complaint in which he identifies the John Doe defendants named in his complaint. (Dkt. #81.) Plaintiff was instructed that he may not make any other changes to his complaint without first asking for and receiving permission from the court. (*Id.*) When plaintiff [*2] filed his amended complaint, however, he included a new claim against the "Dane County Jail Administrator," based on an alleged failure to ensure staff were properly trained. (Dkt. #102.) The court will construe plaintiff's filings as a motion for leave to amend his complaint to include a claim against the Dane County Jail Administrator, but that motion will be denied.

In its original screening order, the court dismissed plaintiff's claim against the Administrator, explaining plaintiff had failed to allege facts that would support a finding of liability for the other defendants' claimed constitutional violations. (Dkt. #20 at 6.) Plaintiff's proposed amended complaint fails to state a claim against the Administrator for the same reason. Accordingly, plaintiff may not proceed against the Dane County Jail Administrator. The remainder of the complaint may proceed, and the remaining defendants will be directed to file a timely answer to plaintiff's amended complaint.

**2. Plaintiff's Motion in Limine (Dkt. #91).**

Plaintiff has moved to preclude defendants from introducing evidence of his criminal convictions and prison disciplinary file. This motion will be denied as premature. Although the court [*3] agrees with plaintiff that the details of prior criminal convictions are likely irrelevant to plaintiff's excessive force, battery and retaliation claims, motions in limine are filed to preclude specific evidence from being introduced at trial. This case has not yet reached the summary judgment stage, so it is too early to know what issues, if any, will remain for trial. Until this case has progressed further, the court cannot determine what evidence may or may not be relevant at a trial. Plaintiff is free, indeed encouraged, to renew this motion if this case progresses past the summary judgment stage.

### 3. Plaintiff's Motion to Compel (Dkt. #87) and Defendants' Motion for a Protective Order (Dkt. #94).

Plaintiff filed a motion to compel in which he sought several categories of information from defendants. (He also filed a motion for a hearing, (dkt. #100), which will be denied as unnecessary.) While the parties' briefing on the motion to compel suggests that defendants have responded to a majority of plaintiff's requests, the following items remain in dispute: (1) video footage of the incident in question; (2) reports of the incident that were generated as a result of an internal review [*4] conducted by the jail; (3) medical reports of the deputies involved in the incident; and (4) emails, texts and other documents containing information about the incident. Defendants subsequently filed a motion for a protective order, seeking an order excusing them from producing documents from these categories. Each category is addressed below.

### a. Video Footage.

Defendants have video footage of the incident at issue in this case. For obvious reasons, plaintiff wants to see it. Certainly, jail and prison security footage is routinely disclosed in the context of litigation about alleged abuse by staff. Nonetheless, defendants object to release of the video on the grounds that: (1) the video qualifies as "official information"; (2) the video is not particularly helpful because it provides only a partial view of the incident; (3) plaintiff already has first-hand knowledge of the incident and does not need the video; and (4) providing jail footage to an inmate raises security concerns.

The first three grounds are silly. Defendants cannot refuse to produce evidence simply because it is "official information." Otherwise, defendants could refuse to produce any number of relevant documents. As [*5] for the video's usefulness, plaintiff is not obligated to accept defendants' characterization of the video, nor is the court. Moreover, assuming defendants' characterization is accurate, "not particularly helpful" is *still* relevant. And, even though plaintiff can testify as to his recollection of the incident, a video is possible objective, non-biased evidence, which is almost always discoverable.

This leaves defendants' security concerns. Defendants state that providing the video to plaintiff could allow him to determine "blind spots" or inadequacies with respect to the camera system at the jail. Plaintiff could, in turn, provide that information to other inmates if he were to return to the jail. Inmates could then exploit weaknesses in the jail's security.

Generally, jail officials are not required to disclose information to inmates when doing so "would entail a security risk." *Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003). On the other hand, a jail or prison cannot just assert "a blanket policy of keeping confidential security camera videotapes for safety reasons." *Id.* Here, defendants have not provided sufficient information from which the court could conclude that there is actually a security risk in showing the video to plaintiff. [*6] They state only that, "Dane County Jail policy prohibits inmates from viewing security camera footage"

because "there may be blind spots in camera coverage." Boldt Aff., Dkt. #96, at 2. Reliance on a general policy is not enough. If defendants wish to withhold the video from plaintiff, they must explain *specifically* why the particularly video footage raises a security risk. Defendants may do so by filing a copy of the video with the court under seal within one week of the date of this order, along with a sealed affidavit attaching a schematic of the room being recorded, designating location of *all* video cameras and explaining which parts of the footage in particular raise security concerns. The court will then review the video footage *in camera* and determine whether defendants' security concerns outweigh the footage's relevance in this suit.[1]

**b. Internal reviews of the incident.**

Defendants seek to withhold reports generated by two internal reviews of the underlying incident that were conducted by supervisory personnel at the jail after the incident. Both reviews were apparently conducted as part of the routine review process triggered when force is used by deputies. Defendants contend that disclosing the reports could potentially inhibit frank discussion of such incidents by deputies that may lead to improvements in how such incidents are handled in the future. Defendants point out that Wisconsin law recognizes a privilege for certain "law enforcement records" for this reason.

Although there may be some situations in which an internal investigation should be protected from disclosure, defendants have not shown that this is one of them. Defendants have not even pointed to anything in particular in the reports that should be kept confidential. In fact, they provide very little information about the reports at all. Certainly, [*8] the department and the public has an interest in candid internal discussion of "use of force" incidents for purposes of training and improving procedures. Hopefully, the deputies involved would not attempt to cover up misconduct by themselves or others, and will realize that this interest is sufficiently important to deserve the truth, even if against their own self-interests, just as they are expected to do in other settings as sworn to uphold the law. Moreover, while an internal, private investigation might encourage deputies to improve their behavior at the jail, so too might a lawsuit in which the deputies' actions are thoroughly considered. Accordingly, defendants must provide copies of these reports to plaintiff and the court within one week of the date of this order.

**c. Defendants' medical records.**

Plaintiff has requested the medical records for the jail staff involved in the underlying incident. He contends that because he was charged with battery after the incident, the medical records are relevant. Defendants have objected on the grounds that the medical records are irrelevant and should be protected under doctor-patient privilege. They also point out that plaintiff was charged [*9] with battery because he allegedly spit on deputies, not because he injured any of them.

The court agrees that the medical records should be protected as defendants' medical records are not relevant to plaintiff's claim. This ruling goes both ways, however. Unless defendants are willing to provide plaintiff with any medical records relating to the incident, defendants may not testify or argue that plaintiff injured them or other jail staff during the underlying incident.

**d. Documents protected by attorney-client privilege or the work product doctrine.**

---

[1] In the alternative, defendants may contact Columbia Correctional Institution and arrange for plaintiff to view the video footage. Defendants need not provide plaintiff with a personal copy of the video footage, but he must be allowed to view it more than once, with the capacity to do so in slow motion and rewind. Should defendants elect this option, [*7] they must: (1) make these arrangement within one week of the date of this order; (2) complete the showing within two weeks; and (3) file a copy of the video under seal with the court within three weeks.

Plaintiff has moved to compel emails, text messages and other documents "related to the July 28, 2012 incident. . . [that] have been sent or received by defendants or their agents and representatives." Defendants maintain that they have produced all emails, texts and other documents with the exception of communications that are covered by attorney-client privilege or the work product doctrine.

Defendants are not required to produce documents covered by the attorney-client privilege or work product doctrine. If plaintiff believes defendants have asserted privilege improperly, he may seek to compel particular documents or categories of documents, **[*10]** explaining why he believes the documents are not protected. To facilitate this, defendants will be required to provide a privileged log of all such documents created before this case was screened to go forward (May 6, 2014), including date created, author(s), recipient(s), basis for the asserted privilege, and general subject matter. However, because plaintiff has not challenged defendants' assertion of privilege with respect to any particular document at this time, there is nothing for the court to resolve.

ORDER

IT IS ORDERED that

1. Plaintiff Darreyll T. Thomas's motion to amend his complaint to include a claim against the Dane County Jail Administrator (dkt. #102) is DENIED. The existing defendants are directed to file an answer to plaintiff's amended complaint within ten days of this order.
2. Plaintiff's motion in limine (dkt. #91) is DENIED without prejudice.
3. Plaintiff's motion for a hearing (dkt. #100) is DENIED.
4. Plaintiff's motion to compel (dkt. #87) and defendants' motion for a protective order (dkt. #94) are resolved as follows:

   a. Within one week of the date of this order, defendants must arrange for plaintiff to view the security video footage *or* must file a copy of the **[*11]** security video and a sealed affidavit as set forth above.
   b. Within one week of this order, defendants must provide copies of the internal reviews of the July 28, 2012, incident to plaintiff and the court under seal.
   c. Plaintiff's motion to compel disclosure of defendants' medical records is DENIED.
   d. Plaintiff's motion to compel disclosure of documents to which defendants have claimed attorney-client or work product privilege is DENIED without prejudice, subject to defendants promptly producing a privilege log as described above, unless they have done so already.

Entered this 2nd day of December, 2015.

BY THE COURT:

/s/ WILLIAM M. CONLEY

District Judge

**End of Document**