# Varelas v. Crown Equip. Corp.

United States District Court for the Eastern District of Wisconsin

March 13, 2018, Decided; March 13, 2018, Filed

Case No. 17-CV-869-JPS-JPS

**Reporter**
2018 U.S. Dist. LEXIS 40525 *; 2018 WL 1307961

ADAM J. VARELAS and MICHELLE VARELAS, Plaintiffs, v. CROWN EQUIPMENT CORPORATION, ABC INSURANCE COMPANY, CROWN LIFT TRUCKS, DEF INSURANCE COMPANY, and ILLINOIS NATIONAL INSURANCE COMPANY, Defendants.

**Counsel:** [*1] For Adam J Varelas, Michelle Varelas, Plaintiffs: Timothy S Trecek, LEAD ATTORNEY, Habush Habush & Rottier SC, Milwaukee, WI.

For Crown Equipment Corporation, Crown Lift Trucks, Defendants: Kali E Book, Thomas J Cullen, Goodell DeVries Leech & Dann LLP, Baltimore, MD; Ralph A Weber, Stephen T Trigg, Gass Weber Mullins LLC, Milwaukee, WI.

**Judges:** J. P. Stadtmueller, United States District Judge.

**Opinion by:** J. P. Stadtmueller

## Opinion

### ORDER

On January 12, 2018, Plaintiffs filed a motion to compel responses to certain of their discovery requests from Defendants Crown Equipment Corporation and Crown Lift Trucks. (Docket #28). Defendants opposed the motion on February 2, 2018. (Docket #31). Plaintiffs replied to that opposition on February 16, 2018. (Docket #35).

By way of background, this is a products liability action. Plaintiff Adam J. Varelas worked at Sam's Club operating one of Defendants' forklifts. Crown Equipment manufactures forklifts, and Crown Lift was the dealer which was responsible for servicing the machine at issue. At some point, he was using the forklift near the edge of a loading dock. Adam tried to change directions in the forklift by "plugging," or moving the control joystick opposite the direction of [*2] travel, but that technique did not work. The mechanical brake in the unit also failed. Adam and the forklift went over the edge. The machine landed in part on his leg, which had to be amputated below the knee. Plaintiffs allege that the accident was caused by Defendants' poor design, manufacture, and/or maintenance of the forklift. Plaintiffs bring claims for negligence and strict liability against Defendants.

Federal Rule of Civil Procedure 26 sets the scope of discovery in a civil case. It provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Information within this scope of discovery need not be admissible in evidence to be discoverable*.

Fed. R. Civ. P. 26(b)(1) (emphasis added). For the purpose of discovery, relevancy is construed broadly to encompass "any matter that bears on, or

that reasonably could lead to [*3] other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler Chrysler*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (internal citations omitted). Although the burden of demonstrating relevance is on the party seeking discovery, once relevance has been shown, it is the objecting party's obligation "to show why a particular discovery request is improper." *Sandoval v. Bridge Terminal Trans., Inc.*, No. 14—CV—639, 2015 U.S. Dist. LEXIS 75790, 2015 WL 3650644, at *1 (E.D. Wis. June 10, 2015). Courts must also keep in mind that it is their duty to "prevent 'fishing expeditions' or an undirected rummaging . . . for evidence of some unknown wrongdoing." *Cuomo v. Clearing House Ass'n, L.L.C.*, 557 U.S. 519, 531, 129 S. Ct. 2710, 174 L. Ed. 2d 464 (2009).

Plaintiffs seek to compel responses to certain requests for production of documents. (Docket #29 at 7-12). Defendants' primary response to the motion is that the requests are not relevant. *See generally* (Docket #31 at 8- 19). They maintain that Plaintiffs have failed to identify any particular defect in the design, manufacture, or maintenance of the forklift at issue. Without an identified defect, Defendants believe that Plaintiffs' requests are an overbroad fishing expedition. Plaintiffs counter that they have identified failures in the forklift's electrical contactors, which control forward and reverse movements, and its mechanical brake.

Plaintiffs' [*4] requests, particularly when narrowed to these issues, clearly fall within the bounds of permissible discovery. Discovery is not about what evidence will be admissible at trial, but rather about exploring sources of factual material which may lead to such evidence. Rule 26 limits discovery to the scope of the pleadings. As it stands, Plaintiffs' Complaint alleges that Defendants' forklift was defective in its design, manufacture, and/or maintenance, and that these defects led to Adam's injury. They are therefore entitled to obtain discovery related to these allegations. If Defendants believe that the claims are too expansive or are otherwise deficient, they should have sought dismissal via motions to dismiss or for summary judgment. The time to do so has passed and no such motions were filed.

Defendants' warped view of discovery puts the cart before the horse, asking Plaintiffs to provide some factual support for their allegations prior to turning over the very material which may contain that evidence. Defendants repeatedly assert that Plaintiffs have "the information they need to identify the conduct, repair, or maintenance they claim Crown performed negligently." *See, e.g.*, (Docket #31 at [*5] 9). Defendants are not empowered to decide what information Plaintiffs need or are entitled to. If they were, any attempt to litigate a civil case beyond the pleadings stage would be a fool's errand. Plaintiffs are not engaged in "undirected rummaging," but simply present broad claims which require broad discovery to explore.[1]

Defendants' related concern is that Plaintiffs' discovery requests are not proportional to the needs of the case, or in other words impose an undue burden on Defendants. The Court is, at this stage, unmoved by this argument. To stand on such an objection, Defendants must show that "the burden of compliance . . . would exceed the benefit of production of the material sought[.]" *Nw. Mem. Hosp. v. Ashcroft*, 362 F.3d 923, 927 (7th Cir. 2004). Defendants offer no evidence on this point. Instead, the Court is presented with the bald assertions of burden in Defendants' brief. This is not to say that Defendants' contention is entirely meritless, but only that it lacks support at this juncture.

With these objections stripped away, there is little substance left to Defendants' opposition to the motion. The Court believes that the parties can cooperate to resolve any remaining issues regarding discovery compliance. Indeed, some of the [*6] issues may be moot as of the date of this Order. *See, e.g.*, (Docket #35 at 9, 12). The parties'

---

[1] Of course, more expansive claims may be more difficult to prove at trial, but that is of no concern to the Court in applying Rule 26.

collaboration should include a limitation on the burden of production to the extent possible, whether through narrowing the scope of the subject discovery requests or by accommodating a more streamlined manner of production. The Court sees no reason why good lawyers, working together, cannot accomplish this.[2] The Court will therefore grant Plaintiffs' motion as to the general issues discussed herein. If a further ruling is required on the minutiae of particular discovery requests, the parties may seek the Court's intervention.[3]

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion to compel (Docket #28) be and the same is hereby **GRANTED** in accordance with the terms of this Order; and

**IT IS FURTHER ORDERED** that Plaintiffs' motion to seal (Docket #32) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 13th day of March, 2018.

BY THE COURT:

/s/ J. P. Stadtmueller

J. P. Stadtmueller

U.S. District Judge

**End of Document**

---

[2] Unfortunately, much of the parties' briefing devolves into mud-slinging and arguments on the merits of the case. The Court has duly ignored this irrelevant material. The Court expects that the parties will not include such wasteful argument in any future filings in this branch of the Court.

[3] The Court will also grant Plaintiffs' motion to seal their interim settlement report. (Docket #32).