IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANDREW L. COLBORN,

        Plaintiff,

vs.

NETFLIX, INC.,
CHROME MEDIA, LLC, f/k/a
SYNTHESIS FILMS, LLC,
LAURA RICCIARDI, and
MOIRA DEMOS,

        Defendants.

Case No. 19-CV-484

## PLAINTIFF'S RESPONSE IN OPPOSITION TO EXPEDITED MOTION FILED BY NETFLIX, INC.

Plaintiff, Andrew Colborn, by and through his undersigned counsel, respectfully submits the following response in opposition to the expedited motion by Netflix, Inc. to hold in abeyance consideration of Plaintiff's Motion *in Limine* concerning Attorney Michael Griesbach:

1. A motion *in limine* is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy. *Jones v. Stotts,* 59 F.3d 143, 146 (10th Cir. 1995) (quoting and citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), *aff'd,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984)). Plaintiff is aware of no rule prohibiting early consideration of such motions where appropriate, and Netflix has not cited authority for such a rule.

2. This case is not like others cited by Netflix, Inc., in which issues were remote, theoretical or undeveloped at the time the motion *in limine* was filed. Netflix has explained its position regarding the purported relevance of materials and information held by Attorney

Griesbach in detail, Dkt #206 at pp. 1-17, and Attorney Griesbach's counsel has explained in detail why the information and material in Attorney Griesbach's possession is not relevant. Dkt #214. If the Court concludes that the material is not relevant even under the discovery standard for relevance then, *a fortiori,* it is not relevant for purposes of admissibility at trial. Accordingly, it is an efficient use of resources to consider and decide the issues simultaneously in this case.

3. Irrespective of Defendants' assertions to the contrary, it is important to the Plaintiff and his legal team to know the extent to which Defendants may render Attorney Griesbach a witness at trial. To the extent that Defendants claim that Attorney Griesbach possesses some personal factual knowledge of the underlying Avery investigation by virtue of his former position as an Assistant District Attorney, that would obviously pose far less of an issue than having Attorney Griesbach called to express opinions regarding the "Making a Murderer" broadcast itself, given that the latter is the central focus of this case.

4. Plaintiff and his counsel also have an obvious interest in avoiding a sideshow that diverts trial preparation resources toward a deep dive into the personal views of a member of Plaintiff's legal team, rather than on issues of primary importance to the case.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the expedited motion submitted by Netflix.

Dated this 21st day of April, 2022.

SCHOTT, BUBLITZ & ENGEL, S.C.

By: /s/ April Rockstead Barker
April Rockstead Barker
State Bar No. 1026163

Schott, Bublitz & Engel, S.C.
640 W. Moreland Blvd.
Waukesha, WI  53188-2433
(262)-827-1700

LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
Attorneys for Plaintiff, Andrew L. Colborn

**POST OFFICE ADDRESS:**
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI  54305-3200
Phone:  (920) 437-0476
Fax:  (920) 437-2868
State Br No. 1005964

GRIESBACH LAW OFFICES, LLC
Attorney Michael C. Griesbach
State Bar No. 01012799
Griesbach Law Offices, LLC
PO Box 2047
Manitowoc, WI  54221-2047
(920) 320-1358