IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ANDREW L. COLBORN,

            Plaintiff,

vs.                               Civil No.: 19-CV-484-BHL

NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,

            Defendants.

## DEFENDANT NETFLIX, INC.'S MOTION TO RESTRICT

Pursuant to General Local Rule 79(d), Defendant Netflix, Inc. submits this Motion to Restrict ("Motion") in connection with its Reply In Support of Motion to Compel Production of Documents Responsive to Subpoena to Michael Griesbach (the "Reply Brief"). Although Netflix files this Motion in compliance with Rule 79(d), for the reasons set forth below, Netflix objects to the restriction of the documents, as there exists no basis for sealing these documents from public access. In support of its position, Netflix states as follows:

        1.        On March 11, 2022, Plaintiff produced documents responsive to Defendants' discovery requests. In the cover email providing the link to download the production, Debra Bursik, on Plaintiff's legal team, wrote, "At this time, all email messages are designated as Attorneys' Eyes Only *in the production*." *See* Decl. of Isabella Salomão Nascimento ("Nascimento Decl.") Ex. 1 (emphasis added). Despite Plaintiff's assertion of a blanket attorneys' eyes only ("AEO") designation, Plaintiff did not stamp any of the documents in the

production with a confidentiality designation, *id.* ¶ 3, as required by both the Court's August 19, 2021 Protective Order, *see* Dkt. 189 at ¶ (A), and the parties' agreed-upon Electronically-Stored Information Protocol ("ESI Protocol") ¶ 5, executed on January 31, 2022. *See also* Nascimento Decl. ¶ 14.

2. In an email exchange on March 25, wherein Defendants requested to meet and confer with Plaintiff's counsel regarding several deficiencies with Plaintiff's discovery productions to date, Netflix expressed concern with "the [Plaintiff's] over-designation of emails" as AEO "and Plaintiff's failure to comply with the ESI Protocol." Nascimento Decl. Ex. 2.

3. The parties scheduled a meet and confer for April 6, in advance of which, on April 4, Netflix provided Plaintiff with an agenda for the call, in relevant part including the following subject for discussion:

> "**March 11 Colborn Email Production**
>
> 1. On what basis are you asserting that *all* emails ***in the March 11 production*** of Mr. Colborn's emails are designated 'Attorneys' Eyes Only'?"

Nascimento Decl. Ex. 3 at 2 (emphasis added).

4. At the parties' meet-and-confer, counsel for Plaintiff agreed to revisit the blanket AEO designation to the March 11 production. Nascimento Decl. ¶ 6.

5. Counsel for Netflix memorialized this in an email summary of the parties' meet-and-confer provided to Plaintiff on April 8, appearing directly under the heading "**March 11 Colborn Email Production**." Nascimento Decl. Ex. 4 at 5.

6. Plaintiff responded to Netflix's summary in an exchange dated April 12, writing that Plaintiff would "identify which emails [it was maintaining the confidentiality designations] by the end of this week." Nascimento Decl. Ex. 5 at 7.

2

Case 1:19-cv-00484-BHL   Filed 04/26/22   Page 2 of 5   Document 219

7. On April 14, Plaintiff produced to Defendants a supplemental set of documents responsive to Defendants' discovery requests. Plaintiff again failed to stamp any of the documents in the production with a confidentiality designation, Nascimento Decl. ¶ 10, and Plaintiff's cover email to this production asserted no confidentiality designation for these documents. *Id*. Ex. 6.

8. On April 19, Netflix emailed Plaintiff's counsel regarding the "[d]esignation of **all emails served on 3/11/22** as AEO," noting Plaintiff "agreed to review these designations but I don't believe we've received any adjustments; please let us know when those are coming." Nascimento Decl. Ex. 7 at 1. (emphasis added).

9. Plaintiff's counsel responded on April 22, stating that Plaintiff was now designating the March 11 production "as Confidential rather than Attorneys' Eyes' [sic] Only[.]" *Id*. Ex. 8 at 1. Plaintiff's counsel did not reference the April 14 production. *Id*.

10. Netflix plans to file with its Reply Brief five emails produced by Plaintiff in his April 14 production. These five emails reflect various communications between Plaintiff, Plaintiff's counsel Michael Griesbach and a producer of a documentary film called *Convicting a Murderer*, which is being marketed as a "counter-documentary" to *Making a Murderer*, regarding this lawsuit, *Making a Murderer*, and possible press interviews.

11. As noted above, none of the documents were stamped by Plaintiff as "confidential." Out of an abundance of caution, however, counsel for Netflix emailed Plaintiff's counsel the five exhibits, noting that it "intend[ed] to file our reply and the exhibits publicly," and, as a courtesy, offering Plaintiff's counsel the opportunity to object "[i]f you disagree with this course." Nascimento Decl. Ex. 9 at 2. Undersigned counsel made clear that Netflix does not believe that any of the five emails are properly considered confidential and that Netflix would, if

3

Case 1:19-cv-00484-BHL   Filed 04/26/22   Page 3 of 5   Document 219

forced to file this Motion, "make clear to the Court that we object to the sealing of the documents and believe that the motion should be denied and all records be made publicly available." *Id*.

12. Ms. Bursik responded that, "[p]er [counsel for Plaintiff]'s email to all sent on Friday, April 22, 2022 at 3:46 PM responding to [counsel for Netflix]'s questions, we have designated all emails in the Colborn email production as CONFIDENTIAL. **Please do not file them publicly**." *Id*.

13. Netflix responded that it disagreed with Plaintiff's understanding: "The April 22 email from [Plaintiff's counsel] that you reference addressed only emails produced by Plaintiff on March 11; similarly, the email providing the March 11 production of Mr. Colborn's emails stated it was providing a designation for all email messages 'in the production.'" *Id*. (quoting Ex. 1). Netflix raised with Plaintiff that "[w]e have not received any purported confidentiality designations for subsequent productions by Plaintiff," including the April 14 production in which the exhibits in question were produced. *Id*.

14. Plaintiff's counsel did not respond, and accordingly, Netflix proceeded with the instant motion.

15. There is no basis to restrict from public view any of the documents associated with this Motion, including Netflix's Reply Brief, the Nascimento Declaration, or the five exhibits. As a threshold matter, Plaintiff failed to comply with the Court's Protective Order and the parties' ESI Protocol by failing to designate the April 14 document production as confidential, either by stamping the documents as "confidential" or by noting the purported confidentiality of the documents in the transmittal email providing the production.

16. Further, the documents are not "confidential" as contemplated in the Protective Order, which permits designating as "confidential" only those documents that a party "in good

faith believes . . . contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information." Dkt. 189 at (A)(1).

17. For all the reasons herein, Netflix objects to the restriction of these documents, and respectfully requests that the Court deny this Motion and publicly file its Reply Brief and related papers.

Dated: April 26, 2022

Respectfully submitted,

*s/ James A. Friedman*

James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

Leita Walker
Isabella Salomão Nascimento
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com
salamaonascimentoi@ballardspahr.com

Matthew E. Kelley
Emmy Parsons
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, D.C. 20006-1157
T: (202) 508-1112
F: (202) 661-2299
kelleym@ballardspahr.com
parsonse@ballardspahr.com

*Counsel for Netflix, Inc.*