# Exhibit 2

| From: | Walker, Leita (Minn) |
|---|---|
| Sent: | Friday, March 25, 2022 2:10 PM |
| To: | April Barker; George Burnett; Debra L. Bursik |
| Cc: | Michael Griesbach; Friedman, James; Kevin Vick; Jean-Paul Jassy; Meghan Fenzel; Parsons, Emmy (DC); Salomao Nascimento, Isabella (Minn); Kelley, Matthew E. (DC) |
| Subject: | RE: Protective Order Designations |
| Attachments: | 2021.10.29 - Dkt. 197 - Supplemental Dec. of April Rockstead Barker DMFIRM_400349343(1).PDF |

Dear George and April,

Thanks for the email below. I'll save discussion on the substance for our meet and confer, which we must insist we schedule for early next week. April, I know you will be on a well-deserved vacation and I see no need to interrupt that given Mr. Colborn is represented by a team of three lawyers from three different law firms. George's office was involved in the "designation" of the Manitowoc Documents and in Paragraph 6 of the attached you identified George as "lead counsel for the Plaintiff" and indicated that he was the ultimate decider on Plaintiff's side of this case when it comes to discovery disputes. George, please let us know your availability Monday and Tuesday for a call.

In addition to discussing the Manitowoc Documents, we are very concerned by the over-designation of emails and text messages, the assertion of various privileges that obviously do not apply (including the attorney-client privilege, spousal privilege, journalist's privilege and possibly the priest-parishioner privilege), and Plaintiff's failure to comply with the ESI Protocol (for example, by not using Bates numbers). While we will leave it to the Producer Defendants to address Plaintiff's failure to produce documents responsive to the Producer Defendants' discovery requests, we would like to discuss the problems with what Plaintiff has produced in our meet and confer next week. George's office produced the documents at issue and again, given his role as lead counsel and his many years of experience as a litigator, we assume he is more than capable of handling the meet and confer in your absence, April.

Of course, if the discovery deadlines didn't create some urgency, we would be happy to wait. But depositions must be concluded by May 20. Even if discovery motions could all be miraculously filed by Monday, they would not be fully briefed until May 2. And then the judge will need to decide them and, after decision, additional documents will likely need to be produced. So time is of the essence. Meanwhile, we are beginning to prepare witnesses and may need to show and discuss with them the over-designated documents Mr. Colborn has produced, so if we can reach some agreement on the designations, privileges, and production format during a meet and confer, that will be most helpful.

Finally, I want to be very clear that—as I have said before—we are not treating the so-called "privileged" documents as privileged. They are not privileged and your unilateral attempt to label them as such does not make them privileged. If you think they are privileged, then you should have taken immediate steps to claw them back, as we told you more than three weeks ago on March 4. You took no such steps. You did not even respond to our letter until today.

Please do not accept our silence on the substance of your email as indicating agreement with anything you say. We look forward to chatting at George's earliest convenience.

Leita

---

**From:** April Barker <abarker@sbe-law.com>
**Sent:** Friday, March 25, 2022 10:00 AM
**To:** Walker, Leita (Minn) <WalkerL@ballardspahr.com>; Kevin Vick <kvick@jassyvick.com>; James Friedman <JFriedman@gklaw.com>; Kelley, Matthew E. (DC) <KelleyM@ballardspahr.com>

**Cc:** George Burnett <GB@lcojlaw.com>; Michael Griesbach <attymgriesbach@gmail.com>; Debra L. Bursik <debrab@lcojlaw.com>
**Subject:** Protective Order Designations

⚠ **EXTERNAL**

Leita,

This message responds to your letter of March 4.

With respect to your assertions regarding attorney-client privilege, as your local counsel well knows, Wisconsin law is that a government employee's occasional personal use of government email does not make the messages therein "public records." *Schill v. Wisconsin Rapids School Dist.,* 2010 WI 86, ¶23. Rather, personal contents of the "e-mails are not subject to release to a record requester merely because they are sent or received using the government employers' e-mail systems and then stored and maintained on those systems." *Id*. Further, the fact that the County produced them could not waive Mr. Colborn's attorney-client privilege claims, as those can be waived only by a client, under well-established law.

For the same reasons, the fact that we were distracted initially with technical issues relating to the production (and which were of your firm's admitted making), followed by a significant rush to designate these thousands of documents in accordance with your deadlines, could not waive Mr. Colborn's privilege claims. Even an attorney cannot waive a client's privilege claims without the client's consent.

We obviously expect that you consider our designations notice that we contend that these documents are privileged. Under Federal Rule of Civil Procedure 26(b)(5)(B), a party who is notified that material produced in discovery is privileged should "promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; [and] must take reasonable steps to retrieve the information if the party disclosed it before being notified. . . ."

With respect to the "attorneys' eyes only" designations, I specifically advised that these designations were made because we were advised by the third-party ESI service that we used that they could not remove personal identifying information, such as phone numbers and email addresses. I also advised that we would prepare in-house versions of the same documents that omitted these and that therefore could be merely designated as "confidential," rather than "attorneys' eyes only." We intend to provide these versions in advance of any scheduled depositions.

In the interim, it is more than reasonable for us to honor Mr. Colborn's attempt to protect himself and his friends, acquaintances and family members from the obvious potential for further intrusion into his private life and the lives and those of his friends and family members that would result if your clients personally obtain, and eventually release into the public domain, the private email addresses, physical addresses, and telephone numbers of Mr. Colborn and those close to him. As the numerous threats leveled at Mr. Colborn due to MAM demonstrate, the legitimate concerns transcend even privacy and rise to the level of safety concerns. Recent discovery requests provide further reason to be concerned that your clients are on a quest to promote their "storyline" lionizing Steven Avery and villainizing Mr. Colborn, and we do not want Mr. Colborn's personal address book made available as a playbook for "Making a Murderer 3."

Finally, I note that to my recollection, you have only produced a handful of documents that were not subject to confidentiality designations, and those few consisted almost entirely, if not entirely, of public trademark filings. When I previously asked you to reconsider your confidentiality designations for email messages sent between Netflix representatives relating to the MAM production, you offered no purported justification for the designations, indicating only that you were not willing to consider removing them except on a case-by-case basis, so that we would ostensibly have to debate with you the merits of each individual document among thousands in your production.

In light of the above, I agree that a meet-and-confer would be appropriate after I return from a planned family vacation next week (and which I mentioned earlier in the context of deposition scheduling when we were looking at March/April deposition dates, prior to the stipulation to extend the deposition deadline).

April

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANDREW L. COLBORN,

          Plaintiff

NETFLIX, INC.,                                           Case No. 19-CV-484
CHROME MEDIA, LLC, f/k/a
SYNTHESIS FILMS, LLC,
LAURA RICCIARDI, and
MOIRA DEMOS,

          Defendants.

## SUPPLEMENTAL DECLARATION OF APRIL ROCKSTEAD BARKER

I, April Rockstead Barker, declare under penalty of perjury as follows:

1. I am one of the attorneys for the Plaintiff in the above-captioned action

2. Attached as Exhibit 1 is a true and correct copy of an email message that I sent to counsel for the Defendants, including Leita Walker, counsel for Netflix, Inc., on July 28, 2021. To my knowledge, I never received a response specific to my request for production of non-confidential documents.

3. Attached as Exhibit 2 is a true and correct copy of an email message that I sent to Leita Walker on June 24, 2021. In early July through mid-July of this year, I was also in communications with Defendants' counsel regarding a supplemental joint discovery report that Defendants proposed.

4. Attached as Exhibit 3 are true and correct copies of portions of a document that was contained in the first document production by Netflix, Inc., on or about September 17, 2021.

5. Attached as group Exhibit 4 is a true and correct copy of an email exchange that I had with Leita Walker in response to her October 7, 2021, correspondence.

6. During the September 16, 2021 meet-and-confer with Defendants' counsel, I did not indicate or manifest acceptance of the terms or timing of production that Netflix unilaterally informed me it would be following. Rather, I stated at the outset of the call that I thought that we were unfortunately unlikely to make any progress unless Defendants indicated that they would be providing documents within a week or so. After Ms. Walker described Netflix's timetable for production, I indicated to counsel on the call that I would have to talk to Attorney Burnett, lead counsel for the Plaintiff, to determine whether he would accept their proposal in resolution of the discovery dispute. Attorney Walker demonstrated understanding of this, stating something to the effect of, "You talk to George." Attorney Burnett did not find Netflix's proposed timetable agreeable. Further discussions would have been futile after that point.

7. Attorney Walker's statement that she "offered to provide an extension" to Plaintiff to respond to the discovery responses served by Netflix, Inc. on Plaintiff is not true to the extent that she may be contending that she offered an unconditional extension to me that was there for the asking. During the September 16, 2021 call, I asked Ms. Walker if she would extend the deadline for the responses given that Netflix had yet to produce the documents that Plaintiff requested in June. Ms. Walker responded that she would consider (emphasizing that word) providing an extension if we provided specific reasons for an extension. Otherwise, she firmly indicated that Netflix would expect timely written responses to its discovery. To my recollection and understanding, she disagreed with my suggestion that the timing of Netflix's

production alone would be a justifiable reason for an extension of our deadline to respond to Netflix's discovery.

Dated this 29th day of October, 2021.

/s/April Rockstead Barker_____
April Rockstead Barker

# April Barker

| | |
|---|---|
| From: | April Barker |
| Sent: | Wednesday, July 28, 2021 8:27 PM |
| To: | WalkerL@ballardspahr.com; Kevin Vick; Friedman, James |
| Cc: | George Burnett; Debra L. Bursik |
| Subject: | Discovery / follow-up |

Leita, Kevin, and James,

Based on the Court's comments today, it appears that something more substantive will have to be submitted before the judge will agree to enter the protective order. I assume that you are likely preparing something for the Court in that regard.

In the meantime, in the interests of avoiding further delay, we would like to move forward with respect to responsive discovery materials that would not be designated as confidential under a protective order when entered. Please confirm that the materials that are not claimed to be confidential can be forwarded while we sort out the protective order issues.

Thanks very much,
April

EXHIBIT
1

# April Barker

| | |
|---|---|
| **From:** | April Barker |
| **Sent:** | Thursday, June 24, 2021 4:47 PM |
| **To:** | Walker, Leita |
| **Cc:** | Kelley, Matthew E. |
| **Subject:** | RE: Third Set of Discovery |

Leita,

Normally, I would have sent them by e-mail as well, but I've been inundated with matters that have waited while I was out of the office for essentially three weeks through my mother's hospitalization, transfer to hospice, and passing. In addition, I have co-workers here asking me to help them with urgent matters with deadline. And I am still dealing with issues that need to be addressed for my mother's final affairs. I have very little staff help available to me, as well, pandemic or no, unfortunately. So I can assure you that this was simply a matter that I literally had to get those in envelopes in the mail on the way out the door and had no opportunity to go down to the one scanner I can use on the lower level before I had to get to another obligation that day, then had to assist with an urgent briefing deadline all day the following day and have been preparing for an oral argument out of town yesterday since then.

Certainly, no offense was intended by sending them via mail. In calmer times, I will of course endeavor to send documents via email as well.

April



**April Rockstead Barker** | Attorney
**SCHOTT, BUBLITZ & ENGEL s. c.**
ATTORNEYS AT LAW
640 W. Moreland Boulevard
Waukesha, WI 53188
P: (262) 827-1700
F: (262) 827-1701
E: abarker@sbe-law.com
Web: www.sbe-law.com



EXHIBIT 2

*IMPORTANT: This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please advise the sender and delete this message and any attachments.*

*IRS Circular 230 Disclosure: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended and cannot be used for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.*

**From:** Walker, Leita <WalkerL@ballardspahr.com>
**Sent:** Thursday, June 24, 2021 4:35 PM
**To:** April Barker <abarker@sbe-law.com>
**Cc:** Kelley, Matthew E. <KelleyM@ballardspahr.com>
**Subject:** Third Set of Discovery

Hi, April, I believe you mailed the Third Set of Discovery Requests in the Colborn matter on June 16 but I just received them today. Our office is still operating under pandemic protocols which means we have a skeleton staff on site and

receipt of mail sent the old-fashioned way is often delayed. If it's not too much trouble to send by email as well, I would appreciate it. We are happy to extend the same courtesy to you, of course.

Thanks—
Leita

**Leita Walker**

2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

www.ballardspahr.com

2

Case 1:19-cv-00484-BHL Filed 04/26/21 Page 10 of 24 Document 127-22

# Certificate of Recordation



This is to certify that the attached document was recorded on the date and in the place shown below.

This certificate is issued under the seal of the United States Copyright Office.

*[signature]*

Acting United States Register of Copyrights and Director

November 16, 2015
___
Date Of Recordation

9930                    253
___
Volume                  Doc. No.



EXHIBIT 3

NFXCOL0000001


# Document Cover Sheet
UNITED STATES COPYRIGHT OFFICE

**For Recordation of Documents**

Volume _____ Document _____

Volume _____ Document _____

Date of recordation  M **NOV 16 2015**
(ASSIGNED BY THE COPYRIGHT OFFICE)

Funds received _____

Copyright Office fees are subject to change. For current fees check the Copyright Office website at www.copyright.gov, write to the Copyright Office, or call (202) 707-3000.

**DO NOT WRITE ABOVE THIS LINE · SEE INSTRUCTIONS ON REVERSE**

To the Register of Copyrights: *Please record the accompanying original document or properly certified copy thereof.*

**1** First party name given in the document — Synthesis Films LLC
(IMPORTANT: Please read instruction for this and other spaces.)

**2** First title given in the document — MAKING A MURDERER

**3** Total number of titles in the document — 

**4** Amount of fee calculated — $105

**5** Fee enclosed
☐ Check  ☐ Money order
☑ Fee authorized to be charged to Copyright Office deposit account

Deposit account number — **Thomson CompuMark**
Deposit account name — 061794

**6** Completeness of document
☑ Document is complete by its own terms  ☐ Document is not complete. Record "as is."

**IMPORTANT NOTE:** A request to record a document "as is" under 37 CFR §201.4(c)(2) is an assertion that: (a) the attachment is completely unavailable for recordation; (b) the attachment is not essential to the identification of the subject matter of the document; and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment.

**7** Certification of Photocopied Document — Complete this certification if a photocopy of the original signed document is substituted for a document bearing the actual original signature.
**NOTE:** This space may not be used for documents that require an official certification.

I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document.

Signature _____  Date _____

Duly authorized agent of _____

**8** Return to:
Name — Netflix Studios, LLC, Attn: Legal (Bill Jacks)
Number/street — 335 N. Maple Drive   Apt/suite — 353
City — Beverly Hills   State — CA   Zip — 90210
Phone number — 310-734-2900   Fax number — 310-734-2999
Email — bjacks@netflix.com

**SEND TO:** Library of Congress, Copyright Office, Documents Recordation Section, 101 Independence Avenue SE, Washington, DC 20559-6000
**INCLUDE ALL THESE TOGETHER:** (1) Two copies of this form; (2) payment from a deposit account or by check/money order payable to *Register of Copyrights*; and (3) your document.

FORM DCS   REV: 09/2007   PRINT: 09/2007 — ··,000   Printed on recycled paper      U.S. Government Printing Office: 2007-330-945/60,···

# April Barker

| | |
|---|---|
| **From:** | April Barker |
| **Sent:** | Thursday, October 7, 2021 9:19 AM |
| **To:** | Walker, Leita |
| **Cc:** | George Burnett; Kevin Vick; Jeffrey Payne; Jean-Paul Jassy; Parsons, Emmy; Kelley, Matthew E.; Michael Griesbach |
| **Subject:** | Re: Colborn -- Letter responding to Motion for Sanctions |

Leita,

I cannot respond to your entire correspondence immediatly, but suffice it to say that I disagree with virtually all of it, including the way you characterized our conversation on September 16.

However, to clarify as an initial matter, your discovery requests were only validly served on us by mail, because we had not consented to service by email (as you acknowledged in your recent message).

Therefore, three days are added to the response period under Federal Rule of Civil Procedure 6. Accordingly, the responses are timely.

April

**From:** Walker, Leita <WalkerL@ballardspahr.com>
**Sent:** Thursday, October 7, 2021 8:31 AM
**To:** April Barker <abarker@sbe-law.com>
**Cc:** George Burnett <GB@lcojlaw.com>; Kevin Vick <kvick@jassyvick.com>; Jeffrey Payne <jpayne@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Parsons, Emmy <parsonse@ballardspahr.com>; Kelley, Matthew E. <KelleyM@ballardspahr.com>; Michael Griesbach <attymgriesbach@gmail.com>
**Subject:** Colborn -- Letter responding to Motion for Sanctions

April, please see attached correspondence.

Sincerely,

Leita Walker
**Ballard Spahr** LLP

2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

--------------------------------
www.ballardspahr.com

EXHIBIT 4

| | |
|---|---|
| **From:** | Walker, Leita <WalkerL@ballardspahr.com> |
| **Sent:** | Thursday, October 7, 2021 9:31 AM |
| **To:** | April Barker |
| **Cc:** | George Burnett; Kevin Vick; Jeffrey Payne; Jean-Paul Jassy; Parsons, Emmy; Kelley, Matthew E.; Michael Griesbach |
| **Subject:** | RE: Colborn -- Letter responding to Motion for Sanctions |

April, thanks for your email. Please let me know when you can respond substantively to the letter and whether you will withdraw the motion for sanctions.

Leita

**From:** April Barker <abarker@sbe-law.com>
**Sent:** Thursday, October 7, 2021 9:19 AM
**To:** Walker, Leita (Minn) <WalkerL@ballardspahr.com>
**Cc:** George Burnett <GB@lcojlaw.com>; Kevin Vick <kvick@jassyvick.com>; Jeffrey Payne <jpayne@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Parsons, Emmy (DC) <parsonse@ballardspahr.com>; Kelley, Matthew E. (DC) <KelleyM@ballardspahr.com>; Michael Griesbach <attymgriesbach@gmail.com>
**Subject:** Re: Colborn -- Letter responding to Motion for Sanctions

⚠ **EXTERNAL**

Leita,

I cannot respond to your entire correspondence immediatly, but suffice it to say that I disagree with virtually all of it, including the way you characterized our conversation on September 16.

However, to clarify as an initial matter, your discovery requests were only validly served on us by mail, because we had not consented to service by email (as you acknowledged in your recent message).

Therefore, three days are added to the response period under Federal Rule of Civil Procedure 6. Accordingly, the responses are timely.

April

**From:** Walker, Leita <WalkerL@ballardspahr.com>
**Sent:** Thursday, October 7, 2021 8:31 AM
**To:** April Barker <abarker@sbe-law.com>
**Cc:** George Burnett <GB@lcojlaw.com>; Kevin Vick <kvick@jassyvick.com>; Jeffrey Payne <jpayne@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Parsons, Emmy <parsonse@ballardspahr.com>; Kelley, Matthew E. <KelleyM@ballardspahr.com>; Michael Griesbach <attymgriesbach@gmail.com>
**Subject:** Colborn -- Letter responding to Motion for Sanctions

April, please see attached correspondence.

Sincerely,