# Exhibit 3

| | |
|---|---|
| **From:** | Walker, Leita (Minn) |
| **Sent:** | Monday, April 4, 2022 7:51 AM |
| **To:** | George Burnett; April Barker; Michael Griesbach; Kevin Vick; Jean-Paul Jassy; Meghan Fenzel; Friedman, James |
| **Cc:** | Salomao Nascimento, Isabella (Minn); Parsons, Emmy (DC); Kelley, Matthew E. (DC) |
| **Subject:** | Agenda for this week's meet and confer |

Good morning, counsel. April, I hope you had a good vacation. We are writing to schedule a meet and confer for this week. I need to check with my colleagues here at Ballard on their availability, but to get the ball rolling I am open during the following windows of time:

- Tuesday except for around 2:45-4:15 pm
- Wednesday before 11:30
- Thursday between 11 am and 3 pm

Here are the items Netflix would like to discuss; counsel for the Producer Defendants may have additional questions. All of these items should be on your radar already through prior correspondence; we have just compiled them here for convenience. Several produced documents are referenced and we will send those by separate email to facilitate the discussion.

**Manitowoc County Documents**

1. We are using the Manitowoc County documents produced by your team on February 9, 2022, and we have disregarded the subsequent set of documents produced by your team on February 28, 2022.

2. Do you agree that the parties will use Mr. Colborn's personnel file as bates stamped by Netflix as MCSC_000001-0127?
    a. If so, Netflix shall apply the "Confidential" designation to these documents as you requested and produce the records to all parties in accordance with the ESI protocol.

3. Do you agree to produce the "de-duped" Manitowoc County documents, as we requested by email correspondence on February 17, 2022?

4. With regard to your claim that some of these documents may be privileged: Some of the Manitowoc County documents for which you claim privilege were *also* produced in whole, or in part, by Netflix, as indicated by the "FOIA" bates label. Will you will withdraw your claim of privilege as to those documents? For example:

    a. Mr. Colborn's communications with Patrick O. Dunphy (FOIA_0015512-13; FOIA_0015520; FOIA_0016447; FOIA_0016449-50; FOIA_0016472-73; FOIA_0018423-24);
    b. Mr. Colborn's communications with Matthew V. Fisher (FOIA_0015982-83); and
    c. Mr. Colborn's communications with Jerilyn Dietz (FOIA_0016534-35 (attached)

5. Do you also agree to withdraw any claim of attorney-client privilege with respect to any communications that Mr. Colborn forwarded, in whole or in part, to third-party Brenda Schuler? For example:

    a. Mr. Colborn's communications with Patrick O. Dunphy (Manitowoc-000242-43; Manitowoc-000249; Manitowoc-000270-272; Manitowoc-010315-16);
    b. Mr. Colborn's communications with Matthew V. Fisher (Manitowoc-000264-65);

6. Will you agree to revisit your confidentiality/AEO designations on these documents and remove all AEO designations? Will you also review all confidentiality designations, unless the document could be properly withheld under the open records law?

**Additional Privilege Designations**

1. Do you agree to withdraw your assertion of a "3rd party journalist privilege" with respect to any documents and communications withheld or redacted on this basis, and to produce all such records in full to Defendants? For example, in your production of Mr. Colborn's text messages, you withheld in full text message exchanged between Mr. Colborn and Brenda Schuler, Shawn Rech and Emily Matesic. Wisconsin's reporter's privilege does not apply to non-journalists such as Mr. Colborn. Further, he has put these emails in issue in his response to Chrome Interrogatory No. 10 (stating he "disclosed how MAM has caused me damage to the producers of an upcoming documentary").

2. Do you agree to waive any assertion of "priest/parishioner privilege" with respect to Pastor Tom Pankow, whom you have identified as a damages witness for Mr. Colborn?

3. Do you agree to waive any assertion of "spousal privilege" with respect to all documents and communications withheld or redacted on this basis between Mr. Colborn and Barb Colborn, as Mr. Colborn has identified the dissolution of his marriage as an alleged damage and has also identified Ms. Colborn as a damages witness?

**February 28 and March 3 Colborn Text Message Production**

1. The text messages were not produced in accordance with the parties' ESI protocol, including because they lack bates labeling. Please re-produce the productions with each text entry bates labeled;

2. The text message productions are also deficient in that they were not produced with metadata or as members of "families." In addition, there are at least 32 text messages where the body field is blank, and there is an indication that there was an attachment. We do not want you to re-produce the entire production, but are you willing—upon our identification of specific text messages, including those we intend to use in any briefing to the court and/or in any hearing or trial proceeding—to promptly produce those specific messages in accordance with the ESI protocol?

**March 11 Colborn Email Production**

1. On what basis are you asserting that *all* emails in the March 11 production of Mr. Colborn's emails are designated "Attorneys' Eyes Only"?

**Damages Witnesses**

1. When will you supplement your January 28, 2021 and February 16, 2021 responses to the Producer Defendants' Interrogatory Number 10, which called on you to provide the "individual's full name and present, or, if that is not known, last known address, telephone number, email address, occupation, and present or last known employer," as well as the "substance of each person's knowledge"? In addition to requiring contact information and substantive knowledge for those individuals identified on February 16, Defendants also require complete identifying information and substantive knowledge for all individuals described in vague detail in your January 28 response.

**Additional Questions**

1. Do you anticipate producing documents in response to Netflix's Second RFPs on Wednesday, April 6? If not, what is your plan for production of responsive records?
2. When will the parties receive deposition notices for the depositions planned for the last week of April, including:
    a. April 26: Adam Del Deo;
    b. April 27-28: Laura Ricciardi and Moira Demos; and
    c. April 29: Lisa Nishimura?

**Leita Walker**

**Ballard Spahr** LLP

2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

------------------------------
www.ballardspahr.com