# Exhibit 7

| | |
|---|---|
| **From:** | Walker, Leita (Minn) |
| **Sent:** | Tuesday, April 19, 2022 3:13 PM |
| **To:** | April Barker; George Burnett; 'Michael Griesbach'; 'Jean-Paul Jassy'; 'Kevin Vick'; 'Meghan Fenzel' |
| **Cc:** | Salomao Nascimento, Isabella (Minn); Parsons, Emmy (DC); Kelley, Matthew E. (DC) |
| **Subject:** | FW: Follow-up to Meet-and-Confer |
| **Attachments:** | Colborn - response to Leita Walker.pdf |

Counsel,

I'm following up on April's response to my summary of the meet and confer from April 6-7 (attached). I think we've resolved most issues, but just want to confirm where we stand and tie up a few loose ends. I've also included a few new issues, which we did not discuss at our meet and confer, but that have come to our attention in recent days. We continue to review Mr. Colborn's responses to Netflix's second set of requests for production, including the documents he produced, and expect to raise additional issues in the near future.

- Designations of the Manitowoc County documents
    - You have withdrawn all AEO and privilege designations from these documents
    - We don't have any issue with the confidentiality designations you sent on 4/15/22
    - We will mark the Manitowoc County documents (the first set you produced to us on 2/9/22) with the confidentiality designations you sent on 4/15 and use that set going forward
- De-duped Manitowoc County Documents; we are in the process of confirming whether we can identify the duplicate documents omitted from the production on 2/9 and will circle back if we are unable to do so.
- Designation of all emails served on 3/11/22 as AEO
    - You agreed to review these designations but I don't believe we've received any adjustments; please let us know when those are coming.
- Text messages previously withheld pursuant to claim of third-party journalist privilege or spousal privilege
    - You served these on 4/18/22 and it appears you are not withholding any text messages at this point except those for which you claim attorney-client privilege; can you please confirm?
    - You also said that you would withdraw the claim that Making a Murderer caused Mr. Colborn's divorce "for purposes of these proceedings." We're not sure we understand that limitation/caveat—can you explain what you mean?
- Can you confirm that texts for which you continue to claim attorney-client privilege were not group texts that included non-lawyers such as Brenda Schuler? And can you confirm that the substance of the texts was not otherwise shared (via forwarding, copying and pasting, or otherwise) with non-lawyers such as Brenda Schuler or Barb Colborn? Our review indicates that Mr. Colborn would often receive a text or email from his counsel and then immediately share its contents with Ms. Schuler and/or Ms. Colborn, and that is a waiver of privilege even if neither woman was copied on the initial text or email.
- When you initially produced text messages to us you purported to designate them all as AEO. We understand you are withdrawing that designation as to all text messages. None of the text messages we have received as of today are branded with any designation. If we are overlooking something, please let us know.
- You had agreed to provide additional information on the damages witness Mr. Colborn identified and possibly withdraw some of them. When can we expect the supplemental information?
- New issues:
    - In the new documents you produced on 4/14, we are seeing many redacted documents, despite the inclusion of non-attorneys such as Brenda Schuler on portions of the email chain. See COLBORN-004635, -004611, -004649. We are also seeing indications that Ms. Schuler was included on many

- legal strategy discussions. See COLBORN-004593, -002807. We believe redaction of documents which included Ms. Schuler on the chain, which were shared with Ms. Schuler, or which involved substantive discussions to which Ms. Schuler was privy (in writing or otherwise) is inappropriate. And the inclusion of Ms. Schuler in these legal strategy discussions indicates that there has been a significant and broad waiver of the attorney-client privilege in this case. Please let us know if you will agree to withdraw all such redactions.
  - Likewise, in the new documents you produced to us on 4/14, we are seeing many redacted documents, despite the inclusion of John Mayer on portions of the email chain. See attached examples. We are confused by Mr. Mayer's role in this case; we understood he represents Mr. Griesbach, not Mr. Colborn. Thus it seems that including Mr. Mayer on emails between Mr. Griesbach and Mr. Colborn would be a subject-matter waiver with regard to the entire conversation. Please let us know if you will agree to withdraw these redactions.
  - Our Interrogatory No. 4 asked for email and social media accounts Mr. Colborn "maintained or created" from 2015 to present His answer says only that he has not created any such accounts during the relevant time period. Please supplement the answer with a list of accounts maintained during that time period, if any.

Sincerely,

Leita Walker

**Ballard Spahr** LLP

2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

-------------------------------
www.ballardspahr.com

---

**From:** April Barker <abarker@sbe-law.com>
**Sent:** Tuesday, April 12, 2022 4:50 PM
**To:** Walker, Leita (Minn) <WalkerL@ballardspahr.com>; Kevin Vick <kvick@jassyvick.com>; James Friedman <JFriedman@gklaw.com>; Parsons, Emmy (DC) <parsonse@ballardspahr.com>
**Cc:** George Burnett <GB@lcojlaw.com>; Michael Griesbach <attymgriesbach@gmail.com>; Debra L. Bursik <debrab@lcojlaw.com>
**Subject:** Follow-up to Meet-and-Confer

⚠ **EXTERNAL**

Hi all,

I am attaching documents that contain Kevin's and Leita's messages from Friday with our responses in boldface type. (In order to avoid confusion, I removed boldface from some of Leita's headings -- they are still underlined.)

It seemed that it would be too unwieldy to try to send these responses within an email message at this point, and I was concerned that we might lose font coloring and highlighting that distinguish whose comments were made by which speakers at this point.

If I missed an issue, please let me know.

April