# Exhibit 8

| From: | April Barker <abarker@sbe-law.com> |
|---|---|
| Sent: | Friday, April 22, 2022 4:46 PM |
| To: | Walker, Leita (Minn); Parsons, Emmy (DC); Salomao Nascimento, Isabella (Minn); Kelley, Matthew E. (DC) |
| Cc: | James Friedman; Kevin Vick; Jean-Paul Jassy; Meghan Fenzel; George Burnett; Michael Griesbach; Debra L. Bursik |
| Subject: | Responses to most recent discovery follow-up questions |

⚠ **EXTERNAL**

Leita,

I'm highlighting below responses to your questions -- please let me know if you need further clarification:

Designations of the Manitowoc County documents
- You have withdrawn all AEO and privilege designations from these documents
- We don't have any issue with the confidentiality designations you sent on 4/15/22
- We will mark the Manitowoc County documents (the first set you produced to us on 2/9/22) with the confidentiality designations you sent on 4/15 and use that set going forward

- De-duped Manitowoc County Documents; we are in the process of confirming whether we can identify the duplicate documents omitted from the production on 2/9 and will circle back if we are unable to do so.
- Designation of all emails served on 3/11/22 as AEO

- You agreed to review these designations but I don't believe we've received any adjustments; please let us know when those are coming. We are designating them as Confidential rather than Attorneys' Eyes' Only; please advise whether you need a spreadsheet to this effect.

- Text messages previously withheld pursuant to claim of third-party journalist privilege or spousal privilege

    o You served these on 4/18/22 and it appears you are not withholding any text messages at this point except those for which you claim attorney-client privilege; can you please confirm? That is correct.

    o You also said that you would withdraw the claim that Making a Murderer caused Mr. Colborn's divorce "for purposes of these proceedings." We're not sure we understand that limitation/caveat—can you explain what you mean? By withdrawing the contention in this case, Mr. Colborn is not limiting his ability to express his personal beliefs about the impact of MAM on his marriage in other settings apart from this case.

- Can you confirm that texts for which you continue to claim attorney-client privilege were not group texts that included non-lawyers such as Brenda Schuler? And can you confirm that the substance

of the texts was not otherwise shared (via forwarding, copying and pasting, or otherwise) with non-lawyers such as Brenda Schuler or Barb Colborn? Our review indicates that Mr. Colborn would often receive a text or email from his counsel and then immediately share its contents with Ms. Schuler and/or Ms. Colborn, and that is a waiver of privilege even if neither woman was copied on the initial text or email. ==We believe we have produced all materials that were forwarded to those who were not attorneys/counsel.==

- When you initially produced text messages to us you purported to designate them all as AEO. We understand you are withdrawing that designation as to all text messages. None of the text messages we have received as of today are branded with any designation. If we are overlooking something, please let us know. ==Text messages are being designated as Confidential with the telephone number column removed so that they no longer need AEO protection.==

- You had agreed to provide additional information on the damages witness Mr. Colborn identified and possibly withdraw some of them. When can we expect the supplemental information. ==We expect to provide supplemental information on Monday.==

- New issues:

- ==In== the new documents you produced on 4/14, we are seeing many redacted documents, despite the inclusion of non-attorneys such as Brenda Schuler on portions of the email chain. See COLBORN-004635, -004611, -004649. We are also seeing indications that Ms. Schuler was included on many legal strategy discussions. See COLBORN-004593, -002807. We believe redaction of documents which included Ms. Schuler on the chain, which were shared with Ms. Schuler, or which involved substantive discussions to which Ms. Schuler was privy (in writing or otherwise) is inappropriate. And the inclusion of Ms. Schuler in these legal strategy discussions indicates that there has been a significant and broad waiver of the attorney-client privilege in this case. Please let us know if you will agree to withdraw all such redactions.

==The redactions on Bates Nos. 4635, 4611, 4649 are as to email messages as to which Brenda Schuler was not included. She was on an earlier part of the email thread but was dropped from the chain. I believe that in some of the responsive documents that have been produced to you, Ms. Schuler indicates that Attorney Griesbach advised her she could not be part of the legal team. We don't believe that she can be properly or accurately characterized as involved in setting legal strategy.==

April