IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANDREW L. COLBORN,

                              Plaintiff,

        vs.

NETFLIX, INC.,                                          Case No. 19-CV-484
CHROME MEDIA, LLC, f/k/a
SYNTHESIS FILMS, LLC,
LAURA RICCIARDI, and
MOIRA DEMOS,

                    Defendants.

**PLAINTIFF'S RESPONSE TO
"MOTION TO RESTRICT" FILED BY NETFLIX, INC.**

## INTRODUCTION

        Netflix, Inc. filed a motion requesting that the Court order that certain documents that

Plaintiff intended to produce as "Confidential" pursuant to the Protective Order entered in this

case be treated as non-confidential. As further explained below, Netflix's motion is procedurally

improper. In addition, Netflix has previously been advised that the documents implicate interests

claimed by a third party that Netflix does not appear to have served with its motion. Plaintiff

intendes to provide a copy of Netflix's motion to the third party so that it can protect any

claimed interests in confidentiality if it chooses to appear in these proceedings for that purpose.

## ARGUMENT

        Though it is cumbersome to parse through the details of the back-and-forth on which

Netflix bases its motion, its argument appears to rest on an assertion that the purported failure to

specifically refer to a supplemental email production in a prior email message allegedly

permanently and irrevocably waived Plaintiff's right to designate certain documents as confidential. Netflix's motion is procedurally inappropriate, as explained below.

Further, the ultimate determination whether the documents in question should be treated as "Confidential" potentially affects the interests of a third party. Netflix does not appear to have served that party with its motion, despite the fact that, prior to producing the documents, Plaintiff advised Netflix that Plaintiff intended to produce them as confidential at the request of the third party. As a matter of basic fairness, the third party should be permitted an opportunity to be heard prior to the determination of Netflix's motion.

## I.     NETFLIX FAILED TO FOLLOW APPROPRIATE PROCEDURE.

Netflix's motion is procedurally inappropriate for at least two reasons. First, the Protective Order and local rules require that motions regarding allegedly improper confidentiality designations and motions relating to discovery be preceded by a meet-and-confer (or an attempted meet-and-confer) and so certified upon filing. Dkt #189 at p. 5, ¶(D); Civil L.R. 37. No such meet-and-confer preceded the filing of the motion by Netflix, Inc.; to the contrary, Netflix's own submission establishes that it filed its motion less than 24 hours after it informed Plaintiff's counsel that it intended to file the documents without confidentiality restrictions. *Cf.* Dkt #220-9 at p. 3 (April 25, 2022 message); Dkt #220 (April 26, 2022 filing). Netflix also filed the motion the day of Plaintiff's deposition of a primary Netflix, Inc. witness and during a week in which another Netflix, Inc. witness was to be deposed. Declaration of April Rockstead Barker, ¶2.

In addition, as established by Netflix's submission, Plaintiff's counsel's paralegal attempted to correct any mistaken impression about the designations pertaining to the documents in question upon learning that Netflix was planning to take the position that the documents were

not designated as "Confidential." Dkt #220-9 at pp. 2-3 (April 25, 2022 email message from Debra Bursik). The Protective Order provides that if a party has inadvertently produced documents without an intended confidentiality designation, the party may so advise receiving counsel within ten days of discovery of the inadvertent production. Dkt #189, p. 2, ¶ (A)(5).

In fact, prior to making the production in which Plaintiff produced the documents that are at issue in the Netflix motion, Plaintiff's counsel had previously alerted Netflix's counsel that the documents at issue would be produced in a supplemental production that Plaintiff intended to designate as "Confidential." Barker Decl., ¶3. It appears that Netflix is attempting to exploit an alleged failure to designate documents as "Confidential" despite the fact that it had previously been informed that those documents were intended to be treated as "Confidential" and despite the fact that it has subsequently been informed in writing that Plaintiff intended that the documents be designated as "Confidential."

## II. THE THIRD PARTY WHOSE INTERESTS ARE IMPLICATED BY NETFLIX'S MOTION SHOULD HAVE BEEN SERVED WITH THE MOTION.

As Plaintiff explained to Netflix prior to producing the documents in question, the documents were intended to be produced with "Confidential" designations at the request of a third-party film production company because the messages involve a representative of the company and the film that the company is developing has not yet been released. Barker Decl., ¶3. It does not appear that the film production company or the representatives in question have been served with Netflix's motion. Because the film production company has contended that its interests are at issue, Plaintiff intendeds to provide a copy of Netflix's motion to the company's representatives. Plaintiff respectfully submits that the third-party production company should be

3

permitted an opportunity to appear if it contends that the public release of the documents in question would negatively affect its interests.

Dated this 17th day of May, 2022.

By: /s/ April Rockstead Barker
April Rockstead Barker
State Bar No. 1026163


Schott, Bublitz & Engel, S.C.
640 W. Moreland Blvd.
Waukesha, WI 53188-2433
(262)-827-1700

LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
Attorneys for Plaintiff, Andrew L. Colborn

**POST OFFICE ADDRESS:**
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
State Br No. 1005964

GRIESBACH LAW OFFICES, LLC
Attorney Michael C. Griesbach
State Bar No. 01012799
Griesbach Law Offices, LLC
PO Box 2047
Manitowoc, WI 54221-2047
(920) 320-1358

4