**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| **ANDREW L. COLBORN,** | |
| **Plaintiff,** | |
| **vs.** | **Civil No.: 19-CV-484-BHL** |
| **NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,** | |
| **Defendants.** | |

<u>**DEFENDANT NETFLIX, INC.'S REPLY REGARDING MOTION TO RESTRICT**</u>

Pending before the Court is Defendant Netflix, Inc.'s Motion to Compel Michael Griesbach's compliance with Netflix's third-party subpoena (Dkt. 206) ("Motion to Compel"). In support of its reply briefing on the matter, Netflix filed several documents produced by Plaintiff under a confidentiality designation (Dkt. 222). Netflix was thus obligated to and did file those documents under restriction, in accordance with Gen. L.R. 79 (Dkt. 219) ("Motion to Restrict"). As Netflix made clear in its Motion to Restrict, however, it believed as both a *procedural* matter and a *substantive* matter, the Court should decline to restrict public access to Netflix's Reply in support of its Motion to Compel and all related papers.

Plaintiff now alleges, without citation to any court rule or related case law, that Netflix's Motion to Restrict was "procedurally improper." Dkt. 229 at 2-3. But what does *not* appear in Plaintiff's motion—including any reference to Gen. L.R. 79, which governs Netflix's Motion to Restrict—speaks volumes here. Taking the substantive argument first, Plaintiff does not

challenge that the documents Netflix filed with this Court are not "confidential" as defined by the Protective Order in this action. *See generally* Dkt. 229. As contemplated by the Protective Order, only those documents that a party "in good faith believes . . . contain trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information" may be produced with a confidentiality designation. Dkt. 189 at (A)(1). Personal communications between Plaintiff, Plaintiff's counsel Michael Griesbach, and a third-party, non-attorney confidant of the Plaintiff regarding this lawsuit, *Making a Murderer*, and possible press interviews simply do not fit this definition of "confidential" and should be publicly available as records of the court.

As to the procedural argument, Netflix did exactly what both the Protective Order and Gen. L.R. 79 require: It honored the confidentiality designation provided by Plaintiff by filing its Reply in support of its Motion to Compel under restricted access (*see* Dkt. 221), and filed an accompanying Motion to Restrict explaining that, although it was filing documents under seal as required, it objected to "the continued sealing of the documents or materials." *See* Gen. L.R. 79(d)(3); Dkt. 219 at 1. That Netflix included in its Motion to Restrict facts supporting Netflix's contention that Plaintiff failed to comply with this Court's Protective Order and the parties' ESI protocol was in no way improper.[1]

Pursuant to Gen. L.R. 79, Plaintiff, as the "party that originally designated the documents or materials as confidential," was then permitted to "provide sufficient facts demonstrating good cause to continue sealing the documents or materials." *Id.* Not only does Plaintiff's response fail to provide good cause as to either the substantive or procedural arguments made by Netflix, it in

---

[1] Nor was it improper for Netflix to comply with L.R. 7(c) and file its Reply in support of its Motion to Compel on April 27, 2022.

fact implicitly concedes that Plaintiff himself does not care and has no interest in whether the documents at issue are filed publicly. Rather, he says he believes that a third party referenced in the documents should have a chance to intervene. Given all this, Plaintiff has not shown good cause to continue restricting public access to these documents, and so "the motion must be denied and the documents or materials publicly filed by the Clerk of Court." Gen. L. R. 79 (d)(3).

If the Court wants to give the third party here—a woman named Brenda Schuler—a chance to intervene, Netflix does not object and proposes that the Court give Ms. Schuler 14 days upon receiving notice to file her own response showing good cause under Gen. L.R. 79 why her communications with Plaintiff and Mr. Griesbach should be designated as "confidential." Netflix anticipates, however, that the parties will be filing many more documents with the Court involving, and even produced by, Ms. Schuler, in future motions practice.[2] Netflix, therefore, respectfully requests that, should the Court afford Ms. Schuler the opportunity to intervene, she be directed to address any and all privacy interest she has in any documents Plaintiff has produced to date that reference her and that she produces in this matter.[3] This will eliminate the need for future motion practice on all documents involving her going forward.

---

[2] In fact, Netflix obtained additional documents from Ms. Schuler on May 19, 2022, and is deposing her on May 20.

[3] Because Plaintiff has designated all of his documents confidential, he is in the best position to provide such documents to Ms. Schuler for her review.

Dated: May 20, 2022                    Respectfully submitted,

   *s/ James A. Friedman*
James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

Leita Walker
Isabella Salomão Nascimento
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com
salamaonascimentoi@ballardspahr.com

Matthew E. Kelley
Emmy Parsons
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, D.C. 20006-1157
T: (202) 508-1112
F: (202) 661-2299
kelleym@ballardspahr.com
parsonse@ballardspahr.com

*Counsel for Netflix, Inc.*

27227885.1