IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>Plaintiff,<br><br>vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,<br><br>Defendants. | Civil No.: 19-CV-484 |

**DEFENDANTS' JOINT CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION
FOR ORDER ALLOWING DEFENDANTS
TO DEPOSE PLAINTIFF FOR 14 HOURS COLLECTIVELY**

Defendants Laura Ricciardi, Moira Demos and Chrome Media LLC (together the "Producer Defendants"), joined by co-defendant Netflix, Inc., (collectively the "Defendants"), by their attorneys, hereby move the Court for an order granting Defendants leave to depose Plaintiff Andrew Colborn for 14 hours collectively (two days of seven hours). Pursuant to Federal Rules of Civil Procedure 26, 30, and 37, Defendants state as follows:

There is good cause for this motion. Rule 30(d)(1) limits "a deposition" to "7 hours" but "requires the court to order otherwise if 'additional time ... [is] needed to fairly examine the deponent.'" *Love v. Med. Coll. Of Wisconsin*, 2018 WL 11413975, at *2 (E.D. Wis. Feb. 13, 2018). Committee Notes for the 2000 Amendment to Rule 30 explain that an extension may be warranted for questioning about "events occurring over a long period of time," "multi-party cases," and "numerous or lengthy documents," so long as "duplicative questioning" is avoided.

Plaintiff filed a multi-party lawsuit against Defendants and has made clear in discovery he seeks to recover more than $10 million from them. His Second Amended Complaint ("SAC") is 56 pages long and involves myriad allegations about events that occurred as far back as 1985. His responses to interrogatories from the Producer Defendants run nearly 70 pages, his responses to Netflix's another 15, and he has produced thousands of pages of documents and hours of audio files, while also denying nearly every request for admission. In addition, third parties, including Plaintiff's former employer, the Manitowoc County Sheriff's Office, and the Calumet County Sheriff's Office, provided tens of thousands of pages regarding underlying events at issue in *Making a Murderer* ("MaM").

An ordinary defamation case might involve a single statement or a short article. Here, MaM is a 10-hour series documenting decades of events. Plaintiff has sued for both defamation and intentional infliction of emotional distress, listing voluminous allegedly false and defamatory

1

statements (Dkt. 105 at 29-43), while also complaining about the series' omissions, musical score, graphics, and other nonverbal components.  Defendants must explore all this in order to adequately and fairly defend themselves.  Plaintiff took *four* full-day party and/or party-affiliated depositions of Defendants: Ricciardi, Demos and Netflix employees Lisa Nishimura and Adam Del Deo.  By contrast, Defendants have only one party—Plaintiff—to question about the multitude of allegations in the SAC and his contentions and documents adduced in discovery.

Defendants must have adequate time to address the various elements of Plaintiff's claims, including (i) the range of allegedly materially false and defamatory statements on which Plaintiff's SAC is premised; (ii) the underlying facts related to such statements; (iii) the extent to which the statements were first made by the defense team at Mr. Avery's criminal trial and contemporaneously reported on by the media; (iv) actual malice and Plaintiff's contentions regarding the same; (v) the damages Plaintiff claims to have suffered; (vi) proximate causation of any such claimed damages, including through publicity surrounding Mr. Avery's criminal trial; (vii) Defendants' alleged intent to cause emotional distress; (viii) Plaintiff's efforts—or lack thereof—to mitigate any claimed damages, including due to an exclusive contract he entered into with *Convicting a Murderer*, a forthcoming "counter-documentary" to MaM.

In addition, Defendants must question Plaintiff regarding various revelations from the recent deposition of Brenda Schuler, Mr. Colborn's close confidant and Executive Producer of *Convicting a Murderer*, including (i) whether Plaintiff preserved and produced to Defendants all documents responsive to discovery requests—Ms. Schuler testified Plaintiff provided to her a "box" of materials; (ii) Plaintiff's violation of confidentiality in this case—Ms. Schuler testified Plaintiff disclosed to her the substance of the confidential Court-ordered mediation before Magistrate Judge Duffin, and Defendants worry Plaintiff may have committed other violations,

including with respect to proprietary materials produced in discovery that the Producer Defendants worry he may have shared with others; (iii) the extent of Plaintiff's waiver of attorney-client privilege—Ms. Schuler testified that, although not part of Plaintiff's litigation team, she drafted portions of his complaint (including its lengthy exhibits) and communicated extensively with Plaintiff and Michael Griesbach about preparing the lawsuit. *See* concurrently filed Declaration of Kevin L. Vick ("Vick Decl."), Ex. 1 (excerpts from B. Schuler deposition).

In short, there is *a lot* to ask Plaintiff about at his deposition. Accordingly, the Defendants respectfully request that they be granted, collectively, 14 hours to depose Plaintiff over the course of two days.[1] This is reasonable under the circumstances detailed above. *See*, *e.g.*, *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, 2011 WL 13077074 at *1 (E.D. Wis. Sept. 21, 2011) (noting that the seven-hour limit is only "presumptive" and additional time must be allowed "if needed to fairly examine the deponent").

Counsel for Plaintiff opposes this motion and has refused to consent in advance to additional time to depose Plaintiff, agreeing only that, if after seven hours of questioning, they believed Defendants' questioning had been efficient and non-duplicative, they would consider allowing some additional time. Defendants cannot proceed under such uncertainty, as all Defendants need to know in advance how much time they have to question Plaintiff and plan accordingly. Defendants cannot leave things entirely in the hands of Plaintiff's counsel to unilaterally decide the length of the deposition. Defendants also fear a "wait and see" approach risks complicating the case schedule by necessitating future motion practice in August. A copy of the parties' meet and confer correspondence is provided concurrently with this motion. Vick Decl., Ex. 2.

---

[1] Had Plaintiff sued each Defendant individually, all four defendants would be entitled to seven hours—or 28 total.

Dated: June 24, 2022                     Respectfully submitted,

Leita Walker                             *s/ James A. Friedman*
Isabella Salomão Nascimento              Kevin L. Vick (*pro hac vice*)
Ballard Spahr LLP                        Meghan Fenzel (*pro hac vice*)
2000 IDS Center, 80 South 8th Street     JASSY VICK CAROLAN LLP
Minneapolis, MN 55402-2119               355 South Grand Avenue, Suite 2450
T: (612) 371-6222                        Los Angeles, CA 90071
F: (612) 371-3207                        T: (310) 870-7048
walkerl@ballardspahr.com                 F: (310) 870-7010
salamaonascimentoi@ballardspahr.com      kvick@jassyvick.com
                                         mfenzel@jassyvick.com
Matthew E. Kelley
Emmy Parsons                             *Counsel for Defendant Laura Ricciardi, Moira*
Ballard Spahr LLP                        *Demos, and Chrome Media, LLC*
1909 K Street, NW, Suite 1200
Washington, D.C. 20006-1157              James A. Friedman, SBN 1020756
T: (202) 508-1112                        GODFREY & KAHN, S.C.
F: (202) 661-2299                        One East Main Street
kelleym@ballardspahr.com                 Suite 500
parsonse@ballardspahr.com                Madison, WI 53703-3300
                                         T: (608) 284-2617
*Counsel for Netflix, Inc.*              F. (608) 257-0609
                                         jfriedman@gklaw.com

                                         *Counsel for the Defendants*

27424107.2

4