# EXHIBIT 2

# Kevin Vick

| | |
|---|---|
| **From:** | George Burnett <GB@lcojlaw.com> on behalf of George Burnett |
| **Sent:** | Wednesday, June 8, 2022 7:37 AM |
| **To:** | Kevin Vick |
| **Cc:** | Walker, Leita; April Barker; Michael Griesbach; Jean-Paul Jassy; Meghan Fenzel; Parsons, Emmy; Salomao Nascimento, Isabella; Kelley, Matthew E.; Friedman, James |
| **Subject:** | Re: Plaintiff's deposition |
| **Attachments:** | image003.jpg; image005.jpg; image006.jpg |

Thanks. Will look for the motion. Perhaps we can agree to shorten briefing schedule to give the court more time to address before 7/28

Sent from my iPhone

> On Jun 7, 2022, at 11:20 PM, Kevin Vick <kvick@jassyvick.com> wrote:
>
> George,
>
> While I appreciate your responding, we cannot accept your proposal as it would leave things uncertain, risk delaying the case, and jeopardize our clients' ability to fairly defend themselves against Mr. Colborn's lawsuit. Mr. Colborn has chosen to sue numerous defendants, and the defendants are entitled to a reasonable opportunity to depose Mr. Colborn, which will take a significant amount of time given the scope of the issues in the case as explained in my prior emails.
>
> Moreover, as a practical matter, in order to prepare for Mr. Colborn's deposition, defendants need to know in advance that they will have sufficient time to question Mr. Colborn. We cannot leave things entirely in the hands of Mr. Colborn's counsel to unilaterally decide whether defendants receive additional time beyond seven hours. Nor would we want to complicate the existing case schedule by having to initiate motion practice in August if a disagreement as to the appropriate amount of time arose at Mr. Colborn's deposition on July 28. As a result, we intend to file a motion with Judge Ludwig and we will request an order permitting defendants 14 hours collectively to depose Mr. Colborn.
>
> Best,
>
> Kevin



**Kevin L. Vick**
**Jassy Vick Carolan LLP | 310-870-7048 | kvick@jassyvick.com**
**355 S. Grand Ave., Suite 2450 | Los Angeles, CA 90071**
jassyvick.com

This e-mail may contain confidential and/or privileged material.  Any review or distribution by anyone other than the intended recipient is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies of this e-mail immediately.  This email does not establish an attorney-client relationship.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice communicated by way of this document is not intended to be used, and cannot be used, by you or anyone else for the purpose of avoiding penalties under the Internal Revenue Code, or promoting  or recommending anything to another party.

**From:** George Burnett <GB@lcojlaw.com>
**Sent:** Monday, June 6, 2022 9:04 AM
**To:** 'Kevin Vick' <kvick@jassyvick.com>
**Cc:** Walker, Leita <WalkerL@ballardspahr.com>; April Barker <abarker@sbe-law.com>; Michael Griesbach <attymgriesbach@gmail.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Parsons, Emmy <parsonse@ballardspahr.com>; Salomao Nascimento, Isabella <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. <KelleyM@ballardspahr.com>; Friedman, James <JFriedman@gklaw.com>
**Subject:** RE: Plaintiff's deposition

Kevin—Thank-you for the response and I apologize for the slight delay in responding as I was focused on briefing a dispositive motion in another case.  We continue to disagree over the need for additional time to question Mr. Colborn and regardless I think 14 hours of questioning is extravagant.  I have a few thoughts and a possible compromise.  First, you list eight areas of substantive questioning, but three involve areas which Colborn would have no meaningful information about.  He has no personal insight into the defendants actual malice or intentions to harm him and I very much doubt the Court would permit his opinions about another's state of mind on those subjects at trial.  So too with the statements other people , including Mr. Avery's lawyers, made at trial.   Those can be confirmed by transcript and film and Colborn did not attend large parts of the trial.  Questioning on these subjects should therefore  be short.

Second, you refer to the complaint and its length and complexity.  But the complaint was drafted by lawyers and like many other witnesses Colborn is a witness who can testify only about facts that he knows.  He will not know facts pertinent to every aspect of the complaint.  Other witnesses furnish that information.  You are certainly free to question as you see fit but going through a voluminous complaint may not yield the information you seek.

Third, You mention the length of interrogatory answers and the volume of documents produced in discovery.  We responded at length because many questions called for narratives, thus we provided them.  Some questions were the type usually seen in deposition so I would hope any lengthy answers  would inform and perhaps shorten rather than lengthen questioning.  As for documents, most have no relevance and we too dealt with a large volume of documents you and Leita produced but still kept within the rule.

Fourth, both April and I adhered to the seven hour rule in our questioning.  We did so even as several witnesses often gave lengthy, seemingly rehearsed, and non-responsive  answers to pointed and direct questions.  We had a choice to make under the rule—dwell on the question, spend valuable time debating with the witness with no certain hope of getting a direct answer or move on to ensure that all topics we planned to cover were covered in questioning.  We often chose the latter for the sake of time.  I doubt you will encounter a similar problem with Colborn who in my experience speaks directly and straightforward.  However the same rule should apply to both sides.

Fifth, you mention that we sued multiple defendants, yet this case has been pending for about two years and the defendants have presented a joint and unified front. I recall no cross-claims and I would be surprised if a joint defense agreement did not exist between them.

Sixth, you already have the benefit of previous trial and deposition testimony from Mr. Colborn so that again should abbreviate questioning.

There are other points to make but those should be enough to explain our view.

However, I have a possible compromise. We both must forecast about questions and answers we have not heard, a task which makes predicting whether seven hours of questioning will be adequate to learn the critical facts that Mr. colborn knows more difficult. I suggest we keep both dates on the calendar, If the questioning is efficient and non-duplicative as you promise, I will permit questioning beyond seven hours because I understand Judge Ludwig will allow you enough time to discover what Mr. Colborn knows. On the other hand, perhaps the questioning is completed in the allotted time and the whole issue becomes academic. There are three added advantages: we will have a better idea about what we are dealing with after questioning begins and we will not need to presently trouble Judge Ludwig with the same uncertain situation we now face. If we disagree on July 27 about the need for further time your option to bring a motion on the subject remains . Please consider and advise. Thanks. GB

PS. You mention exploring waiver of the attorney client privilege. As I think I mentioned some time ago in a meet and confer conference, I think the privilege is waived to the extent that Colborn revealed otherwise privileged communications to third parties but communications not revealed remain privileged. Let me know if you and Leita agree as we should get this worked out before testimony so as to avoid, if possible, instructing this witness not to answer questions and future motion practice.

**From:** Kevin Vick [mailto:kvick@jassyvick.com]
**Sent:** Wednesday, June 1, 2022 4:44 PM
**To:** George Burnett <GB@lcojlaw.com>
**Cc:** Walker, Leita <WalkerL@ballardspahr.com>; April Barker <abarker@sbe-law.com>; Michael Griesbach <attymgriesbach@gmail.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Parsons, Emmy <parsonse@ballardspahr.com>; Salomao Nascimento, Isabella <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. <KelleyM@ballardspahr.com>; Friedman, James <JFriedman@gklaw.com>
**Subject:** RE: Plaintiff's deposition

George,

To further answer your question, I'll note that Mr. Colborn's operative Second Amended Complaint is 56 pages long and relates to events occurring over the course of more than two decades. At a bare minimum, we need to address at his deposition the elements of his claims and certain related issues, including:

- The range of allegedly materially false statements on which Mr. Colborn's Second Amended Complaint is premised.
- Underlying facts related to such statements.
- The extent to which such statements were made by Steven Avery's attorneys at his trial for the murder of Teresa Halbach, and were widely reported by the media prior to *Making a Murderer*.
- Actual malice and Mr. Colborn's contentions regarding same.
- The full scope of damages that Mr. Colborn claims to have suffered, including, e.g., reputational damage, emotional distress, etc.
- Proximate causation of any such claimed damages.
- Alleged intent to cause emotional distress.

3

- Mr. Colborn's efforts to mitigate any claimed damages, including the interplay of any such efforts by Mr. Colborn and his involvement with the *Convicting* documentary project.

Besides those obvious subjects, Mr. Colborn's deposition also will need to address certain subjects that have recently come to light in discovery, including violations of the rules surrounding the confidential mediation held before Magistrate Judge Duffin last year and the extent of certain waivers of attorney-client privilege by Mr. Colborn.

Moreover, Mr. Colborn's original and supplemental responses to my clients' interrogatories total approximately 70 pages, and he also served 15 pages of responses to Netflix's separate interrogatories. In addition, Mr. Colborn has produced a significant number of documents in this case, and additional relevant documents have been obtained from third parties such as the Manitowoc County and Calumet County Sheriff's Departments in response to the parties' various document subpoenas. Mr. Colborn also denied virtually every request for admission that was served on him in this case.

In sum, there is a lot to ask Mr. Colborn about. And, unlike the situation with defendants where Plaintiff took four party and/or party-affiliated depositions, there are not multiple people on Plaintiff's side to depose – just Mr. Colborn. We also anticipate showing Mr. Colborn various video clips during his deposition. As the depositions of prior witnesses made clear, that can take time. Indeed, the deposition of non-party Brenda Schuler took nearly seven hours, despite counsel's efforts to be efficient and non-duplicative, and Ms. Schuler obviously had less information than Mr. Colborn.

I do not plan to replicate the questioning covered by Netflix's counsel, and I presume that Netflix counsel does not either. But I do anticipate that we may have follow-up questions to certain lines of questioning from Netflix counsel, and vice-versa. And I anticipate that we'll have lines of questioning that Netflix will not get into, and vice versa. While Netflix counsel and I will, of course, do our best to be efficient and to avoid unnecessary replication, I do not see how Mr. Colborn's deposition questioning could be adequately covered in just 7 hours. That is particularly true given that Mr. Colborn has claimed in discovery that he is entitled to many millions of dollars in damages from my clients individually, who are entitled to a fair opportunity to defend themselves accordingly.

Therefore, we're requesting that Netflix, on the one hand, and Laura Ricciardi, Moira Demos and Chrome Media, on the other hand, each be given one day (or 14 hours total collectively for all defendants) to depose Mr. Colborn, although we will do our best to proceed expeditiously and will not use such time gratuitously. This is reasonable given the scope of Mr. Colborn's claims and the underlying events, the amount of material that needs to be covered at his deposition, and the size of the personal liability Mr. Colborn that seeks to impose upon my clients. *See, e.g., Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC*, 2011 WL 13077074 at *1 (E.D. Wis. Sept. 21, 2011) (noting that F.R.C.P. Rule 30(d)(1) provides that the seven hour limit is only "presumptive" and "The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent").

Please let us know if you will agree to our request, or whether we will need to seek relief from the Court.

Sincerely,

Kevin



**Kevin L. Vick**
**Jassy Vick Carolan LLP | 310-870-7048 | kvick@jassyvick.com**
**355 S. Grand Ave., Suite 2450 | Los Angeles, CA 90071**
jassyvick.com

This e-mail may contain confidential and/or privileged material. Any review or distribution by anyone other than the intended recipient is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies of this e-mail immediately. This email does not establish an attorney-client relationship.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice communicated by way of this document is not intended to be used, and cannot be used, by you or anyone else for the purpose of avoiding penalties under the Internal Revenue Code, or promoting or recommending anything to another party.

**From:** George Burnett <GB@lcojlaw.com>
**Sent:** Tuesday, May 31, 2022 7:03 PM
**To:** Kevin Vick <kvick@jassyvick.com>
**Cc:** Walker, Leita <WalkerL@ballardspahr.com>; April Barker <abarker@sbe-law.com>; Michael Griesbach <attymgriesbach@gmail.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Parsons, Emmy <parsonse@ballardspahr.com>; Salomao Nascimento, Isabella <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. <KelleyM@ballardspahr.com>
**Subject:** Re: Plaintiff's deposition

Kevin— I don't deny both defendants are entitled to question colborn, or that the matter is significant but I can't tell from your response why seven hours is inadequate. I am willing to listen but right now I can't discern why a day of questioning is too little or for that matter how much extra time you are requesting. Let me know so I can decide whether to oppose the request. Thanks.

Sent from my iPhone

> On May 31, 2022, at 8:16 PM, Kevin Vick <kvick@jassyvick.com> wrote:
>
> George,
>
> I'll respond to your question as it was me who indicated that the Defendants would collectively need more than 7 hours to depose Mr. Colborn. Mr. Colborn chose to bring a multi-party lawsuit suing Netflix, Chrome Media, Laura Ricciardi and Moira Demos. And Mr. Colborn seeks to impose liability against and to recover significant damages from each and every one of them. Accordingly, the various defendants and their respective counsel are entitled to sufficient time to depose Mr. Colborn to fairly defend against Mr. Colborn's claims. Mr. Colborn filed a lengthy and detailed Second Amended Complaint with exhibits alleging claims for defamation and infliction of emotional distress and covering events beginning back in the mid-1990s. Defendants are entitled to question Mr. Colborn about the substance of his allegations and the elements of his claims, including, by way of example, the facts underlying his allegations and his claimed damages. Mr. Colborn also has produced documents and served responses to interrogatories that further require detailed questioning at his

deposition.  Finally, it should be noted that, in additional to serving voluminous and burdensome written discovery on all Defendants, Mr. Colborn himself took the depositions of four party or party-affiliated witnesses: Ms. Nishimura and Mr. Del Deo from Netflix, plus Ms. Demos and Ms. Ricciardi.  By contrast, Defendants are only requesting sufficient time to depose Mr. Colborn to ensure that they receive a fair opportunity to prepare their defenses to Mr. Colborn's lawsuit.  Please let us know if you will agree to our request.

Sincerely,

Kevin



**Kevin L. Vick**
**Jassy Vick Carolan LLP | 310-870-7048 |** kvick@jassyvick.com
**355 S. Grand Ave., Suite 2450 |** Los Angeles, CA 90071
jassyvick.com

This e-mail may contain confidential and/or privileged material.  Any review or distribution by anyone other than the intended recipient is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies of this e-mail immediately.  This email does not establish an attorney-client relationship.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice communicated by way of this document is not intended to be used, and cannot be used, by you or anyone else for the purpose of avoiding penalties under the Internal Revenue Code, or promoting  or recommending anything to another party.

---

**From:** George Burnett <GB@lcojlaw.com>
**Sent:** Tuesday, May 31, 2022 1:29 PM
**To:** Walker, Leita <WalkerL@ballardspahr.com>; April Barker <abarker@sbe-law.com>; Michael Griesbach <attymgriesbach@gmail.com>
**Cc:** Kevin Vick <kvick@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Parsons, Emmy <parsonse@ballardspahr.com>; Salomao Nascimento, Isabella <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. <KelleyM@ballardspahr.com>
**Subject:** RE: Plaintiff's deposition

Leita—why will it take more than 7 hours to depose the plaintiff?

---

**From:** Walker, Leita <WalkerL@ballardspahr.com>
**Sent:** Tuesday, May 31, 2022 10:45 AM
**To:** April Barker <abarker@sbe-law.com>; George Burnett <GB@lcojlaw.com>; Michael Griesbach <attymgriesbach@gmail.com>
**Cc:** Kevin Vick <kvick@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Parsons, Emmy

<parsonse@ballardspahr.com>; Salomao Nascimento, Isabella <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. <KelleyM@ballardspahr.com>
**Subject:** RE: Plaintiff's deposition

Hello – Hope you all had a nice Memorial Day weekend. Circling back on this as I know summer schedules fill up fast.
Leita

---

**From:** Walker, Leita (Minn)
**Sent:** Thursday, May 26, 2022 4:38 PM
**To:** 'April Barker' <abarker@sbe-law.com>; 'George Burnett' <GB@lcojlaw.com>; 'Michael Griesbach' <attymgriesbach@gmail.com>
**Cc:** 'Kevin Vick' <kvick@jassyvick.com>; Jean-Paul Jassy <jpjassy@jassyvick.com>; Meghan Fenzel <mfenzel@jassyvick.com>; Parsons, Emmy (DC) <parsonse@ballardspahr.com>; Salomao Nascimento, Isabella (Minn) <salomaonascimentoi@ballardspahr.com>; Kelley, Matthew E. (DC) <KelleyM@ballardspahr.com>
**Subject:** Plaintiff's deposition

Counsel, How do July 27 and 28 look for Mr. Colborn's deposition? Please let us know and we will get it noticed.
Leita

**Leita Walker**



2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
612.371.6222 DIRECT
612.371.3207 FAX

walkerl@ballardspahr.com

www.ballardspahr.com

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.