**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

ANDREW L. COLBORN
                    Plaintiff,

v.                                    Case Number: 19-CV-484

NETFLIX, INC.,
CHROME MEDIA, LLC, f/k/a
SYNTHESIS FILMS, LLC, LAURA RICCIARDI,
and MOIRA DEMOS,
                    Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION**
**FOR ORDER ALLOWING DEFENDANTS TO**
**DEPOSE PLAINTIFF FOR 14 HOURS COLLECTIVELY**

Defendants claim to need 14 hours collectively to depose Plaintiff Colburn because they must explore the extent to which Plaintiff's contact with Ms. Schuler waived the attorney-client privilege and because Plaintiff Colburn's Complaint is lengthy and raises multiple areas of substantive questioning. In addition, they claim that they are entitled to more time to depose Mr. Colburn because of the fact that this is a multi-party lawsuit. None of these reasons justify extending the time to take Plaintiff's deposition to more than seven hours.

First, the fact that Defendants have filed this motion jointly is consistent with the fact that they have presented a united front in this litigation. Defendants will be able to stay within the 7 hour time limit for the deposition by ensuring they do not cover ground covered by another defendant.

Second, the plaintiff does not dispute that the attorney-client privilege is waived to the extent that Mr. Colborn revealed otherwise privileged communications to third parties, but

maintains that communications not revealed are privileged. Given this concession, Defendants will not need to explore with Mr. Colburn whether his communications with Ms. Schuler regarding privileged communications result in waiver of the attorney-client privilege.

Third, Defendants claim that they need more time because they must explore eight areas of substantive questioning with Mr. Colburn, but with respect to two of these areas—whether the defendants acted with actual malice, and whether the defendants acted with intent to harm him, for example, by causing him emotional distress—Mr. Colburn cannot testify because he has no relevant information regarding these areas. In addition, questioning Mr. Colburn about statements other people, including Mr. Avery's lawyers, made at trial will likely be brief because such statements can be confirmed by transcript and film, and because Mr. Colburn did not attend large parts of the trial.

Defendants' claim that they need 14 hours to depose Mr. Colburn because of the length of the operative complaint is also misplaced. Like other witnesses, Mr. Colburn can only testify to the facts that he knows, and he will not know about each fact alleged in the complaint. In addition, the Defendants have the benefit of Mr. Colburn's previous deposition and trial testimony, which should limit the field of questions about which they feel they must ask Mr. Colburn. Accordingly, the length of the complaint should have no bearing on how long Defendants need to depose Mr. Colburn. Seven hours is sufficient.

Plaintiff's counsel have adhered to the 7 hour time limit for deposing relevant witnesses, and there is no reason Defendants' counsel cannot do the same when deposing Mr. Colburn. Defendants' motion should be denied.

Dated: July 5, 2022

Respectfully submitted,

LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
Attorneys for Plaintiff, Andrew L. Colborn

By: *Electronically signed by George Burnett*

George Burnett
State Bar Number: 1005964
Christina D. Sommers
State Bar Number: 1104038

231 S. Adams Street/PO Box 23200
Green Bay, WI 54305-3200
(920) 437-0476
GB@lcojlaw.com
CDS@lcojlaw.com

cc: all counsel of record (via-efiling)