IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>    Plaintiff,<br><br> vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,<br><br>    Defendants. | Civil No.: 19-CV-484-BHL |

**DEFENDANTS' JOINT AND UNOPPOSED CIVIL L.R. 7(h) EXPEDITED
NON-DISPOSITIVE MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR BRIEF**

Pursuant to Civil L.R. 7(h), Defendants hereby jointly move the Court for an order granting extra pages for their respective, principal memoranda in support of their motions for summary judgment.[1] In support of this expedited Motion, Defendants state as follows:

1. Civil Local Rule 56(b)(8) limits principal memoranda in support of summary judgment to 30 pages, and requires leave of the Court for more. Netflix and the Producer Defendants each respectfully request an additional 30 pages, for a total of 60, of briefing space for their principal memoranda. This request is justified for several reasons:

2. ***First***, Plaintiff's Second Amended Complaint ("SAC") is 28 pages long, with 82 numbered paragraphs, and an additional 28 pages of exhibits. It puts in issue *Making a Murderer* ("MaM"), a 10-hour, 10-episode series that documents events spanning decades. Plaintiff sues not only for defamation but also for intentional infliction of emotional distress ("IIED").

3. The SAC contains 16 different paragraphs that purport to set forth false and defamatory "statements." It also points to Exhibits A and B. SAC ¶ 59. Plaintiff alleges that Exhibit A "depict[s] numerous inaccuracies in facts" that are "in addition to defamatory statements" set forth in the SAC itself. *Id.* ¶ 21. Plaintiff alleges that Exhibit B "is a transcription of excerpts of Plaintiff's trial testimony that were included in MaM…but that were significantly altered…so as to present a false impression of Plaintiff's testimony." *Id.* ¶ 22.[2] Plaintiff has resisted efforts during discovery to narrow the number of statements at issue.

---

[1] The three Producer Defendants (Laura Ricciardi, Moira Demos, and Chrome Media LLC) will file a joint motion and Netflix will separately file its own motion.

[2] Exhibit B purports to provide a comparison between Colborn's testimony presented in MaM and the trial transcript, with the portions allegedly omitted and "spliced" in MaM highlighted and/or in brackets. There are several inconsistencies between Exhibit B and what MaM actually shows. In any event, with the exception of testimony about a call Colborn made to dispatch, neither the SAC nor Exhibit B identifies with any particularity how these edits render MaM false and defamatory. Exhibit A suffers from similar deficiencies.

4. Plaintiff's throw-it-at-the-wall-and-see-what-sticks approach[3] has resulted in scores of allegations against Defendants generally and collectively, and include, among other things, challenges to numerous editing decisions; complaints about MaM's use of music, graphics, and other visual aids; and broad allegations of actual malice. Exhibits A and B alone raise undifferentiated challenges to wide swaths of the documentary, covering dozens of discrete statements, some of which are not even about Plaintiff. Plaintiff also has challenged content that is not even in MaM—alleged omissions from the documentary—and raised generalized complaints about its alleged tone or bias, and the Defendants' alleged profit motive.

5. The First Amendment and common law this Court must apply in deciding the Defendants' motions for summary judgment is well settled and not particularly complex. But Plaintiff's approach to pleading requires explanation of the *multiple* ways that controlling law precludes his claims, with specifics applied to each challenged "statement" or editing decision. Also, each challenged statement must be considered within the context of the series as a whole.

6. **Second**, at the Rule 12 stage, both Netflix and Plaintiff requested and were granted leave to file oversized briefs. Netflix filed a 50-page brief in support of its motion to dismiss, which did not even address actual malice.[4] Plaintiff filed a *90-page opposition*. Dkts. 119, 131.

7. Since then, the parties have developed a voluminous evidentiary record. Nearly 50,000 documents have been exchanged in discovery, nine witnesses have been deposed, amounting to more than 54 hours of testimony, and hundreds of pages of discovery responses have

---

[3] Perhaps the most egregious example of this is Plaintiff's allegation at SAC ¶¶ 28-29 that MaM falsely reported that a statement Plaintiff made was kept in a safe. Plaintiff has since admitted—and he and his attorney knew at the time they filed the SAC—that this allegation is false. *E.g.*, Decl. of Andrew Colborn ¶ 10; Decl. of Leita Walker ¶¶ 2-4 & Exs. 1-3. But Plaintiff has not withdrawn this allegation and so Defendants must address it. This is but one example.

[4] The Producer Defendants filed an unsuccessful motion to dismiss the First Amended Cmplaint for lack of service, *see* Dkt. 34, but have yet to bring a dispositive motion focused on the merits.

been provided. The entire record from Avery's murder trial has been placed at issue. Also before the Court for consideration is the 10-hour documentary series itself. Meanwhile, the Defendants' briefs must address all material issues—including, *e.g.*, (1) whether Plaintiff has any evidence of actual malice; (2) whether the statements and omissions Plaintiff points to are actionable as a matter of law; and (3) whether Plaintiff's claim for IIED may proceed.

8. In distilling the evidence for the Court, Defendants must make difficult choices about what the Court needs to consider, and will endeavor to describe the evidence and law as succinctly as possible and to avoid repetition. Further, the parties are working diligently to agree on stipulations, beyond the admissions contained in the Declaration of Andrew Colborn, filed herewith. Despite these significant efforts, Defendants need additional pages to adequately address the issues raised by Plaintiff's expansive complaint and discovery responses.

9. ***Third***, permitting comprehensive briefing on these topics will focus the issues in this case. Defendants believe the Court will be persuaded that no issue of fact remains for trial, disposing of the case entirely. But even if summary judgment is ultimately denied, the briefing will focus and streamline the case for a jury. Allowing oversized principal memoranda of no more than 60 pages will also permit for proper preservation of issues, if required later for appeal.

10. ***Fourth***, this motion is unopposed, and Plaintiff agrees he will not be prejudiced if it is granted.[5] Defendants will not oppose any corresponding request by Plaintiff to file an equivalently oversized brief in opposition to Defendants' motions for summary judgment.

WHEREFORE, the Defendants respectfully request that the Court grant this Expedited Non-Dispositive Motion for Leave to Exceed Page Limit for Brief and allow Netflix and the Producer Defendants to each file a summary judgment memorandum of not more than 60 pages.

---

[5] By not opposing Defendants' motion for enlargement, Plaintiff in no way admits any of the substantive material contained in this motion or in Defendants' forthcoming memoranda.

2

Dated: September 6, 2022

Respectfully submitted,

*/s/ Kevin L. Vick*

Kevin L. Vick
Meghan Fenzel
JASSY VICK CAROLAN LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
T: (310) 870-7048
F: (310) 870-7010

*Counsel for Laura Ricciardi, Moira Demos, and Chrome Media LLC*

*/s/ James A. Friedman*

James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

*Counsel for all Defendants*

*/s/ Leita Walker*

Leita Walker
Isabella Salomão Nascimento
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com
salomaonascimentoi@ballardspahr.com

Matthew E. Kelley
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, D.C. 20006-1157
T: (202) 508-1112
F: (202) 661-2299
kelleym@ballardspahr.com

*Counsel for Netflix, Inc.*