IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>          Plaintiff,<br><br>   vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,<br><br>          Defendants. | Civil No.: 19-CV-484-BHL |

## DEFENDANT NETFLIX, INC.'S MOTION TO RESTRICT

Pursuant to General Local Rule 79(d), defendant Netflix, Inc. ("Netflix") submits this Motion to Restrict ("Motion") in connection with its Motion for Summary Judgment and the Memorandum in Support, Statement of Proposed Material Facts, and Declaration of Leita Walker and exhibits in support thereof. In support of this Motion, Netflix states as follows:

    1.    In compliance with the Court's Amended Scheduling Order, Dkt. 210, Netflix is filing its motion for summary judgment today, September 16, 2022.

    2.    As part and in support of its summary judgment filing, Netflix intends to submit the following:

        a.    Certain of Plaintiff's medical records; and

        b.    Excerpts of the testimony of third-party witness, Brenda Schuler.

    3.    These records were designated confidential by parties other than Netflix. Specifically, in the course of discovery, Plaintiff designated the entirety of his medical records

confidential, and at the May 20, 2022 deposition of Brenda Schuler, Schuler's counsel designated the transcript of her deposition confidential.

4. Netflix approached counsel for both Plaintiff and Schuler prior to filing its summary judgment papers to seek permission to file these documents and excerpts publicly. Neither agreed. Accordingly, Netflix now files the documents, as well as any references thereto in Netflix's summary judgment papers, under restriction, in compliance with Gen. L.R. 79(d).

5. While Netflix takes no position regarding whether good cause exists for Plaintiff's medical records to remain restricted from public access, it notes that Plaintiff put his physical and mental health squarely in issue in this case by pursuing a claim for intentional infliction of emotional distress.

6. Netflix takes no position regarding whether good cause exists for Schuler's testimony to remain restricted from public access. Counsel for Schuler represented in correspondence with the undersigned that he is prepared to address the Court regarding the items that Schuler desires remain restricted, should the Court require or request it.

Dated: September 16, 2022

Respectfully submitted,

*s/ Leita Walker*
Leita Walker
Isabella Salomão Nascimento
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
T: (612) 371-6222
F: (612) 371-3207
walkerl@ballardspahr.com
salamaonascimentoi@ballardspahr.com

Matthew E. Kelley
Emmy Parsons
Ballard Spahr LLP

1909 K Street, NW, Suite 1200
Washington, D.C. 20006-1157
T: (202) 508-1112
F: (202) 661-2299
kelleym@ballardspahr.com
parsonse@ballardspahr.com

James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

*Counsel for Netflix, Inc.*