# Exhibit 3

STATE OF WISCONSIN     CIRCUIT COURT     MANITOWOC COUNTY

STATE OF WISCONSIN,
                Plaintiff,

vs.                              **Case No. 05 CF 381**

STEVEN A. AVERY,
                Defendant.

MANITOWOC COUNTY
FILED
JAN 3 0 2007
CLERK OF CIRCUIT COURT

## DECISION AND ORDER ON WRONGFUL CONVICTION EVIDENCE

The State filed a motion in limine dated June 9, 2006 seeking to preclude the introduction of any evidence pertaining to the defendant's wrongful conviction on charges on sexual assault and attempted homicide in Case No. 85 FE 118. The State argued it would be inappropriate for the jury to consider that information because it presented an improper attempt to solicit sympathy from the jury and was irrelevant to the charges the defendant is presently facing.

The defendant filed his first motion in limine on July 14, 2006 seeking to introduce evidence concerning the wrongful conviction and the defendant's 2004 federal lawsuit against Manitowoc County arising out of the wrongful conviction. Avery contends that he should be permitted to present evidence relating to these matters because it demonstrates the potential bias of some of the State's witnesses against him. The State counters by recognizing that evidence of a witness's bias is

206

(1)

CHRM034924

generally admissible, but in this case the marginal relevance of such evidence is outweighed by its prejudicial effect and the evidence should be excluded.

At the outset, the court notes that the jury in this case is likely to gain some knowledge relating the 2004 lawsuit against Manitowoc County as part of the State's case-in-chief, irrespective of the use of such evidence by the defense on the issue of bias. Otherwise, the jury would simply be left to wonder why a crime which occurred in Manitowoc County was investigated under the supervision of the Calumet County Sheriff's Department and is being prosecuted by the Calumet County District Attorney. The jurors are entitled to some explanation as to why the prosecution of this matter is being handled by Calumet County and why they are being transported to Calumet County to hear the case. Otherwise, the jurors would be left to speculate on reasons for this procedure, to the potentially unfair prejudice of either party, rather than focus on the evidence as it relates to the merits of the case.

Both parties recognize that the starting point in determining the admissibility of bias evidence is *State v. Williamson*, 84 Wis. 2d 370 (1978). The court recognized in *Williamson* that "the bias or prejudice of a witness is not a collateral issue and extrinsic evidence may be used to prove that a witness has a motive to testify falsely." 84 Wis. 2d at 383. The trial court has discretion in determining the extent of the inquiry a defendant may make with respect to bias. *Id.* The first step

Case 1:19-cv-00484-BHL   Filed 09/16/22   Page 3 of 10   Document 279-3

CHRM034925

for the court to apply in exercising its discretion is to determine the relevance of bias evidence. "Evidence offered to prove bias must be rationally related to the witness sought to be impeached by it. In other words, using the terminology of the Wisconsin Rules of Evidence, testimony offered to show bias must be 'relevant' on that point. Sec. 904.02, Stats. To be relevant, the evidence must have a logical or rational connection with the fact sought to be proved." *Id.*, at 384. If the court determines the bias evidence to be relevant, the court must then weigh its probative value against its prejudicial effect under §904.03. *Id.*, at 384-385.

The defendant seeks to introduce evidence relating to the defendant's wrongful conviction in the 1985 case and subsequent lawsuit against Manitowoc County because he asserts it is relevant to show bias on the part of two members of the Manitowoc County Sheriff's Department, James Lenk and Andrew Colborn. The court understands the defendant's argument to be that while Lenk and Colborn were not members of the Manitowoc County Sheriff's Department at the time of the 1985 case, they were deposed in the course of the defendant's civil suit because they are alleged to have received information in 1995 or 1996 implicating Gregory Allen, the man who all parties now recognize actually committed the 1985 offense, at a time when the defendant was still incarcerated. Avery contended as part of his federal lawsuit that the inaction on the part of Lenk and Colborn contributed to the prolonging his wrongful incarceration. He argues that his accusation would

3

CHRM034926

provide a motive on the part of Lenk and Colborn to be biased against him in their investigation of this matter. The court agrees that Avery's charges against Lenk and Colborn in his federal lawsuit could have provided such a motive, whether or not Lenk and Colborn were actually parties to the lawsuit. That is, the court is satisfied that some evidence relating to the wrongful conviction and the defendant's civil suit would have relevance on the issue of alleged bias on the part of Lenk and Colborn.

The next question is whether the probative value of such evidence is nevertheless substantially outweighed by the dangers of unfair prejudice, confusion of the issues, or potential to mislead the jury, rendering it inadmissible under §904.03. The court recognizes that there is a significant danger of unfair prejudice to the State because of the fact the jury could be swayed by sympathy for the defendant. Specifically, it is important that the jury in this case base its decision on the evidence introduced and not on sympathy for the defendant because of the fact he was wrongfully convicted and spent a number of years in prison arising out of the 1985 charges of which he was unquestionably innocent. In addition, in terms of confusion of issues, misleading the jury, or considerations of undue delay, it is important not to turn this trial into a relitigation of the defendant's civil rights lawsuit which has already been settled. The jury should not be given the impression that Mr. Avery should be found guilty or not guilty in this case based

Case 1:19-cv-00484-BHL   Filed 09/16/22   Page 5 of 10   Document 279-3

CHRM034927

on whether the jury feels he should or should not have prevailed in his wrongful conviction action against Manitowoc County arising out of the 1985 case. The court is satisfied that these problems can be addressed by (1) limiting the introduction of evidence relating to the 1985 wrongful conviction and the 2004 civil rights lawsuit to that which directly bears on the alleged motive of Lenk or Colborn to be biased against the defendant, and (2) providing the jurors with a cautionary instruction at the conclusion of the case concerning the reasons for which the evidence is being admitted. With these considerations in mind, the court will allow evidence at trial that:

1.  The defendant, Steven Avery, was convicted following a jury trial on charges of attempted homicide and sexual assault in Manitowoc County for crimes allegedly committed in 1985.

2.  The Manitowoc County Sheriff's Department was the lead investigative agency in that case.

3.  The conviction in the 1985 case was based primarily on eyewitness identification of Steven Avery by the victim.

4.  Following his wrongful conviction in the 1985 case, the defendant served a number of years in prison.

5

CHRM034928

5. In 2003, the defendant was released from prison after DNA evidence from the 1985 case demonstrated to the satisfaction of all parties including the State that Gregory Allen, and not Steven Avery, was responsible for the crime.

6. The DNA testing which led to the defendant's release from prison in 2003 was not available earlier.

7. In 2004 the defendant filed a civil rights lawsuit against Manitowoc County based on the alleged failure of the Manitowoc County Sheriff's Department to pursue other leads which may have led to Gregory Allen as a suspect and prevented the defendant from being wrongfully convicted.

8. James Lenk and Andrew Colborn are employees of the Manitowoc County Sheriff's Department. They were not on the sheriff's department at the time of Steven Avery's wrongful 1985 conviction and played no role in the investigation that led to Mr. Avery's wrongful conviction.

9. The fact that Lenk and Colborn were members of the Manitowoc County Sheriff's Department in 1995 and thereafter, along with any action or inaction they were alleged to have taken or not taken relating to the 1985 case, including any reports made or not made.

10. Lenk and Colborn were deposed as witnesses in Steven Avery's civil lawsuit approximately three weeks before Teresa Halbach's disappearance.

CHRM034929

11.    The defendant did not make a monetary claim against either Lenk or Colborn in the 2004 civil rights lawsuit.

12.    The defendant and Manitowoc County's insurance carrier settled the defendant's 2004 lawsuit before it went to trial.  All settlement proceeds were paid by the insurance carrier for Manitowoc County.

13.    The DNA testing which led to the defendant's release from prison in 2003 was performed by the State of Wisconsin Crime Laboratory.

The court further concludes that evidence relating to the following items would not be admissible, as any relevance it may have is outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or considerations of undue delay and waste of time:

1.    The amount of money either claimed by Steven Avery in the 2004 civil rights lawsuit or the amount for which the lawsuit was settled.  Since Lenk and Colborn were not parties to the lawsuit and would presumably have been covered under the County's liability insurance had they been named as parties, the damages claimed or the settlement reached have no measurably probative value relating to their alleged bias.  Any marginal probative value of such evidence is substantially outweighed by danger of unfair prejudice, confusion of the issues and potential to mislead the jury.  Since Lenk and Colborn had no personal money at

Case 1:19-cv-00484-BHL   Filed 09/16/22   Page 8 of 10   Document 279-3

CHRM034930

stake, and the reason for the evidence relates to their motives, the evidence is not admissible.

2.      The precise number of years Mr. Avery spent in prison as a result of his 1985 wrongful conviction.  A discussion of the time Avery spent in jail would require the jury to learn that he was also serving a sentence on a felony for which he was lawfully convicted and would draw undue attention to his criminal record.

3.      The history of Mr. Avery's challenges to his 1985 conviction, except for the information listed above which is specifically admissible.  Because the evidence is being admitted as it relates to bias on the part of James Lenk or Andrew Colborn, other information relating to the 1985 wrongful conviction or Avery's civil rights lawsuit would have little or no probative value.  Whatever probative value the evidence had would be substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury.  What's important is not the history of the defendant's wrongful conviction, but the role Lenk and Colborn may have played in it that could cause them to be biased.

4.      The number of lawyers representing the parties to the 2004 lawsuit. This information is simply irrelevant.

5.      The fact that Sheriff Petersen on or about September 12, 2003 issued a written directive to the Manitowoc County Sheriff's Department that its personnel were not to discuss Steven Avery.  Sheriff Peterson is not alleged to have played

CHRM034931

any role in the investigation of the charges the defendant now faces and his directive has no particular relevance to bias on the part of Lenk or Colborn.

The court is satisfied that the facts listed above which the court will permit the defendant to introduce on the issue of bias, coupled with a cautionary instruction to the jury as to the use which they are permitted to make of the evidence, will allow the defendant to adequately pursue his claim of bias against James Lenk and Andrew Colborn without unfairly prejudicing the State, confusing the issues or misleading the jury.

Dated this _____ day of January, 2007.

BY THE COURT:

_____
Patrick L. Willis,
Circuit Court Judge

CHRM034932