# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>        Plaintiff,<br><br>vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,<br><br>        Defendants. | Civil No.: 19-CV-484-BHL |

## DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS, AND CHROME MEDIA LLC'S MOTION TO RESTRICT

Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, Civil Local Rule 79(d)(4) of the United States District Court for the Eastern District of Wisconsin, and the Protective Order entered in this case on August 19, 2021 (Dkt. 189), Defendants Chrome Media, LLC f/k/a Synthesis Films, LLC; Laura Ricciardi; and Moira Demos (collectively, the "Producer Defendants"), by and through their undersigned counsel, hereby move for an order restricting **Exhibits 1–32**[1] to the concurrently-filed **declaration of Moira Demos** filed in support of this Motion to Restrict (the "Demos Restriction Declaration"). The Producer Defendants so move based on the **good cause** demonstrated below and in the Demos Restriction Declaration.

---

[1] Each of Exhibits 1–32 is a short audio-video clip (generally about 20 seconds each) of proprietary raw footage belonging to the Producer Defendants. Demos Restriction Decl. ¶¶ 2-4. As they are audiovisual files greater than the ECF system size limitations, the Producer Defendants are filing Exhibits 1-32 conventionally (via Federal Express being sent today).

The Producer Defendants also move to restrict with respect to **Exhibits 24-27** that will be attached to the **declaration of Kevin Vick** that will be filed via the ECF system in support of the Producer Defendants' Motion for Summary Judgment (the "Vick MSJ Declaration") later today. Although the Producer Defendants file this Motion in compliance with Rule 79(d), as set forth below, the Producer Defendants **take no position** on restricting public access to Exhibits 24-27 to Vick MSJ Declaration, which contain materials that other parties (Plaintiff Andrew Colborn and non-party Brenda Schuler) have requested that we not publicly file.

This Motion is based on this motion, the incorporated Memorandum of Points and Authorities in support thereof, the pleadings and papers on file herein, and such other evidence and argument as may be presented to this Court.

On September 7, 2022, the parties met and conferred in good faith pursuant to Local Rule 79(d)(4) to avoid this Motion or to limit the scope of the documents or materials subject to sealing under this Motion. The parties made significant progress and agreed to file voluminous materials conventionally, leaving only the exhibits addressed in this motion, at least with respect to the Producer Defendants' motion for summary papers filed concurrently herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

To protect the confidentiality of non-public and confidential information exchanged during discovery, the parties executed a Protective Order, which was entered on August 19, 2021. (Dkt. 30.) On September 16, 2022, the Producer Defendants will file (among other documents) a Motion for Summary Judgment, Memorandum of Points and Authorities in Support of their Motion for Summary Judgment, a Proposed Statement of Material Facts, a supporting declaration of Kevin Vick (which will include Exhibits 24-27), and a Declaration of

2

Moira Demos in support of this Motion to Restrict with Exhibits 1–32. Collectively, these documents will seek summary judgment on Plaintiff Andrew Colborn's Second Amended Complaint (and each of the claims alleged therein) against the Producer Defendants.

Certain exhibits attached to the Vick MSJ Declaration and Exhibits 1–32 to the Demos Restriction Declaration were provided in reliance upon, and subject to, the Protective Order in this litigation by Plaintiff, Defendants, and third parties who received document subpoenas from the parties to this litigation. Specifically, Exhibits 24 to 27 to the Vick MSJ Declaration consist of documents and media produced in discovery that have been designated by Plaintiff, Defendants, or third parties as "CONFIDENTIAL" pursuant to the Protective Order. In addition, Exhibits 1–32 to the Demos Restriction Declaration consist of short portions or "clips" of much larger audio-visual materials that the Producer Defendants produced in discovery and designated as "CONFIDENTIAL" pursuant to the Protective Order.

## II. ARGUMENT

### A. The Court Has the Authority to Allow the Producer Defendants to File Documents as Restricted

The presumption that documents filed with the Court are considered public documents is a rebuttable one. Pursuant to Federal Rule of Civil Procedure 5.2(d) and Civil L.R. 79(d)(4), this Court may allow a document to be filed under seal or as restricted for good cause. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes."). Courts may allow parties to seal or restrict documents containing sensitive business or proprietary information. *See, e.g.*, *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002).

### B. Good Cause Exists for Allowing Exhibits 1 to 32 to the Demos Declaration to be Filed as Restricted

Exhibits 1–32 to the Demos Declaration should be sealed because they consist of clips from larger audiovisual materials that the Producer Defendants designated as "CONFIDENTIAL" pursuant to the Protective Order. Specifically, Exhibits 1–32 are each short audio-video clips (generally about 20 seconds each) of proprietary raw footage belonging to the Producer Defendants. Demos Restriction Decl. ¶ 4.

As explained in the Demos Restriction Declaration, Exhibits 1–32 consist of portions of larger raw audiovisual footage that the Producer Defendants either filmed themselves at significant personal expense and effort in the process of documenting Steven Avery's 2007 murder trial, or obtained from Wisconsin television networks with whom the Producer Defendants collaborated as part of the media pool in connection with 2007 trial. Demos Restriction Declaration ¶¶ 2, 4. With regard to the latter, the Producer Defendants also paid a significant license fee for some of that footage. *Id.* ¶ 2. The larger raw audiovisual footage from which Exhibits 1–32 are excerpted consists of materials that the Producer Defendants produced in discovery and designated as "CONFIDENTIAL." *Id.* ¶¶ 2-3. They designated it as CONFIDENTIAL because it contains non-public, confidential, and proprietary footage that the Producer Defendants went to considerable personal effort and expense to record or obtain, and they derive potential economic and professional value in it remaining confidential and proprietary. *Id.* ¶¶ 2–4. Should the Producer Defendants desire to prepare any future additional documentary or other works related to the subject matter of the footage—which consists of footage of Plaintiff testifying at the 2007 trial—they will be in a better position with respect to other parties also interested in preparing potentially competing works related to the same subject matter if these materials remain restricted and are not made publicly available. *Id.*

This Court is empowered to maintain this footage "under seal where public disclosure of the information would effectively afford 'other firms an unearned competitive advantage— unearned because the issue of public disclosure arises from the adventitious circumstances of the [document's] having become caught up in litigation and as a result having become filed in court.'" *See Grove US LLC v. Sany Am. Inc.*, No. 13-C-677, 2019 WL 969814, at *9 (E.D. Wis. Feb. 28, 2019) (quoting *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003)) (granting motion to seal where "the sealed exhibits and filings in [that] case reference[d] confidential, non-public, proprietary, and competitive information regarding the parties' business operations"); *see also Fields v. Achterberg*, No. 14-cv-855-jdp, 2018 WL 1474181, at *1 (W.D. Wis. Mar. 26, 2018) (granting motion to seal surveillance footage where permitting public view would pose a security risk).

Public release of Exhibits 1–32 would lead to an "unearned competitive advantage" here, for several reasons. First, the majority of Exhibits 1–32 comprises raw footage that Defendant Demos captured herself and therefore constitutes the Producer Defendants' own intellectual property over which they have the exclusive right to reproduce, distribute, and display publicly. 17 U.S.C. § 106; *see also* Demos Restriction Decl. ¶¶ 2-5. The Producer Defendants here have made the concerted decision *not* to grant any third parties any rights in this unreleased footage, *id.*, which is their right and prerogative under, among other things, the Copyright Act.

Second, the remaining portions of Exhibits 1–32 contain raw footage that the Producer Defendants licensed for a substantial license fee. Demos Restriction Decl. ¶ 2-4. If this licensed footage were made public, that disclosure would destroy the value of the Producer Defendants' license. *Id.*; *see also* Dkt. No. 253-3, at pp. 341-48 (additional reasons for concern).

Finally, Exhibits 1–32 are material that is protected by state and federal journalists' privileges and shield laws. *See*, *e.g.*, Wis. Stat. § 885.14 and the Wisconsin Constitution; Cal. Const., art. I, § 2(b). Cal. Evid. Code § 1070; U.S. Const. amends. I & XIV. While the Producer Defendants have not relied on such privileges and laws to restrict *Plaintiff's* and his counsel's access to the footage in light of this litigation, they have not and do not waive any of their rights under those privileges and laws with respect all other parties. Demos Restriction Decl. ¶ 6. That further justifies the material remaining restricted.

### C. The Producer Defendants Take No Position the Propriety of Sealing Exhibits 24 and 25 to the Vick MSJ Declaration

Exhibits 24 and 25 to the Vick MSJ Declaration are certain of Plaintiff's medical records that he produced in this case and designated as "CONFIDENTIAL." While the Producer Defendants believe that Plaintiff has put his records directly at issue in this case by bringing a claim for intention infliction of emotion distress, they take no position as to whether good cause exists for the records to remain restricted. The Producer Defendants previously communicated with Plaintiff's counsel about the Producer Defendants' intention to file the records in connection with summary judgment, and Plaintiff's counsel requested that the records not be publicly filed.

### D. The Producer Defendants Take No Position the Propriety of Sealing Exhibits 26 and 27 to the Vick MSJ Declaration

We are informed that Exhibits 26 and 27 to the Vick MSJ Declaration are two interview transcripts from an unreleased "counter-documentary" bearing the working title *Convicting a Murderer* that were produced in discovery by Brenda Schuler in response to a document

6

Case 1:19-cv-00484-BHL   Filed 09/16/22   Page 6 of 9   Document 281

subpoena from Defendant Netflix. We are informed that Schuler is Plaintiff's close confidant and the Executive Producer of *Convicting a Murderer.* The Producer Defendants previously communicated with Schuler's counsel about the Producer Defendants' intention to file the records in connection with summary judgment, and Plaintiff's counsel requested that the records not be publicly filed.

### III. CONCLUSION

The Producer Defendants respectfully request that the Court **grant** this Motion to Restrict as to **Exhibits 1–32** to the **Demos Restriction Declaration** in support of this Motion to Restrict, as those documents contain commercially sensitive information, the disclosure of which would prejudice their interests.

The Producer Defendants take **no position** with respect to **Exhibits 24-27** to the forthcoming Vick MSJ Declaration in support of the Producer Defendants' Motion for Summary Judgment.

Dated: September 16, 2022          Respectfully submitted,

*s/ Kevin L. Vick*
Kevin L. Vick (*pro hac vice*)
Meghan Fenzel (*pro hac vice*)
JASSY VICK CAROLAN LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
T: (310) 870-7048
F: (310) 870-7010
kvick@jassyvick.com
mfenzel@jassyvick.com

*Counsel for Defendant Laura Ricciardi, Moira Demos, and Chrome Media, LLC*

James A. Friedman, SBN 1020756
GODFREY & KAHN, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

*Counsel for the Defendants*
