# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>    Plaintiff,<br><br>vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,<br><br>    Defendants. | Civil No.: 19-CV-484 |

## DECLARATION OF MOIRA DEMOS
## IN SUPPORT OF MOTION TO RESTRICT

  I, Moira Demos, under penalty of perjury and subject to 28 U.S.C. § 1746, declare as follows:

  1. I am co-creator of the documentary series *Making a Murderer* and co-founder and co-owner of Chrome Media LLC, f/k/a Synthesis Films, LLC with Laura Ricciardi. I submit this Declaration in support of the Motion for Summary Judgment filed in the above-captioned matter on behalf of myself, Laura Ricciardi, and Chrome. I am over 18 years old and have personal knowledge regarding the facts set forth in this Declaration. I offer this Declaration in support of the Producer Defendants' concurrently-filed Motion to Restrict. Dkt. 281.

  2. During the process of documenting Steven Avery's 2007 murder trial, I personally recorded portions of that trial at significant personal expense and effort. Also, as part of the process of documenting Steven Avery's 2007 murder trial, Ricciardi and I obtained additional footage from Wisconsin television networks with whom my co-Defendant and

filmmaking partner, Laura Ricciardi, and I collaborated as part of the media pool in connection with that trial. Ricciardi and I paid a significant license fee to obtain that footage from those television networks. Should Ricciardi and I desire to prepare any future additional documentary or other works related to the subject matter of the footage—which consists of footage of Plaintiff testifying at the 2007 trial—we will be in a better position with respect to other parties also interested in preparing potentially competing works related to the same subject matter if these materials remain restricted and are not made publicly available. During discovery in this case, the Producer Defendants produced certain of such footage discussed—specifically all of the raw footage we have of Plaintiff testifying at Steven Avery's 2007 trial for the murder of Teresa Halbach. Because that footage is proprietary—we created and obtained it at great personal effort and expense and have not otherwise shared it with others—we marked it as CONFIDENTIAL under the terms of the Protective Order in this case when we produced it in this case.

3. In preparation for and for use with the Producer Defendants' Motion for Summary Judgment, Dkt 282, I personally prepared 32 short audio-video clips (generally about 20 seconds each) that represent portions of the larger footage of Plaintiff testifying at trial discussed in the previous paragraph that we produced in discovery in this case. Attached hereto as **Exhibits 1–32** are true and correct copies of those clips that I prepared. As is reflected in Exhibits 1-32 themselves, they bear bates numbers reflecting the larger audiovisual files from which they are taken that we produced in discovery. The import of and context for Exhibits 1-32 will be addressed in detail in my declaration that will be filed later today in support of the Producer Defendants' motion for summary judgment.

4. Public release of Exhibits 1–32 would lead to an unearned competitive advantage to others for several reasons. First, the majority of Exhibits 1–32 comprises raw footage that I

captured myself and have never publicly released, published, or displayed and do not currently intend to release, publish, or display in the future.

5. Second, the remaining portions of Exhibits 1–32 contain raw footage that Ricciardi and I licensed for a substantial fee from Wisconsin television networks with whom we collaborated as part of the media pool during Avery's 2007 murder trial. If this licensed footage were made public, that disclosure could destroy the value of our license in that footage. *See also* Dkt. No. 253-3, at pp. 341-48 (additional reasons for concern). I am therefore concerned that the public release of Exhibits 1–32 will frustrate my desire and intention not to license that footage for use in third-party documentaries.

6. Finally, Exhibits 1–32 are material that is protected by state and federal journalists' privileges and shield laws because it is unpublished material gathered in the course of Laura Ricciardi's and my gathering of material for potential use in a documentary or other work. While Ricciardi and I have not relied on those privileges and laws to restrict *Plaintiff's* and his counsel's access to the footage in light of this litigation, we have not waived—and do not waive—our rights under those privileges and laws with respect to any other third parties.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 16th day of September, 2022     Respectfully submitted,

/s/ Moira Demos
Moira Demos