# EXHIBIT 3

```
 1              UNITED STATES DISTRICT COURT
 2              EASTERN DISTRICT OF WISCONSIN
 3                  MILWAUKEE DIVISION
 4
 5   ANDREW L. COLBORN,            )
                                   )
 6                Plaintiff,       )
                                   )
 7           vs.                   )   No. 19-CV-484
                                   )
 8   NETFLIX, INC., CHROME         )
     MEDIA, LLC, f/k/a             )
 9   SYNTHESIS FILMS, LLC,         )
     LAURA RICCIARDI, and          )
10   MOIRA DEMOS,                  )
                                   )
11                Defendants.      )
     ------------------------      )
12
13
14        * * * C O N F I D E N T I A L * * *
15
16                   June 30, 2022
17                   10:40 a.m.
18
19           Deposition of MARY MANHARDT, held at
20        the offices of Veritext, 7 Times Square, New
21        York, New York, pursuant to subpoena and
22        notice, before Laurie A. Collins, a Registered
23        Professional Reporter and Notary Public of the
24        State of New York.
25
```

Case 1:19-cv-00484-BHL   Filed 09/16/22   Page 2 of 8   Document 289-3

```
1    A P P E A R A N C E S:

2

3         ROCKSTEAD LAW

4         Attorneys for Plaintiff

5              525 North Lincoln Avenue

6              Beaver Dam, Wisconsin 53916

7         BY:   APRIL ROCKSTEAD BARKER, ESQ.

8                 aprilrbarker@rocksteadlaw.com

9

10        BALLARD SPAHR LLP

11        Attorneys for Defendant Netflix

12             1909 K Street, NW

13             Washington, D.C. 20006-1157

14        BY:   EMMY PARSONS, ESQ.

15              parsonse@ballardspahr.com

16                    - and -

17

18

19

20

21

22

23

24

25
```

Brown & Jones Reporting                    414-224-9533
A Veritext Company                    www.veritext.com
Case 1:19-cv-00484-BHL   Filed 09/16/22   Page 3 of 8   Document 289-3

1  A P P E A R A N C E S (continued):

2

3       BALLARD SPAHR LLP

4            2000 IDS Center

5            80 South 8th Street

6            Minneapolis, Minnesota 55402-2119

7       BY:   LEITA WALKER, ESQ.

8            (via videoconference)

9               walkerl@ballardspahr.com

10            ISABELLA SALOMÃO NASCIMENTO, ESQ.

11            (via videoconference)

12               salomaonascimentoi@ballardspahr.com

13

14       JASSY VICK CAROLAN

15       Attorneys for Defendants Chrome Media,

16       Laura Ricciardi, and Moira Demos

17            355 South Grand Avenue, Suite 2450

18            Los Angeles, California 90071

19       BY:   KEVIN L. VICK, ESQ.

20            (via videoconference)

21               kvick@jassyvick.com

22            MEGHAN FENZEL, ESQ.

23            (via videoconference)

24               mfenzel@jassyvick.com

25

```
1   A P P E A R A N C E S (continued):

2

3   ALSO PRESENT:
4        MOIRA DEMOS  (via videoconference)
5        LAURA RICCIARDI
6        MINDY LeMOINE, ESQ. (Netflix)
7           (via videoconference)
8        SUE JOHNSON, Paralegal (Conway)
9            (via videoconference)
10       ZEF COTA, Videographer
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Brown & Jones Reporting                    414-224-9533
A Veritext Company                    www.veritext.com
Case 1:19-cv-00484-BHL   Filed 09/16/22   Page 5 of 8   Document 289-3

1  to Miles scanning the 2007-'15 SA case file pulls

2  for you.

3          Do you see that?

4      A.    Yes.

5      Q.    Was it your understanding that was a    03:10:40

6  reference to the civil case file materials?

7          MR. VICK:  Objection, lacks foundation,

8      calls for speculation.

9      A.    I have no idea.  But, again, because

10  this is -- it might have been any, I don't know,    03:10:56

11  post-conviction stuff.  I really don't have a

12  clue.  But it was for 8 that became 10.

13      Q.    I'm just trying to figure out how much

14  of the various court file materials you reviewed

15  with respect to the various cases.              03:11:21

16          What do you recall -- strike that.

17          Do you recall having, for example, for

18  the Avery civil case access at any time to all of

19  the case file materials that were obtained from

20  the civil case clerk?                          03:11:36

21      A.    No.  If I were to go through all that

22  stuff, we'd still be editing.  It was -- it was --

23  that is outside the editor's purview.  I will say,

24  however, that when -- any time I had a question

25  about chronology, Laura brought in all the      03:11:55

Case 1:19-cv-00484-BHL   Filed 09/16/22   Page 6 of 8   Document 289-3

1  documents and showed me how they figured out what

2  happened when so -- I was more confident than I

3  have ever been on an editing job that what was

4  given to me was, you know -- had been looked at

5  extremely closely.                        03:12:16

6       Q.   So is it accurate to say that -- strike

7  that.

8            I'm just backing up to this idea of the

9  editor's purview.  Is it accurate to say that the

10 directors would generally identify the source    03:12:36

11 material that they would like included in a

12 particular scene?

13      A.   If it is something that has source

14 material, if it is something that is documented

15 the way many aspects of this story were          03:12:50

16 documented.  And I worked on things that have zero

17 documentation because it's a story about a family,

18 you know, so, you know, that's not -- this is not

19 a situation that occurs constantly.  There are

20 subject matters that do have this.               03:13:08

21      Q.   Sure.

22      A.   Yeah.

23      Q.   The practice I just described was

24 appropriate here but might not be in other cases?

25      A.   The practice of the directors getting   03:13:19

Case 1:19-cv-00484-BHL   Filed 09/16/22   Page 7 of 8   Document 289-3

```
1            C E R T I F I C A T E
2   STATE OF NEW YORK     )
3                         : ss.
4   COUNTY OF NEW YORK    )
5
6            I, LAURIE A. COLLINS, a Registered
7       Professional Reporter and Notary Public
8       within and for the State of New York, do
9       hereby certify:
10           That MARY MANHARDT, the witness whose
11      deposition is hereinbefore set forth, was
12      duly sworn by me and that such deposition
13      is a true record of the testimony given by
14      the witness.
15           I further certify that I am not
16      related to any of the parties to this
17      action by blood or marriage and that I am
18      in no way interested in the outcome of this
19      matter.
20           IN WITNESS WHEREOF, I have hereunto
21      set my hand this 13th day of July 2022.
22
23
24              LAURIE A. COLLINS, RPR
25
```