# EXHIBIT 17

STATE OF WISCONSIN

v.	Case No. 05 CF 381

**STEVEN A. AVERY**

## ORDER REGARDING TRIAL ADMINISTRATION

The above-entitled action is scheduled for a six week jury trial to begin February 5, 2007. There has been significant public interest in this case and the courtroom does not have sufficient seating capacity to hold the anticipated audience for the trial. All hearings in the case have been attended by representatives of the media and many hearings have been televised live.

The Court is mindful of the need to balance (1) the constitutional right of the defendant to a fair trial, (2) the public's right to know and the constitutional and statutory rights of the media to attend the proceedings, and (3) the court's own interest in maintaining order and an environment where jurors can easily pay attention to the witnesses and focus on their responsibilities without undue distractions. To address these important considerations, the Court has consulted with courtroom security personnel, the lawyers on this case, the media coordinator and other members of the media, and Amanda Todd, the Court Information Officer.

To assure that the proceeding protects the right of the parties to a fair trial, the right of the public and the media to have access to the trial, and the right of the jurors to be able to focus on their responsibilities, the Court hereby exercises its inherent authority and its authority under SCR 61.01(1).

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. **Courtroom Seating.**

(a) **Seating for Defendant and Victim Families.** The first two rows of seats behind the defense table will be reserved for members of the defendant's family and the first two rows of seats immediately behind the prosecution table will be reserved for members of the victim's family.

(b) **Media Seating.** Members of the media shall be permitted in the enclosed media room at the rear of the courtroom as space permits. Media members shall also be permitted to observe court proceedings via closed circuit television in the media room (Room 025) located in the Calumet County Courthouse. Members of the media who choose to view the proceedings from the open portion of the courtroom may do so, but shall be subject to the same availability requirements and other restrictions applicable to members of the general public.

Media parking arrangements shall be handled by the Calumet County Sheriff's Department.

(c) **Public Seating.** The public may be seated anywhere other than in the seats reserved for the defendant's and victim's families. Members of the public who cannot find a seat in a pew shall not be permitted in the courtroom. The public will not be permitted to stand in the back or along the side of the courtroom. The public will not be permitted to stand at the back of the courtroom or along the sides of the courtroom. Lawyers not involved in this case shall be treated as members of the public.

Spectators will not be permitted to wear clothing expressing sympathy or support for either the defendant or the victim in the case. Wristbands not visible to the jurors are not prohibited. Persons wearing any such clothing, including visible arm bands, emblems or any other similar attire will not be permitted in the courtroom.

2

Case 1:19-cv-00484-BHL   Filed 09/16/22   Page 3 of 8   Document 290-17

CHRM034812

**(d)** <u>Seating in Front of the Bar.</u> No one other than the defendant, the attorneys and their assistants shall be permitted to sit in the chairs in front of the bar and behind counsel table without specific authorization by the court.

**(e)** <u>Entry and Exit During Court Proceedings.</u> Spectators, including members of the media outside the media room, and the public shall be seated before court is in session during any portion of the trial. No entry to the courtroom shall be permitted while court is in session. Persons leaving the courtroom during the trial must wait until the next recess before reentering. Approximately two minutes before the end of each recess the bailiff/court security personnel shall attempt to invite any members of the media or the public who have left the courtroom to return to their seats.

**2.** <u>General Restrictions.</u>

**(a)** <u>Handbags, Backpacks, etc. Prohibited</u>. Handbags, backpacks and other carry-ins of any kind are prohibited in the courtroom.

**(b)** <u>Cell Phones.</u> No spectator or member of the media may possess a cell phone in the courtroom, including the media room behind the glass.

**(c)** <u>Computers</u>. Members of the media who sit in the media room behind the glass may utilize computers, including laptops. Still photographers permitted in the courtroom may utilize a laptop computer for the purpose of transmitting photos, provided the computer is kept out of view. Otherwise, no spectators or members of the media are allowed to bring any computers in the courtroom.

**3.** <u>Courtroom Media Coverage.</u>

**(a)** <u>Television Camera.</u> Pursuant to SCR 61.03(1) and (2), based on space limitations in the courtroom and the need to protect juror identity, one traditional television camera will be permitted in the courtroom to be located in the media seating area in the rear of the courtroom. The court may also permit a remotely operated camera in the front of the

3

CHRM034813

courtroom, subject to any restrictions set by the court. As they have done previously, all television media shall have access to and share the video received from the permitted cameras. Members of the television media shall designate and agree on the operator of the cameras permitted. In the absence of an agreement by the television stations and/or determination by the media coordinator, then no television cameras will be permitted in the courtroom. Unless otherwise prohibited by the court, live coverage of the trial shall be permitted <u>except during jury selection</u>.

    **(b)** **<u>Portion of Proceedings Which May be Televised</u>.** The television camera shall not be set up nor disassembled at any time while the Court is in session. Cameras can be set up during a court recess, but cameras shall not be operated during a recess in the court proceeding. "Recess" means any time the judge is not on the bench. The camera shall not at any time photograph individual jurors. Pursuant to SCR 61.07, audio pickup, broadcast or recording of a conference in a court facility between an attorney and client, co-counsel, or attorneys and the trial judge held at the bench is not permitted.

    **(c)** **<u>Restrictions on Camera Coverage</u>**. Pursuant to SCR 61.11(2), individual jurors shall not be photographed. In addition, no television camera or still camera shall take any close up shots of counsel table such that any detail concerning any writings on the table can be identified.

    **(d)** **<u>Audio Feed</u>.** If one or more media representatives needs an audio feed, then only one audio system shall be set up for any and all media who need an audio feed. (They shall share one audio feed.) It may be connected directly into the court's sound system.

    **(e)** **<u>Still Photographers</u>.** Subject to any further orders of the court, the court will permit up to two (2) still photographers, each using not more than two (2) cameras, in the courtroom at any one time during the trial. All cameras must have a silent shutter and no flash photography is allowed. The photographers are not to move about while court is in session.

4

CHRM034814

They will be permitted to stand in one location outside the seating area at the direction of security personnel. They shall conduct themselves so as to not become a distraction to the trial participants, the Court, and/or the jurors.

  (f) **SCR Chapter 61.** All members of the media are cautioned to be familiar with the requirements of SCR Chapter 61 "Rules Governing Electronic Media and Still Photography Coverage of Judicial Proceedings."

  (g) **Interviews.** No media interviews or videotaping shall be conducted in the courthouse except in the media room, Room 025.

  (h) **Juror Contact Prohibited.** Members of the media are prohibited from contacting prospective jurors in any way until the jury is selected and from contacting any person selected as a juror until after the conclusion of the trial.

  4. **Media Inquiries.** All communication between representatives of the media and the court shall come through the Media Coordinator, Fred Barry. Media representatives may contact Mr. Barry at: 920-682-0351, e-mail: news@womtradio.com.

  5. **Court Security Officer Authority.** Any spectator who creates a visual or auditory disturbance of the court proceedings may be removed from the courtroom and/or the building at the discretion of court security personnel.

  6. **Other Courthouse Areas.** Security officers may quiet or disperse such members of the public so they do not hinder other members of the public and court staff from having access to the building and to the Clerk of Courts office and the other courtrooms. Eating in the hallways of the courthouse is prohibited.

  7. **Media Access to Court Documents.** The media can be provided with copies of open records documents upon request, through the Clerk of Court office, at $1.25 per page. Sealed documents will not be provided to the media and are not made available for public inspection. Documents can be faxed to the media upon request. There is a $3.00 fax fee, plus

5

CHRM034815

$1.25 per page. Advance payment is required for all records requests. Payment for copies can be made by cash, check or money order. Payments can be made by credit card online at www.manitowoccounty.org, by clicking on the payment link, or by a toll-free, operator assisted call directly to PayTRUST Solutions, Inc., at 1-866-480-8552. There will be a convenience fee charged by PayTRUST Solutions for processing the credit card payment, which is based upon the amount being charged. There is a public access computer available in the Clerk of Court lobby to accommodate online payments.

Manitowoc County Clerk of Court does not have a scanner; cannot e-mail documents to media.

The media will have limited access to exhibits during the course of the trial, and said access may further limited by availability of staff to accommodate the photocopying requests. Special arrangements may need to be made for any substantial amounts of photocopying. Special arrangements will also need to be made directly with the Clerk of Court to provide media access to tangible evidence, such as photographs, videotapes and physical items. EXHIBITS ARE NOT TO BE MADE AVAILABLE TO THE MEDIA UNTIL THEY HAVE BEEN ADMITTED INTO EVIDENCE AND HAVE BEEN SEEN BY THE JURY.

Requests for copies can be made:

    (1)    in person at the Clerk of Court office at 1010 South Eighth Street, Room 105, Manitowoc, Wisconsin;
    (2)    by telephone at (920)683-4030;
    (3)    by fax at (920)683-2733; or
    (4)    by e-mail to Lynn.Zigmunt@wicourts.gov

Dated this 19th day of January, 2007.

BY THE COURT:

Patrick L. Willis
Circuit Court Judge
Branch 1

Distribution:
Sheriff                                   Clerk of Courts
Court Security Officers                   District Attorney
Bailiffs                                  Defense Counsel
Other Branches of Circuit Court           Media Coordinator
Court Information Officer

CHRM034817