IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

ANDREW L. COLBORN,
                    Plaintiff

NETFLIX, INC., et al.,                                      Case No. 19-CV-484
                    Defendants.

---

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS TO RESTRICT

---

## INTRODUCTION

In conjunction with their motions for summary judgment, Defendants Chrome Media, LLC, and Netflix, Inc. each filed motions to restrict access to certain documents, which were filed under seal pending further decision by the Court. Plaintiff, by his undersigned counsel, respectfully responds to the motions herein. As further discussed below, it is Plaintiff's position that the record of this case should be unrestricted.

## ARGUMENT

Defendants respectively filed motions to restrict with respect to three types of documents: (1) audiovisual footage of Plaintiff's testimony in the Steven Avery 2007 criminal trial (Chrome motion, Dkt #280 at p.4); (2) certain of Plaintiff's medical records (Chrome motion, Dkt #280 at p. 6; Netflix motion, Dkt #267 at p. 2); and (3) documents provided to Defendants in connection with the deposition of Brenda Schuler, a third-party witness whose counsel is known to Defendants' counsel (Netflix motion, Dkt #267 at p. 2; Chrome motion, Dkt #280 at pp. 6-7). With respect to the second and third categories, Defendants indicated that they took no position but filed the motions in deference to requests of others.

## I. VIDEO FOOTAGE OF PLAINTIFF'S TESTIMONY

Chrome asserts that because its principals, and particularly Moira Demos, recorded footage of Plaintiff Andrew Colborn's testimony at the Avery criminal trial, that footage should be considered proprietary. Chrome also asserts that it paid licensing fees with respect to some of the footage to replace portions of its own footage that were unusable. *See* Dkt #280 at p. 4.

Because the judiciary can only claim its legitimacy through the reasoning of its decisions and the evidence that supports a given decision, any act that attempts to withdraw "an element of the judicial process from public view makes the ensuing decision look more like fiat," and, as such, requires "rigorous justification." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

From Mr. Colborn's perspective, it is discomfiting that Chrome, which collaborated with Netflix to broadcast his image and testimony across the globe while pieced into a narrative that subjected him to worldwide ridicule and scorn, now claims a private, proprietary interest in his recorded images and statements.

Perhaps ironically, the use of these recordings for trade purposes without consent would provide Mr. Colborn a claim against Chrome under Wisconsin Statutes Section 995.50(2)(am)(2), except that Chrome would almost certainly assert a defense that the recordings are protected by a "public interest" exception to the statute. It seems an odd result, to say the least, for Chrome to take the position that it could benefit from a "public interest" to mine Mr. Colborn's images and shield itself from liability, while at the same time, deny public access to those same images in these proceedings. Regardless of proprietary claims and deals made among

2

private parties, the subject of the recordings is Plaintiff's testimony during a public trial, paid for at public expense. Chrome is now submitting these recordings as part of its request that this Court issue a ruling that would dismiss claims that have been publicly filed against Chrome. The Seventh Circuit has noted that dismissing claims while relying on material held in secret is not likely to promote public confidence in the courts. *In the Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1316 (1984).

In addition, Chrome identifies no intended date for future use of this material, and Chrome has disclosed no such intended use to Plaintiff in these proceedings. Therefore, any potential future value that these recordings may provide to Chrome appears to be speculative, at best. It does not appear to amount to the kind of interest that could justify denial of public access to these materials.

## II. PLAINTIFF'S MEDICAL RECORDS

In late July, Plaintiff's counsel proposed that all parties agree that any material previously designated as "confidential" for purposes of the Protective Order could be filed conventionally (not under seal) so long as it was submitted in support of a good-faith argument for summary judgment. Candidly, counsel did not anticipate at that time that Defendants would rely in summary judgment arguments on the contents of medical records. However, subsequently, Defendants' counsel indicated to Plaintiff's counsel that they assumed that Plaintiff would want his medical records filed under seal.

Defendants' summary judgment briefs have since disclosed that they are requesting summary judgment as to Plaintiff's claim for intentional infliction of emotional distress. In their respective motions to restrict, Defendants uniformly assert that they do not believe the records

3

should properly be sealed because Plaintiff has put his condition in issue in these proceedings by asserting a claim for intentional infliction of emotional distress. As it is now apparent that Defendants are requesting summary judgment on that claim, Plaintiff does not intend to argue to this Court that the records that Defendants have filed with their motions must be maintained under seal. Plaintiff intends to respond to the substance of Defendants' summary judgment arguments on or before November 4, 2022, in accordance with the parties' joint motion and the Court's order setting that response deadline.

### III. SCHULER DOCUMENTS

Netflix correctly notes that Brenda Schuler's employer, Transition Studios, is represented by counsel, and indicates that its counsel may provide information to the Court with respect to materials provided in connection with Ms. Schuler's deposition. Dkt #267, p. 2. Although it may be a typo, Chrome appears to suggest that the responsibility to argue the issue on behalf of Transition Studios should fall to Plaintiff. Dkt #280 at pp. 6-7.[1] Plaintiff has neither responsibility nor authority to advocate on behalf of Transition Studios and declines to do so.

### CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court deny the motions to restrict.

Dated this 7th day of October, 2022.

By: /s/ April Rockstead Barker
April Rockstead Barker
State Bar No. 1026163

---

[1] Though not worthy of cluttering the record with a formal declaration, Plaintiff's counsel does not recall being consulted about the intent to file the Schuler interview documents with Chrome's motion for summary judgment and likewise does not recall requesting "that the records not be publicly filed." *Cf*. Dkt #280 at p. 7. Plaintiff assumes that Chrome may have intended to refer to Ms. Schuler's counsel.

Rockstead Law, LLC
Mailing address: 525 N. Lincoln Ave.
Beaver Dam, WI 53916
(920) 887-0387
aprilrbarker@rocksteadlaw.com


LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
George Burnett, Esq.
Attorneys for Plaintiff, Andrew L. Colborn

**POST OFFICE ADDRESS:**
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI   54305-3200
Phone:   (920) 437-0476
Fax:   (920) 437-2868
State Br No. 1005964