IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>              **Plaintiff,**<br><br>     vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC,<br>F/K/A SYNTHESIS FILMS, LLC;<br>LAURA RICCIARDI; AND MOIRA<br>DEMOS,<br><br>              **Defendants.** | Civil No.: 19-CV-484-BHL |

### DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS, AND CHROME MEDIA LLC'S REPLY IN SUPPORT OF THEIR MOTION TO RESTRICT

       The Producer Defendants—Laura Ricciardi, Moira Demos, and Chrome Media LLC—respectfully submit this reply pursuant to Civil Local Rule 7(c) in support of their Motion to Restrict (Dkt. 281) filed in conjunction with their Motion for Summary Judgment (Dkt. 282).

       Specifically, the Producer Defendants have good cause to maintain the confidentiality of their footage at Exhibits 1–32 of Dkt. 283 because (1) it is proprietary work product compiled as a result of considerable time, effort, and expense; (2) the ongoing nature of the Avery and Dassey appeals reflect the possibility that the footage may become valuable and relevant for the Producer Defendants to use in the future; and (3) there is a legitimate basis for concern that non-parties have interest in using materials from this lawsuit in their projects, circumventing the licensing and access requirements they would otherwise face.

       First, the Producer Defendants personally attended and filmed the trial of Steven Avery fifteen years ago, contributed to the shared media pool, paid thousands of dollars to media pool

colleagues to license footage they did not independently possess, and then for this litigation spent dozens of hours locating, copying, and excerpting archived footage. Declaration of Moira Demos filed in support of Motion to Restrict ("Demos Restriction Decl."), Dkt. 283 ¶¶ 2–6. All of this imposed considerable time, effort, and monetary costs. The Producer Defendants openly support the public and press's right of access to official proceedings. They do not support the Plaintiff's apparent assertion that the media's coverage of public proceedings eviscerates their proprietary rights and interests in their work product.

Second, the ongoing nature of the Avery and Dassey appeals reflects both the legitimate possibility and the indeterminate timing for the future use of this footage. The potential future value of this footage is not, as Plaintiff claims, "speculative, at best." *See* Dkt. 298 at 3. Steven Avery's post-conviction attorney filed a third motion for post-conviction relief on August 16, 2022. *See State of Wisconsin v. Avery*, No. 05-CF-381, Dkt. 1065 (Manitowoc Cty., Wisc. Aug. 16, 2022); Fed. R. Evid. 201. Any developments in that appeal or Dassey's case could revive this story and, relatedly, make this footage uniquely relevant and valuable again. *See* Demos Restriction Decl., Dkt. 283 ¶ 2.

Third, the Producer Defendants have good cause to be concerned that non-parties are using this lawsuit for "unearned competitive advantage," and the footage in question should therefore remain confidential. *See Grove US LLC v. Sany Am. Inc.*, No. 13-C-677, 2019 WL 969814, at *9 (E.D. Wis. Feb. 28, 2019) (quoting *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003)). On multiple occasions, a non-party producer of the "counter-documentary," *Convicting a Murderer*, Brenda Schuler, has expressed interest in using material from this lawsuit in her team's project. *Convicting* remains a work in progress and has not yet found a distributor. *See* Declaration of Kevin Vick in support of Expedited

Motion to Depose Plaintiff ("Vick Dep. Decl."), Dkt. 253 ¶ 2.f, Ex. 1 at 346–48. Schuler testified that she encouraged Plaintiff to file this lawsuit, provided him with information to "help his case," and would have "loved to follow through this whole process and filmed it." Vick Dep. Decl. ¶ 2.f, Ex. 1 at 344–46. Plaintiff and Schuler exchanged over 4,000 text messages, and Plaintiff provided two exclusive interviews to Schuler for *Convicting.* Declaration of Kevin Vick in support of Motion for Summary Judgment ("Vick MSJ Decl."), Dkt. 289 ¶ 5, Ex. 4 at 86–89; *id.* ¶¶ 27, 28, Exs. 26, 27. Schuler helped draft and fact-check the original Complaint for this lawsuit. *See* Vick Dep. Decl. ¶ 2.f, Ex. 1 at 316–22; Dkt. 1. Plaintiff violated both the governing Protective Order and his own attorney-client privilege to exchange information with Schuler. *See id.* at 316–22, 341–44. Receiving Plaintiff's debrief of the confidential mediation, Schuler expressed disappointment that, "we should have been filming that." Vick Dep. Decl. ¶ 2.f, Ex. 1 at 341–44. With a non-party seeking unearned competitive advantage for their film project through this litigation, the Producer Defendants have good cause to protect their proprietary work product.

/ / /

Dated: October 21, 2022	Respectfully submitted,


*s/ Kevin L. Vick*
Kevin L. Vick (*pro hac vice*)
Meghan Fenzel (*pro hac vice*)
JASSY VICK CAROLAN LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
T: (310) 870-7048
F: (310) 870-7010
kvick@jassyvick.com
mfenzel@jassyvick.com

*Counsel for Defendant Laura Ricciardi, Moira Demos, and Chrome Media, LLC*

James A. Friedman, SBN 1020756
GODFREY & KAHN, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

*Counsel for the Defendants*