UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ANDREW L. COLBORN,

        Plaintiff,

    vs.

NETFLIX, INC., et al.,

        Defendants.

Case 1:19-cv-00484-BHL

---

**NON-PARTY BRENDA SCHULER'S RESPONSE TO MOTIONS TO RESTRICT
FILED BY DEFENDANTS IN CONNECTION WITH THEIR MOTIONS FOR
SUMMARY JUDGMENT**

---

Non-Party Brenda Schuler, by and through counsel, hereby submits the following response to the Motions to Restrict of Defendants Netflix, Inc. (Dkt. 267) and Laura Ricciardi, Moira Demos, and Chrome Media LLC (the "Producer Defendants") (Dkt. 281) in support of Defendants' Motions for Summary Judgment.

A declaration of Ms. Schuler is being filed concurrently herewith in support of her position that good cause exists for the following records to remain restricted from public access (the "Schuler Documents"):

- Exhibit 26 filed as conditionally restricted by the Producer Defendants (transcript of interview with Plaintiff Andrew Colborn in connection with the yet unreleased film project currently titled *Convicting a Murderer*)

- Exhibit 27 filed as conditionally restricted by the Producer Defendants (transcript of interview with Plaintiff Andrew Colborn in connection with the yet unreleased film project currently titled *Convicting a Murderer*)

- Exhibit 41 filed as conditionally restricted by Netflix (excerpts of Ms. Schuler's deposition transcript)

## BACKGROUND AND SUMMARY OF ARGUMENT

Ms. Schuler is not a party to this case. Yet, she appeared for a full day of deposition and produced documents (Ms. Schuler has produced over 1,500 pages of documents) pursuant to a subpoena issued by Netflix. Ms. Schuler has already expended significant time and costs in cooperating with her discovery obligations. Now, Ms. Schuler feels compelled to present her position on whether certain documents she produced in discovery and certain excerpts of her deposition testimony should be made public in connection with Defendants' Motions for Summary Judgment because the parties' briefing to date do not present the Court with the full story.

Ms. Schuler is a producer of the unreleased film project currently titled *Convicting a Murderer*. The *Convicting a Murderer* project is intended to serve as a follow up to the *Making a Murderer* series at issue in this case. Relevant to the instant Motions to Restrict, Ms. Schuler produced transcripts of two interviews with Plaintiff Andrew Colborn conducted in connection with *Convicting a Murderer* and testified about the project in her deposition, for which Defendants are using in support of their Motions for Summary Judgment (the "Schuler Documents").

While a trailer/teaser for *Convicting a Murderer* has been publicly released, the project has not been completed and released to the public in its entirety. Further, while a few seconds of an interview with Colborn appears in the trailer/teaser, the entirety of the interviews with Colborn were not part of the publicly released trailer/teaser and have not otherwise been made public.

The production company for *Convicting a Murderer*, Transition Studios,[1] has expended significant resources in producing the project.

---

[1] Plaintiff's Response to Defendants' Motion to Restrict states: "Netflix correctly notes that Brenda Schuler's employer, Transition Studios, is represented by counsel, and indicates that its

Therefore, Ms. Schuler respectfully requests that the Court continue to restrict public access to the Schuler Documents and keep them under seal.

## THE SCHULER DOCUMENTS QUALIFY FOR RESTRICTION BASED ON THE LOCAL RULES AND PROTECTIVE ORDER.

While documents filed with the Court are typically considered public documents, documents can be sealed upon a showing of good cause:

> Any motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record. If the documents or materials sought to be restricted/sealed have been designated confidential by someone other than the filing party, the filing party may explain in the motion that the documents or materials are being filed under seal pursuant to a Court-approved protective order or otherwise, and that the filing party supports, objects to, or takes no position on the continued sealing of the documents or materials. In response, the person or party that originally designated the documents or materials as confidential may, if it chooses, provide sufficient facts demonstrating good cause to continue sealing the documents or materials. Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied and the documents or materials publicly filed by the Clerk of Court, unless otherwise ordered by the Court.

General L. R. 79(d)(3); *see also* Fed. R. Civ. Proc. 5.2(d); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

To protect the confidentiality of non-public and confidential information exchanged during discovery, the parties in this case executed a Protective Order, which was entered on August 19, 2021. (Dkt. 189.)  Pursuant thereto:

> (1) One who produces information, documents, or other material may designate them as "CONFIDENTIAL" when the person in good faith believes they contain

---

counsel may provide information to the Court with respect to materials provided in connection with Ms. Schuler's deposition."  (Dkt. 298 at p. 4 [citing Dkt #267, p. 2.].)  It should be noted that Plaintiff's representation is not accurate, including that Netflix's Motion to Restrict (Dkt. 267) does not reference Transition Studios.  For sake of clarity, undersigned counsel represents Ms. Schuler only, not Transition Studios.

trade secrets or nonpublic confidential technical, commercial, financial, personal, or business information.

(2) One who produces information, documents, or other material may designate them as "ATTORNEYS' EYES ONLY" when the person in good faith believes that they contain particularly sensitive trade secrets or other nonpublic confidential technical, commercial, financial, personal, or business information that requires protection beyond that afforded by a CONFIDENTIAL designation.

(Dkt. 189 at Part (A).)

Here, Ms. Schuler designated the Schuler Documents as CONFIDENTIAL pursuant to the Protective Order because she believes in good faith that they contain nonpublic confidential commercial and business information. Courts may allow parties to seal or restrict documents containing sensitive business or proprietary information. *See, e.g., Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002).

As noted above, Transition Studios has expended significant resources in producing the *Convicting a Murderer* project. The two interviews with Colborn have not been made public and may or may not be included in the final version of *Convicting a Murderer*. Additionally, the excerpts of Ms. Schuler's deposition that are part of the Schuler Documents include Ms. Schuler's testimony about the *Convicting a Murderer* project, including certain positions that Ms. Schuler believes the final product will take.

Accordingly, the interviews and Ms. Schuler's testimony about the project derive potential economic value in remaining confidential and proprietary. That value will be lost if other parties also interested in preparing potentially competing works related to the same subject matter are able to obtain them. *See Grove US LLC v. Sany Am. Inc.*, No. 13-C-677, 2019 WL 969814, at *9 (E.D. Wis. Feb. 28, 2019) (good cause to seal where public disclosure of information would effectively afford others "an unearned competitive advantage—unearned because the issue of public disclosure arises from the adventitious circumstances of the [document's] having become caught up in litigation and as a result

having become filed in court." (quoting *SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F.Supp.2d 1002, 1008 (N.D. Ill. 2003)).

Lastly, no less restrictive means exist to protect the Schuler Documents. Ms. Schuler has already confined the documents she wishes to remain restricted to only a few pages of her deposition transcript and the two Colborn interviews for the *Convicting a Murderer* project. Ms. Schuler believes that the parties may be using other documents produced by Ms. Schuler and/or other excerpts of her deposition transcript for which Ms. Schuler has not requested that those documents remain restricted. Further, redaction of the Schuler Documents would be impractical. For example, the entirety of the Colborn interviews for the *Convicting a Murderer* project are confidential.

Therefore, good cause exists to restrict access and seal the Schuler Documents pursuant to the Local Rules, the Protective Order, and the Court's inherent supervisory power.

## THE SCHULER DOCUMENTS QUALIFY FOR RESTRICTION BASED ON CONSTITUTIONAL PROTECTIONS AND THE WISCONSIN SHIELD LAW.

Good cause also exists to restrict/seal the Schuler Documents based on constitutional protections and all applicable shield laws, including without limitation Wis. Stat. Ann. § 885.14.

Wisconsin's shield law generally recognizes the policy that news persons should not be compelled to disclose certain information. *See* Wis. Stat. Ann. § 885.14(2)(a) (stating, except for a court issued subpoena, "no person having the power to issue a subpoena may issue a subpoena compelling a news person to testify about or produce or disclose any of the following that is obtained or prepared by the news person in the news person's capacity in gathering, receiving, or preparing news or information for potential dissemination to the public: 1. The identity of a confidential source of any news or information. 2. Any information that would tend to identify the confidential source of any news or information. 3. Any news or information obtained or prepared in confidence by the news person. 4. Any news, information, or identity of any source of any news

or information that is not described in subd. 1., 2., or 3."); *see also* Wis. Stat. Ann. § 885.14(1) (stating a " 'news person' means any of the following: (a) Any business or organization that, by means of print, broadcast, photographic, mechanical, electronic, or other medium, disseminates on a regular and consistent basis news or information to the public, including a newspaper, magazine, or other periodical; book publisher; news agency; wire service; radio or television station or network; cable or satellite network, service, or carrier; or audio or audiovisual production company; and a parent, subsidiary, division, or affiliate of any of these businesses or organizations. (b) Any person who is or has been engaged in gathering, receiving, preparing, or disseminating news or information to the public for an entity described in par. (a), including any person supervising or assisting the person in gathering, receiving, preparing, or disseminating such news or information."); Fed. R. Evid. 501 ["But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."].)

Wisconsin's constitutional law also generally recognizes the policy that news persons should not be compelled to disclose certain information. *See* Wis. Const. art. I, § 3 ["Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right, and no laws shall be passed to restrain or abridge the liberty of speech or of the press."]; *Kurzynski v. Spaeth*, 196 Wis. 2d 182, 191-192, 196, 538 N.W.2d 554, 557-558, 559 (Ct. App. 1995) ["Journalists in Wisconsin have a qualified privilege based on Article I, section 3, of the Wisconsin Constitution not to disclose information gathered by them in the course of their journalistic endeavors. *No person*, however, whether journalist or not, may be forced to respond to a subpoena in Wisconsin unless the party seeking the information encompassed by the subpoena makes a preliminary showing that justifies the intrusion....Application of a qualified journalist's privilege in the context of civil litigation requires a balancing between, on the one hand, the need to insulate journalists from undue intrusion into their news-gathering activities and, on the other hand, litigants' need for every person's evidence. This balancing is required irrespective of

whether the journalist's information was obtained in return for a promise of confidentiality."] [internal citations omitted; emphasis in original].)

Here, the publication of the Schuler Documents would effectively compel Ms. Schuler, as a news person, to disclose the following that was obtained or prepared by Ms. Schuler in her capacity in gathering, receiving, or preparing news or information for potential dissemination to the public: (1) any news or information obtained or prepared in confidence by the news person; and/or (2) any other news, information, or identity of any source of any news or information.

Further, while Ms. Schuler may not have relied on such privileges and laws to restrict the parties' and their counsel's access to the Schuler Documents in her cooperation with her discovery obligations, Ms. Schuler has not waived such privileges and laws to prevent the public from the Schuler Documents and information contained therein. *See* Wis. Stat. § 885.14(4) ("A disclosure to another person or dissemination to the public of news, information, or the identity of a source . . . by a news person does not constitute a waiver of the protection from compelled disclosure").

Here, again, allowing the Schuler Documents to be publicly available would effectively compel Ms. Schuler to disclose otherwise protected information. That rationale is further supported by the fact that the parties' and their counsel's access to the Schuler Documents and information contained therein are governed by the Protective Order, while the public would not be bound by such limitations.

<u>**CONCLUSION**</u>

Ms. Schuler respectfully requests that the Court continue to restrict public access to the Schuler Documents. Should the Court require additional information regarding Ms. Schuler's position, she is willing and able to provide it. Should the Court require or oral argument on the matter, Ms. Schuler respectfully requests that her counsel be permitted to appear via videoconference or telephone to reduce costs.

Dated: October 26, 2022

/s/ Nicholas A. Kurtz
Nicholas A. Kurtz
(duly admitted and qualified to practice as an Attorney in the
District Court on the 12th day of May, 2022)
nk@arllp.com
ANNIGIAN RYAN LLP
114 N. Indian Hill Blvd., Suite E
Claremont, CA 91711
Tel:     (909) 981-0475
Fax:     (909) 981-0113
***Counsel for Non-Party Brenda Schuler***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing

- **NON-PARTY BRENDA SCHULER'S RESPONSE TO MOTIONS TO RESTRICT FILED BY DEFENDANTS IN CONNECTION WITH THEIR MOTIONS FOR SUMMARY JUDGMENT**
- **DECLARATION OF NON-PARTY BRENDA SCHULER IN RESPONSE TO MOTIONS TO RESTRICT FILED BY DEFENDANTS IN CONNECTION WITH THEIR MOTIONS FOR SUMMARY JUDGMENT**

was served on the following counsel of record via ordinary and/or electronic mail this 26th day of October 2022:

Isabella Salomao Nascimento
Leita Walker
2000 IDS Center
80 S 8th Street, Minneapolis, MN 55402
salomaonascimentoi@ballardspahr.com
walkerl@ballardspahr.com
*Counsel for Netflix, Inc.*

Emily S. Parsons
Matthew E. Kelley
Ballard Spahr LLP
1909 K St NW - Ste 1200
Washington, DC 20006-1157
(202) 276-0371
parsonse@ballardspahr.com
kelleym@ballardspahr.com
*Counsel for Netflix, Inc.*

Meghan E. Fenzel
Jean-Paul Jassy
Jeffrey A. Payne
Kevin L. Vick
Jassy Vick Carolan LLP
335 Grand Ave., Suite 2450
Los Angeles, CA 90071
(310) 870-7048
mfenzel@jassyvick.com
jpjassy@jassyvick.com
jpayne@jassyvick.com
kvick@jassyvick.com
*Counsel for Defendants Laura Ricciardi, Moira Demos, and Chrome Media, LLC*

April Rockstead Barker
Schott, Bublitz & Engel, S.C
640 W. Moreland Blvd.
Waukesha, WI 53188-2433
(262)-827-1700
abarker@sbe-law.com
*Counsel for Plaintiff*

James A. Friedman
Godfrey & Kahn, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
(608) 284-2617
jfriedman@gklaw.com
*Counsel for Defendants Laura Ricciardi, Moira Demos, and Chrome Media, LLC*

George Burnett
Law Firm of Conway, Olejniczak & Jerry, S.C.
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
(920) 437-0476
rgb@lcojlaw.com
*Counsel for Plaintiff*

John F Mayer
Mayer Graff & Wallace LLP
1425 Memorial Drive
Suite B
Manitowoc, WI 54220
920-683-5800
jmayer@mgwlawwi.com
*Counsel for Interested Party Michael Griesbach*

Michael C. Griesbach
Griesbach Law Offices, LLC
PO Box 2047
Manitowoc, WI 54221-2047
(920) 320-1358
*Counsel for Plaintiff*

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 26, 2022.

/s/ Nicholas A. Kurtz
Nicholas A. Kurtz