# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

|  |  |
|---|---|
| ANDREW L. COLBORN,<br><br>   **Plaintiff,**<br><br>  vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC,<br>F/K/A SYNTHESIS FILMS, LLC;<br>LAURA RICCIARDI; AND MOIRA<br>DEMOS,<br><br>   **Defendants.** | Civil No.: 19-CV-484-BHL |

## DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS, AND CHROME MEDIA LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SEVENTH REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Chrome Media, LLC f/k/a Synthesis Films, LLC; Laura Ricciardi; and Moira Demos (collectively, the "Producer Defendants") hereby object and respond to Plaintiff Andrew Colborn's Seventh Request for Production of Documents to the Producer Defendants (the "Requests"):

### GENERAL RESPONSE AND GENERAL OBJECTIONS

1.  The Producer Defendants are responding to the Requests as they interpret and understand them. The Producer Defendants reserve the right to supplement their objections and/or responses herein if Colborn subsequently asserts an interpretation of the Requests that differs from the Producer Defendants' understanding.

2.  The Producer Defendants object to the Requests in their entirety and to each individual Request to the extent they are not proportional to the needs of the case considering the



parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense that will result to the Producer Defendants in locating and producing the requested documents (if they even exist) compared to any benefit to Colborn or relevance to the case.

      3.     The Producer Defendants object to each Request to the extent that each calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, tax return privilege, or any other applicable privilege, doctrine, or immunity. Nothing contained in these responses and objections is intended as, nor should in any way be deemed, a waiver of any attorney-client privilege, work product doctrine, common interest and/or joint defense privilege, tax return privilege, or any other applicable privilege, doctrine, or immunity. No such waiver will result from any inadvertent disclosure of material or information protected from discovery by the attorney-client privilege, attorney work product doctrine, the common interest and/or joint defense privilege, tax return privilege, or any other applicable privilege, doctrine, or immunity.

      4.     The Producer Defendants object to each Request to the extent that it calls for the disclosure of material that is confidential, proprietary and/or private, or that intrudes upon third parties' privacy or other legal interests.

      5.     The Producer Defendants object to each Request to the extent that it calls for the disclosure of material protected from disclosure under Article I, § 2(b) of the California Constitution, California Evidence Code section 1070, Wisconsin Statutes section 885.14 and the Wisconsin Constitution, any other applicable state's or jurisdiction's reporters' privilege or shield laws, the First and Fourteenth Amendments to the United States Constitution, and/or the common law reporters' privilege.

2

6.     The Producer Defendants object to each Request to the extent that it seeks to impose obligations upon the Producer Defendants greater than those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the Eastern District of Wisconsin.

7.     The Producer Defendants object to the Requests to the extent they seek information protected from disclosure by any statute, rule, or regulation.

8.     The Producer Defendants object to the Requests to the extent that they seek information (1) not currently in the Producer Defendants' possession, custody, or control, or (2) that the Producer Defendants cannot locate after a reasonably diligent search.  The Producer Defendants also object to the Requests to the extent they seek to subject the Producer Defendants to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon the Producer Defendants an obligation to investigate or discover information or materials from sources equally accessible to Colborn.

9.     The Producer Defendants object to each Request to the extent that it is vague, overbroad, and unduly burdensome and costly to the Producer Defendants.

10.     Notwithstanding the specificity of the Producer Defendants' responses set forth below, the Producer Defendants expressly incorporate this General Response and these General Objections by reference as though fully set forth into its specific objections to each of the Requests.  Thus, if any objection contained above is not restated under the specific response to an individual Request, then this should not be construed as a waiver of any such objections.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents and communications between you and any person(s) relating to the allegations and claims asserted in the Second Amended Complaint and/or the Challenged

3

Statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case and would impose an undue burden and expense on the Producer Defendants. The Producer Defendants object to the extent that Plaintiff is requesting discovery regarding *Making a Murderer 2*, as the operative Second Amended Complaint does not put *Making a Murderer 2* at issue, and thus discovery regarding it is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, is not proportional to the needs of the case, and is overbroad and unduly burdensome.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: To the extent not already produced, the

4

Producer Defendants will produce non-privileged documents within their possession, custody or control that reasonably can be determined to be responsive to this Request, that are between the Producer Defendants and other persons, and that mention Plaintiff and relate to portions of *Making a Murderer* that are put at issue by the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and communications that in any way mention plaintiff or James Lenk in any defendant's possession.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case and would impose an undue burden and expense on the Producer Defendants. The Producer Defendants object to the

5

extent that Plaintiff is requesting discovery regarding *Making a Murderer 2*, as the operative

Second Amended Complaint does not put *Making a Murderer 2* at issue, and thus discovery

regarding it is not relevant or reasonably calculated to lead to the discovery of any admissible

evidence, is not proportional to the needs of the case, and is overbroad and unduly burdensome.

The Producer Defendants also object to this Request to the extent that it calls for documents not

within their possession.

Subject to and without waiving their objections, and subject to their understanding of this

Request, the Producer Defendants respond as follows: To the extent not already produced, the

Producer Defendants will produce non-privileged documents within their possession, custody or

control that reasonably can be determined to be responsive to this Request, that mention Plaintiff

or James Lenk, and that relate to portions of *Making a Murderer* that are put at issue by the

Second Amended Complaint.

### REQUEST FOR PRODUCTION NO. 3:

All documents and communications that in any way mention an antagonist in any

defendant's possession.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

The Producer Defendants incorporate by reference each objection set forth in the General

Response and General Objections above as if fully stated here. The Producer Defendants further

object to this Request as unintelligible (including but not limited to the phrase "in any way

mention an antagonist"), vague, ambiguous, overbroad and unduly burdensome. The Producer

Defendants also object to this Request to the extent that it calls for material that is protected from

discovery by the attorney-client privilege, work product doctrine, the common interest and/or

joint defense privilege, or any other applicable privilege, doctrine or immunity, including

6

without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case and would impose an undue burden and expense on the Producer Defendants. The Producer Defendants object to the extent that Plaintiff is requesting discovery regarding *Making a Murderer 2*, as the operative Second Amended Complaint does not put *Making a Murderer 2* at issue, and thus discovery regarding it is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, is not proportional to the needs of the case, and is overbroad and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for documents not within their possession.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and communications that reference James Lenk and Sheriff Ken Petersen were aware of the 1995 call, that is a the [sic] subject of this lawsuit, prior to 2000.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense

7

privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: To the extent not already produced, the Producer Defendants will produce non-privileged documents that reasonably can be determined to be responsive to this Request that the Producer Defendants can locate through a reasonable search and diligent inquiry.

## REQUEST FOR PRODUCTION NO. 5:

All documents and communications that reference the Plaintiff was on the verge of being named in the civil lawsuit brought by Steven Avery prior to the Halbach murder.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other

8

applicable state or jurisdiction, federal and/or common law. The Producer Defendants further

object to this Request to the extent it calls for material disclosing a trade secret or other

confidential research, source, development, or commercial information, and/or material protected

from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The

Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly

burdensome.

Subject to and without waiving their objections, and subject to their understanding of this

Request, the Producer Defendants respond as follows: To the extent not already produced, the

Producer Defendants will produce non-privileged documents that reasonably can be determined

to be responsive to this Request that the Producer Defendants can locate through a reasonable

search and diligent inquiry.

## REQUEST FOR PRODUCTION NO. 6:

All documents and communications that in anyway mention Kevin Rahmlow in

defendant's possession.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

The Producer Defendants incorporate by reference each objection set forth in the General

Response and General Objections above as if fully stated here. The Producer Defendants also

object to this Request to the extent that it calls for material that is protected from discovery by

the attorney-client privilege, work product doctrine, the common interest and/or joint defense

privilege, or any other applicable privilege, doctrine or immunity, including without limitation

the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other

applicable state or jurisdiction, federal and/or common law. The Producer Defendants further

object to this Request to the extent it calls for material disclosing a trade secret or other

9

confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for documents not within their possession.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: To the extent not already produced, the Producer Defendants will produce non-privileged documents that reasonably can be determined to be responsive to this Request that the Producer Defendants can locate through a reasonable search and diligent inquiry.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and communications relating plaintiff's call to dispatch as referenced in Paragraphs 30 to 40 of the Second Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade

10

secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case and would impose an undue burden and expense on the Producer Defendants.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: To the extent not already produced, the Producer Defendants will produce non-privileged documents within their possession, custody or control that reasonably can be determined to be responsive to this Request and that mention Plaintiff and relate to portions of *Making a Murderer* that are put at issue by the Second Amended Complaint.

## REQUEST FOR PRODUCTION NO. 8:

All documents and communications relating to plaintiff and James Lenk's searches of Steven Avery's trailer in connection with Teresa Halbach.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin,

11

California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case and would impose an undue burden and expense on the Producer Defendants.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: To the extent not already produced, the Producer Defendants will produce non-privileged documents within their possession, custody or control that reasonably can be determined to be responsive to this Request and that mention Plaintiff and relate to portions of *Making a Murderer* that are put at issue by the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications relating to the key to Teresa Halbach's SUV, referenced in Paragraphs 41 to 45 of the Second Amended Complaint, including but not limited to its location at all times, its discovery in Steven Avery's trailer, and any DNA found on it.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from

12

discovery by the attorney-client privilege, work product doctrine, the common interest and/or

joint defense privilege, or any other applicable privilege, doctrine or immunity, including

without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin,

California, any other applicable state or jurisdiction, federal and/or common law. The Producer

Defendants further object to this Request to the extent it calls for material disclosing a trade

secret or other confidential research, source, development, or commercial information, and/or

material protected from disclosure by the Producer Defendants' and/or third parties' rights of

privacy. The Producer Defendants also object to this Request on the grounds that it seeks

material that is not relevant or reasonably calculated to lead to the discovery of any admissible

evidence, and to the extent it is not proportional to the needs of the case and would impose an

undue burden and expense on the Producer Defendants.

Subject to and without waiving their objections, and subject to their understanding of this

Request, the Producer Defendants respond as follows: To the extent not already produced, the

Producer Defendants will produce non-privileged documents within their possession, custody or

control that reasonably can be determined to be responsive to this Request and that mention

Plaintiff and relate to portions of *Making a Murderer* that are put at issue by the Second

Amended Complaint.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of all documents and communications, computer files or telephone

records obtained from law enforcement showing any evidence of phone calls or dispatch notes

from November 2005 involving the Manitowoc County Sheriff's Department. This should

include, but is not limited to, CAD reports, dispatch narratives, incident reports, telephone bills

or records and TIME printouts.

13

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows:  the Producer Defendants have not obtained any such responsive documents, files or records; however, as Plaintiff and his counsel are aware, the Producer Defendants have served document subpoenas in this action and may receive responsive material to same (and Plaintiff will receive copies of such material too).

## REQUEST FOR PRODUCTION NO. 11:

All documents that you intend to use as exhibits at trial.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here.  The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome.  The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law.  The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy.  The Producer Defendants also object to this Request on the grounds that it seeks

14

material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case and would impose an undue burden and expense on the Producer Defendants. The Producer Defendants also object to this Request as premature and reserve the right to supplement and to use additional documents as exhibits at trial in addition to those produced in response to this Request.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: To the extent not already produced, the Producer Defendants will produce non-privileged documents that reasonably can be determined to be responsive to this Request that the Producer Defendants can locate through a reasonable search and diligent inquiry, although the Producer Defendants note that they have not determined all the documents intended for use at trial yet and reserve the right to supplement and to use additional documents as exhibits at trial in addition to those produced in response to this Request and to otherwise identify and use exhibits as consistent with the requirements of the Federal Rules of Civil Procedure and Evidence and any other operative rules.

**REQUEST FOR PRODUCTION NO. 12:**

All documents that you contend constitute admissions against interest by Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including

15

without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants object to this Request to the extent it calls for a legal conclusion. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case and would impose an undue burden and expense on the Producer Defendants. The Producer Defendants also object to this Request as premature and reserve the right to supplement and to use additional documents as exhibits at trial in addition to those produced in response to this Request.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: To the extent not already produced, the Producer Defendants will produce non-privileged documents that reasonably can be determined to be responsive to this Request that the Producer Defendants can locate through a reasonable search and diligent inquiry, although the Producer Defendants note that they have not determined all the documents intended for use at trial yet and reserve the right to supplement and to use additional documents as exhibits at trial in addition to those produced in response to this Request and to otherwise identify and use exhibits as consistent with the requirements of the Federal Rules of Civil Procedure and Evidence and any other operative rules.

16

Dated:  April 6, 2022                          Respectfully submitted,

                                               *s/ Kevin L. Vick*
                                               Kevin L. Vick
                                               Meghan Fenzel
                                               JASSY VICK CAROLAN LLP
                                               355 South Grand Avenue, Suite 2450
                                               Los Angeles, CA 90071
                                               T: (310) 870-7048
                                               F: (310) 870-7010
                                               kvick@jassyvick.com

                                               James A. Friedman, SBN 1020756
                                               GODFREY & KAHN, S.C.
                                               One East Main Street
                                               Suite 500
                                               Madison, WI  53703-3300
                                               T: (608) 284-2617
                                               F. (608) 257-0609
                                               jfriedman@gklaw.com

                                               *Counsel for Defendant Laura Ricciardi, Moira*
                                               *Demos, and Chrome Media, LLC*

17

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.

On April 6, 2022, I served true copies of the following document(s) described as

**DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS, AND CHROME MEDIA LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S <u>SEVENTH REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

on the interested parties in this action as follows:

April Rockstead Barker
Schott, Bublitz & Engel, S.C.
640 W. Moreland Blvd.
Waukesha, WI 53188
Email: abarker@sbe-law.com

*Counsel for Plaintiff*
*Andrew L. Colborn*

George Burnett
LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
P.O. Box 23200
Green Bay, WI 54305-3200
Email: rgb@lcojlaw.com

*Counsel for Plaintiff*
*Andrew L. Colborn*

Michael C. Griesbach
Griesbach Law Offices, LLC
P.O. Box 2047
Manitowoc, WI 54221-2047
Email: attymgriesbach@gmail.com

*Counsel for Plaintiff*
*Andrew L. Colborn*

Leita Walker
Ballard Spahr LLP
2000 IDS Center, 80 South 8th Street
Minneapolis, MN 55402-2119
Email: walkerl@ballardspahr.com

*Counsel for Defendant*
*Netflix, Inc.*

Matthew E. Kelley
Ballard Spahr LLP
1909 K Street, NW, Suite 1200
Washington, DC 20006-1157
Email: kelleym@ballardspahr.com

*Counsel for Defendant*
*Netflix, Inc.*

**BY ELECTRONIC SERVICE:** I caused the said document(s) to be transmitted by e-mail to the person(s) at the email address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY FIRST-CLASS MAIL:** I deposited said document(s) in a sealed envelope(s) with the United States Postal Service at Los Angeles, California, for delivery, with the postage fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party(ies) served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 6, 2022, at Los Angeles, California.

_____
Marlene Rios

19