

*Law Firm of*
# CONWAY, OLEJNICZAK & JERRY, S.C.

⟨ Since 1976 ⟩

August 23, 2022

*Christina D. Sommers*
*CDS@lcojlaw.com*

Attorney Kevin L. Vick
Jassy Vick Carolan LLP
800 Wilshire Blvd., Ste. 800
Los Angeles, CA 90017

**Re:    Manitowoc County Case No. 2018 CV 561 - Andrew L. Colborn v. Netflix, Inc., et al**

Dear Attorney Vick:

On July 15, 2022 we sent our notice of deficiencies to you, and when we received no response we sent a follow-up letter on July 28, 2022. You responded by letter on August 10, 2022, and with vacation schedules, we first were able to set a meet and confer conference on August 16, 2022. This letter serves to memorialize that conversation and work towards resolving plaintiff's concerns regarding the deficiencies of Chrome, Ms. Demos and Ms. Ricciardi.

Although discovery issues could have been raised earlier, we are still in discovery and parties have continued to make productions as the need arises. Chrome first started producing documents in November 2021 and was still producing documents a month ago.

You indicated that you had searched emails of Moira Demos and Laura Ricciardi for the domain of @netflix.com and that search returned approximately 5,000 emails. These 5,000 emails were then searched for relevance. In addition, you searched the emails for Lenk and Colborn and variations/misspellings of Colborn, and those documents were produced. It is unclear if you searched only the @netflix.com domain for Colborn and Lenk, or if you searched the entire production.

We asked that you disclose your list of search terms, and you indicated that you would think about disclosing them and would get back to us by early the week of August 22, 2022. You said that, like Netflix, you were reluctant to provide your search terms because they could have been requested in the ESI protocol. However, when you insisted on the disclosure of plaintiff's list of search terms, we provided them to all counsel via email on April 5, 2022.

At a minimum, can you confirm if the following search terms were used for the email and text productions: cops, law enforcement, planting, planted, plant, accused, guilty, frame, framed, lied, and set-up?

231 South Adams Street • Green Bay, WI 54301
P.O. Box 23200 • Green Bay, WI 54305-3200 • Phone: 920.437.0476 • Fax: 9
www.lcojlaw.com
Case 1:19-cv-00484-BHL    Filed 11/04/22    Page 1 of 3    Document 316-3

**EXHIBIT**

3

During our meet and confer, you confirmed that defendants had limited the documents to be searched for and produced. In multiple answers to our Requests for Production, you responded that "the Producer Defendants will produce non-privileged documents within their possession, custody or control that reasonably can be determined to be responsive to this request and that relate to portions of Making a Murderer that are of and concerning Plaintiff and that are put at issue by the Second Amended Complaint." This is especially troubling with respect to your response to Request #3 in Plaintiff's Third Set of Requests for Production of Documents, and for your entire response to Plaintiff's Seventh Set of Requests for Production of Documents, which requested communications with "other individuals or entities" or with "any person(s)". It seems from your response that the search was limited to those documents that mention "Colborn", which is wholly inadequate. Again, if you produce the search terms, that will assist us in determining whether we maintain that defendants' responses are deficient. You also conceded that running additional search terms would not be unduly burdensome.

Although you acknowledged seeing text messages from Ms. Ricciardi and Ms. Demos, not one text message has been produced from either of these defendants. This is both troubling and odd, given the fact that you complained that plaintiff's text message production of over 6,600 text messages was deficient because his texts only went back to 2015. Last week in deposition, Lisa Dennis testified that she conversed with Ms. Demos and Ms. Ricciardi via text message, and there are also references to text messages in the Manhardt Documents, so it is obvious Ms. Ricciardi and Ms. Demos frequently text. As we expressed on the telephone call last week, it is hard to believe that not one friend or relative of Ms. Demos or Ms. Ricciardi sent one text message regarding Colborn or law enforcement's culpability in the Avery case to either of them after the release of MAM. As you are aware, MAM was hugely successful and notorious; your clients received Emmys for their work.

We also discussed defendants' response to requests for the production of documents obtained from law enforcement, which are contained in multiple requests. You indicated that defendants have produced documents obtained via subpoenas, but we are seeking documents that Ms. Ricciardi and Ms. Demos would have obtained prior to the release of MAM which can confirm they did due diligence prior to its release. No documents have been produced that are from any open records request made by either Ms. Ricciardi or Ms. Demos to law enforcement prior to the release of MAM in December 2015. If it is true they did their due diligence, then these documents should be available and produced.

Although we do not want to extend the deadlines or take future testimony, we need evidence to respond to appropriate summary judgment motions you and Leita Walker have indicated you are filing. Plaintiffs have worked cooperatively, responding to the numerous deficiency issues all defendants have posed.

I will remind you that plaintiff allowed over 11 hours of deposition testimony to be taken of Andrew Colborn, although we had an order limiting his testimony to 7 hours. We expect the same cooperation from defendants.

Very truly yours,

**LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.**

By: _____

Christina D. Sommers