IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ANDREW L. COLBORN,

    Plaintiff,

vs.

NETFLIX, INC.; CHROME MEDIA LLC, F/K/A SYNTHESIS FILMS, LLC; LAURA RICCIARDI; AND MOIRA DEMOS,

    Defendants.

Civil No.: 19-CV-484

## DECLARATION OF MEGHAN FENZEL

I, Meghan Fenzel, under penalty of perjury and subject to 28 U.S.C. § 1746, declare as follows:

1. I am one of the attorneys for Defendants Laura Ricciardi, Moira Demos and Chrome Media LLC (collectively the "Producer Defendants") in the above-captioned action. I have personal knowledge of the matters set forth in this declaration. I make this declaration in support of the Producer Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment.

**Deposition Transcripts**

2. Attached as Exhibit 1 is a true and correct copy of the excerpted Transcript of Kenneth Petersen's Deposition taken on May 19, 2022 in relation to the above-captioned lawsuit.

3. Attached as Exhibit 2 is a true and correct copy of the excerpted Transcript of Plaintiff Andrew Colborn's Deposition taken over two days on July 21 and 22, 2022 in relation to the above-captioned lawsuit.

**Documents**

4. Attached as Exhibit 3 is a true and correct copy of part two of a three-part video interview with Rick Maher by Mark Hoddinott, published on YouTube on June 7, 2022 at https://youtu.be/eAHTZV0I-mU and produced by Netflix as YOUTUBE0000004. Rick Maher was a juror from the 2007 Steven Avery trial who quit after a day of deliberations due to a family emergency. At 14:07 of part two of the interview, Maher begins discussing his lingering questions about Colborn and the November 2005 call to dispatch. Describing Plaintiff starting at 15:24–15:37 he says, "His demeanor on the stand was just, I mean, he looked like he was sweating, and he looked like he wasn't being honest or he was trying to cover up a lot of things on the stand." The video file is being manually lodged with the clerk of the Court, sent on a USB drive via Federal Express. The accompanying letter was filed at Dkt. 313.

5. Attached as Exhibit 4 is a true and correct copy of meet and confer correspondence from this lawsuit from Plaintiff's counsel April Barker to counsel of record sent on April 12, 2022 at 2:50 p.m. Pacific Time. This specific attachment responds to my co-counsel Kevin Vick's April 8, 2022 email summarizing discussions from meet and confer calls on April 6 and 7, 2022. In the cover email attaching this document, Plaintiff's counsel clarified "I am attaching documents that contain Kevin's and Leita's messages from Friday with our responses in boldface type."

   a. Under item #2, Plaintiff's counsel confirmed "Plaintiff's position is that he does not possess any responsive email messages or text messages that predate December 2015."

   b. Under item #3, Producer Defendant's counsel asked for Plaintiff to confirm that "he does not possess any documents contemporaneous to the events he has

placed at issue in this case through his Second Amended Complaint, starting in 1994/1995 and including 2003–2007, other than the modest amount of documents he has already produced." Plaintiff's counsel responded affirmatively and clarified, "Mr. Colborn simply had no reason to nor did he retain many documents relating to the events that were the underlying subject of MAM."

I declare under penalty of perjury that the foregoing is true and correct.

Dated November 4, 2022   Respectfully submitted,

                          *s/ Meghan Fenzel*
                          Meghan Fenzel