2011 WL 198128
Only the Westlaw citation is currently available.
United States District Court,
S.D. Mississippi,
Jackson Division.

Steven HAYNE, M.D., Plaintiff
v.
THE INNOCENCE PROJECT; Peter J. Neufeld; Vanessa Potkin; John Doe Entities 1–10; and John Does 1–50, Defendants.

Civil Action No. 3:09–CV–218–KS–LRA.
|
Jan. 20, 2011.

West KeySummary

| 1 | **Libel and Slander**<br>🔑 Falsity |
|---|---|

Physician established facts sufficient to support a defamation claim where he asserted facts of the statements' falsity. Legal rights organization published several statements and wrote to the state's medical board alleging that physician, an expert witness, had falsified autopsy reports in order to convict innocent people. Physician alleged defamation and provided lists of statements which were technically false and substantially false. Physician also alleged that the organization had omitted evidence from their statements and edited their publications in an effort to maximize the falsity of the publications.

Cases that cite this headnote

**Attorneys and Law Firms**

Dale Danks, Jr., Kenneth C. Miller, Michael Verdier Cory, Jr., Danks, Miller, Hamer & Cory, Jackson, MS, for Plaintiff.

James L. Robertson, Paul E. Barnes, Wise, Carter, Child & Caraway, Jackson, MS, Jennifer L. Colyer, Fried, Frank, Harris, Shriver & Jacobson, LLP, Michael B. De Leeuw, Frank, Harris, Shriver & Jacobson, LLP, New York, NY, for Defendants.

*MEMORANDUM OPINION AND ORDER*

KEITH STARRETT, District Judge.

**\*1** For the reasons stated below, Defendants' Motion to Dismiss [36] is **granted in part and denied in part.** Any of Plaintiff's claims stemming from Defendants' press releases of February 8, 2008; February 15, 2008; and March 5, 2008, are dismissed with prejudice. Likewise, Plaintiff's claims for negligent infliction of emotional distress and injurious falsehood/trade libel are dismissed with prejudice. However, the Court denies Defendants' Motion to Dismiss as to Plaintiff's claims for defamation, false light invasion of privacy, and intentional infliction of emotional distress.

**I. BACKGROUND**

Plaintiff is a doctor who has provided expert testimony in criminal prosecutions in Mississippi. The Innocence Project is a national public policy organization whose goal is to exonerate people who have been wrongfully convicted of crimes. Defendant Neufeld is the Co–Director of The Innocence Project, and Defendant Potkin is a staff attorney for The Innocence Project.

On April 8, 2008, Defendants sent a letter to the Mississippi State Board of Medical Licensure, urging the Board to revoke Plaintiff's medical license. Defendants argued that Plaintiff, "by providing false and misleading autopsy reports and testimony in criminal prosecutions which carry a death sentence, has played a critical role in improperly sending an unknown number of people to death row or prison for life." Defendants further stated that Plaintiff had falsely testified under oath; misrepresented his qualifications; knowingly advanced false and misleading medical theories in criminal

prosecutions; and otherwise engaged in unprofessional, dishonorable, and unethical conduct likely to harm the public. The Letter was accompanied by approximately 750 pages of documents in support of Defendants' claims.

In addition to the letter, Defendants issued press releases through their website on February 8, 2008; February 15, 2008; March 5, 2008; and August 5, 2008. The press releases of February 8 and 15, 2008, while containing representations similar to those found in the letter, did not, as a whole, specifically target Plaintiff. Rather, each contained a few paragraphs discussing Plaintiff's purported misconduct. The press releases of March 5, 2008, and August 5, 2008, more specifically targeted Plaintiff. Each contained representations similar to those of the letter. All four press releases were significantly less detailed than the letter.

Plaintiff initiated this action on April 3, 2009. Defendants promptly responded with a Motion to Dismiss [3] on June 22, 2009. However, the Court denied the motion without prejudice on December 8, 2009, allowing Plaintiff the opportunity to seek leave to amend his Complaint. Plaintiff filed his First Amended Complaint [35] on February 5, 2010. Defendants filed another Motion to Dismiss on March 17, 2010, and that motion is ripe for review.

## II. STANDARD OF REVIEW

Defendants seek the dismissal of Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants attached exhibits to their Motion to Dismiss and argue that the Court may consider them without converting their Rule 12(b)(6) motion to a Rule 56 motion. Plaintiff did not provide a response to that aspect of Defendants' present motion. However, Plaintiff objected to the Court's consideration of the exhibits in his Response [13] to Defendants' first Motion to Dismiss [3]. "It is well known that when 'matters outside the pleading' are presented with a motion to dismiss under Rule 12(b)(6), a district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC,* 255 F. App'x 775, 783 (5th Cir.2007) (citing *Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 193 (5th Cir.1988); FED.R.CIV.P. 12(b)). If the Court considers the matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion." FED.R.CIV.P. 12(d).

*2 However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac–Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir.2004); *see also Sullivan v. Leor Energy LLC,* 600 F.3d 542, 546 (5th Cir.2010); *In re Katrina Canal Breaches Litigation,* 495 F.3d 191, 205 (5th Cir.2007); *Johnston v. One Am. Prods., Inc.,* 2007 WL 2433927, at *3 (N.D.Miss. Aug.22, 2007) (where a movie formed the basis of plaintiff's defamation claim and was referred to in the complaint, a DVD copy of it attached to the motion to dismiss was not a matter outside the pleadings). Further, the Court may "permissibly refer to matters of public record" when deciding a 12(b)(6) motion to dismiss. *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir.1994); *see also Hall v. Hodgkins,* 305 F. App'x 224, 227–28 (5th Cir.2008); *Lovelace v. Software Spectrum,* 78 F.3d 1015, 1017–18 (5th Cir.1996).

When a defendant attaches evidence to a 12(b)(6) motion that was referenced in the Complaint and is central to the plaintiff's claims, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 499 (5th Cir.2000). Such evidence may possess greater utility in defamation cases, where the Court must decide whether a complaint provides "allegations of sufficient particularity so as to give the defendant or defendants notice of the nature of the complained-of statements." *Chalk v. Bertholf,* 980 So.2d 290, 297 (Miss.Ct.App.2007). Furthermore, "the trial court in a defamation case must make the threshold determination of whether the language in question is actionable." *Mitchell v. Random House, Inc.,* 703 F.Supp. 1250, 1256 (S.D.Miss.1988), *aff'd* 865 F.2d 664 (5th Cir .1989). "In determining whether a publication is [defamatory], it must be considered as a whole...." *Blake v. Gannett Co.,* 529 So.2d 595, 605 (Miss.1988) (quoting *Whitten v. Commercial Dispatch Pub. Co., Inc.,* 487 So.2d 843, 845 (Miss.1986)). For these reasons, this Court and the Mississippi Supreme Court have previously required a plaintiff to plead the words—paraphrased or verbatim—which constituted the defamation. *See Lenoir v. Tannehill,* 660 F.Supp. 42, 45 (S.D.Miss.1986) (Plaintiffs must "plead the 'words or matter' constituting the alleged defamation."); *Valley Dry Goods Co. v. Burford,* 114 Miss. 414, 75 So. 252, 254 (Miss.1917) (it is sufficient for plaintiff to allege the "words or synonymous words" which constitute defamation); *Chalk,* 980 So.2d at

298 (where complaint failed to specify the statements—paraphrased or verbatim—which constituted defamation, dismissal was proper).

In his First Amended Complaint, Plaintiff specifically referenced the letter sent to the State Board of Medical Licensure and the press releases published by Defendants. Plaintiff attached copies of the letter and press releases to his First Amended Complaint. Plaintiff does not dispute that Defendants included extensive documentation with the letter to the State Board of Medical Licensure. Likewise, Plaintiff does not dispute that the exhibits Defendants attached to their Motion to Dismiss consist solely of the press releases, the letter, and the eighteen appendices which accompanied the letter. As all of the documents attached to Defendants' Motion to Dismiss are referenced in Plaintiff's First Amended Complaint and are central to his claims, they are part of the pleadings. Therefore, the Court may consider them without converting Defendant's Rule 12(b)(6) motion to a Rule 56 motion. *See Sullivan,* 600 F.3d at 546; *In re Katrina Canal Breaches Litigation,* 495 F.3d at 205; *Causey,* 394 F.3d at 288; *Johnston,* 2007 WL 2433927 at *3.

**\*3** "Motions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.' " *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir.2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 570 (5th Cir.2005)). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Hershey v. Energy Transfer Partners., L.P.,* 610 F.3d 239, 245 (5th Cir.2010) (quoting FED.R.CIV.P. 8(a)(2)). However, the " 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Great Lakes Dredge & Dock Co. LLC v. La. State,* 624 F.3d 201, 210 (5th Cir.2010) (quoting *Ashcroft v. Iqbal,* ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (alteration original). "The complaint need not contain 'detailed factual allegations,' but must state 'more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.,* 615 F.3d 412, 417 (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of entitlement to relief.' " *Id.* (quoting *Iqbal,* 129 S.Ct. at 1949). Phrased differently: "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hershey,* 610 F.3d at 245 (quoting *Iqbal,* 129 S.Ct. at 1949).

When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC,* 624 F.3d at 210 (citing *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir.2008)). However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir.2007)). Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Iqbal,* 129 S.Ct. at 1940. A plaintiff must provide more than " 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements,' which 'do not permit the court to infer more than the mere possibility of misconduct.' " *Hershey,* 610 F.3d at 246 (quoting *Iqbal,* 129 S.Ct. at 1949–50). In a diversity case, the Court applies state substantive law and federal pleading standards. *Ashland Chem. v. Barco Inc.,* 123 F.3d 261, 265 (5th Cir.1997).

### III. DISCUSSION

**\*4** Plaintiff advances claims for defamation, injurious falsehood/trade libel, false light invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress. The Court shall address each cause of action in turn.

*A. Defamation*
In order to establish a claim of defamation, a plaintiff must prove the following elements:

> (1) a false and defamatory statement was made concerning the plaintiff; (2) there was an unprivileged publication to a third

party; (3) the publisher was negligent in publishing the defamatory statement; (4) the plaintiff suffered damages resulting from publication of the defamatory statement.

*Mitchell,* 703 F.Supp. at 1255; *see also Armistead v. Minor,* 815 So.2d 1189, 1193 (Miss.2002). A defamatory statement is "any written or printed language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community." *Armistead,* 815 So.2d at 1194. "[T]he statement must have clearly been directed toward the plaintiff, and 'the defamation must be clear and unmistakable from the words themselves and not the product of innuendo, speculation or conjecture.' " *Id.; see also Mitchell,* 703 F.Supp. at 1256 (quoting *Ferguson v. Watkins,* 448 So.2d 271, 275 (Miss.1984)).

A plaintiff who is a public figure must also prove that the defendant published the statement at issue with actual malice. *Armistead,* 815 So.2d at 1193. "Actual malice is defined as a statement made 'with knowledge that it was false or with reckless disregard of whether it was false or not.' " *Id.* (quoting *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 510, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991)). "A person's ill will or personal spite will not, standing alone, support a finding of actual malice." *Id.* at 1196 (quoting *Franklin v. Thompson,* 722 So.2d 688, 693 (Miss.1998) (citations omitted)). To prove actual malice, a plaintiff must show that the defendant published the statement with a high degree of awareness of its probable falsity or entertained serious doubts as to its truthfulness. *Franklin,* 722 So.2d at 693 (citing *St. Amant v. Thompson,* 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968)).

"The threshold question in a defamation suit is whether the published statements are false." *Armistead,* 815 So.2d at 1194. "Truth is a complete defense" to a defamation claim. *Id.* The statements at issue must only be "substantially true." *Id.* "[M]inor inaccuracies do not amount to falsity so long as 'the substance, the gist, the sting, of the [defamatory] charge be justified.' Put another way, the statement is not considered false, unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced.' " *Id.* (quoting *Masson,* 501 U.S. at 517, 111 S.Ct. 2419, 115 L.Ed.2d 447). The Mississippi Supreme Court has contrasted falsity in "substance" with mere disputes over "editorial form" or "wording." *See Id* . at 1194–96 ("It appears the only thing [plaintiff] would have to object to is the wording, however, this does not alter the fact that this statement is substantially true."). A plaintiff may not rely on his own denials to serve as proof that the statements at issue are false. *Id.* at 1194.

**\*5** Defendants advance four arguments in support of their Motion to Dismiss Plaintiff's defamation claim. For the reasons stated below, the Court rejects each of them and denies the motion as to Plaintiff's defamation claim.

*1. Actual Malice*

Defendants first argue that Plaintiff's First Complaint does not contain sufficient factual allegations to show actual malice. "Actual malice is defined as a statement made 'with knowledge that it was false or with reckless disregard of whether it was false or not.' " *Armistead,* 815 So.2d at 1193 (quoting *Masson,* 501 U.S. at 510, 111 S.Ct. 2419, 115 L.Ed.2d 447). Plaintiff alleged that Defendants knew the statements at issue were "inaccurate, misleading, and/or patently false." Plaintiff further alleged that Defendants published the statements "in reckless disregard for the truth or falsity of said allegations." According to Plaintiff, Defendants "edited and distorted the actual facts ... so as to maximize the damage and harm to [him], his reputation, and his ability to earn a living in his chosen profession." Plaintiff also alleged that Defendants exhibited actual malice "by ignoring all contrary evidence and/or by editing their publications in such a way as to maximize the false light that was cast on [him]." These allegations—if true—are sufficient to state a plausible claim that Defendants published the statements with actual malice.

Defendants contend that the above factual allegations constitute nothing more than bare conclusions of actual malice. However, these are not bare legal conclusions. Plaintiff specifically pled that Defendants exhibited actual malice by editing and distorting facts in an effort to maximize the damage done by the publication, and that Defendants intentionally omitted facts which would mitigate said damage. Plaintiff's allegations may track the language of relevant legal precedents regarding the definition of actual malice, but that does not necessarily make them bare legal conclusions. Furthermore, the Federal Rules of Civil Procedure only require that malice and other conditions of mind "be averred generally." *See* FED.R.CIV.P. 9(b) ("Malice ... may be alleged generally."); *Belli v. Orlando Daily Newspapers, Inc.,* 389 F.2d 579, 589 (5th Cir.1967) (where plaintiff charged defendants with actual malice in publication of an article,

the complaint was sufficient to establish a basis for a showing of actual malice).

Finally, Defendants argue that the scope of their investigation is, by itself, sufficient to refute any claim of actual malice. They argue: "The fact that the Letter was impeccably sourced and pointed to chapter and verse of the public record demonstrates the extensive investigation that Defendants undertook in an effort to support the Letter's conclusions." However, Defendants provided no binding legal authority to support this argument. The fact that Defendants attached many exhibits to their letter and provided footnotes to those exhibits is of no consequence if they intentionally misrepresented facts and omitted facts, as Plaintiff alleged. Compiling information necessarily implies acting as a gatekeeper and determining which information is relevant and accurate. In the present case, Plaintiff specifically alleged that Defendants intentionally omitted and distorted facts to enhance the damage done by their statements. Plaintiff further alleged that some facts in the statement were false, and that Defendants knew they were false. If Plaintiff's allegations are true, breadth of research and meticulous citation may be of little consequence. For all the reasons stated above, the Court finds that Plaintiff's Complaint contains sufficient factual allegations to state a plausible claim that Defendants acted with actual malice.

### 2. Falsity

**\*6** Defendants also argue that Plaintiff failed to plead sufficient facts to support the falsity element of a defamation claim. Defendant essentially argues that in order for the plaintiff in a defamation case to survive a Rule 12(b)(6) motion, he must plead specific facts which demonstrate the falsity of the statements at issue. It is not sufficient, Defendant contends, to merely allege that they are false.

"The threshold question in a defamation suit is whether the published statements are false." *Franklin,* 722 So.2d at 692. The Court may assess the falsity of the allegedly defamatory statement prior to any submission to a jury. *Gales v. CBS Broadcasting, Inc.,* 269 F.Supp.2d 772, 778 (S.D.Miss.2003), aff'd 124 F. App'x 275 (5th Cir.2005); *see also Mitchell,* 703 F.Supp. at 1256–57 (court assessed the accuracy of an allegedly defamatory statement). A published statement may be technically false—where the fact or facts reported therein are simply untrue. *Journal Publ'g Co. v. McCullough,* 743 So.2d 352, 360 (Miss.1999). However, a published statement may also be "substantially false," where "an underlying implication drawn from facially true statements [is] sufficient to render the statements false." *Id.* (citing *McCullough v. Cook,* 679 So.2d 627, 632 (Miss.1996)). Such an underlying implication may be created by "the *omission* of crucial information." *Id.* Furthermore, "the overall tone or structure of a story may so distort the truth as to make the underlying implication of the story false, even where no material omissions are involved." *Id.* (citing *McCullough,* 679 So.2d at 632; *Eselin–Bullock & Assocs. Ins. Agency, Inc. v. Nat'l Gen. Ins. Co.,* 604 So.2d 236, 241 (Miss.1992)).

Plaintiff alleges that Defendants published both statements which were "technically" false and statements which were "substantially" false. In his First Amended Complaint, Plaintiff listed nineteen statements from the letter and ten statements from the online press releases he alleged were false. In addition to these lists, Plaintiff attached copies of the letter and the online press releases as exhibits to the First Amended Complaint. Plaintiff also alleged that Defendants omitted evidence from their statements and edited their publications in an effort to maximize the substantial falsity of the publications.

"Quite consistently, ... courts have found that Mississippi law requires that a complaint for defamation must provide allegations of sufficient particularity so as to give the defendant or defendants notice of the nature of the complained-of statements." *Chalk,* 980 So.2d at 297. Accordingly, this Court has held that a plaintiff must set forth the allegedly defamatory statement in the complaint. *Mitchell,* 703 F.Supp. at 1256; *Lenoir v. Tannehill,* 660 F.Supp. 42, 45 (S.D.Miss.1986). Likewise, this Court has held that "the failure to plead the 'of and concerning' element of a defamation suit may be raised at the pleading stage and made the subject of a motion to dismiss." *Berry v. Safer,* 2004 U.S. Dist. LEXIS 22939, at \*12, 2004 WL 1961675 (S.D.Miss. July 9, 2004). Mississippi's state courts have also imposed stricter pleading requirements on defamation claims. *See e.g. Cooper v. Davidson,* 172 Miss. 74, 157 So. 418, 419 (Miss.1935) (in addition to pleading the words which constituted the defamation, plaintiff must plead the "circumstances under which the words were used"); *Chalk,* 980 So.2d at 298 (plaintiff must set forth factual allegations "regarding the statements, to whom the statements were directed, by whom the statements were made, and how the statements were slanderous").

**\*7** Despite imposing the pleading requirements cited above, it does not appear that any state or federal court in Mississippi has gone so far as to require that a Plaintiff include specific information which demonstrates the falsity of the allegedly defamatory statement. Indeed,

Defendants did not cite any law from this jurisdiction in support of such an extension of the pleading requirements for defamation claims.[1] The Mississippi Supreme Court has held that where a defendant omits certain exculpatory information concerning a plaintiff, but publishes inculpatory information, the publication may create a defamatory impression. *McCullough,* 679 So.2d at 632–33. Plaintiff alleged that Defendants ignored evidence contrary to their position and edited their publication in a manner to maximize the allegedly defamatory nature thereof. If true, this allegation would state a plausible claim of substantial falsity. Therefore, Plaintiff pled sufficient facts concerning the falsity of the statements at issue to survive a Rule 12(b)(6) motion.[2]

*3. Defamatory Nature*

Finally, Defendants argue that Plaintiff pled insufficient facts to establish the defamatory nature of the statements at issue. "Any written or printed language which tends to injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community is actionable per se." *Ferguson,* 448 So.2d at 275 (citing *Gulf Publ'g Co., Inc. v. Lee,* 434 So.2d 687, 695 (Miss.1983); *Natchez Times Publ'g Co. v. Dunigan,* 221 Miss. 320, 72 So.2d 681, 684 (Miss.1954); *Conroy v. Breland,* 185 Miss. 787, 189 So. 814, 815 (Miss.1939)). However, mere "sharp criticism," "linguistic slings and arrows," "unfair" statements, and "caustic commentary" are not actionable as defamation. *Id.* at 276, 189 So. 814; *see also Johnson v. Delta–Democrat Publ'g Co.,* 531 So.2d 811, 814 (Miss.1988) ("name calling and verbal abuse" are not actionable as defamation). The defamatory nature of the statement "must be clear and unmistakable from the words themselves and not be the product of innuendo, speculation or conjecture." *Ferguson,* 448 So.2d at 275.

"A single charge of lying or dishonesty, if it otherwise meets the test of defamation, may be actionable." *Lawrence v. Evans,* 573 So.2d 695, 698 (Miss.1990). Further, "[a] publication is per se defamatory if it tends to injure another in his trade, business or profession." *Hardy Bros. Body Shop v. State Farm Mut. Auto. Ins. Co.,* 848 F.Supp. 1276, 1287 (S.D.Miss.1994) (citing *Sheffield v. Journal Publ'g Co.,* 211 Miss. 294, 51 So.2d 479, 481 (1951)). Accordingly, "[c]harges of incompetence ... may serve as a basis for a defamation action." *Id.* at 1288 (citing *Holland v. Kennedy,* 548 So.2d 982, 987 (Miss.1989) (charges of incompetency constitute slander per se, as such statements reflect adversely on a party's competency in their chosen profession)).

*8 In his First Amended Complaint, Plaintiff quoted the following statements, among others, from Defendants' letter to the State Board:

• Dr. Hayne routinely engages in unprofessional conduct and is unqualified to practice medicine.

• Dr. Hayne, by providing false and misleading autopsy reports and testimony in criminal prosecutions that carry a death sentence, has played a critical role in improperly sending an unknown number of people to death row or prison for life.

• Our own investigation was prompted by discovering that he had testified under oath falsely in two capital cases.

• He has engaged in incompetent professional practices, unprofessional conduct, and other dishonorable or unethical conduct likely to deceive, defraud, or harm the public.

• Dr. Hayne has violated the professional standards set out by the Board in Chapter 22, § 500(3) and (5), which require a doctor to be "honest in all professional interactions including his or her medical expert activities" and directs medical experts "not to make or use any false, fraudulent, or forged statement or document."

• Dr. Hayne routinely testifies that he is "board certified" in "forensic pathology"—a claim that is misleading and completely deceitful.

• Because of the misguided focus on Levon Brooks, based significantly on Hayne's false testimony and fabricated bite mark evidence, Johnson remained free on the streets, while Levon Brooks, an innocent man was sent to prison for life.

• The consequences of Dr. Hayne's false testimony could not be more severe, nor more dangerous to the public welfare. He sends innocent men and women to prison and to death row, and in at least one known case has enable[d] the true perpetrator to remain free at large to commit more egregious crimes. His work compromises the accuracy and integrity of medicine and criminal justice throughout the state. We urge you to put an end to his misconduct through an expeditious, thorough investigation of his work and revocation of his license

Plaintiff also quoted the online press releases published by Defendants. The Complaint included the following

quotations, among others, from the press releases:

> • We've already shown that Steven Hayne committed serious forensic misconduct in more than one case.
>
> • The state's decision to sever ties with Steven Hayne will help put an end to his misconduct and the State Board of Medical Licensure can put him out of business permanently in Mississippi.
>
> • Dr. Hayne conspired with others to commit fraud.

In addition to including specific quotations in his First Amended Complaint, Plaintiff attached copies of the letter and the online press releases to it as exhibits.

As the above-cited quotations from the Complaint and the full text of the letter and press releases attached to the Complaint clearly indicate, Defendants' substantial message was that Plaintiff is an incompetent and dishonest medical practitioner whose unethical actions have caused substantial harm to the public. Such a message would tend to "injure one's reputation, and thereby expose him to public hatred, contempt or ridicule, degrade him in society, lessen him in public esteem or lower him in the confidence of the community...." *Ferguson,* 448 So.2d at 275. Therefore, such a message is defamatory. *See Hardy Bros. Body Shop,* 848 F.Supp. at 1287–88; *Lawrence,* 573 So.2d at 698; *Holland,* 548 So.2d at 987. Accordingly, Plaintiff pled sufficient facts to state a plausible claim that the statements at issue were defamatory.[3]

### 4. Opinion

***9** Finally, Defendants argue that the statements at issue are non-actionable expressions of opinion based upon disclosed and undisputed facts. "While statements of opinion are generally entitled to an absolute privilege ... [from] claims of defamation, a statement in the form of an opinion can still constitute a defamatory communication." *Hudson v. Palmer,* 977 So.2d 369, 385 (Miss.Ct.App.2007) (quoting *Hamilton v. Hammons,* 792 So.2d 956, 960 (Miss.2001)). Mere labeling of a statement as a "fact" or an "opinion" is of little value in determining its actionability. *Roussel v. Robbins,* 688 So.2d 714, 723 (Miss.1996). "A statement, even if phrased as an opinion, will not enjoy constitutional protection if the court concludes that its substance or gist could reasonably be interpreted as declaring or implying an assertion of fact." *Id.* (quoting *Keohane v. Wilkerson,* 859 P.2d 291, 296 (Colo.1993)); *see also Hamilton,* 792 So.2d at 960. "[O]pinion statements are actionable only if they clearly and unmistakably imply the allegation of undisclosed false and defamatory facts as the basis for the opinion." *Hamilton,* 792 So.2d at 960 (quoting *Ferguson,* 448 So.2d at 275–76); *see also Engler v. Winfrey,* 201 F.3d 680, 688 (5th Cir.2000) ("[O]pinions, though strongly stated, ... based on truthful established fact, ... are not actionable under the First Amendment."); *Peter Scalamandre & Sons, Inc. v. Kaufman,* 113 F.3d 556, 564 (5th Cir.1997) ("Defamation law should not be used as a threat to force individuals to muzzle their truthful, reasonable opinions and beliefs.")).

The current motion was brought under Rule 12(b)(6). The Court did not convert the motion to one under Rule 56 and provide Plaintiff with an opportunity to respond with his own evidence, as the materials Defendants attached to the motion are part of the pleadings. *See Sullivan,* 600 F.3d at 546; *In re Katrina Canal Breaches Litigation,* 495 F.3d at 205; *Causey,* 394 F.3d at 288; *Johnston,* 2007 WL 2433927 at *3. Therefore, Plaintiff has not had the opportunity to present his own evidence with regard to the factual predicates of Defendants' purported opinions. *See Engler,* 201 F.3d at 687–89 (appellate court reviewed district court's grant of judgment as a matter of law at the close of evidence at trial). Indeed, Plaintiff disputes the factual predicates of Defendants' purported opinions. He alleged that Defendant intentionally omitted and distorted facts in an effort to maximize the harm done by the statements at issue. Therefore, a ruling that Defendants' statements were non-actionable opinions based on disclosed, truthful facts would be premature, as the evidentiary record is incomplete. The Court may not deprive Plaintiff of the opportunity to present his own evidence regarding this issue. Accordingly, the Court rejects Defendants' argument that the statements at issue were non-actionable statements of opinion.

### B. False Light Invasion of Privacy

***10** Defendants initially argue that Mississippi does not recognize a tort for false light invasion of privacy. However, Mississippi does, in fact, recognize such a cause of action. *Ayles v. Allen,* 907 So.2d 300, 306 (Miss.2005) (acknowledging the tort of invasion of privacy and its four sub-torts, including false light); *Williamson v. Keith,* 786 So.2d 390, 396 (Miss.2001) (acknowledging the tort of invasion of privacy and its sub-torts, including false light); *Cook v. Mardi Gras Casino Corp.,* 697 So.2d 378, 382 (Miss.1997) (acknowledging that the Mississippi Supreme Court had

recognized the tort of false light invasion of privacy); *McCorkle v. McCorkle,* 811 So.2d 258, 268 (Miss.Ct.App.2001).

Defendants also argue that Plaintiff's false light claim is derivative of his defamation claim and should, therefore, be dismissed. Defendants cite two cases in support of this argument: *Haguewood v. Gannett River States Publ'g Corp.,* 2007 WL 1728700, at *—— – *——, 2007 U.S. Dist. LEXIS 47508, at *16–*17 (S.D.Miss. June 13, 2007), and *Blake v. Gannett Co.,* 529 So.2d 595, 606 (Miss.1988). In *Haguewood,* this Court dismissed a plaintiff's defamation claim because, among other reasons, the allegedly defamatory statements were substantially true. *Id.* at *10–* 14. As with defamation claims, truth is an absolute defense to a false light claim. *Cook,* 697 So.2d at 382–83; *Prescott v. Bay St. Louis Newspapers, Inc.,* 497 So.2d 77, 80 (Miss.1986). The false light claim in *Haguewood* stemmed from the same substantially true statement as the defamation claim, and, therefore, the Court also dismissed the false light claim. *Id.* at *17. The Mississippi Supreme Court reached the same conclusion in *Blake,* 529 So.2d at 606. In the present case, the Court has not made any finding regarding the truth or falsity of the allegedly defamatory statements at issue. Therefore, *Haguewood* and *Blake* are inapplicable in this respect. For all the reasons stated above, the Court denies Defendants' Motion to Dismiss as to Plaintiff's false light claim.

*C. Intentional Infliction of Emotional Distress*
This Court has previously held that where the essence of a plaintiff's complaint is an alleged defamation, an "attempt to state a separate claim for emotional distress is superfluous." *Mitchell,* 703 F.Supp. at 1260. The Court has also warned against plaintiffs recasting their defamation claims as ones for intentional infliction of emotional distress in an effort to escape the defenses applicable to defamation claims. *Haguewood,* 2007 U .S. Dist. LEXIS 47508 at *18. However, in both *Mitchell* and *Haguewood,* the Court assessed the plaintiffs' intentional infliction of emotional distress claims and held that the allegedly defamatory statements at issue were not sufficiently "outrageous" to support a cause of action for intentional infliction of emotional distress. *Haguewood,* 2007 U.S. Dist. LEXIS 47508 at *20; *Mitchell,* 703 F.Supp. at 1260. Therefore, the Court is hesitant to dismiss Plaintiff's cause of action for intentional infliction of emotional distress as a derivative claim when it has not dismissed the underlying defamation claim. *See also Mitchell,* 865 F.2d at 672 (appellate court analyzed intentional infliction of emotional distress claim and affirmed dismissal because the allegedly defamatory statement did not rise to a sufficient level of outrage or revulsion); *Gales,* 2004 U.S. Dist. LEXIS 22937 at (where plaintiff had not stated a claim for defamation, he had likewise not stated a claim for intentional infliction of emotional distress stemming from the same behavior).

**\*11** Furthermore, Plaintiff has not yet had the opportunity to present evidence in support of his allegations that Defendants omitted and distorted facts in an effort to damage his reputation. Accordingly, it would be improper for the Court to presently determine whether Defendants' alleged behavior was sufficiently outrageous to constitute intentional infliction of emotional distress. For these reasons, the Court denies Defendants' Motion to Dismiss as to Plaintiff's intentional infliction of emotional distress claim.

*D. Negligent Infliction of Emotional Distress*
Mississippi law does not recognize a cause of action for negligent infliction of emotional distress arising from a defamation claim. *See Mitchell,* 865 F.2d at 672 ("There is no Mississippi precedent to support [a] claim for negligent infliction of emotional distress based upon a written noncommercial publication. We will not create this tort for Mississippi."); *Pierce v. Clarion Ledger,* 433 F.Supp.2d 754, 760 (S.D.Miss.2006) ("[N]o cause of action exists under Mississippi law for negligent infliction of emotional distress arising from non-commercial speech."); *Lane v. Strang Commc'ns Co.,* 297 F.Supp.2d 897, 899 n. 1 (N.D.Miss.2003) ("Mississippi law does not recognize a cause of action for negligent infliction of emotional distress based on defamation"). Accordingly, the Court grants Defendants' Motion to Dismiss as to Plaintiff's claim for negligent infliction of emotional distress.

*E. Injurious Falsehood/Trade Libel*
"Mississippi has not yet recognized the tort of injurious falsehood." *Smith v. Magnolia Lady, Inc.,* 925 So.2d 898, 906 (Miss.Ct.App.2006). It is a common law tort "also known as 'trade libel,' 'commercial disparagement,' and 'slander of title.' " *Id.* (citing *State ex rel. Diehl v. Kintz,* 162 S.W.3d 152, 156 n. 4 (Mo.Ct.App.2005); *Wagner v. Fleming,* 139 S.W.3d 295, 301–02 (Tenn.Ct.App.2004)). In *Smith,* the Mississippi Court of Appeals noted that

"[w]hile Mississippi has not recognized a tort of injurious falsehood, slander of title is an accepted tort in this state." *Id.* Accordingly, the court was "not prepared to say that a claimant may not successfully assert a claim of injurious falsehood in Mississippi." *Id.* Regardless, the court explicitly stated that Mississippi does not recognize the torts of injurious falsehood or trade libel. *Id.* That being the case, this Court will not create the cause of action for Mississippi. The Court grants Defendants' Motion to Dismiss as to Plaintiff's claims of injurious falsehood and trade libel.

### F. Statute of Limitations

In Mississippi, causes of action for defamation must be brought within one year of their accrual. *See* MISS.CODE ANN. § 15–1–35; *Lane,* 297 F.Supp.2d at 899–900. Causes of action for defamation generally accrue when the allegedly defamatory statement is first published. *Lane,* 297 F.Supp.2d at 899; *McCorkle,* 811 So.2d at 265.

***12** Likewise, the statute of limitations for a false light claim is one year from the date of accrual. *Hudson,* 977 So.2d at 380; *McCorkle,* 811 So.2d at 264–65. The claim generally accrues on the date of publication. *See Hudson,* 977 So.2d at 380; *McCorkle,* 811 So.2d at 265–66.

The statute of limitations for a claim of intentional infliction of emotional distress is one year from the date of accrual. *Hampton v. Gannett Co.,* 296 F.Supp.2d 716, 723 (S.D.Miss.2003); *Jones v. Fluor Daniel Servs. Corp.,* 32 So.3d 417, 423 (Miss.2010). "A claim of intentional infliction of emotional distress accrues on the date on which the conduct allegedly causing the emotional distress occurred." *Adams v. David's Bridal, Inc.,* 2007 U.S. Dist. LEXIS 18487, at *11, 2007 WL 805663 (S.D.Miss. Mar. 14, 2007) (citing *Jones v. B.L. Dev. Corp.,* 940 So.2d 961, 965 (Miss.Ct.App.2006)).

Plaintiff has not alleged any facts demonstrating that the publication of the statements at issue was secretive or inherently undiscoverable. *See McCorkle,* 811 So.2d at 265. Furthermore, he has not alleged that he did not know that he had been defamed at the time of their publication. *Id.* Therefore, this case does not present any issues related to discovery of the alleged injuries, and Plaintiff's claims accrued on the dates of publication.

Defendants sent their letter to the Mississippi State Board of Medical Licensure on April 8, 2008. Defendants' online press releases are dated February 8, 2008; February 15, 2008; March 5, 2008; and August 5, 2008. Plaintiff initiated the present action on April 3, 2009. Therefore, any of Plaintiff's claims premised upon the online press releases of February 8, 2008; February 15, 2008; and March 5, 2008, are barred by the applicable one-year statute of limitations. However, Plaintiff's claims premised upon the letter to the Mississippi State Board of Medical Licensure and the press release of August 5, 2008, are timely.

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss [36] is **granted in part and denied in part.** Any of Plaintiff's claims stemming from Defendants' press releases of February 8, 2008; February 15, 2008; and March 5, 2008, are dismissed with prejudice. Likewise, Plaintiff's claims for negligent infliction of emotional distress and injurious falsehood/trade libel are dismissed with prejudice. However, the Court denies Defendants' Motion to Dismiss as to Plaintiff's claims of defamation, false light invasion of privacy, and intentional infliction of emotional distress.

**SO ORDERED AND ADJUDGED.**

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 198128

## Footnotes

1   Defendants cite *Ye v. Holder,* 644 F.Supp.2d 112 (D.D.C.2009), in support of their argument that Plaintiff did not provide sufficient factual support for his allegation of falsity. In *Ye,* the plaintiff, an attorney, alleged that various communications and comments made by another attorney were defamatory. *Id.* at 116–19. The court dismissed the plaintiff's claim as to one alleged statement because the plaintiff conceded he had no evidence regarding publication of it. *Id.* at 116. The court dismissed other alleged statements because the plaintiff did not identify the third parties to whom the statements were allegedly published. *Id.* at 116. However, the court possessed more specific information—in the form of e-mail correspondence—to assess four other statements. *Id.* at 117.

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.   9

    The court held that the first e-mail statement was not false, insofar as the plaintiff conceded its truthfulness. *Id.* The court then held that the defendant's second statement was substantially true, in that the plaintiff admitted to the allegations therein. *Id.* at 118. The court held that a third statement was not defamatory in light of the context of the e-mail and facts alleged in the plaintiff's complaint. *Id.* at 118–19. Finally, the court denied the defendant's motion to dismiss as to one statement, as defendant failed to address it in her briefing. *Id.* at 119.

    The Court finds *Ye* to be wholly inapplicable to this issue. It does not hold that a plaintiff must set forth detailed factual allegations which, if true, would prove the falsity of the allegedly defamatory statements at issue, as Defendant argues here. Rather, the plaintiff in *Ye* conceded facts which showed the truthfulness of the defendant's statements. *See Id.* at 117–19.

2    Other courts in this Circuit have included language in opinions that could be interpreted as contrary to this Court's present decision, but the Court finds them distinguishable. In *HSBC Bank Nev., N.A. v. Murungi,* 2010 WL 3170736, 2010 U.S. Dist. LEXIS 81514 (E.D.La. Aug. 11, 2010), the court assessed a *pro se* plaintiff's defamation claim. The court noted that the plaintiff "allege[d] *no facts to demonstrate that HSBC's collection activities were false,* made with fault, and injurious; rather, he merely state[d] that HSBC defamed him." *Id.* at * 12 (emphasis added). The language emphasized above could be interpreted as requiring the pleading of specific facts which demonstrate the falsity of the allegedly defamatory statements. However, the *Murungi* plaintiff merely stated that the defendant defamed him, with no further factual support. *Id.* In contrast, Plaintiff in the present case pled that Defendants omitted and edited information in an effort to color the facts to support their conclusions. This is sufficient to state a plausible claim of substantial falsity under Mississippi law. *See McCullough,* 679 So.2d at 632–33.

    In *Henderson v. WAMU,* 2010 U.S. Dist. LEXIS 86343, at *8–*9, 2010 WL 3339033 (E.D.Tex. July 26, 2010), the plaintiff homeowner claimed that the defendant bank's newspaper and internet listings of a foreclosure sale were defamation. The court held that the plaintiff alleged no facts to support a defamation claim, including "any statement that was allegedly defamatory, *how the statement was false,* and how Defendants acted negligently regarding the truth of the statement." *Id.* at *9 (emphasis added). However, like *Murungi, Henderson* is distinguishable on the grounds that the plaintiffs therein alleged no facts in support of their defamation claim, whereas Plaintiff in the present case has alleged sufficient facts to support a plausible claim of substantial falsity under Mississippi law. *See McCullough,* 679 So.2d at 632–33.

3    Defendants cite *Thornton v. UL Enters., LLC,* 2010 U.S. Dist. LEXIS 9519, 2010 WL 430833 (W.D.Penn. Feb. 4, 2010), in support of their argument that Plaintiff did not sufficiently plead the defamatory nature of the statements. In *Thornton,* the court addressed a defendant's state law counterclaim of defamation. *Id.* at *5–* 11. The court initially noted that "while federal pleading standards do not require any heightened pleading standard for" defamation claims, such claims "must be sufficient to give fair notice of what the claim is and the grounds upon which it rests." *Id.* at *8 (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The defendant alleged "only that the statements made and published ... were false and placed Defendant in a false light, and that is not enough." *Id.* at *9. The defendant failed to "sufficiently plead the defamatory character of the communications," and the court granted the 12(b)(6) motion with respect to the defamation claim. *Id.* at *10.

    In the present case, Plaintiff pled specific statements from the letter and press releases at issue and attached full copies of the documents to the Complaint. The language quoted in the Complaint and the attached copies of the full documents are more than sufficient to support a plausible finding that the statements were defamatory under Mississippi law. *See Hardy Bros. Body Shop,* 848 F.Supp. at 1287–88; *Lawrence,* 573 So.2d at 698; *Holland,* 548 So.2d at 987; *Ferguson,* 448 So.2d at 275.

    Defendants further cite *Ye,* 644 F.Supp.2d at 119, in support of this argument. As noted above, the *Ye* court held that a certain statement was not defamatory when read within the context of the entire e-mail which contained it. *Id.* The court did not hold that the plaintiff failed to plead sufficient facts to support a finding that the statement was defamatory. *Id.*

    Finally, Defendants cite *Ello v. Singh,* 531 F.Supp.2d 552, 578 (S.D.N.Y.2007), in which the court held that a defamation claim failed "because [the plaintiff] did not allege that the contents of the letter are false, let alone how they are otherwise defamatory." However, the *Ello* court then examined the portions of the letter quoted in the complaint, holding that it stated nothing defamatory about the plaintiff. *Id.* at 578–79. In other words, it is not clear from the opinion that the *Ello* court would have granted the 12(b)(6) motion if the language quoted in the complaint were obviously defamatory but the plaintiff had merely failed to include an explanation of why the language was defamatory in the complaint.

    In the present case, Plaintiff provided sufficient factual allegations to show that Defendants' statements were defamatory. It is indisputable that Defendants accused Plaintiff of incompetence and dishonesty in his profession. It is not necessary for Plaintiff to include an explanation of why such accusations are defamatory. In Mississippi, they are defamatory per se. *See Hardy Bros. Body Shop,* 848 F.Supp. at 1287–88; *Lawrence,* 573 So.2d at 698; *Holland,* 548 So.2d at 987.

WESTLAW © 2019 Thomson Reuters. No claim to original U.S. Government Works.