```
 1  STATE OF WISCONSIN : CIRCUIT COURT : MANITOWOC COUNTY
                                BRANCH 1
 2  _____

 3  STATE OF WISCONSIN,

 4                  PLAINTIFF,      JURY TRIAL
                                    TRIAL - DAY 21
 5  vs.                             Case No. 05 CF 381

 6  STEVEN A. AVERY,

 7                  DEFENDANT.
    _____
 8
    DATE:    MARCH 12, 2007
 9
    BEFORE:  Hon. Patrick L. Willis
10           Circuit Court Judge

11  APPEARANCES:  KENNETH R. KRATZ
                  Special Prosecutor
12                On behalf of the State of Wisconsin.

13                THOMAS J. FALLON
                  Special Prosecutor
14                On behalf of the State of Wisconsin.

15                NORMAN A. GAHN
                  Special Prosecutor
16                On behalf of the State of Wisconsin.

17                DEAN A. STRANG
                  Attorney at Law
18                On behalf of the Defendant.

19                JEROME F. BUTING
                  Attorney at Law
20                On behalf of the Defendant.

21                STEVEN A. AVERY
                  Defendant
22                Appeared in person.

23                 TRANSCRIPT OF PROCEEDINGS

24             Reported by Diane Tesheneck, RPR

25                  Official Court Reporter

                            1
```

EXHIBIT 8

done so knowingly and voluntarily. Mr. Strang, have you raised this issue with your client?

ATTORNEY STRANG: I have raised it with Mr. Avery; that is, Mr. Buting and I both have, jointly, several times, probably beginning before trial and then during the trial.

THE COURT: Thank you. You can move the microphone over to Mr. Avery then.

Mr. Avery, do you understand that you have a constitutional right to testify in this case, if you wish?

THE DEFENDANT: Yes, I do.

THE COURT: And do you further understand that you have a constitutional right not to testify, if you wish?

THE DEFENDANT: Yes, I do.

THE COURT: Do you understand that the decision whether to testify or not is yours to make?

THE DEFENDANT: Yes.

THE COURT: That means, you can listen to your attorneys and listen to their advice, but, ultimately, it's your call; do you understand that?

THE DEFENDANT: Yes, I do.

THE COURT: Has anyone made any threats or promises to you to influence your decision?

76

```
 1                THE DEFENDANT:  No, they didn't.
 2                THE COURT:  Have you thoroughly discussed
 3        your decision with your attorneys?
 4                THE DEFENDANT:  Yes, I did.
 5                THE COURT:  And have you made a decision as
 6        to whether or not you wish to testify in this case?
 7                THE DEFENDANT:  Yes.
 8                THE COURT:  What is your decision?
 9                THE DEFENDANT:  My decision is, I'm an
10        innocent man and there's no reason for me to
11        testify.  Everybody knows I'm innocent.
12                THE COURT:  Okay.  So you wish not to
13        testify; is that correct?
14                THE DEFENDANT:  Yes.
15                THE COURT:  Thank you.  You may be seated.
16                THE DEFENDANT:  Thank you.
17                THE COURT:  Mr. Strang and Mr. Buting, have
18        each of you had sufficient opportunity to thoroughly
19        discuss this case and the decision whether or not to
20        testify with your client?
21                ATTORNEY BUTING:  Yes, we both have.
22                THE COURT:  And are each of you satisfied
23        that he's making his decision not to testify
24        knowingly, intelligently and voluntarily?
25                ATTORNEY BUTING:  Yes.
```

77

THE COURT: Very well, the Court finds that Mr. Avery's decision not to testify in this case is knowingly and voluntarily made. I'm satisfied he's aware of his constitutional right to testify, if he wishes. And he is knowingly and voluntarily declining the right to exercise the right to testify. Is there anything else that either party wishes to address before we bring the jurors in?

ATTORNEY STRANG: There is, from the defense, your Honor. I cannot remember when, but sometime earlier in this trial, we discussed the issue of one of our juror's participation on an earlier civil jury in which the witness here was a party. I will not name the juror, but the juror is known to the Court and to opposing counsel.

We argued at the time, that although this was uncharted territory, as a matter of case law, that the juror having once passed on the credibility of a witness here, and that witness' role as a party in a prior civil lawsuit, we thought would leave a strong enough impression on a juror and enough commitment to conclusions about credibility that there would be at least objective bias, if not also subjective bias, and reason to relieve the juror from further

Case 1:19-cv-00484-BHL   Filed 11/04/22   Page 4 of 4   Document 330-9