IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ANDREW L. COLBORN,

    Plaintiff,

vs.

Civil No.: 19-CV-484-BHL

NETFLIX, INC.; CHROME MEDIA LLC,
F/K/A SYNTHESIS FILMS, LLC;
LAURA RICCIARDI; AND MOIRA
DEMOS,

    Defendants.

## DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS, AND CHROME MEDIA LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Chrome Media, LLC f/k/a Synthesis Films, LLC; Laura Ricciardi; and Moira Demos (collectively, the "Producer Defendants") hereby object and respond to Plaintiff Andrew Colborn's Sixth Request for Production of Documents to the Producer Defendants (the "Requests"):

### GENERAL RESPONSE AND GENERAL OBJECTIONS

1. The Producer Defendants are responding to the Requests as they interpret and understand them. The Producer Defendants reserve the right to supplement their objections and/or responses herein if Colborn subsequently asserts an interpretation of the Requests that differs from the Producer Defendants' understanding.

2. The Producer Defendants object to the Requests in their entirety and to each individual Request to the extent they are not proportional to the needs of the case considering the



parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense that will result to the Producer Defendants in locating and producing the requested documents (if they even exist) compared to any benefit to Colborn or relevance to the case.

3. The Producer Defendants object to each Request to the extent that each calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, tax return privilege, or any other applicable privilege, doctrine, or immunity. Nothing contained in these responses and objections is intended as, nor should in any way be deemed, a waiver of any attorney-client privilege, work product doctrine, common interest and/or joint defense privilege, tax return privilege, or any other applicable privilege, doctrine, or immunity. No such waiver will result from any inadvertent disclosure of material or information protected from discovery by the attorney-client privilege, attorney work product doctrine, the common interest and/or joint defense privilege, tax return privilege, or any other applicable privilege, doctrine, or immunity.

4. The Producer Defendants object to each Request to the extent that it calls for the disclosure of material that is confidential, proprietary and/or private, or that intrudes upon third parties' privacy or other legal interests.

5. The Producer Defendants object to each Request to the extent that it calls for the disclosure of material protected from disclosure under Article I, § 2(b) of the California Constitution, California Evidence Code section 1070, Wisconsin Statutes section 885.14 and the Wisconsin Constitution, any other applicable state's or jurisdiction's reporters' privilege or shield laws, the First and Fourteenth Amendments to the United States Constitution, and/or the common law reporters' privilege.

6. The Producer Defendants object to each Request to the extent that it seeks impose obligations upon the Producer Defendants greater than those imposed by the Federal Rules of Civil Procedure and/or the Local Rules of the Eastern District of Wisconsin.

7. The Producer Defendants object to the Requests to the extent they seek information protected from disclosure by any statute, rule, or regulation.

8. The Producer Defendants object to the Requests to the extent that they seek information (1) not currently in the Producer Defendants' possession, custody, or control, or (2) that the Producer Defendants cannot locate after a reasonably diligent search. The Producer Defendants also object to the Requests to the extent they seek to subject the Producer Defendants to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon the Producer Defendants an obligation to investigate or discover information or materials from sources equally accessible to Colborn.

9. The Producer Defendants object to each Request to the extent that it is vague, overbroad, and unduly burdensome and costly to the Producer Defendants.

10. Notwithstanding the specificity of the Producer Defendants' responses set forth below, the Producer Defendants expressly incorporate this General Response and these General Objections by reference as though fully set forth into its specific objections to each of the Requests. Thus, if any objection contained above is not restated under the specific response to an individual Request, then this should not be construed as a waiver of any such objections.

# RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please produce a copy of the feedback screenings as referenced by Laura Ricciardi in the podcast Crimestory podcast below at 34 minutes. Laura is quoted as saying "Part of what we learned from feedback screenings, which is always a small select group…"

https://crimestory.com/2020/01/02/episode-83-the-twelve-days-of-crime-story-day-11-moira-demos-and-laura-ricciardi-making-a-murderer/

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case. The Producer Defendants object to the extent that Plaintiff is requesting discovery regarding *Making a*

*Murderer 2*, as the operative Second Amended Complaint does not put *Making a Murderer 2* at issue, and thus discovery regarding it is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, is not proportional to the needs of the case, and is overbroad and unduly burdensome.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: Ricciardi's reference to "feedback screenings" in the Crimestory podcast concerns informally screening footage for small select groups of people working on *Making a Murderer*. Producer Defendants did not archive whatever scenes or sequences were screened in those sessions. Furthermore, the Producer Defendants did not conduct other feedback screenings.

**AMENDED REQUEST FOR PRODUCTION NO. 2:**

Please produce all episode versions or drafts that were provided to Netflix, Inc. for purposes of the "4 or 5 passes of every episode" as described in the words of Moira Demos at approximately 58 minutes into the following video interview and thereafter:
The Making of Making a Murderer With Filmmakers Moira Demos and Laura Ricciardi
https://voutu.be/Gei-wIjSGYs?t=3478

*Amended*: Plaintiff restates his prior Request for Production No. 2 except that the words in the third line that state "at approximately 58 minutes into…." are replaced with the words "at approximately 53 minutes into…."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants further

5
Case 1:19-cv-00484-BHL   Filed 11/04/22   Page 5 of 17   Document 330-21

object to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case. The Producer Defendants object to the extent that Plaintiff is requesting discovery regarding *Making a Murderer 2*, as the operative Second Amended Complaint does not put *Making a Murderer 2* at issue, and thus discovery regarding it is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, is not proportional to the needs of the case, and is overbroad and unduly burdensome.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: the Producer Defendants do not have any documents responsive to this Request. A diligent search and reasonable inquiry have been made to comply with this Request, however, the Producer Defendants did not archive or otherwise retain, and do not possess, any "passes" or prior versions of episodes of *Making a Murderer*, and only have final versions of episodes.

6

Case 1:19-cv-00484-BHL   Filed 11/04/22   Page 6 of 17   Document 330-21

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all "notes" that were provided by representatives of Netflix, Inc. to any of the other Defendants as described by Moira Demos at approximately 58 minutes into the following video interview and thereafter: The Making of Making a Murderer With Filmmakers Moira Demos and Laura Ricciardi

https://voutu.be/Gei-w I jSGYs?t=3479

Amended: Plaintiff restates his prior Request for Production No. 3 except that the words in the second and third lines that state "at approximately 58 minutes into…." are replaced with the words "at approximately 53 minutes into…."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants further object to this Request as vague (including but not limited to the use of the phrase "any of the other Defendants"), ambiguous, overbroad, and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected

from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case. The Producer Defendants object to the extent that Plaintiff is requesting discovery regarding *Making a Murderer 2*, as the operative Second Amended Complaint does not put *Making a Murderer 2* at issue, and thus discovery regarding it is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, is not proportional to the needs of the case, and is overbroad and unduly burdensome.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: To the extent not already produced, the Producer Defendants will produce non-privileged documents that reasonably can be determined to be responsive to this Request that the Producer Defendants can locate through a reasonable search and diligent inquiry.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all "rough cuts" and "sketches" of Making a Murderer episodes that were prepared by Chrome Media, Laura Ricciardi, and/or Moira Demos prior to commencing work with Netflix, Inc., as described in the words of Laura Ricciardi at approximately 26 minutes into the following video interview and thereafter:

[The Making of Making a Murderer With Filmmakers Moira Demos and Laura Ricciardi](#)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants further

8

Case 1:19-cv-00484-BHL   Filed 11/04/22   Page 8 of 17   Document 330-21

object to this Request as vague, ambiguous, overbroad, and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: the Producer Defendants do not have any documents responsive to this Request. A diligent search and reasonable inquiry have been made to comply with this Request, however, the Producer Defendants did not archive or otherwise retain, and do not possess, any "rough cuts," "sketches" or prior versions of episodes of *Making a Murderer*, and only have final versions of episodes.

**REQUEST FOR PRODUCTION NO. 5:**

To the extent not produced in response to the preceding Requests, please produce any and all written, electronic, and/or audio and/or video material provided by other Defendants named in these proceedings to Netflix, Inc., for purposes of work on the production and/or editing of the

Making a Murderer episodes.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 5:</u>**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants further object to this Request as vague (including but not limited to the use of the phrase "other Defendants named in these proceedings"), ambiguous, overbroad, unintelligible and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case. The Producer Defendants object to the extent that Plaintiff is requesting discovery regarding *Making a Murderer 2*, as the operative Second Amended Complaint does not put *Making a Murderer 2* at issue, and thus discovery regarding it is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, is not proportional to the needs of the case, and is overbroad and unduly burdensome.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: To the extent not already produced, the Producer Defendants will produce non-privileged documents within their possession, custody or control that reasonably can be determined to be responsive to this Request and that relate to portions of *Making a Murderer* that are of and concerning Plaintiff and that are put at issue by the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 6:**

To the extent not produced in response to the preceding Requests, please produce any and all written, electronic, and/or audio and/or video material provided by any representatives of Netflix, Inc to any of the other Defendants named in these proceedings for purposes of work on the production and/or editing of the Making a Murderer episodes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants further object to this Request as vague (including but not limited to the use of the phrase "any of the other Defendants named in these proceedings"), ambiguous, overbroad, and unduly burdensome. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material

disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, and to the extent it is not proportional to the needs of the case. The Producer Defendants object to the extent that Plaintiff is requesting discovery regarding *Making a Murderer 2*, as the operative Second Amended Complaint does not put *Making a Murderer 2* at issue, and thus discovery regarding it is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, is not proportional to the needs of the case, and is overbroad and unduly burdensome.

Subject to and without waiving their objections, and subject to their understanding of this Request, the Producer Defendants respond as follows: To the extent not already produced, the Producer Defendants will produce non-privileged documents within their possession, custody or control that reasonably can be determined to be responsive to this Request and that relate to portions of *Making a Murderer* that are of and concerning Plaintiff and that are put at issue by the Second Amended Complaint.

**REQUEST FOR PRODUCTION NO. 7:**

The document referenced in Request for Admission No. 1 from Chrome Media, LLC to the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here.

Subject to and without waiving its objections, and subject to their understanding of this Request, and subject to the entry of an appropriate protective order, the Producer Defendants respond as follows: the Producer Defendants will produce a copy of the requested document.

**REQUEST FOR PRODUCTION NO. 8:**

All video material of any kind that relates to Making A Murderer and Making A Murderer 2, other than the final versions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The Producer Defendants incorporate by reference each objection set forth in the General Response and General Objections above as if fully stated here. The Producer Defendants also object to this Request to the extent that it calls for material that is protected from discovery by the attorney-client privilege, work product doctrine, the common interest and/or joint defense privilege, or any other applicable privilege, doctrine or immunity, including without limitation the applicable reporter's privilege and/or reporter's shield under Wisconsin, California, any other applicable state or jurisdiction, federal and/or common law. The Producer Defendants further object to this Request to the extent it calls for material disclosing a trade secret or other confidential research, source, development, or commercial information, and/or material protected from disclosure by the Producer Defendants' and/or third parties' rights of privacy. The Producer Defendants further object to this Request as vague, ambiguous, overbroad, and unduly burdensome, including without limitation with respect to the use of the phrase "All video material of any kind that relates to Making A Murderer and Making A Murderer 2." The Producer Defendants also object to this Request on the grounds that it seeks material that is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, is not

proportional to the needs of the case, and is designed to harass the Producer Defendants and to misuse the discovery process to try to impose an extraordinarily undue burden and expense on the Producer Defendants, as compliance with this Request would require the Producer Defendants to spend thousands of hours locating, duplicating, quality controlling and otherwise performing the logistics necessary to make copies of the requested materials. By way of comparison, the Producer Defendants spent approximately 60 hours and incurred out-of-pocket expenses duplicating and quality checking footage of Plaintiff's testimony at Steven Avery's criminal trial, even though Plaintiff only testified for three to four hours at the trial. Request No. 8 seeks a volume of materials exponentially wider in scope than that, and the resulting burden on the Producer Defendants also would be exponentially greater. The Producer Defendants also object to Plaintiff's requesting discovery regarding *Making a Murderer 2*, as the operative Second Amended Complaint does not put *Making a Murderer 2* at issue, and thus discovery regarding it is not relevant or reasonably calculated to lead to the discovery of any admissible evidence, is not proportional to the needs of the case, and is overbroad and unduly burdensome. The Producer Defendants further object that this Request violates Colborn's and the Producer Defendants' prior agreement whereby the Producer Defendants agreed to spend significant amounts of time and to incur the expenses necessary to produce copies of all footage of Colborn from Steven Avery's murder trial (which required the Producer Defendants to collectively spend more than 60 hours locating, duplicating and quality checking the requested footage) in exchange for Colborn's agreement not to seek additional footage.

Dated: March 14, 2022					Respectfully submitted,

					*s/ Kevin L. Vick*
					Kevin L. Vick
					Jeffrey A. Payne
					JASSY VICK CAROLAN LLP
					355 South Grand Avenue, Suite 2450
					Los Angeles, CA 90071
					T: (310) 870-7048
					F: (310) 870-7010
					kvick@jassyvick.com

					James A. Friedman, SBN 1020756
					GODFREY & KAHN, S.C.
					One East Main Street
					Suite 500
					Madison, WI 53703-3300
					T: (608) 284-2617
					F. (608) 257-0609
					jfriedman@gklaw.com

					*Counsel for Defendant Laura Ricciardi, Moira Demos, and Chrome Media, LLC*

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.

On March 14, 2022, I served true copies of the following document(s) described as

**DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS, AND CHROME MEDIA LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SIXTH REQUEST FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

| | |
|---|---|
| April Rockstead Barker<br>Schott, Bublitz & Engel, S.C.<br>640 W. Moreland Blvd.<br>Waukesha, WI 53188<br>Email: abarker@sbe-law.com | *Counsel for Plaintiff*<br>*Andrew L. Colborn* |
| George Burnett<br>LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.<br>P.O. Box 23200<br>Green Bay, WI 54305-3200<br>Email: rgb@lcojlaw.com | *Counsel for Plaintiff*<br>*Andrew L. Colborn* |
| Michael C. Griesbach<br>Griesbach Law Offices, LLC<br>P.O. Box 2047<br>Manitowoc, WI 54221-2047<br>Email: attymgriesbach@gmail.com | *Counsel for Plaintiff*<br>*Andrew L. Colborn* |
| Leita Walker<br>Ballard Spahr LLP<br>2000 IDS Center, 80 South 8th Street<br>Minneapolis, MN 55402-2119<br>Email: walkerl@ballardspahr.com | *Counsel for Defendant*<br>*Netflix, Inc.* |
| Matthew E. Kelley<br>Ballard Spahr LLP<br>1909 K Street, NW, Suite 1200<br>Washington, DC 20006-1157<br>Email: kelleym@ballardspahr.com | *Counsel for Defendant*<br>*Netflix, Inc.* |

**BY ELECTRONIC SERVICE:** I caused the said document(s) to be transmitted by e-mail to the person(s) at the email address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**BY FIRST-CLASS MAIL:** I deposited said document(s) in a sealed envelope(s) with the United States Postal Service at Los Angeles, California, for delivery, with the postage fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party(ies) served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 14, 2022, at Los Angeles, California.

Marlene Rios