IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ANDREW L. COLBORN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>NETFLIX, INC.; CHROME MEDIA LLC,<br>F/K/A SYNTHESIS FILMS, LLC;<br>LAURA RICCIARDI; AND MOIRA<br>DEMOS,<br><br>　　　　　Defendants. | Civil No.: 19-CV-484-BHL |

**DEFENDANTS LAURA RICCIARDI, MOIRA DEMOS, AND CHROME MEDIA LLC'S RESPONSE TO PLAINTIFF'S MOTION TO TEMPORARILY RESTRICT, DKT. 322 and MOTION TO TEMPORARILY RESTRICT AS TO VIDEO EVIDENCE, DKT. 305**

The Producer Defendants—Laura Ricciardi, Moira Demos, and Chrome Media LLC—respectfully submit this response to Plaintiff's Motion to Temporarily Restrict (Dkt. 322) and Motion to Temporarily Restrict as to Video Evidence (Dkt. 305).

**Dkt. 322**

The Producer Defendants understand Dkt. 322 to cover the temporarily restricted Exhibits to Dkt. 330 (Dkts. 330-2, 330-3, 330-7, 330-10, 330-11, and 330-14) and certain briefing discussing those exhibits filed at Dkts. 324, 325, 326, 326-2, and 327, which were redacted in parts. Plaintiff subsequently filed the expedited motion to restrict at Dkt. 332 because he failed to restrict another document, Dkt. 325, and he improperly redacted a different document, Dkt. 331.[1] The Producer Defendants previously responded to that expedited motion and agreed to not restrict those documents. *See* Dkt. 335.

Having now had the opportunity to review the exhibits at issue in Dkt. 322, the Producer Defendants are <u>not</u> seeking continued restriction of the following Exhibits 330-2, 330-3, 330-7, 330-10, 330-11, 330-14. Accordingly, the Producer Defendants also do <u>not</u> seek continued restriction or redaction of Dkts. 324, 325, 326, 326-2, 327, and 331, which discussed the contents of those exhibits.

Plaintiff's Motion to Restrict Dkt. 322, along with his Expedited Motion to Restrict Dkt. 332, could have been avoided if Plaintiff and his counsel had complied with the Protective Order, Dkt. 189, and Local Rule 79(d)(4) by meeting and conferring with the Producer

---

[1] Soon after Dkt. 331 was filed on the evening of November 4, 2022, its supposedly redacted portions were posted to social media site Reddit by a user who noted, "They screwed up the redactions. So here they are (long post, 3 parts)." *See* concurrently-filed Declaration of Kevin L. Vick, Ex. 1. Reddit moderators have since removed the comments. Other redacted documents filed by Plaintiff in this case were properly redacted and did not suffer from this defect. *See e.g.*, Dkt. 317-2 at COLBORN-005325 (redacting Plaintiff's cell phone number).

Defendants in advance of Plaintiff's filing on November 4, 2022, as has been the parties' (and non-parties') practice throughout this case.

Upon review of the November 4, 2022 filings, the Producer Defendants identified numerous instances in which Plaintiff failed to properly redact certain immaterial personal contract information, including home addresses, of various parties, including third parties, along with the name of one of Gregory Allen's sexual assault victims (who has not been publicly identified). Such personal information has consistently been redacted by all parties throughout the case out of respect for privacy and security. For example, Plaintiff designated all documents with his phone number as "Attorneys Eyes Only." The Producer Defendants' counsel respected Plaintiff's wishes and redacted such information before sharing it with the Producer Defendants themselves in discovery, during depositions, and before filing it with the Court. The Producer Defendants have spent considerable time and effort reviewing Plaintiff's voluminous November 4, 2022 filings and believe that all such issues with those filings have now been corrected.

**Dkt. 305**

Plaintiff also filed a Motion to Temporarily Restrict as to Video Evidence, Dkt. 305, which the Producer Defendants understand to apply to Exhibits 3, 4 and 5 to the Barker Declaration, Dkts. 330-4, 330-5 and 330-6.

The Producer Defendants seek continued restriction of Dkts. 330-4, 330-5 and 330-6, which consist of raw footage designated as "Confidential" under the Protective Order (Dkt. 189) that the Producer Defendants either filmed themselves at significant personal expense and effort in the process of documenting Steven Avery's 2007 murder trial, or obtained from Wisconsin television networks with whom the Producer Defendants collaborated as part of the media pool in connection with 2007 trial (with the Producer Defendants paying license fees). The Producer

Defendants incorporate by reference here the arguments from its Motion to Restrict and Reply with respect to similar raw video footage also designated as "Confidential" under the Protective Order, and request that both sets of unreleased footage stay restricted. *See* Dkts. 281, 283, 299. The same considerations justifying restriction of the materials addressed in the prior briefing apply equally to the materials at issue in Dkt. 305.

However, the Producer Defendants only seek restriction as to the actual raw footage itself, and do not seek restriction of portions of other filings where the Parties summarize or discuss their contents, *e.g.*, Dkts. 325 and 331. (The Producer Defendants note, however, that Plaintiff's summaries are often inaccurate and otherwise objectionable on the basis of, among other things, the best evidence/secondary evidence rule).

/ / /

Dated: November 18, 2022					Respectfully submitted,


*s/ Kevin L. Vick*
Kevin L. Vick (*pro hac vice*)
Meghan Fenzel (*pro hac vice*)
JASSY VICK CAROLAN LLP
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
T: (310) 870-7048
F: (310) 870-7010
kvick@jassyvick.com
mfenzel@jassyvick.com

*Counsel for Defendant Laura Ricciardi, Moira Demos, and Chrome Media, LLC*

James A. Friedman, SBN 1020756
GODFREY & KAHN, S.C.
One East Main Street
Suite 500
Madison, WI 53703-3300
T: (608) 284-2617
F. (608) 257-0609
jfriedman@gklaw.com

*Counsel for the Defendants*