IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANDREW L. COLBORN,
                    Plaintiff

NETFLIX, INC., et al.,                                     Case No. 19-CV-484
                    Defendants.

**REPLY BRIEF REGARDING MOTION TO RESTRICT
AS TO CHROME MEDIA, LLC, MATERIALS**

      Plaintiff replies to Chrome's Response (Dkt #336) to Plaintiff's prior motion to restrict only to respond to an unfair and unnecessary criticism. It appears that the parties agree that materials may be unrestricted except as to the video exhibits themselves. Plaintiff has already responded to that argument in response to Chrome's motion to restrict and to avoid redundancy, does not repeat it herein.

      However, Plaintiff objects to Chrome's continued attempts to chastise Plaintiff for allegedly failing to "meet and confer" about Plaintiff's summary judgment response prior to filing it. For the benefit of the Court, the background behind this claim is that unfortunately, Chrome liberally applied confidentiality designations to thousands of documents produced in discovery, even with respect to those used as deposition exhibits. Chrome insisted that Plaintiff seek approval to file these documents conventionally on a per-document basis. In contrast, Plaintiff's counsel had proposed that the parties permit each other to file documents necessary for the summary judgment submissions without regard to prior confidentiality designations, except with respect to documents that a party identified as truly meriting such treatment.

      Chrome's refusal to withdraw its confidentiality designations except on a per-document basis put Plaintiff's counsel in the position of either filing documents with motions to restrict or

seeking pre-approval for the filing of all summary judgment factual materials from an adversary prior to filing them. This unreasonable demand made the filing process much more cumbersome for Plaintiff than it needed to be and/or would have effectively shortened Plaintiff's deadline relative to Defendants' deadline. Broadcasting to opposing counsel which documents would be included in a summary judgment response defeats the purpose of the parties' request for a mutual deadline for responses. *Cf.* Dkt #296, p. 1, ¶6. The proper procedure would have been for Chrome, as the producing party, to narrow its confidentiality designations during the months available to do so prior to summary judgment submissions, rather than effectively transferring to others its burden to identify which documents in good faith merited such treatment.

Chrome's counsel has previously responded to these complaints by advising Plaintiff's counsel that they should have filed a motion to force Chrome to narrow its designations if Plaintiff did not like them. While this was considered, Plaintiff's counsel faced a choice whether to devote time and resources to the summary judgment responses or to devote them instead to bringing before the Court a procedural motion that should not have been necessary.

Plaintiff welcomes Chrome's decision to finally abandon unnecessary designations. At this point, the fact that the designations were overbroad is evidenced by their withdrawal. Accordingly, Plaintiff respectfully objects to portions of Chrome's submission that unnecessarily and unfairly digress into criticisms of counsel's attempt to navigate a predicament of Chrome's own making.

Dated this 2nd day of December, 2022.

By:   /s/ April Rockstead Barker
      April Rockstead Barker
      State Bar No. 1026163

ROCKSTEAD LAW, LLC
Mailing address: 525 N. Lincoln Ave.
Beaver Dam, WI 53916
(920) 887-0387
(262) 666-6483 (facsimile)
aprilrbarker@rocksteadlaw.com


Co-Counsel:
George Burnett
LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
231 S. Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI    54305-3200
Phone:    (920) 437-0476
Fax:    (920) 437-2868
State Bar No. 1005964

3

Case 1:19-cv-00484-BHL    Filed 12/02/22    Page 3 of 3    Document 340