UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW L COLBORN,

        Plaintiff,

                              Case No. 19-cv-0484-bhl

v.

NETFLIX INC, et al.,

        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO RESTRICT

      While completing their briefing for summary judgment, the parties to this lawsuit also filed six motions to restrict access to certain documents. (ECF Nos. 267, 281, 305, 322, 332, & 345.) They resolved most of them on their own, something that could and should have been attempted before they chose to clog up the Court's docket. *See* General L.R. 79(d)(4) (requiring parties to confer in a good faith attempt to avoid filing a motion to restrict). The remaining disputes concern two types of materials: (1) those involving non-party Brenda Schuler; and (2) trial footage shot by Producer Defendants Laura Ricciardi and Moira Demos.

      Though not a party to this lawsuit, Brenda Schuler has cameoed throughout. She is the producer of an unreleased documentary, currently titled *Convicting a Murderer*, which bills itself as a response to *Making a Murderer*, the docuseries at the center of this dispute. (ECF No. 300 at 2.) During discovery, Schuler turned over 1,500 pages of documents, including transcripts of two interviews she conducted with Plaintiff Andrew Colborn. (*Id.* at 1-2.) She also sat for a day-long deposition. (*Id.* at 2.) In her Declaration in Support of Netflix's Motion for Summary Judgment, attorney Leita Walker attached excerpts from Schuler's deposition testimony as an exhibit. (ECF No. 279-42.) Similarly, in his Declaration in Support of the Producers' Motion for Summary Judgment, attorney Kevin Vick attached as exhibits copies of the two interviews Schuler conducted with Colborn. (ECF Nos. 289-26 and 289-27.) Schuler argues that good cause exists to maintain these three documents under seal because they contain nonpublic, confidential commercial and business information. (ECF No. 300 at 4.)

Under General Local Rule 79(d)(3), the proponent of confidentiality must "provide sufficient facts demonstrating good cause to continue sealing [] documents or materials." Schuler has made this showing. Both her deposition excerpts and her interviews of Colborn contain information that may be included in her upcoming documentary. (ECF No. 300-1 at 2-3.) Unsealing this material might afford others "an unearned competitive advantage—unearned because the issue of public disclosure arises from the adventitious circumstances of the document's having become filed in court." *Grove US LLC v. Sany Am., Inc.*, Nos. 13-C-677, 15-C-647, 2019 WL 969814, at *9 (E.D. Wis. Feb. 28, 2019) (citation omitted). Accordingly, the Court will hold these documents under seal pending the release of *Convicting a Murderer*.

Defendants Ricciardi, Demos, and Chrome Media, LLC have similarly moved to maintain under seal 35 exhibits that they characterize as proprietary material. (ECF No. 281.) Each exhibit, attached to Demos' Declaration in Support of the Producers' Motion to Restrict and attorney April Rockstead Barker's Declaration in Support of Colborn's Response to Defendants' Motion for Summary Judgment, is a short audio-video clip that Ricciardi and Demos either captured during Steven Avery's 2007 homicide trial or licensed from local news organizations. (ECF Nos. 283 & 286.)

Aping Schuler, Defendants offer threes reasons that unsealing these clips would afford others an unearned competitive advantage: (1) Ricciardi and Demos never intended to release these recordings to any third parties; (2) Ricciardi and Demos licensed some of the footage for a substantial fee, and public disclosure would destroy the value of that license; and (3) the clips are protected by Wisconsin's Reporter Privilege, Wis. Stat. Section 885.14. (ECF No. 281 at 5-6.) The Court is not persuaded that sealing is appropriate for several reasons.

First, unlike Schuler, Ricciardi and Demos have already released their documentary, as well as a follow-up. Though they reference the prospect of a third season based on a recently filed postconviction motion in the Avery case, the existence of this third season is hypothetical at best. It is also not clear why these clips, the substance of which is already mostly captured in the original series, would be especially relevant to that hypothetical project.

Second, public disclosure would not destroy the value of the licensed clips. Much, if not all, of that value was extracted when they were incorporated into a resoundingly successful documentary. It is one thing for Schuler to fear that someone may preemptively disclose information she intends to use in a soon-to-be-released film. Even salacious details are less

impactful on a second read, so losing priority in the course of reporting can exact a heavy cost. But *Making a Murderer*'s producers have already capitalized on the licensed clips. Subsequent use will not diminish *Making a Murderer*'s well-established success.

Finally, Section 885.14 is intended to protect reporter's sources as well information gathered in confidence. It provides that "no person having the power to issue a subpoena may issue a subpoena compelling a news person to testify about or produce or disclose [sources or confidential information]" that the news person collects while acting in their official capacity. Wis. Stat. §885.14(2). The idea that footage of a public trial qualifies as confidential information is tenuous. What's more, the clips in this case were not subpoenaed—Defendants filed them as part of their case. The Court is not convinced that Section 885.14's drafters intended for it to apply under these circumstances.

Because Ricciardi, Demos, and Chrome have failed to show good cause, the Court will not maintain any of the 35 clips under seal.

Accordingly,

**IT IS HEREBY ORDERED** that the various Motions to Restrict, ECF Nos. 267, 281, 305, 322, 332, & 345 are **GRANTED**, **in part** and **DENIED**, **in part**. The motions are granted with respect to documents filed at ECF No. 279-42 and ECF Nos. 289-26 and 289-27. The Court will hold these documents under seal unless and until *Convicting a Murderer* is released. The motions are denied with respect to documents filed at ECF Nos. 283-2 through 283-33 and ECF Nos. 330-4, 330-5, and 330-6. The remainder of the motions are denied as moot.

Dated at Milwaukee, Wisconsin on March 10, 2023.

                                                                                        s/ *Brett H. Ludwig*
                                                                                        BRETT H. LUDWIG
                                                                                        United States District Judge